UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL L. JOHNSON,
    Plaintiff,

vs.

BRIAN BARNEY, et. al,
    Defendants.

Case No. 1:21-cv-141

McFarland, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a prisoner at the Toledo Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or

when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that on March 13, 2019, while he was an inmate at the Southern Ohio Correctional Facility, defendant Sgt. Barney confronted him about plaintiff's commissary purchases the previous day. (Doc. 1-2, Complaint at PageID 126). According to plaintiff, Barney took his commissary items from his cell before spraying plaintiff in the face with O.C. spray. Plaintiff claims he was handcuffed in the shower area with his hands behind his back at the time. Plaintiff alleges that defendants Lt. Joseph, Barney, and Officer Sprigs subsequently attacked him in the shower, striking him with punches and a night stick for three to four minutes. (*Id.* at PageID 128). Plaintiff further claims that prior to the attack, Joseph told him "you know you got one coming for attacking that officer." (*Id.*).

Plaintiff next claims that officers J. Neff and G. Fri escorted him to the infirmary. According to plaintiff, Neff bent his wrist in an effort to break it and threatened to knock out plaintiff's teeth. The complaint includes allegations that plaintiff was subjected to another attack once he was taken to the infirmary.[1]

Based on these factual allegations, plaintiff brings nine claims. In claims one and six, respectively, plaintiff claims that defendants Barney and Joseph violated his due process rights by filing false conduct reports against him. In claims two, four, and seven he brings claims of

---

[1] Neff and Fri are not named as defendants in this action. Plaintiff has filed separate actions against these individuals and others in *Johnson v. Hill*, Case No. 1:21-cv-155 (S.D. Ohio Mar. 5, 2021) (McFarland, J.; Bowman, M.J.) and *Johnson v. Little*, Case No. 1:21-cv-171 (S.D. Ohio Mar. 11, 2021) (McFarland, J.; Litkovitz, M.J.).

excessive force against Barney, Joseph, and Spriggs. In claims three and five, plaintiff claims that defendants Barney and Joseph retaliated against him. Finally, in claims eight and nine, plaintiff claims that defendants Cool and McCroskey violated his due process and Eighth Amendment rights by failing to take action despite being notified of the use of excessive force through the grievance and administrative exhaustion process.

Plaintiff seeks declaratory relief as well as monetary damages. (*Id.* at PageID 127).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his Eighth Amendment excessive use of force claims against defendants Barney, Joseph, and Spriggs. However, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, plaintiff has failed to state a claim upon which relief may be granted based on his allegations that false conduct reports were issued against him. As noted above, in claims one and six plaintiff alleges that defendants Barney and Joseph each issued false conduct reports against him. However, erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr*, No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the Plaintiff was deprived of a liberty interest without due process." *Reeves, supra*, 2012 WL 275166, at *2 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). Plaintiff's allegations are insufficient to trigger

4

constitutional concerns in this case because he has not alleged any facts even remotely suggesting that any disciplinary action deprived him of a protected liberty interest.[2]

Plaintiff's retaliation claims against Barney and Joseph should also be dismissed. A prisoner's claim of retaliation for engaging in protected conduct is grounded in the First Amendment. *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc)). A retaliation claim has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) the prisoner's protected conduct, at least in part, motivated the adverse action. *Id.* (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007), in turn quoting *Thaddeus-X*, 175 F.3d at 394).

In this case, in claims three and five, plaintiff alleges that defendant Barney and Spriggs retaliated against him. Without factual elaboration, plaintiff claims that defendants retaliated against him for using the grievance procedure and for prior conduct reports. (*See* Doc. 1-1,

---

[2] In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir. 2002). The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates). In this case, plaintiff has not alleged that the challenged disciplinary proceedings resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Moreover, plaintiff has not alleged any facts to suggest that he was subjected to a lengthy disciplinary placement amounting to an atypical or significant hardship that would trigger constitutional concerns. Accordingly, because plaintiff does not have a protected liberty interest under the circumstances alleged herein, he fails to state a cognizable federal claim under the Fourteenth Amendment's Due Process Clause.

Complaint at PageID 130). However, the complaint contains no allegations that plausibly suggest that Barney or Sparks acted in response to protected conduct under the First Amendment. To the contrary, plaintiff alleges that prior to the attack Joseph stated, "you know you got one coming for attacking that officer." (*See* Doc. 1-2, Complaint at PageID 128). Aside from plaintiff's conclusory allegation that he was retaliated against for utilizing the grievance procedure, the complaint otherwise includes no factual allegations suggesting that defendants were motivated by protected conduct.

"[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). "[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) (citing *Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient")). Without any "further factual enhancement" plaintiff's conclusory allegations are simply insufficient to state an actionable claim for relief. *Twombly*, 550 at 555–57. *See also Whiteside v. Collins,* No. 2:08-cv-875, 2009 WL 4281443, at *9 (S.D. Ohio Nov. 24, 2009) (finding the plaintiff's retaliation claim was subject to dismissal, noting that "conclusory allegations of retaliatory motive and temporal proximity alone are insufficient to establish his retaliation claim") (Report and Recommendation), *adopted*, 2010 WL 1032424 (S.D. Ohio Mar. 17, 2010). Accordingly, plaintiff's retaliation claims against Barney and Joseph should be dismissed.

6

Finally, the complaint should be dismissed against defendants Cool and McCroskey. Plaintiff alleges that these defendants failed to take corrective action despite being informed of the March 13, 2019 incident through the grievance process. (*See* Doc. 1-2, Complaint at PageID 131). He further alleges that McCroskey improperly found him guilty of false accusations stemming from the incident. (*See id.*). However, "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, plaintiff's claims that Cool, McCroskey, or any other defendant failed to investigate the incident or take corrective action should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, in sum, plaintiff may proceed in this action with his excessive force claims against defendants Barney, Joseph, and Spriggs. Plaintiff's remaining claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), except for plaintiff's excessive force claims against defendants Barney, Joseph, and Spriggs.

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Barney, Joseph, and Spriggs as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 4/7/2021

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL L. JOHNSON,
    Plaintiff,

vs.

BRIAN BARNEY, et. al,
    Defendants.

Case No. 1:21-cv-141

McFarland, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).