# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **Michael L. Johnson,** | : | |
| | : | **Case No. 1:21-cv-00141** |
| **Plaintiff,** | : | |
| | : | **Judge McFarland** |
| **v.** | : | |
| | : | **Magistrate Judge Litkovitz** |
| **Brian Barney,** *et al*. | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS, BRIAN BARNEY, SCOTT SPRIGGS, JEREMY EACHES, KRISTAL LITTLE, ROBERT SETTY, AND GARTH FRI'S, MOTION FOR MORE DEFINITE STATEMENT

NOW COME the named and served defendants, Brian Barney, Scott Spriggs, Jeremy Eaches, Kristal Little, Robert Setty, and Garth Fri, by and through counsel, and hereby respectfully move the Court, pursuant to Fed. R. Civ. P. 12(e), for an order instructing Plaintiff, Michael L. Johnson, to provide a more definite statement of the multiple Complaints [Docs. ## 6, 9, 12, and 14]. The grounds for this motion are more fully described in the attached memorandum in support.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/D. Chadd McKitrick*
D. CHADD McKITRICK (0073750)
KELLY N. BROGAN (0093891)
Senior Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-6001
Daniel.Mckitrick@OhioAGO.gov
Office: (614) 644-7661/Fax: (866) 359-3383
*Lead Trial Counsel*
Kelly.Brogan@OhioAGO.gov
Office: (614) 728-8357/Fax: (866) 311-9182
*Co-counsel*

*Counsel for Defendants, Brian Barney, Scott*
*Spriggs, Kristal Little, Jeremy Eaches, Robert Setty,*
*and Garth Fri*

2

## MEMORANDUM IN SUPPORT

Plaintiff, Michael L. Johnson ("Plaintiff"), an Ohio prisoner proceeding pro se, has filed four (4) separate complaints [Docs. ## 6, 9, 12, and 14] in three (3) separate actions that were subsequently consolidated into the above-captioned action.  Aside from the initial complaint, the remaining complaints were ordered to be filed in this matter as "supplemental complaints." [Docs. ## 13 and 15].  Plaintiff's four (4) complaints and attached exhibits are approximately 107 pages combined, and the four (4) complaints contain handwritten allegations that are difficult at best to read and discern.  [Docs. ## 6, 9, 12, and 14].

Plaintiff initially named over twenty (20) individuals as defendants, some of whom Plaintiff was, and continues to be, unable to identify.  Many of these defendants were dismissed after the Court adopted reports and recommendations which served as *sua sponte* reviews of the complaints under the Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915(A)(b).  After reviewing the order adopting this action's initial report and recommendation and the consolidation orders, the following individuals remained as defendants to this matter:

- Brian Barney, Scott Spriggs, and Jason Joseph.  [*Compare* Doc. 6 *with* Docs. ## 7 and 11];

- Kristal Little, Jeremy Eaches, Robert Setty, Garth Fri, and Michael Rush. [*Compare* Docs. ## 9 and 12 with Doc. # 13]; and,

- Teresa Hill, J. Neff, and "three John and Jane Doe defendants." [*Compare* Doc. #14 *with* Doc. # 15].

As of the filing of this motion, it is believed that Defendants Barney and Spriggs were served with a summons and the initial complaint [Docs. ## 6 and 8].  It is not believed Plaintiff served Defendants Barney and Spriggs with the three "supplemental complaints."  It is further

3

believed Defendants Little, Eaches, Setty, and Fri were served with a summons and only one of the supplemental complaints [i.e., Doc. # 12] that was filed in *Johnson v. Little, et al.*, No. 1:21-cv-171, and prior to that action being consolidated with this action.  It is not believed Defendants Little, Eaches, Setty, and Fri were served with the other three complaints submitted in this matter. Although attempted upon Defendants Joseph and Rush, service of the summons and complaint(s) failed.  Service of a summons and complaint(s) upon Defendants Hill, Neff, and the "three John and Jane Doe defendants" has not been attempted.

From what Defendants are able to discern from Plaintiff's four (4) complaints, Plaintiff has alleged excessive use of force, failure to protect, and deliberate indifference claims in violation of the Eighth Amendment to the United States Constitution.  Plaintiff has alleged his claims as Section 1983 claims because it is presumed the defendants violated his rights while acting under the color of state law.  All of Plaintiff's claims stem from an event that took place on March 13, 2019, when Plaintiff was escorted from a shower, in and out of his cell, and later to a room where he was to be examined by medical personnel.

The named and served Defendants, as of the filing of this motion, respectfully request the Court to order Plaintiff to provide a more concise, consolidated, and definite statement of the four (4) Complaints because the allegations therein are so vague and ambiguous with regards to the actions of each Defendant, that each Defendant cannot reasonably prepare a response.  Fed. R. Civ. P. 12(e).  Fed R. Civ. P. 12(e) provides, in pertinent part, that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Named and served Defendants aver that Plaintiff's multiple complaints are a classic "shotgun complaint" that contravenes Fed. R. Civ. P. 8.  The four (4) complaints span nearly 107

4

pages and include a hodgepodge of claims against several individuals, some of whom are no longer parties to this action. The four (4) complaints do not offer a "short and plain" statement of Plaintiff's claims, and its allegations are not "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Plaintiff's lengthy and multiple complaints shifts the burden of responsibilities imposed by the Federal Rules of Civil Procedure unfairly onto Defendants, and it requires them to navigate what allegations, in which specific complaint, are alleged against which Defendant. This Court need not wade through the entirety of the multiple complaints in order to extensively catalog how it violates Rule 8. Instead, the following extract as to the factual allegations behind Plaintiff's claims will serve to illustrate the difficulty in formulating a response to the multiple complaints' verbose and convoluted allegations in which Plaintiff repeatedly alleges the purported facts of this matter.

> Brian Barney involvement, On March 13, 2019, 9am through 10pm an correctional officer approached J1#1 where I'm located for a shower, i cuffed up for a shower and then step out of the cell into the shower that was next door. Once in the shower i notice the officer did not enter back from the gate to remove the hand cuff, then i see Sgt. Barney enter the block of J1 and walked up stairs while the officer stood at the gate. Sgt. Barney then walked back down stairs and stopped at where i was located hand cuffed behind my back. Sgt. Barney then said to me, you order commissary [n!&&@], and walked into cell J1#1 where i'm located. Sgt. Barney then walked out of the cell with a big trash of commissary i order March 12, 2019 store: SOCF-SOCF-Counter, Receipt #314851
> As Sgt. Barney walked out of cell of J1#1 where i'm located holden his O.C chemical mase with safety pin already off and then sprayed me with O.C chemical mase. As i was still hand cuffed behind my back as officer Spriggs who was at the control booth, some way some how walked out of the cell of J1#1 with Sgt. Barney. The next thing i know, Sgt. Barney returned holden his O.C chemical mase standing against the wall having the control booth officer open the shower door. and close it back as i stated , i want to talk to mental health. Lt. Josph then approached the gate with an use of force form asking. Do i want to make a statement and i said yes. As i was still hand cuffed behind my back with Lt. Josph was acting like he was writing the use of force statement, that's when i knew Sgt. Barney and Lt. Josph was gonna attack me. * * * [sic]  [Doc. #6 at PAGEID ##177 and 179].

The above example is excerpted from within the factual statements of the initial complaint, and it

is not even the entire and complete statement of facts as iterated by Plaintiff, as it continues further on PAGEID #179 and into PAGEID #180.  Furthermore, Plaintiff's verbosity continues and is repeated in each of his three (3) supplemental complaints.  [Docs. ## 9, 12, and 14].

After reviewing the above sample, it is not possible to reasonably argue that the document constitutes "a short and plain statement of the [plaintiff's] claim[s] showing that the pleader is entitled to relief," or that each allegation is "simple, concise, and direct."  Fed R. Civ. P. 8(a)(2) and (d)(1).  Because Plaintiff failed to adhere to Fed. R. Civ. P. 8, a proper answer filed by Defendants would take an inordinate and unfair amount of time to investigate and complete. Although Plaintiff is proceeding *pro se* in this action, that status does not allow him to ignore the procedural rules by which all civil litigants must abide.  *McNeil v. United States*, 508 U.S. 106, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993) (holding that *pro se* litigants are not exempt from the requirements of procedural rules in ordinary civil litigation).  Plaintiff's four (4) complaints place a large burden on Defendants and will lead to unnecessary discovery and expenses for both the litigants and the Court.

After multiple screens of the four (4) complaints, it is also difficult to decipher which facts apply specifically to the named and served Defendants as opposed to the other defendants who have been dismissed by the Court from this action.

Furthermore, it cannot be certain that every named and served Defendant has had service of every complaint filed in this matter so as to provide proper notice of Plaintiff's claims to every Defendant.  Without having been served with all four (4) complaints, Defendants are inhibited from properly responding to the factual statements alleged within all four (4) complaints, leaving them open to a potential and unintended admission of one or more of the facts stated by Plaintiff in a complaint that was not served upon them.

There is precedence for ordering a plaintiff who files multiple, piecemeal complaints to later amend the multiple complaints into a single operative complaint and file the same. *Griffin v. Herzog*, No. 3:17-cv-5394, 2017 U.S. Dist. LEXIS 130840 (W.D. Wash., Aug. 11, 2017).

Additionally, the multiple piecemeal fashion of Plaintiff's claims inhibit Defendants from being able to discern whether Plaintiff is pleading that each defendant was personally responsible for the unconstitutional actions which injured him under 42 U.S.C. § 1983. *See, Balderson v. Mohr*, No. 2:12-cv-235, 2012 U.S. Dist. LEXIS 60567, *2 (S.D. Ohio, May 1, 2012). A plaintiff is required to state a plausible constitutional violation against each defendant. *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011). Plaintiff's multiple and verbose statements of facts in multiple complaints, which is clearly not a clear and concise statement of Plaintiff's claims, prohibits Defendants from formulating a proper response to the same.

The named and served Defendants ask that this Honorable Court grant this motion for a more definite statement so as to allow Defendants the opportunity to be sufficiently on notice of the allegations asserted against them and to properly answer such allegations. If granted, the named and served Defendants further request the Court to order Plaintiff to consolidate the four (4) complaints into a single operative complaint that contains simple, concise, and direct statements of facts and claims.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/D. Chadd McKitrick*
D. CHADD McKITRICK (0073750)
KELLY N. BROGAN (0093891)
Senior Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-6001
Daniel.Mckitrick@OhioAGO.gov
Office: (614) 644-7661/Fax: (866) 359-3383
*Lead Trial Counsel*
Kelly.Brogan@OhioAGO.gov
Office: (614) 728-8357/Fax: (866) 311-9182
*Co-counsel*

*Counsel for Defendants, Brian Barney, Scott Spriggs, Kristal Little, Jeremy Eaches, Robert Setty, and Garth Fri*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *DEFENDANTS' MOTION FOR DEFINITE STATEMENT* was electronically filed on August 26, 2021, and was sent by prepaid, U.S. Mail to:

Michael L. Johnson, #A515-853
Toledo Correctional Institution
P.O. Box 80033
Toledo, Ohio 43608

*/s/  D. Chadd McKitrick*
D. CHADD MCKITRICK (0073750)
Senior Assistant Attorney General

8