# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. JOHNSON, | Case No. 1:21-cv-141 |
|     Plaintiff, | McFarland, J. |
| | Litkovitz, M.J. |
| vs. | |
| BRIAN BARNEY, et al., | **ORDER** |
|     Defendants. | |

This matter is before the Court on the motion by defendants Brian Barney, Scott Spriggs, Jeremy Eaches, Kristal Little, Robert Setty, and Garth Fri (Defendants) for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure (Doc. 22) and plaintiff's motion to clarify the docket (Doc. 23). No responses to the motions have been filed.

Prior orders of the district judge have consolidated the above-captioned case with *Johnson v. Little, et al.*, S.D. Ohio case no. 1:21-cv-171 (McFarland, J.), and *Johnson v. Hill, et al.*, S.D. Ohio case no. 1:21-cv-155 (McFarland, J.) (the "Consolidated Cases").[1] (Docs. 13, 15). The complaints in the Consolidated Cases have been filed as supplemental complaints in the above-captioned case. (Doc. 12 (the "Little complaint"); Doc. 14 (the "Hill complaint")). In each of these three cases, the district judge has adopted Reports and Recommendations setting forth the claims that withstood review under 28 U.S.C. § 1915A(b) as follows:

| Case | Claims | Defendants | Docket reference |
|---|---|---|---|
| 1:21-cv-141 | Eighth Amendment excessive force | Sgt. Brian Barney<br><br>Lt. Jason Joseph<br><br>Correctional Officer (CO) Spriggs | (*See* Doc. 7 at PAGEID 213; Doc. 11) |

---

[1] Though plaintiff's motion references *Johnson v. Osborne, et al.*, S.D. Ohio case no. 1:21-cv-3 (McFarland, J), *Osborne* is only related to but not consolidated with the above-captioned case. The Court therefore does not discuss it in this Order.

| 1:21-cv-155 | Eighth Amendment excessive force | J. Neff | (*See* Doc. 6 at PAGEID 77; Doc. 9) |
|---|---|---|---|
| | Eighth Amendment failure to protect | Nurse Teresa Hill John Doe male nurse Jane Doe female nurse John Doe doctor | |
| 1:21-cv-171 | Eight Amendment excessive force and failure to protect | G. Fri Lt. Setty Lt. Little Lt. Eaches Michael Rush | (*See* Doc. 6 at PAGEID 77; Doc. 11) |

Plaintiff agrees with the above summation at least as it pertains to the remaining defendants in the above-captioned and Consolidated Cases.  (Doc. 23 at PAGEID 332) (referring only to defendants Barney, Joseph, Spriggs, Little, Eaches, Setty, Fri, Rush, Hill, Neff, and three John and Jane Does).

It their motion for more definite statement, Defendants urge the Court to require plaintiff to file a single, operative complaint against the remaining defendants in the above-captioned and Consolidated cases with "simple, concise, and direct statements of facts and claims."  (Doc. 22 at PAGEID 330).

A party may move for a more definite statement of any pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  "Motions for a more definite statement are not favored by the courts in light of the availability of pretrial discovery procedures."  *Becker v. Clermont Cnty. Prosecutor*, No. 1:07-cv-511, 2008 WL 2230178, at *2 (S.D. Ohio May 29, 2008) (citations omitted).  Under the Federal Rules:

> [P]leadings are to be construed liberally to do substantial justice.  So, although [Rule 12(e) motions] come within the court's discretion, courts grant the motions sparingly.  Rule 12(e)'s standard is plainly designed to strike at unintelligibility rather than a lack of detail.  Courts frown on a litigant's use of the motion as a 'shotgun tactic' to substitute for discovery, or as a dilatory tactic to postpone filing an answer.  In the presence of proper, although general allegations, the

2

> motions will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information.

*Id.* (quoting 2 Moore's Fed. Practice, § 12.36 (3d ed. 2003)).

In the original complaint in the above-captioned case (Doc. 6) (the "Barney complaint"), plaintiff alleges that on March 13, 2019, while he was an inmate at the Southern Ohio Correctional Facility, defendant Barney confronted him about his commissary purchases the previous day, took his commissary items from his cell, and sprayed him in the face with O.C. spray. (*See* Doc. 7 at PAGEID 209). Plaintiff alleges that he was subjected to another excessive use of force by defendants Joseph, Barney, and Spriggs while handcuffed with his hands behind his back in the shower area. (*Id.*). Plaintiff next alleges that officers J. Neff and Garth Fri escorted him to the infirmary, during which time they attempted to break his wrist and threatened to knock out his teeth, and he was subjected to still another excessive use of force when they reached the infirmary. (*Id.*).

Subsequent to the undersigned's Report and Recommendation related to the Barney complaint (Doc. 7) but prior to the consolidations referenced above, plaintiff filed another complaint on April 8, 2021. (Doc. 9). It appears to have been filed in response to the undersigned's footnote in her Report and Recommendation indicating that the Barney complaint referenced but did not name as defendants certain individuals that were among the defendants named in the Consolidated Cases. (*See* Doc. 7 at PAGEID 209 n.1). This second complaint, docketed as a supplemental complaint, names the same defendants as are named in the Little complaint and reiterates plaintiff's allegations in the Barney complaint related to his transfer to the infirmary and the alleged excessive use of force that occurred there. (Doc. 9 at PAGEID

3

225-26, 228-31).  Specifically, plaintiff alleges that J. Neff[2] and Garth Fri used excessive force against him as he was escorted to the infirmary, and defendants Little, Rush, Eaches, and Setty allowed and ordered J. Neff and Garth Fri to attack him once there and the medical staff to refuse medical treatment.  (*Id.* at PAGEID 228-31).

The Hill and Little complaints concern this same escort to the infirmary and additional use of excessive force once there but name different sets of defendants.  (*See table supra* p. 2; S.D. Ohio case no. 1:21-cv-155, Doc. 6 at PAGEID 75-76 (summarizing allegations and surviving claims and defendants from the Hill complaint); S.D. Ohio case no. 1:21-cv-171, Doc. 6 at PAGEID 75-76 (summarizing allegations and surviving claims and defendants from the Little complaint)).

The undersigned as well as the other magistrate judge and district judge in the Consolidated Cases were able identify claims and defendants that survived 28 U.S.C. § 1915A(b) screening.  As such, a more definite statement is not warranted as it pertains to the Barney, Little, and Hill complaints.  Defendants' motion (Doc. 22) will be denied.

For clarity, however, plaintiff's supplemental complaint (Doc. 9) will be stricken. Plaintiff's supplemental complaint appears to attempt to incorporate the Hill and Little complaints, which were subsequently *in fact* incorporated into the above-captioned case's docket by the district judge *sua sponte*.  (Doc. 12, 14).  In addition to duplicating the substance of these complaints, plaintiff's supplemental complaint has neither been screened by the undersigned magistrate judge nor served.  For all of these reasons, plaintiff's supplemental complaint (Doc. 9) will be stricken.

---

[2] J. Neff is not named as a defendant in this supplemental complaint (*id.* at PAGEID 225), but he is named as a defendant in the Hill complaint (Doc. 14).

Defendants also suggest in their motion that each defendant in the above-captioned and Consolidated Cases must be served with every operative complaint filed in case number 1:21-cv-141 (i.e., Docs. 6, 12, 14).  (Doc. 22 at PAGEID 329).  Plaintiff maintains that he has complied with all Court orders pertaining to service of his complaints.

Under Rule 42, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions. . . ."  Fed. R. Civ. P. 42(a)(2).  Consolidation, however, is limited in effect:

> Cases consolidated under Rule 42(a) . . . retain their separate identity.  *Patton v. Aerojet Ordnance Co.,* 765 F.2d 604, 606 (6th Cir. 1985).  And although "consolidation is permitted as a matter of convenience and economy in administration, [it] does not merge the suits into a single cause, or change the rights of the parties, *or make those who are parties in one suit parties in another.*"  *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479. . . (1933).  Therefore, it is the district court's responsibility to ensure that parties are not prejudiced by consolidation.  *See* 9 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2385 (2d ed. 1994).

*Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 412-13 (6th Cir. 1998) (emphasis added).

The undersigned accordingly finds no basis to require that all defendants be served with each of the three complaints.  The Barney, Little, and Hill complaints each name separate defendants.  Defendants offer no authority for why plaintiff should be required to serve a defendant with a complaint on which he or she is not named.

Of the remaining defendants named in the Barney complaint, service was executed upon defendants Barney and Spriggs but not Joseph as of August 9, 2021.  (*See* Docs. 18, 19).  Of the remaining defendants named in the Hill complaint, summonses were issued to defendants Hill and Neff on December 15, 2021 (Doc. 26).  Of the remaining defendants named in the Little complaint, service was executed upon defendants Little, Setty, Fri, and Eaches but not Rush as of August 11, 2021 (Doc. 20, 21).  Therefore, the following defendants remain to be served:

- defendant Joseph (Barney complaint)

- defendants Hill and Neff (Hill complaint)

- defendant Rush (Little complaint)

Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Plaintiff bears the burden of exercising due diligence in perfecting service of process and of showing that proper service has been made. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994); *see also Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). In the absence of a showing of good cause justifying the failure to timely serve the complaint, the Court must either dismiss the complaint without prejudice or direct that service of process be effected within a specified time. *See* Fed. R. Civ. P. 4(m). Rule 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Barney complaint was filed March 1, 2021; the Hill complaint was filed March 5, 2021; and the Little complaint was filed March 11, 2021.[3] Under Rule 4(m), plaintiff had until May 31, 2021 to serve defendant Joseph; June 3, 2021 to serve defendants Hill and Neff; and June 9, 2021 to serve defendant Rush. Plaintiff is hereby notified that, pursuant to Rule 4(m),

---

[3] Plaintiff was granted *in forma pauperis* status in all three cases. (Doc 5; *Hill*, S.D. Ohio case no. 1:21-cv-155, Doc. 4; *Little*, S.D. Ohio case no. 1:21-cv-171, Doc. 4). "[W]hen a petitioner files for permission to file IFP, a complaint is considered filed on the day the clerk's office receives both the complaint and the application to proceed IFP, even if the complaint is not formally stamped 'filed' until a later date when the IFP application is granted." *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004).

6

the Court proposes to (1) recommend dismissal of the Barney complaint against defendant

Joseph, and (2) recommend dismissal of the Little complaint against defendant Rush.  Because

the Court recently issued summons as to defendants Hill and Neff (Doc. 26), the deadline for

service upon those defendants will be set for a later date.

**IT IS THEREFORE ORDERED THAT**:

(1) plaintiff show cause, in writing, within twenty (20) days of the entry of this Order why the Barney complaint should not be dismissed against defendant Joseph and the Little complaint should not be dismissed against defendant Rush;

(2) plaintiff shall perfect service upon defendants Hill and Neff on or before January 20, 2022;

(3) Plaintiff's supplemental complaint (Doc. 9) is **STRICKEN**;

(4) Defendant's motion for more definite statement (Doc. 22) is **DENIED**;

(5) Plaintiff's motion to clarify the docket (Doc. 23) is **GRANTED** to the extent explained herein.

Date: 12/15/2021

Karen L. Litkovitz
United States Magistrate Judge

7