**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Michael L. Johnson,** | : | |
| | : | **Case No. 1:21-cv-00141** |
| **Plaintiff,** | : | |
| | : | **Judge McFarland** |
| **v.** | : | |
| | : | **Magistrate Judge Litkovitz** |
| **Brian Barney, *et al*.** | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS, BRIAN BARNEY, SCOTT SPRIGGS, GARTH FRI, ROBERT SETTY, KRISTAL LITTLE, AND JEREMY EACHES'S, ANSWER TO PLAINTIFF'S COMPLAINTS [DOCS. 6, 12, AND 14]

Named and served Defendants, Brian Barney, Scott Spriggs, Garth Fri, Robert Setty, Kristal Little, and Jeremy Eaches (collectively referred to as "Defendants"), by and through counsel, hereby files this Answer to Plaintiff's three complaints identified as follows: [Doc. 6] the "Barney Complaint," [Doc. 12] the "Little" Complaint," and [Doc. 14] the "Hill Complaint."

### FIRST DEFENSE

1. In response to any and all Plaintiff's specific and general allegations against each and every Defendant named in the three complaints identified herein, each and every named and served Defendant identified herein, unequivocally denies said allegations and statements, both generally and specifically.

### SECOND DEFENSE

2. All three of Plaintiff's Complaints identified herein fail to state a claim upon which relief may be granted.

3. All three of Plaintiff's Complaints fail to state the deprivation of a constitutional right, or other federally guaranteed right that is attributable to any of the named Defendants.

4. This case is governed by the Prison Litigation Reform Act.

5. The Prison Litigation Reform Act ("PLRA") of 1995, as set forth in 42 U.S.C. § 1997e, limits Plaintiff's requested relief, to include, but not limited to, any request for attorney fees.

6. There are no express or implied causes of action in federal statutes cited by Plaintiff in his Complaint.

7. Plaintiff's own actions were the sole proximate cause or major contributing cause of his alleged injuries.

8. The injuries and damages alleged, if any, in Plaintiff's Complaint were not caused by any of the named Defendants.

9. The named and served Defendants identified herein are entitled to immunity, including but not limited to, Eleventh Amendment, quasi-judicial, Ohio's sovereign immunity, and qualified immunity.

10. All three of Plaintiff's Complaints are barred, in whole or in part, by supervening, intervening acts or omissions not under the control of the named Defendants, including, but not limited to, Plaintiff's own actions or failures to act, in whole or in part.

11. The named and served Defendant are entitled to an apportionment of liability, including that of non-parties as relevant.

12. To the extent Plaintiff seeks monetary damages or costs, the named and served Defendants assert qualified immunity and further state they complied in good faith with the law at all relevant times.

13. The Court lacks jurisdiction to consider any purported state law claims alleged within Plaintiff's Complaint.

14. Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. 19 for failure to name an indispensable party without whom complete relief is not possible.

15. Plaintiff is barred from any equitable relief due to the application of the unclean hands doctrine.

16. Plaintiff has failed to perfect service of process upon the named Defendants.

17. To the extent Plaintiff's three Complaints are construed as seeking damages for mental anguish, pain or suffering, any other emotional or mental injury, and/or non-economic injury, such claims must be dismissed due to a failure to demonstrate a prior showing of a sufficiently serious physical injury caused, or proximately caused by the named Defendants, pursuant to 42 U.S.C. §1997e(e).

18. Plaintiff's complaint must fail due to plaintiff's lack of standing.

19. Plaintiff's claims are barred by the applicable statute of limitations.

20. Plaintiff's claims are barred by the doctrine announced in *Heck v. Humphrey* and its progeny.

21. Plaintiff's claims must fail due to the absence of *respondeat superior*.

22. 42 U.S.C. §1997e(a) demands dismissal of Plaintiff's Complaint because he failed to exhaust available administrative remedies with regard to all claims raised in the Complaint.

23. The named and served Defendants give notice that they intend to rely upon and utilize such affirmative defenses as they become available or apparent during the course of this case, and they reserve the right to amend this Answer to assert such defenses.

**WHEREFORE** Defendants respectfully request that this Court issue an order dismissing Plaintiff's three Complaints and all claims with prejudice, assessing costs to Plaintiff, certifying pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision cannot be taken in good faith, and awarding any other relief deemed necessary and just by the Court.

## JURY DEMAND

Defendants demand a trial by jury as to all claims for which a jury trial is available.


Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/D. Chadd McKitrick*
D. CHADD McKITRICK (0073750)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-6001
Daniel.Mckitrick@OhioAGO.gov
Office: (614) 644-7661/Fax: (866) 359-3383
*Lead Trial Counsel for Defendants Brian Barney,*
*Scott Spriggs, Kristal Little, Jeremy Eaches, Robert*
*Setty, and Garth Fri*

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and accurate copy of the foregoing *DEFENDANTS' ANSWER TO COMPLAINTS* was electronically filed on December 27, 2021, and was sent by prepaid, U.S. Mail to:

Michael L. Johnson, #A515-853
Toledo Correctional Institution
P.O. Box 80033
Toledo, Ohio 43608

*/s/ D. Chadd McKitrick*
D. CHADD MCKITRICK (0073750)
Senior Assistant Attorney General

5