UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL L. JOHNSON,                    Case No. 1:21-cv-141
    Plaintiff,                                         McFarland, J.
                                                    Litkovitz, M.J.
    vs.

BRIAN BARNEY, et al.,                     **ORDER**
    Defendants.

As explained in this Court's December 16, 2021 Order (Doc. 27), this case (*Barney*) has been consolidated with *Johnson v. Little, et al.*, S.D. Ohio Case No. 1:21-cv-171 (McFarland, J.), and *Johnson v. Hill, et al.*, S.D. Ohio Case No. 1:21-cv-155 (McFarland, J.). (*See* Docs. 13, 15). Plaintiff is reminded that, consistent with the consolidation orders, no further filings are permitted in *Little*, Case No. 1:21-cv-171, or *Hill,* Case No. 1:21-cv-155. (*See id.*). All future filings must be made in *Barney*, Case No. 1:21-cv-141. This matter is before the Court on plaintiff's motion to issue service on defendants Jason Joseph (defendant in *Barney*) and Michael Rush (defendant in *Little*) (Doc. 36), motion for extension of time to show cause (Doc. 37), and show cause Order response (Doc. 38).

On December 16, 2021, the Court ordered that:

(1) plaintiff show cause, in writing, within twenty (20) days of the entry of th[e] Order why the *Barney* complaint should not be dismissed against defendant Joseph and the *Little* complaint should not be dismissed against defendant Rush[.]

(Doc. 27 at PAGEID 349). Plaintiff's response to the show cause portion of this Order was due on or before January 5, 2022. On January 2, 2022, plaintiff filed both a motion to extend that deadline (Doc. 37) and response to the show cause Order (Doc. 38).[1] Given plaintiff's timely show cause Order response, his motion for extension of time (Doc. 37) is moot.

---

[1] Though these filings were received by the Clerk on January 24, 2022, they were deemed filed on January 2, 2022, the date they were placed in plaintiff's correctional institution's mailbox. (Doc. 37 at PAGEID 403; Doc. 38 at

In plaintiff's response, he states that the U.S. Marshal Service was ordered to issue service on his behalf. (Doc. 38 at PAGEID 409). Plaintiff also alleges that he "did not find out about [the service deficiencies] until 12.29.2021, when 2nd shift officer brought me legal mail through regular mail two weeks old. . . ." (*Id.*). Finally, concluding that *Barney* defendant Joseph and *Little* defendant Rush must no longer be employed by the Southern Ohio Correctional Facility, plaintiff requests an "additional extension of time to investigate and obtain the correct address for the United States Marshal. . . ." (*Id.* at PAGEID 410).

On January 3, 2022, plaintiff filed a motion to issue service. (Doc. 36).[2] The motion recites parts of this Court's December 16, 2021 Order regarding service and Rule 4(m) of the Federal Rules of Civil Procedure[3] (*see* Doc. 27) and attaches summonses and U.S. Marshals Service forms. (Doc. 36). The addresses for *Barney* defendant Joseph and *Little* defendant Rush on the attached forms is no different from the addressees used on the summonses that were returned unexecuted. (*Compare* Doc. 36 at PAGEID 385 and 393 *with* Doc. 19 at PAGEID 311 and Doc. 21 at PAGEID 323). *Barney* defendant Joseph was specifically identified as "no longer an employee at [Southern Ohio Correctional Facility (SOCF)]" in correspondence accompanying his unexecuted returned summons. (Doc. 19 at PAGEID 312). The envelope returning the unexecuted summons to *Little* defendant Rush is marked with the notation "Released[,]"

---

PAGEID 411). *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that notice of appeal filed by pro se prisoner is deemed "filed" on date notice is placed in prison mail system to be forwarded to court clerk).
[2] Though plaintiff's certificate of service reflects January 3, 2022, the Clerk did not receive this motion until July 18, 2022. (Doc. 36 at PAGEID 382).
[3] The Rule reads:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

2

suggesting that service may have been attempted upon an SOCF inmate instead of the contemplated party. (Doc. 21 at PAGEID 322). (*See also* S.D. Ohio Case No. 2:94-cv-01100, reflecting a petitioner named, "Michael A. Rush" with an address at SOCF).

In view of the foregoing, the Court will grant plaintiff's motion to issue service in part as it relates to *Little* defendant Rush and will direct the U.S. Marshals to specify that process be served on "Michael Rush, *a case manager* at SOCF" and *not an inmate*. (*See* Doc. 36 at PAGEID 389). As to *Barney* defendant Joseph, the Court construes plaintiff's motion as one requesting the home address of defendant Jason Joseph for purposes of service of process. The Court will issue a separate order thereon.

### IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's motion for extension of time (Doc. 37) is **DENIED as moot** and plaintiff's motion to issue service (Doc. 36) is **GRANTED in part** as to *Little* defendant Rush as stated herein.

(2) The United States Marshal shall serve a copy of the *Little* complaint (Doc. 12), summons, the Order granting plaintiff in forma pauperis status (*Little*, S.D. Ohio Case No. 1:21-cv-171 at Doc. 4), the Order and Report and Recommendation entered April 7, 2021 (*id.* at Doc. 6), and this Order upon defendant Rush as directed by plaintiff, with costs of service to be advanced by the United States. The United States Marshal shall address the document to "Michael Rush, Case Manager, SOCF."

(3) Plaintiff's motion to issue service as it relates to *Barney* defendant Joseph shall be addressed by separate order.

Date: 1/26/2022

Karen L. Litkovitz
United States Magistrate Judge