# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. JOHNSON,<br>    Plaintiff, | Case No. 1:21-cv-141<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| BRIAN BARNEY, et al.,<br>    Defendants. | **ORDER** |

This matter is before the Court on plaintiff's motion to issue service as to defendant Jason Joseph in the above-captioned case.[1] (Doc. 36). The Court previously ordered service of the *Barney* complaint on defendant Joseph, a lieutenant at Southern Ohio Correctional Facility (SOCF); defendant Brian Barney, a sergeant at SOCF; and defendant Spriggs, a corrections officer at SOCF. (Doc. 7). The summonses for defendants Barney and Spriggs were returned executed. (Doc. 18). The summons for defendant Joseph was returned unexecuted and accompanied by a letter from Ohio Department of Rehabilitation and Correction (ODRC), which stated that defendant Joseph is "no longer an employee at SOCF." (Doc. 19 at PAGEID 312). In response to the Court's Order to show cause regarding this failure of service, filed alongside the subject motion,[2] plaintiff requested an "additional extension of time to investigate and obtain the correct address for the United States Marshal" for defendant Joseph. (Doc. 38 at PAGEID 410). The Court therefore construes plaintiff's motion to issue service as related to defendant Joseph as a motion requesting the home address of defendant Jason Joseph for purposes of service of

---

[1] This case (*Barney*) has been consolidated with *Johnson v. Little, et al.*, S.D. Ohio Case No. 1:21-cv-171 (McFarland, J.), and *Johnson v. Hill, et al.*, S.D. Ohio Case No. 1:21-cv-155 (McFarland, J.). (*See* Docs. 13, 15). This Order pertains only to *Barney*, S.D. Ohio Case No. 1:21-cv-141.

[2] The certificates of service on plaintiff's response and motion to issue service reflect January 2 and 3, 2022, respectively, though they were not received by the Clerk for over two weeks thereafter. (Doc. 38 at PAGEID 411; 36 at PAGEID 382). ). *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that notice of appeal filed by pro se prisoner is deemed "filed" on date notice is placed in prison mail system to be forwarded to court clerk).

process.

Under Rule 4 of the Federal Rules of Civil Procedure, plaintiff is responsible for having the summons and complaint served upon a defendant within the time period allotted by Rule 4(m). Fed. R. Civ. P. 4(c)(1). Where, as here, plaintiff is a pro se prisoner proceeding in forma pauperis, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Plaintiff took reasonable steps to identify defendant Joseph. (*See* Doc. 8 and accompanying docket notation). The record shows that the United States Marshal Service attempted to serve defendant Joseph at SOCF at the address provided by plaintiff, and the summons was returned unexecuted because he is no longer employed by SOCF. (Doc. 19).

Because of the inherent security concerns with disclosing a former prison employee's home or other personal address to a prison inmate, plaintiff is not entitled to information concerning defendant Joseph's current or last known address. Thus, the undersigned **GRANTS** plaintiff's motion insofar as plaintiff seeks a court order regarding the disclosure of defendant Joseph's current or last known address. The Court will require the Ohio Attorney General to submit to the Clerk of Court under seal a current or last known address for defendant Joseph in order to facilitate service on this defendant. Upon receipt of a new address, the Court will direct the United States Marshals Service to re-serve defendant Joseph with process.

**IT IS THEREFORE ORDERED THAT:**

The Ohio Attorney General shall submit under seal to the Clerk of Court, within **fourteen (14) days** of the date of this Order, a current or last known address where defendant Joseph may

be served with process. The Ohio Attorney General shall file a notice of compliance with the Court after he has fulfilled this requirement.

The Clerk is **DIRECTED** not to post defendant Joseph's address on the public docket and to redact any documents submitted for filing that bear defendant Joseph's address.

Further, the Clerk is **DIRECTED** to ensure service upon defendant Joseph of all documents filed by plaintiff. The Clerk shall mail any documents filed by plaintiff to defendant Joseph at the addresses provided by the Ohio Attorney General, which shall be kept under seal.

**IT IS SO ORDERED**.

Date: 1/26/2022

Karen L. Litkovitz
United States Magistrate Judge