**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MICHAEL L. JOHNSON,                                          Case No. 1:21-cv-141
    Plaintiff,                                          McFarland, J.
                                                            Litkovitz, M.J.

vs.

BRIAN BARNEY, et al.,                                       **ORDER**
    Defendants.

This matter is before the Court on plaintiff's motions to strike (Doc. 63), show cause

(Doc. 64), and issue service (Doc. 65).  No party has filed a response.  The above-captioned case

(Case No. 1:21-cv-141)[1] has been consolidated with *Johnson v. Little, et al.*, Case No. 1:21-cv-

171 (McFarland, J.), and *Johnson v. Hill, et al.*, Case No. 1:21-cv-155 (McFarland, J.).  (*See*

Docs. 13, 15).

I.       **Motion to strike (Doc. 63)**

Plaintiff has moved to strike Interested Party State of Ohio's memorandum opposing

plaintiff's request for an entry of default against defendant Neff under Rule 12(f) of the Federal

Rules of Civil Procedure.  (*See* Docs. 54, 60, and 63).  Plaintiff also argues that the State of

Ohio's filing is inappropriate under Rule 7, as it "has not sought leave to file such a pleading and

the Court has not directed [Ohio] to do so."  (Doc. 63 at PAGEID 507).  In his motion to show

cause, however, plaintiff acknowledges that defendant Neff has not been served with process in

this case.  (Doc. 64 at PAGEID 520-21).  (*See also* Doc. 46 at PAGEID 458) (summons returned

unexecuted as to defendant Neff).  As such, without considering the merits of plaintiff's motion

to strike, it is denied as moot.

---

[1] All case numbers referenced herein refer to cases filed in the United States District Court for the Southern District
of Ohio.

**II.     Motions to show cause (Doc. 64) and issue service (Doc. 65)**

Plaintiff has moved to show cause in response to, and in the timeframe set forth by, the Court's prior Order (Doc. 61).  In that Order, the Court directed plaintiff (1) to show cause why Case No. 1:21-cv-155 should not be dismissed against defendant Neff for failure to perfect service, and (2) to perfect service on defendant Rush regarding Case No. 1:21-cv-171 and defendant Joseph regarding Case No. 1:21-cv-141 on or before April 22, 2022.  (*Id.* at PAGEID 504).  Plaintiff has also moved to reissue service as to defendants Joseph, Neff, and Rush.

Summons has been returned executed as to defendant Joseph (Case No. 1:21-cv-141). (*See* Doc. 69).  Plaintiff's motions as to defendant Joseph are therefore moot.  As to defendant Neff (Case No. 1:21-cv-155), plaintiff appears to request an Order directing the Ohio Attorney General to submit the last known address for J. Neff to the Court under seal.  (*See* Doc. 64 at PAGEID 521) ("[P]laintiff request[s] [an] additional extension of time to investigate and obtain the correct address [for] the United States Marshal from the help of the courts and the Attorney General. . . .").  The Court will issue a separate order with respect to this request.  (*See* Docs. 36 and 43 (construing similar request accordingly with respect to defendant Joseph in S.D. Ohio Case No. 1:21-cv-141)).

As to defendant Rush (Case No. 1:21-cv-171), service has been returned unexecuted twice.  (Doc 21; Doc. 66 at PAGEID 536 (Ohio Department of Rehabilitation & Correction (ODRC) letter stating that they "do not have an employee with [the name Michael Rush].")).  In his motion to show cause, plaintiff therefore "ask[s] the Court[] . . . what to do next so . . . defendant[] . . . Rush may be served with process on or before April 22, 2022." (Doc. 64 at PAGEID 523).

Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Plaintiff bears the burden of exercising due diligence in perfecting service of process and of showing that proper service has been made. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994); *see also Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). In the absence of a showing of good cause justifying the failure to timely serve the complaint, the Court must either dismiss the complaint without prejudice or direct that service of process be effected within a specified time. *See* Fed. R. Civ. P. 4(m). Rule 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court-- on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Thus, if the plaintiff does not show good cause justifying his failure to timely serve the complaint, the court shall either (1) dismiss the complaint without prejudice, or (2) direct that service of process be effected within a specified time. *Greene v. Venatter*, No. 2:13-cv-00345, 2014 WL 559154, *2 (S.D. Ohio February 11, 2014). If the plaintiff shows good cause for failing to comply with the 90-day requirement, the Court shall extend the time for service. *Id*.

Where, as here, the plaintiff is a pro se prisoner proceeding *in forma pauperis*, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd*, 94 F.3d at 219. Because plaintiff has identified defendant Rush by his full

3

name and moved the Court to reissue service (Doc. 65), the Court finds that plaintiff has "not idly s[a]t by when he knew there was a problem with service on the defendants." *Abel v. Harp*, 122 F. App'x 248, 252 (6th Cir. 2005).

The U.S. Marshals Service, however, has already attempted to re-serve defendant Rush with the clarification that he is a case manager and not an inmate. (Doc. 42). Unlike with respect to defendants Neff (Doc.at PAGEID 458) and Joseph (Doc. 19 at PAGEID 312), where ODRC indicated that each was "not currently" or "no longer" an employee, defendant Rush's return suggests that "Michael Rush" was never an employee such that ODRC could assist in providing a current address. (*See* Doc. 66 at PAGEID 536) ("We do not have an employee with that name."). Plaintiff has not provided (or demonstrated that he has attempted to obtain) any additional information that would clarify the whereabouts or correct name of defendant Rush. Short of that, plaintiff is hereby notified that the Court proposes to recommend dismissal of Case No. 1:21-cv-171 against defendant Rush for failure to comply with its prior Order regarding service of defendant Rush. (*See* Doc. 61). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991) (dismissal warranted under Rule 41(b) for failure to obey an Order of the Court); *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (District courts have the power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**IT IS THEREFORE ORDERED THAT**:

(1) Plaintiff's motion to strike (Doc. 63) is **DENIED as moot**.

(2) Plaintiff's motions to show cause (Doc. 64) and issue service (Doc. 65) are **DENIED as moot** with respect to defendant Joseph.

4

(3) Plaintiff's motions to show cause (Doc. 64) and issue service (Doc. 65) as to

defendant Neff shall be addressed by separate order.

(4) Plaintiff's motions to show cause (Doc. 64) and issue service (Doc. 65) are **DENIED**

as to defendant Rush.

(5) Plaintiff shall show cause, in writing, within twenty (20) days of the entry of this

Order why Case No. 1:21-cv-171 should not be dismissed against defendant Rush for

failure to perfect service.

Date: 5/6/2022

Karen L. Litkovitz
Chief United States Magistrate Judge