# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MICHAEL L. JOHNSON,  
    Plaintiff,

vs.

BRIAN BARNEY, et al.,  
    Defendants.

Case No. 1:21-cv-141  
McFarland, J.  
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's declaration for entry of default (Doc. 81) and defendant Teresa Hill's response thereto (Doc. 83).  The above-captioned case (Case No. 1:21-cv-141)[1] has been consolidated with *Johnson v. Little, et al.*, Case No. 1:21-cv-171 (McFarland, J.), and *Johnson v. Hill, et al.*, Case No. 1:21-cv-155 (McFarland, J.).  (*See* Docs. 13, 15).  Defendant Hill is a defendant in Case No. 1:21-cv-155.  Plaintiff has also filed a "Motion for an Order Compelling Discovery" (Doc. 82), to which no response has been filed.

**I. Fed. R. Civ. P. 55**

The Court construes plaintiff's declaration (Doc. 81) as an application for entry of a default under Rule 55(a) of the Federal Rules of Civil Procedure.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se filings are to be liberally construed).  Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  After the clerk enters the party's default, the plaintiff must move the court for a default judgment under subsection (b)(2).  Fed. R. Civ. P. 55(b)(2).

Plaintiff's declaration asserts under penalty of perjury that defendant Hill did not file a timely answer to his complaint.  (Doc. 81 at PAGEID 604-05).  Defendant Hill concedes as

---

[1] All case numbers referenced herein refer to cases filed in the United States District Court for the Southern District of Ohio.

much (Doc. 83 at PAGEID 616 ("the answer was served and filed three days" late)) but argues: (1) she filed her answer over five months *prior* to plaintiff seeking a default against her, and plaintiff therefore cannot claim prejudice, and (2) courts have a preference for deciding cases on their merits.

When plaintiff filed the pending application, defendant Hill had already filed an answer. (*See* Doc. 35). The plain text of Rule 55(a) is dispositive, as plaintiff cites no authority for his position that the tardiness of a pleading is tantamount to a "fail[ure] to plead. . . ." Fed. R. Civ. P. 55(a). *Cf. Oppenheimer v. City of Madeira, Ohio*, 336 F.R.D. 559, 565 (S.D. Ohio 2020) ("[T]his court repeatedly has found that untimeliness alone is not enough to grant a motion to strike an answer.") (citations omitted). While defendant Hill's tardiness is regrettable, her "procedural error should not be the death knell" of her position in Case No. 1:21-cv-155. *Id.* at n.4.

Given "the strong policy in favor of deciding cases on their merits[,]" the Court declines to enter a default against defendant Hill. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986) (considering a motion to set aside entry of default under Fed. R. Civ. P. 55(c)). Plaintiff's application (Doc. 81) is **DENIED**.

## II. Motion to compel

In this motion, plaintiff seeks to compel defendant Barney in Case No. 1:21-cv-141 and defendant Little in Case No. 1:21-cv-171 to respond to his written requests for production of documents. (Doc. 82 at PAGEID 608). Plaintiff attaches an April 14, 2022 letter, in which Assistant Attorney General Chadd McKitrick acknowledged receipt of plaintiff's two requests for production of documents and stated his "intention to have the responses to [plaintiff] in the mail no later than May 14, 2022." (*Id.* at PAGEID 614). Plaintiff asserts that he has yet to

2

receive such responses as of the date of his certificate of service: May 28, 2022. (*Id.* at PAGEID 610).

Lacking any response from defendants Barney and Little, the Court can only assume that the requested discovery remains outstanding. Plaintiff, however, has failed to show he attempted to resolve the discovery dispute before filing this motion. Before plaintiff may file any motions in court seeking to compel discovery, he must contact counsel for defendants in an attempt to resolve the disputed discovery items. Plaintiff must make at least one good faith attempt to resolve discovery disputes with defendants' counsel (such as writing a letter to defendants' counsel) after he fails to receive an initial response to his discovery requests. Plaintiff must also submit a memorandum and certification setting forth the "extrajudicial means" that have been attempted to resolve differences. *See* Fed R. Civ. P. 37(a); S.D. Ohio Civ. R. 37.1. Plaintiff's motion (Doc. 82) is therefore **DENIED** at this time.

**IT IS SO ORDERED**.

Date: 7/13/2022

Karen L. Litkovitz
United States Magistrate Judge