# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **Michael L. Johnson,** | : | |
| | : | **Case No. 1:21-cv-00141** |
| **Plaintiff,** | : | |
| | : | **Judge McFarland** |
| **v.** | : | |
| | : | **Magistrate Judge Litkovitz** |
| **Brian Barney,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS', AND INTERESTED PARTY, STATE OF OHIO'S FIRST MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES

NOW COME the defendants, Brian Barney, Scott Spriggs, Garth Fri, Robert Setty, Kristal Little, Jeremy Eaches, Jason Joseph, Lauren Hart, and Teresa Hill, by and through counsel, and hereby respectfully move the Court, pursuant to Fed. R. Civ. P. 56, to award summary judgment in their favor and against Plaintiff, Michael L. Johnson, as to all of his claims alleged against them.

NOW FURTHER COMES, Interested Party, State of Ohio, by and through counsel, and hereby respectfully moves the Court, pursuant to Fed. R. Civ. P. 56, to award summary judgment in favor of defendant, Michael Rush, who has yet to be served with a summons and complaint.

The grounds for this motion are that Plaintiff failed to exhaust the administrative remedies available to him prior to commencing this civil action. The grounds for this motion are more fully described in the memorandum in support set forth below.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


/s/  D. Chadd McKitrick
D. CHADD MCKITRICK (0073750)
Senior Assistant Attorney General
Criminal Justice Section,
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7661
Fax:     (866) 359-3383
Daniel.McKitrick@OhioAGO.gov

*Trial Counsel for Defendants*

2

**MEMORANDUM IN SUPPORT**

## I.  INTRODUCTION

At all times relevant, Plaintiff, Michael L. Johnson, was an individual incarcerated at the Southern Ohio Correctional Facility ("SOCF").  Plaintiff filed, and this Court accepted, three operative complaints in this matter alleging various claims against the defendants Brian Barney, Scott Spriggs, Garth Fri, Robert Setty, Kristal Little, Jeremy Eaches, Jason Joseph, Lauren Hart, and Teresa Hill, in addition to other claims against defendant, Michael Rush, who has not yet been served with a summons and complaint in this action.  [*See*, Docs. 6, 12, and 14].  All, if not most of Plaintiff's claims stem from incidents that occurred on March 13, 2019, and March 19, 2019. [*Id.*].

When Plaintiff commenced his civil action *pro se* against the defendants and defendant Michael Rush, he was and continues to be incarcerated, and Plaintiff was, and remains, subject to the Prison Litigation Reform Act ("PLRA").  Under the PLRA, plaintiffs who commence a civil action in federal court are required to have first exhausted any and all administrative remedies available to them.  In Ohio, O.A.C. 5120-9-31 lays out a specific and unambiguous system that allows individuals incarcerated within institutions maintained by the Ohio Department of Rehabilitation of Correction to seek administrative relief by allowing them to complain and grieve about any aspect of institutional life that directly and personally affects them.  This Court and the Sixth Circuit have consistently held that incarcerated plaintiffs fail to exhaust the administrative remedies available to them should they fail to properly follow and adhere to the grievance system available to incarcerated plaintiffs under O.A.C. 5120-9-31.

As will be demonstrated herein, Plaintiff failed to properly follow, adhere, and exhaust the grievance procedure available to him under O.A.C. 5120-9-31 as to all of the claims he alleges

against all of the named defendants, including Michael Rush, who has yet to be served with the summons and complaint. As a result, Plaintiff has failed to exhaust the administrative remedies available to him which is required for an incarcerated plaintiff to commence a civil action in federal court. As such, the Court should grant summary judgment in favor of all named defendants as to this issue, and further dismiss all claims alleged in his three operative complaints.

## II.      STATEMENT OF FACTS

At all times relevant, Plaintiff was an individual incarcerated at SOCF.

**Plaintiff's Underlying Claims:**

The following facts are the basis of Plaintiff's claims as alleged in his three operative complaints. While the defendants dispute these facts, they are not relevant to the issue of exhaustion and are therefore should not be considered in ruling on this motion for summary judgment.

In his original operative complaint (identified as the "Barney" complaint), Plaintiff alleged that on March 13, 2019, defendant Barney confronted Plaintiff about commissary purchases, took commissary items from his cell, and sprayed him in the face with O.C. spray. Plaintiff next alleged he was subject to another excessive use of force by defendants Barney, Joseph, and Spriggs while handcuffed with his hands behind his back in the shower area.

In the second operative complaint (identified as the "Hill" complaint), Plaintiff alleged defendants Neff and Fri attempted to break his wrist and threatened to knock out his teeth during their escort of Plaintiff to the infirmary. Plaintiff alleged another excessive use of force against him by defendants Neff and Fri once they reached the infirmary. Plaintiff then alleged defendant Teresa Hill and Lauren Hart were deliberately indifferent as to Plaintiff's medical needs and further

failed to protect Plaintiff from the excessive use of force during the purported incident that took place in the infirmary.[1]

In the third operative complaint (identified as the "Little" complaint), Plaintiff re-alleged the same escort and excessive use of force against him by defendants Neff and Fri as described in the Hill complaint, but alleged additional claims of deliberate indifference and failure to protect against defendants Setty, Little, Eaches, and Rush.

Again, the defendants fully intend to dispute these facts should this matter survive this dispositive motion. However, they are not relevant as to the sole issue of exhaustion of administrative remedies. In turn, the following are facts that are not and cannot be disputed, even when viewing them in favor of Plaintiff in considering this summary judgment motion.

**Undisputed Facts As To Exhaustion Of Administrative Remedies:**

In order to commence and proceed with this action, Plaintiff must demonstrate that he fully adhered to and followed the three-step grievance procedure available to him and as promulgated under O.A.C. 5120-9-31. It is undisputed Plaintiff failed to satisfy the third step so as to appeal any grievance or complaint to the Office of the Chief Inspector as to the incidents that occurred on March 13, 2019, and March 19, 2019 involving any and all of the named defendants. The evidence on the record will show:

- Plaintiff had full knowledge of the three-step grievance procedure and its availability to him;

- Plaintiff did submit several Informal Complaints ("ICRs") concerning the incidents that are the underlying subject matter of Plaintiff's claims, satisfying the first step of the three-step grievance procedure.

- On April 11, 2019, Plaintiff did submit a Notification of Grievance ("NOG") to the Inspector of Institutional Services, satisfying the second step of the three-step grievance procedure.

---

[1] Defendant Hart was eventually substituted in the place of one Jane Doe nurse named in the "Hill" complaint.

- The Institutional Inspector provided to Plaintiff a comprehensive Disposition of Grievance ("DOG") on May 8, 2019, which further advised Plaintiff he could appeal the DOG to the Office of the Chief Inspector.

- Plaintiff failed, and never attempted, to appeal the DOG to the Office of the Chief Inspector, thereby failing to comply with the third and final step of the three-step grievance procedure.

[*See*, Wilson Declaration, Doc. 88 at PageID # 631, ¶¶12-18, and Declaration Documents at PageID ## 633-653].

Because Plaintiff did not comply with the third and final step of the three-step grievance procedure promulgated under O.A.C. 5120-9-31, he failed to exhaust any and all administrative remedies available to him.  In turn, because Plaintiff failed to exhaust the administrative remedies available to him, he is barred from proceeding with this civil action against the defendants named to this complaint, including Michael Rush, who has yet to make an appearance in this action.

## III. LAW AND ARGUMENT

### A. Plaintiff's Claims Must Be Dismissed For Lack Of Exhaustion.

Under the Prison Litigation Reform Act of 1996, Congress set forth a requirement of "'invigorated' exhaustion provision" so as to allow prisoners to have their grievances investigated and addressed by prison administrators in hopes of resolving disputes at the lowest level possible. Under this process, prison officials are also provided an opportunity to gather evidence in preparation of an administrative record. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  When it enacted the PLRA, Congress made exhaustion of administrative remedies mandatory as a prerequisite for inmates filing suit in federal courts.  42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 638 (2016).  The express language of the mandate is as follows:

> [n]o *action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

other correctional facility *until* such administrative remedies as are available *are exhausted*.

42 U.S.C. § 1997e(a) (emphasis added.)

This provision "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "Exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 201, 211 (2007).

"Exhaustion under the PLRA is 'a threshold matter' that a court 'must address' before reaching the merits." *Swain v. Junior*, 958 F.3d 1081, 1092 (11th Cir. 2020). Nevertheless, whether a litigant has satisfied the exhaustion requirement often involves questions of fact, which are "analogous to other threshold issues of judicial administration that 'courts must address[.]'" *Lee*, 789 F.3d at 678.

Although lack of exhaustion is an affirmative defense, "district courts are required to resolve factual disputes regarding PLRA exhaustion—a 'preliminary issue'—at the outset of a case." *Swain*, 958 F.3d at 1092. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91. The level of detail necessary to comply with the exhaustion procedures is determined by "the prison requirements, and not the PLRA[.]" *Jones*, 549 U.S. at 218.

### 1. Ohio's Inmate Grievance Procedure.

Ohio's prison grievance system involves a three-step process: (1) submitting an Informal Complaint Resolution ("ICR"); (2) a Notification of Grievance ("NOG"); and (3) an appeal to the Office of the Chief Inspector ("Appeal"). O.A.C. 5120-9-31(J)(1)-(3). First, within fourteen days of the event giving rise to the complaint, an ICR must be sent to "the direct supervisor of the staff

7

member, or department most directly responsible for the particular subject matter of the complaint." O.A.C. 5120-9- 31(J)(1). If the matter is not resolved, then the incarcerated individual can escalate the grievance within fourteen (14) days with a NOG to the Inspector of Institutional Services. O.A.C. 5120-9-31(J)(2). Lastly, an Appeal may be filed within fourteen days to the office of the Chief Inspector. O.A.C. 5120-9- 31(J)(3). [*See*, Wilson Declaration, Doc. 88 at PageID ## 629-631, ¶¶3-11].

All grievances must be "resolved at the lowest step possible." O.A.C. 5120-9-31(J). The only situation in which a grievance can be filed directly to the office of the Chief Inspector is when the grievance is against the Warden or against the Inspector of Institutional Services (the local prison inspector). O.A.C. 5120-9-31(L). All other grievances must go through a three-step procedure detailed in Ohio Adm. Code 5120-9-31(J). [*Id.*].

Ohio's three-step process insures that ICR(s) are brought to the attention of ODRC officials who can investigate and gather evidence to prepare an administrative record to assist in resolving disputes, disciplining staff members if appropriate under the circumstances, or make policy changes if the circumstances so warrant. *Woodard*, 548 U.S. at 94-95. A plaintiff's failure to fully complete the first step, and continue on to the second and third steps, in the ODRC grievance process prior to filing suit is fatal to his or her claims. *Williams v. Harris*, No. 1:11-cv-362, 2012 U.S. Dist. LEXIS 108339, *28-29 (S.D. Ohio Aug. 2, 2012).

Ohio's grievance system procedure importantly enables the prison system to reasonably investigate and resolve complaints as locally and efficiently as possible—by investigators who are most familiar with the institution and best equipped to deal with the complaint. *Cf.* O.A.C. 5120-9-31(J).

Exhaustion is required even if the prisoner "believe[s] the procedure to be ineffectual or futile." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (quoting *Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006)). Therefore, "[r]equiring inmates to exhaust their administrative remedies is thus not an 'exercise in futility,' but is rather a necessary measure to create safe and effective institutions." *Id.*

The PLRA exhaustion requirement demands "*proper* exhaustion of administrative remedies." *Woodford*, 548 U.S. at 84 (emphasis added); *see also*, *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) ("An inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance."). If a prisoner fails to exhaust or only partially exhausts his administrative remedies before filing his lawsuit, the court *must* dismiss the case. *Hopkins v. Ohio Dep't of Corr.*, 84 F. App'x 526, 527 (6th Cir. 2003).

The Sixth Circuit requires incarcerated individuals to make affirmative efforts to comply with administrative procedures. *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011); *Napier*, 636 F.3d at 223-224. "[A]n inmate cannot simply . . . abandon the process before the completion and claim that he has exhausted his remedies[.]" *Hartsfield v. Vidor*, 199 F.3d 305, 306 (6th Cir. 1999). In other words, proper exhaustion requires prisoners to complete all levels of appeal, as outlined in O.A.C. 5120-9-31(J), not just some of the them. *Blissit v. Fiquris*, 345 F. Supp. 3d 931, 940 (S.D. Ohio 2018). ("Where Mr. Blissit comes up short is in not proceeding to step two and filing a NOG within the fourteen-calendar day deadline and then further proceeding to step three.").

Although courts have "excused a prisoner's lack of complete compliance when the improper actions of prison officials render the administrative remedies functionally unavailable,"

*Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 577 (6th Cir. 2014). Plaintiff in this matter cannot present any credible evidence to show that anyone interfered with his ability to properly complete the grievance process. *Barassi v. Lewis*, 2019 U.S.App. LEXIS 18297, *6 (6th Cir. 2019) (upholding the district court's grant of summary judgment for the defendant where plaintiff had completed the first two steps, but not the final step of the grievance process).

### 2. Plaintiff Failed to Properly Utilize All Steps of the Ohio Administrative Grievance Procedure.

Viewing the evidence in the light most favorable to the non-moving party, all of the defendants named in Plaintiff's three operative complaints are entitled to summary judgment because Plaintiff failed to properly utilize all steps of the Ohio administrative grievance procedure. The first step required Plaintiff to file an ICR within fourteen days of the event giving rise to the complaint. O.A.C. 5120-9-31(J)(1).

Following the alleged incidents on March 13, 2019, and March 19, 2019, Plaintiff submitted several ICRs in order to complain about the acts and/or omissions of the defendants on the dates at issue. [*See*, Wilson Declaration, Doc. 88 at PageID # 631, ¶¶13-14, and Page ID ## 634, 647-649].

On April 11, 2019, Plaintiff submitted a NOG to the Inspector of Institutional Services, Linnea Mahlman. [*Id.* at PageID ## 631, ¶14, and Page ID # 646]. IIS Mahlman provided to Plaintiff a comprehensive disposition of his grievance, i.e., a DOG, on May 8, 2019, effectively denying his grievance. Plaintiff was advised therein that he could appeal the DOG to the Office of the Chief Inspector within fourteen (14) days of receiving the DOG. [*Id.* at PageID # 631, ¶14, and PageID ## 650-652].

10

At no time did Plaintiff submit an appeal to the Office of the Chief Inspector, let alone a timely appeal.  [*Id.* at PageID # 631, ¶15].  As such, Plaintiff failed to satisfy the third step of the three-step grievance procedure as promulgated under O.A.C. 5120-9-31(J).

While the defendants would dispute Plaintiff submitted individual and separate ICRs and NOGs compliant with requirements pertaining to the submission of specific information, including dates, times, places, and the identities of individuals involved, it is irrelevant, as it is undisputed Plaintiff did not comply with the third step of the three-step grievance procedure.

Plaintiff further cannot contend he did not understand the grievance procedure as promulgated under O.A.C. 5120-9-31, as Plaintiff acknowledged receiving instruction on how to use the grievance procedure upon his housing at SOCF and at other institutions.  [*Id.* at PageID # 631, ¶18, and PageID # 653].  Plaintiff further simply demonstrated a working knowledge and understanding of the administrative grievance system through his own evidenced use of the same. [Doc. 88 at PageID # 631, ¶¶13-14 and PageID ## 633-645].  Plaintiff's ability to know and understand the administrative grievance system further cannot be challenged, as Plaintiff has adequately understood legal processes through his own use of the courts and the legal system in pursuing his claims.

The Sixth Circuit requires an incarcerated individual to demonstrate affirmative efforts to comply with administrative procedures before claiming that he is excused from exhausting those procedures due to their unavailability.  *Napier*, 636 F.3d at 223.  Furthermore, the Sixth Circuit has repeatedly held that even if an inmate requests a grievance form from prison officials, and is denied, it does not excuse an inmate from exhausting his administrative remedies. *Lyle v. Jackson*, 49 F. App'x 492 (6th Cir. 2002); *Martin v. Johnson*, 72 F. App'x 256, 257-58 (6th Cir. 2003) (holding that a prisoner's allegation that he requested a grievance form but did not receive one is

insufficient to establish exhaustion); *Anderson v. Meeks*, 79 F. App'x 113, 114 (6th Cir. 2003) (citing *Jones v. Smith*, 266 F. 3d 399 (6th Cir. 2001) (holding that it is insufficient to claim grievance forms were denied to excuse exhaustion and that prisoner must attempt to file a grievance without a form)); *Jones v. Smith*, 266 F. 3d at 400 (holding that an inmate failed to exhaust administrative remedies when he did not make another attempt to obtain a grievance form after his correction counselor declined his request).

Here, Plaintiff simply failed to exhaust his administrative remedies prior to filing suit and he cannot demonstrate that he made affirmative efforts to comply with the requirements.  Plaintiff waited almost two years from the date of the alleged incidents to commence this civil action, and Plaintiff made no attempt, let alone a timely attempt, to satisfy the third-step of the administrative grievance process.  "[W]hen the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter*, 534 U.S. at 524 (citing *Booth v. Churner*, 532 U.S. 731, 741 (2001)).

Because Plaintiff failed to exhaust the administrative remedies available to him, he is not entitled to seek relief in this Court, and as a result, the Court should award summary judgment in favor of the defendants, including Michael Rush, who has yet to appear in this action, and against Plaintiff as to Plaintiff's claims specified in all three of his operative complaints against the defendants.

### B. Summary Judgment Standard.

A court must award a moving party summary judgment when the pleadings, the discovery, and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005).  The moving party must "show that the non-

moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).

Once a movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of genuine dispute. In order to defeat the motion, the non-moving party must "show that there is doubt as to the material facts and that the record, taken, as a whole, does not lead to a judgment for the movant. *Id.* A non-moving party may not simply rely upon his pleadings, and must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). A mere factual dispute will not suffice to support a non-moving party's position, and a non-moving party must reference to additional evidence beyond his own self-serving testimony to overcome a summary judgment motion. *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007).

In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-588, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Here, the evidence cannot be disputed that Plaintiff failed to satisfy the third step of the three-step grievance process, even when viewing the evidence in a light most favorable to Plaintiff.

IV. **CONCLUSION**

The Court should award summary judgment in favor of the defendants, including Michael Rush, as to all of Plaintiff's claims as alleged in his three operative complaints. There is no genuine issue of material facts as to Plaintiff's lack of exhaustion, and Defendants are entitled to judgment as a matter of law on this issue.

Respectfully submitted,

DAVE YOST
Ohio Attorney General


*/s/  D. Chadd McKitrick*
D. CHADD MCKITRICK (0073750)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7661
Fax:    (866) 359-3383
Daniel.McKitrick@OhioAGO.gov

*Trial Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *DEFENDANTS' FIRST MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF ADMINISTRATIVE EXHAUSTION* was electronically filed on August 11, 2022, and was sent by prepaid, U.S. Mail to:

Michael L. Johnson, #A515-853
Toledo Correctional Institution
P.O. Box 80033
Toledo, Ohio 43608


*/s/  D. Chadd McKitrick*
D. CHADD MCKITRICK (0073750)
Senior Assistant Attorney General

14