Pages
(20)
with
exhibits
10,000
through
10,014

In the United States District Court
Southern District of Ohio
Western Division
                    Case no. 1:21-CV-141

Michael L. Johnson, pro se,
Plaintiff
             VS.

Brain Barney, et Al.,
defendant

                    Judge, McFarland
          Magistrate Judge, Lithovitz

Plaintiff memorandum of
opposition brief that complies
with Rule 56 of the federal
rules of civil procedure,
to defendants motion for
summary judgment.
A memorandum in support
follows.

          Memorandum in support
Now come Michael L. Johnson
,plaintiff, respectfully submit
plaintiff memorandum of
opposition brief to defendants
Brian Barney, Scott Spriggs,
Garth Fri, Robert Setty,
Kristal little, jeremy Eaches,
jason joseph, Lauren hart,

Teresa Hill, First Motion For Summary judgment, on the issue of Exhaustion of Administrative remedies. Further more For defendant, Michael Push, who has not yet to be served with a Summons and Complaint. Plaintiff respectfully moves the Court For the Court not to grant or Award Summary judgment in defendant, Push, Favor pursuant to Fed. R. Civ. P. 56, base on False Allegation of Stating, plaintiff Failed to Exhaust the Administrative remedies.

I. Plaintiff Introduction Response Plaintiff Filed ,3, three Civil Action Complaint of Section 1983 of Johnson vs. barney, Case no. 1:21-CV-141, Johnson vs. little, Case no. 1:21-CV-171, Johnson vs. Hill, Case no. 1:21-CV-155, of a incident happen on March 13, 2019 At Southern Ohio Correctional Facility which involved the defendants stated Above.

As plaintiff will demonstrate About the exhaust of the Administrative remedies will Allow the Court to excuse the exhaust of Administrative remedies.

II. Plaintiff Statement of Facts defendant underlying Claims: The following facts are the basis of plaintiff Claims As Alleged in his three, 3, operative Complaints. While the defendants dispute these facts, they are not relevant to the issue of Exhaustion And are therefore should not be considered in ruling on this motion for Summary judgment.

Plaintiff genuine issue of the defendant underlying Claims is the dispute itself of the Exhaustion of plaintiff three, 3, operative Complaints identified As the "Barney Complaint," Consolidated with Case no. 1:21-CV-171 And Case no. 1:21-CV-155.

Plaintiff question of Fact is A dispute As to what Actually

happen that can be contrasted to a question of law. Plaintiff preponderance of evidence is the standard of proof in the instant civil action complaint thats consoildated with 2, other operative complaints which provide details and information along with exhibits concerning the exhaustion of the grievance procedure about the allegation occur on march 13, 2019 and march 14, 2019.

Undisputed facts as to exhaustion of Administrative Remedies: 1 Defendant preponderance of evidence is Doc.#90, page: 5 of 14 PageID# 661, by stating, It is undisputed plaintiff failed to satisfy the third step so as to appeal any grievance or complaint to the chief inspector as to the incidents that occurred on march 13, 2019, and march, 19, 2019 involving any and all of the named defendants. The evidence on the record will show:

* Plaintiff had full knowledge of the three-step grievance procedure and it's availability to him;

* Plaintiff did submit several informal complaints (ICRs) concerning the incidents that are the underlying subject matter of plaintiff claims, satisfying the first step of the three-step grievance procedure.

* On April 11, 2019, plaintiff did submit a notification of grievance (NOG), to the Inspector of Institutional Services, satisfying the second step of the three-step grievance procedure. Also Doc.#90, page: 6 of 14, pageID # 6062

* The Institutional Inspector provided to plaintiff a comprehensive Disposition of grievance (DOG) on May 8, 2019, which further advised plaintiff he could appeal the (DOG) to the Office of the chief Inspector

\* Plaintiff failed, and never attempted, to appeal the (DOC), to the office of the Chief Inspector, thereby failing to comply with the third and final step of the three-step grievance procedure.
See, Wilson Declaration, Doc.#88 at PageID#631, ¶¶ 12-18, and Declaration Documents at PageID ## 633-653
Defendant further states, because plaintiff did not comply with the third and final step of the three-step grievance procedure defendant (Michael Bush, who has yet to make an appearance in this action is barred from proceeding with this civil action.

1. Plaintiff genuine issue of defendant undisputed facts as to exhaustion of Administrative remedies: Is Plaintiff proof of the preponderance of evidence of documents along with exhibits as to Plaintiff exhaustion of Administrative remedies

that will demonstrate the First, Second, and third step of the grievance procedure to the Johnson vs. Barney, Case no. 1:21-CV-141, Complaint, And to the Johnson vs. little, Case no. 1:21-CV-171, And the third And Final step to the Johnson vs. Hill, Case no. 1:21-CV-155 that's consolidated with the instant Case.

III. Law And Argument,

A. Plaintiff genuine issue of why Plaintiff claims should not be dismissed for lack of Exhaustion.

Citing, Ross v. Blake, 136 S.Ct. 1850, 1853, 195 L. Ed. 2d 117 ,2016, There Are three circumstances in which An Administrative remedy, Although officially Available, is not capable of use to obtain relief ,1, An Administrative procedure is unavailable when it operates As A simple dead end, with officers unable or consistently unwilling to provide Any relief

to Aggrieved inmates: (2, An Administrative Scheme might be so opaque it becomes practically incapable of use to the Ordinary prisoner, And (3, A grievance process is rendered unavailable when prison Administrators thwart inmates from taking Advantage of it through Machination, misrepresentation or intimidation Citing, Himmelreich v. Fed. Bureau of Prisons, 766 F. 3d 576, 577 (6th Cir. 2014, The Sixth Circuit has excused An inmate failure to exhaust, when the improper Actions of Prison Officials render Administrative remedies Unavailable.

Citing, Simmons v. Himmelreich, U.S, 136 S. Ct. 1843, 195 L. Ed. 2d. 106 (2016, In Cases of harassment And retaliation, the question is whether Prison Officials took An Adverse Action that would deter A Person of Ordinary firmness from Continuing with the grievance process.

B. Ohio's Inmate Grievance Procedure
Plaintiff genuine issue of
defendant Ohio prison grievance
system involves a three-step
process: 1s on the barney
complaint, plaintiff filed
informal complaint (ICR) to the
most responsible supervisor
And then requested a grievance
(NOG) from the institutional
Inspector (mahlman) but was
denied a grievance form as
to defendant (barney) and
was advise by inspector-
(mahlman) you are not filing a
(NOG) on each individual,
(See) kite # 389 page 3 of 37,
PageID # 172, of the barney
complaint. As for the little
complaint, plaintiff filed
informal complaint (ICR) to the
most responsible supervisor
And then requested a grievance
(NOG) From the institutional
Inspector (mahlman) but was
denied a grievance Form as
to defendant (little) and was
Advise by inspector-(mahlman)

You Are not Filing A ,NOG, on
each individual.
,See, Kite 389, page: 15 of 25,
PAGEID #265, Doc.#12, of the
,little, Complaint,
As For the ,Hill, Complaint
that the defendant mention on
Doc.#88 on the barney Complaint
that's Consoiladated with the
,Hill, Complaint. The defendant
Claim plaintiff did Submit
Several informal Complaint's
,ICR, Concerning the incident,
And then go on Stating,
On April 11, 2019, Plaintiff did
Submit A Notification of
Grievance ,NOG, to the Inspector
of institutional Service,
Satisfying the second Step of the
three-step grievance procedure
,See, Case 1:21-CV-141, Doc.#89,
page: 1 of 3, PAGEID # 654,
Further See, Case 1:21-CV-141,
Doc.#89, page: 2 of 3, PAGEID#655
where the defendant States,
The institutional Inspector
provided to plaintiff A
Comprehensive Disposition

of Grievance, DOG, on May 8, 2019, which further advised plaintiff he could appeal the DOG to the Office of the Chief Inspector. Defendant continue to state, plaintiff failed, and never attempted, to appeal the DOG, to the office of the Chief Inspector.

Plaintiff Preponderance of Evidence- Is the standard of proof in a civil suit, which is the documents itself, See, Case: 1:21-CV-141, Doc.#14, Page: 3 of 21, PageID #279 of the Hill, Complaint, of Declaration of Michael L. Johnson, concerning the Excuse of the exhaust of the grievance procedure, Further See, Doc.#14, Page: 8 of 21, PageID #284, of the Hill, Complaint, of Disposition of Grievance of Grievance no. SOCF-04-19-000176, dated: 4-25-2019 while plaintiff located at Madison Correctional Institution at P.T.U. notice the grievance

was sent through U.S regular mail as paper form, which madison has j-pay, madison Correctional Institution (MaCi, j-pay machine did not send rin a (DoG, as disposition of grievance so plaintiff able to or could Appeal the (DoG, to the office of the chief Inspector, as plaintiff never received a (DoG, from inspector-Mahlman from & to Southern Ohio Correctional facility to madison Correctional Institution, even if inspector-Mahlman would have sent a grievance form to madison (MaCi, from lucasville (SoCF, it would have been paper form.

C. plaintiff genuine issue to defendant stating, plaintiff failed to properly utilize all steps of the ohio Administrative Grievance procedure Is the documents itself that will prove plaintiff Attempted And did in fact utilize All

Steps of the Ohio Administrative Grievance procedure.
First, is the barney Complaint, of a material fact exist, of the .3. Steps grievance procedure, (See, Case: 1:21-cv-141, Doc.#6, page: 1 of 37, pageid #120 of the barney Complaint itself, Also see, Doc.#6, page: 3 of 37, pageid # 172, of Exhibits where plaintiff Submit a copy of informal Complaint, (ICR, to the institutional inspector, (mahlman, for grievance, kite # 389, and the inspector, mahlman, denied plaintiff a grievance form for defendant, barney, preventing plaintiff of Step.2. of, (NOA, of the Ohio Administrative Grievance procedure, (See, Doc.#6, page: 6 of 37, pageid # 175, for further details Along with Doc.#6, page:16 of 37 of Declaration of michael L. Johnson, plaintiff,
Second, is the little Complaint, of a material fact exist

of the (3) Steps grievance procedure. Case: 1:21-CV-141, Doc.#12, Page: 1 of 25, PAGEID #251, of the (little) complaint itself. (Also See, Doc.#12, Page: 3 of 25, PAGEID#253, And Doc.#12, Page: 13 of 25, PAGEID#263, of Declaration of Michael L. Johnson And Doc.#12, Page: 12 of 25, PAGEID#262 See, Kite #387 And Doc.#12, Page: 15 of 25, PAGEID #265 Where the institutional Inspector (Mahlman) denied plaintiff A grievance (NOG) preventing plaintiff of Step (2) of the Ohio grievance procedure After plaintiff Submit informal complaint (ICR) Review where inspector (Mahlman) Stating on Kite #389, you Are not Filing A (NOG) on each individual.

Third, is the (Hill) complaint of A material Fact exist, of the (3) Step grievance procedure. (See, Case: 1:21-CV-141, Doc.#14, Page: 1 of 21, PAGEID# 277

of the ,Hill, Complaint itself
,Also see, Doc.#14, page: 1 of 21,
PAGEID #277 And Doc.#14,
PAGEID#279 of page:3 of 21,
of Declaration of Michael
L. Johnson And Doc.#14,
page: 5 of 21, PAGEID#281,
of Plaintiff informal
Complaint, And Doc.#14,
page: 6 of 21, PAGEID# 282, of
grievance ,NOG, Filed by
plaintiff And Doc.#14,
page: 8 of 21, PAGEID#284,
of disposition of grievance
which was a notice of delay
for longer than 14 calendar
days. dated: 4-25-2019,
,Now see, Doc.#88-1, page:23 of 25,
PAGEID# 651, disposition of
grievance of ,DOG, dated:5-8-2019
At institution, madison
correctional institution as a
paper form ,Appeal, when
madison ,MACI, has a j-pay
machine which mean,
inspector ,mahlman, did not
Further Advise plaintiff he
could Appeal the ,DOG,

disposition of grievance to the office of the Chief Inspector on j-pay machine at madison Correctional Institution so Plaintiff could have the opportunity to comply with the third step and the final step of the three-step grievance procedure.

Plaintiff do have evidence to the contrary that plaintiff filed, or attempted to file, an appeal of the ,DOA, to the office of the Chief Inspector, as a dispute of material fact Plaintiff in fact found a old appeal form to the Chief inspector office and then attempted to comply with the third step of the grievance procedure as plaintiff was working on a related case of Johnson vs. Osborne, case no. 1:21-cv-3, plaintiff then filed a separate grievance on the issue's of paper form appeal and filing appeal on j-pay

machine because inspector mahlman did not provide grievance (MDG, or ,DOG, disposition of grievance on the j-pay machine so plaintiff able and could follow up on the third step of ohio grievance procedure which plaintiff attempted with paper form and on j-pay machine to complete the exhaustion of Administration remedies. Plaintiff will provide evidence As documents of exhibits for proof of the preponderance of evidence. Because plaintiff provided evidence of a dispute of a material fact that plaintiff did not fail to attempt or exhaust the Administrative remedies Available to him, plaintiff is entitled to seek relief in this court, And As A result, the court Should not Award Summary judgment in favor

of the defendants, including, Michael Bush, who has yet to Appear in this Action.

D. Summary Judgment Standard, quoting, Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435, 6th Cir. 1987, A fact is "material" if it's resolution will affect the Out Come of the law suit. Beans v. City of Massillon, no. 5:15-cv-1475, 2016 WL 7492503, At *5, N.D. Ohio Dec. 30, 2016, Aff'd no. 17-3088, 2017 WL 3726755, 6th Cir. 2017, Citing, Anderson, 477 U.S. At 248, The party who Seeks Summary judgment bears the initial responsibility of informing the the district Court of the basis for it's motion, And identifying those portions of the record, which it believes demonstrate the Absence of A genuine issue of Material fact. Celotex Corp., 477 U.S. At 322 To make it's determination, the Court need Consider only the Cited materials, but it may

consider other materials in the record. Fed. R. Civ. P. 56 (c,3). The party opposing a properly supported motion for summary judgment may not rest upon upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.

First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288 (1968). In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exit.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-588, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

III. (Conclusion)

The court should not award summary judgment in favor of the defendants, including Michael Push, as to all of

plaintiff claims as alleged in the three (3) operative complaints. There is a genuine issue of material facts as to plaintiff exhaustion and defendants are not entitled to judgment as a matter of law on this issue.

Certificate of Service,

I here by certify that the following plaintiff memorandum of opposition brief to the defendants motion for Summary judgment was placed in the toledo Correctional Institution mail box on 8·26·2022, and was sent by U.S regular mail to the United States District Court at Clerk of Court, 100 East Fifth Street, Room#103, Cincinnati, Ohio 45202

Signature: Michael L. Johnson #A515-853
        Toledo Correctional Institution
        P.O Box 80033
        2001 East Central Avenue
        Toledo, Ohio 43608

I declare under penalty of perjury that the foregoing is true and correct. Executed: August 26, 2022

| Ref# TOCI1219000508 | Housing:B2N0017 | Date Created:12/05/2019 |
|---|---|---|
| ID#: A515853 | Name:JOHNSON,MICHAEL | |
| Form:Appeal | Subject:Mail | Description:Delay/failure in sending |
| Urgent:No | Time left:n/a | Status:Closed |

## Communications / Case Actions

*12/5/2019 7:28:31 PM : ( a515853 ) wrote*
Form has been submitted

*12/5/2019 7:28:31 PM : ( a515853 ) wrote*
Toci mail room staff failed to mail out-going mail to the chief inspector. Enclose 5x appeals
Review cash slip dated 10-3-19                                                         Futher more,The envelope was return 12-5-19
2nd shift with 2x different return to sender stamp dated        10-28 -19 and 12-2-19

*12/6/2019 9:16:47 AM : ( Ronald Pettaway ) wrote*
There is a process that they go through before an items just get mailed out especially when it needs postage, they have to wait for the cashier to approve the funds before this item can be sent out.
Pettaway

*12/6/2019 9:16:52 AM : ( Ronald Pettaway ) wrote*
Closed incarcerated individual form

*12/10/2019 8:52:39 AM : ( a515853 ) wrote*
Escalated to Grievance

*12/10/2019 8:52:39 AM : ( a515853 ) wrote*
Supervisor R. Pettaway failed to fully investigate the informal        and notice the mail room violate my due process rights.
Review cash slip mention on informal and see postage.                   Futher more, you can contact me and see envelope
your self  mention on informal.

*12/24/2019 2:36:48 PM : ( Michael Jenkins ) wrote*
Extend-Inspector needs additional time to investigate.

*12/25/2019 8:53:19 PM : ( System ) wrote*
Closed incarcerated individual form

*12/25/2019 8:54:41 PM : ( Michael Jenkins ) wrote*
Re-Opened incarcerated individual form

*12/25/2019 8:55:16 PM : ( Michael Jenkins ) wrote*
Extend-Inspector needs additional time to investigate.

*12/26/2019 8:59:33 PM : ( Michael Jenkins ) wrote*
This office is in receipt of Notification of Grievance Case TOCI1219000508 submitted by Inmate Johnson A515853 in
your grievance you state that the mailroom staff failed to mail out outgoing mail to the Chief Inspector Office as the
envelope was returned back to sender on 3 separate occasions.
During my investigation, I have reviewed your Informal Complaint Resolution. I have spoken to review the mail that was
censored spoken to Mailroom staff. I reviewed Policy 75-MAL-01 – Inmate Mail, 75-MAL-02 Printed Material, AR
5120-9-18 – Outgoing Mail and AR 5120-9-31-Inmate Grievance Procedure.
I met with you today 12-26-2019 and examined the letter you state wasn't mailed out by the Toledo mailroom staff. I have
discovered the following. The address was the following:
 Chief Inspector
770 West Broad Street
Columbus, Ohio 43222
The address of the Chief Inspectors Office
4545 Fisher Road Suite D
Columbus Ohio 43228
The three return to sender stamp on your envelope was no fault of the mailroom. You failed to provide the correct
address. On the letter. The post office attempted 3 times to send the letter but failed. Toledo Correctional Institutional
mailroom was not at fault your letter being improperly addressed. Pease continue to file viable complaints
Your Grievance is Denied-No violation of policy or procedure.

*Exhibit # 10,000*
*Johnson*
*VS.*
*Barney*

Page: 2

| Ref# TOCI1219000508 | Housing:B2N0017 | Date Created:12/05/2019 |
|---|---|---|

This office will take no further action concerning this matter.
This ends Disposition of Grievance TOCI1219000508

*12/26/2019 8:59:39 PM : ( Michael Jenkins ) wrote*
Closed incarcerated individual form - Disposition: Denied

*12/29/2019 1:04:11 PM : ( a515853 ) wrote*
Escalated to Appeal

*12/29/2019 1:04:11 PM : ( a515853 ) wrote*
My Appeal concern, Toci violated my first amendment right to  send and receive mail. If i had the wrong address, why the mail room sent the envelope 2 times?                    Review, postage on cash slip and envelope far as two different percentage for postage on a free envelope, and why did i receive the envelope two months later from mailing.        Futher more, the mail room rip the envelope in half when returning the envelope to me so i,m unable to send the envelope back to the correct address timely.

*12/30/2019 9:36:30 AM : ( Kelly Riehle ) wrote*
The Office of the Chief Inspector is in receipt of your Appeal; a thorough review of your appeal has been completed that included the application of the following factors:
• Procedural requirements
• Proper investigation of your grievance
• Applicable policies, procedures, administrative rules, directives and ODRC operating manuals
• Documentation and related evidence
• Information presented in your appeal
Based on the aforementioned review, this office AFFIRMS the decision rendered by the Inspector.
Comments: In the future please ensure you have addressed envelopes correctly.  Additionally,  you state you were sending appeals to the Chief Inspector's office, be advised that those appeals would not have been accepted or processed as all appeals must be filed through the electronic grievance process on JPay.
K. Riehle
Assistant Chief Inspector

*12/30/2019 9:36:55 AM : ( Kelly Riehle ) wrote*
Closed incarcerated individual form - Disposition: Affirmed

Manual Fill-In

_____

_____

_____

_____

_____

_____

_____

_____

*Exhibit #10,001*
*Johnson*
*vs.*
*Barney*

PLACE OF PRESENT CONFINEMENT

A.   IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION?
     YES (✓) NO ( )

B.   DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE
     PRISONER GRIEVANCE PROCEDURE? YES ( ) NO (✓)

C.   IF YOUR ANSWER IS YES:

     1.   WHAT STEPS DID YOU TAKE?
          Filed informal Complaint Resolution
          3·25·19 on Sergeant- Brian Barney
          Answered by deputy Warden- William Cool on 4·1·19

     2.   WHAT WAS THE RESULT?
          refer to the use of force committee.

D.   IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.
     Inspector- Mahlman refuse to give me a grievance
     form when i requested, Review Kite, 389
     i was also in Segregation and then transfer to
     Madison Correctional Institution where there was
     only the J-pay machine, And no paper forms available

E.   IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID
     YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO ( )

F.   IF YOUR ANSWER IS YES:

     1.   WHAT STEPS DID YOU TAKE?

     2.   WHAT WAS THE RESULT?

Exhibit # 10,002

Johnson
VS.
Barney

-3-

# Informal Complaint Resolution

Institution:

*Top section to be completed by inmate, within 14 days of incident.*
*Inmate will forward the White & Canary copies to the supervisor of the staff person or department most responsible for complaint: Forward Pink copy to the Inspector; and keep the Goldenrod copy.*

| Submitted To: | Date Submitted: |
| --- | --- |
| Inmate's Name: | Number: | Housing Assignment: |

### Complaint Regarding:

*Lower Section to be completed by the supervisor of the staff person or department most responsible for complaint.*
*Return Canary copy to inmate within 7 calendar days. Send White copy to the Inspector.*

**Action Taken** (*Cite appropriate policy, procedure or regulation in response*):

RECEIVED

DEC – 7 2018

**CAPTAIN'S OFFICE**

| Staff Member's Signature and Title: | Date: |
| --- | --- |

*Complaints not resolved may be addressed in accordance with 5120-9-31.*

DRC4151 (Rev 11/01)

ACA 4271

Case: 1:21-cv-00141-MWM-KLL Doc #: 6 Filed: 04/07/21 Page: 3 of 37 PAGEID #: 172

A Tech)ncian
Enclose

(389)

Johnson
515-853
J1-1

3x ICR
for
3x GRIEVANCE
#1 Sgt. Barney
EXCESSIVE FORCE

#2 A.B. Davis

You already
have a pending
Nog alleying
unreported.

#3 Lt. little
Further More
THE season in Sending
goldenrod copy of ICR
BECAUSE in not receiving
Canary copy of ICR's with
GRIEVANCE when i write
to you A Technican

You are NOT
filing a Nog on
each individual.

Exhibit # 10,003

Johnson
US.
BARNEY

Johnson 515-553
JL-1

MACI
AA 36

Exhibit
1135

Southern District of Ohio
Western Division

Michael L. Johnson, et Al.,
Plaintiff

VS.

Brian Barney, et Al.,
defendant

Declaration of
Michael L. Johnson

Michael L. Johnson here by declares,
Submitting Exhibit, 100 through 120 with Civil Action Complaint
Concerning Michael L. Johnson vs. Brian Barney.
Also review how inspector Mahlman At Southern Ohio
Correctional Facility denied plaintiff, Johnson, Any grievance
to Complete the Administration Grievance Remedies And What
Steps i'd took Continue to follow up to exhaust the remedies
but Could not because of transfer to Madison And toledo
where J-pay Machine Only And SOCF, has paper forms.
TOCi-121906 0508,
I Certify that the following facts Are true And Accurate under.
the laws of the United States Constitution penalty of perjury.
                    Also See where And how this Civil Action related to
Michael L. Johnson #A515-853                    Case no. 1:21-CV-3
Toledo Correctional Institution
2001 East Central Avenue
Toledo, Ohio 43608

2·13·2021

Exhibit # 10,004                    Johnson
                                    VS.
                                    BARNEY

Case: 1:21-cv-00141-JPH-KLL Doc #: 96 Filed: 09/19/22 Page: 28 of 50 PAGEID #: 714

7.) Plaintiff seeks compensatory damages in the amount of 200,000 Against Correctional Officer-Spriggs, Joe Doe, in their individual capacity.

8.) Plaintiff seeks compensatory damages in the amount of 200,000 Against William Cool in their individual capacity.

9.) Plaintiff seeks compensatory damages in the amount of 200,000 Against David McCroskey in their individual capacity.

10.) Plaintiff also seek a Jury trial on all issues triable by Jury.

11.) Plaintiff also seek recovery of their costs in this suit, and

12.) Any Additional relief this court deems Just, proper, and equitable.

And at All times, each defendant Acted under color state law.

I certify that the following facts are true and Accurate under the laws of the United States constitution penalty of perjury.

Michael L. Johnson #A515-853
Toledo Correctional Institution
2001 East Central Avenue
Toledo, Ohio 43608

RECEIVED

MAR - 1 2021

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

Michael L. Johnson, et AL,                    1:21CV141

(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

IF THE PLAINTIFF IS A PRISONER:     PRISONER # A515-853

vs.

Brian Barney, individual Capacity,            J. McFARLAND

(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

M.J. LITKOVITZ

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

Jason Joseph, individual Capacity,
William Cool, individual Capacity,
Correctional Officer- Spriggs, individual Capacity,     John Doe
David McCroskey, individual Capacity           until plaintiff receive
                                               first name.

COMPLAINT

I.     PARTIES TO THE ACTION:

       PLAINTIFF:     PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE
                      ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY
                      CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE
                      NUMBER IS REQUIRED.

                      Michael L. Johnson # A515-853
                      NAME - FULL NAME PLEASE - PRINT
                      Toledo Correctional Institution
                      ADDRESS: STREET, CITY, STATE AND ZIP CODE
                      2001 East Central Avenue, Toledo, Ohio 43608


                      TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER
SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES,
ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE
WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED
AT THE TIME OF FILING THIS COMPLAINT.

Exhibit # 10,005                    Johnson
                                    VS.
                                    Barney

-1-

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

A.  HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES (✓) NO ( )

B.  IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

1.  PARTIES TO THIS PREVIOUS LAWSUIT

PLAINTIFFS:

Michael L. Johnson, Case no. 1:20-CV-157 First, Eighth, Amendment Claims. Case no. 1:21-CV-3 First, Fifth, Fourth, Amendment Claims.

DEFENDANTS:

Case no. 1:20-CV-157, Bryan Lawless Case no. 1:21-CV-3, Barney, Brian, Koch Edwin, Rodney Osborne, Brain Sparks, Jane Doe

2.  COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT, NAME THE COUNTY)

State Court, Southern District Court, Scioto County

3.  DOCKET NUMBER

Case no. 1:20-CV-157 And Case no. 1:21-CV-3

4.  NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED

Matthew McFarland and Timothy Black

5.  DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)

Still pending on both cases

6.  APPROXIMATE DATE OF THE FILING OF THE LAWSUIT

2·24·2020, Case no. 1:20-CV-157, Case no. 1:21-CV-3, 1·5·2021

7.  APPROXIMATE DATE OF THE DISPOSITION

6·19·2020, Case no. 1:20-CV-157

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

Michael L. Johnson, et al.,

(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

IF THE PLAINTIFF IS A PRISONER:　　PRISONER # A515-853

vs.

Kristal Little, individual Capacity,

(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

Ron Erdos, individual Capacity,
Linnea Mahlman, individual Capacity,
Cythia Davis, individual Capacity,
John Doe, individual Capacity, last name, Paches

John Doe, name initial-G.Fri, individual Capacity,
John Doe, last name, Setty individual Capacity
Michael Bush individual Capacity

1:21CV1717

J. BARRETT
M.J, LITKOVITZ

### COMPLAINT

I.　　PARTIES TO THE ACTION:

PLAINTIFF:　　PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE NUMBER IS REQUIRED.

Michael L. Johnson #A515-853

NAME - FULL NAME PLEASE - PRINT

Toledo Correctional Institution

ADDRESS: STREET, CITY, STATE AND ZIP CODE

2001 East Central Avenue, Toledo, Ohio, 43608

419-726-7977

TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES, ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED AT THE TIME OF FILING THIS COMPLAINT.

Exhibit # 10,006

Johnson
vs.
Barney

-1-

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

A. HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES (✓) NO ( )

B. IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

1. PARTIES TO THIS PREVIOUS LAWSUIT

PLAINTIFFS:

Michael L. Johnson, Case No. 1:20-CV-157
Michael L. Johnson, Case No. 1:21-CV-3
Related Cases

DEFENDANTS:

Bryan Lawless on Case No. 1:20-CV-157
Rodney Osborne, Brian Barney, Koch Edwin, Brain Sparks, Jane Doe, on Case No. 1-21-CV-3

2. COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT, NAME THE COUNTY)

Scioto County

3. DOCKET NUMBER

1:20-CV-157 And 1:21-CV-3

4. NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED

Matthew McFarland and Timothy Black

5. DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)

Still Pending

6. APPROXIMATE DATE OF THE FILING OF THE LAWSUIT

2-24-2020 And 1-4-2021

7. APPROXIMATE DATE OF THE DISPOSITION

June 18, 2020 on Case No. 1:20-CV-157

PLACE OF PRESENT CONFINEMENT

A.  IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION?
    YES (✓) NO ( )

B.  DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE
    PRISONER GRIEVANCE PROCEDURE? YES ( ) NO (✓)

C.  IF YOUR ANSWER IS YES:

    1.  WHAT STEPS DID YOU TAKE?
        Informal Complaint Presolution.

    2.  WHAT WAS THE RESULT?
        I were transfer to Madison Correctional
        Institution And then Toledo Correctional
        Institution And never received the result?

D.  IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.
    Socf-informal Complaint id Filed on
    Lt. Kristal Little, And denied A grievance
    From Socf inspector Mahlman, Kite, 389

E.  IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID
    YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO ( )

F.  IF YOUR ANSWER IS YES:

    1.  WHAT STEPS DID YOU TAKE?
        N/A

    2.  WHAT WAS THE RESULT?
        N/A

Exhibit # 10,007

Johnson
VS.
Barney

-3-

**DEFENDANTS:**

PLACE THE NAME AND ADDRESS OF EACH DEFENDANT YOU LISTED IN THE CAPTION ON
THE FIRST PAGE OF THIS COMPLAINT. THIS FORM IS INVALID UNLESS EACH DEFENDANT
APPEARS WITH FULL ADDRESS FOR PROPER SERVICE.

1. Kristal Little, lieutenant,

**NAMES - FULL NAME PLEASE**

Southern Ohio Correctional Facility, p.o. Box 45699,   Lucasville Ohio 45699

**ADDRESS - STREET, CITY, STATE AND ZIP CODE**

2. Ron Erdos, Warden,

Southern Ohio Correctional Facility, p.o. Box 45699,   Lucasville Ohio 45699

3. Linnea Mahlman, inspector,

Southern Ohio Correctional Facility, p.o. Box 45699   Lucasville Ohio 45699

4. Cythia Davis, unit Manager Chief

Southern Ohio Correctional Facility, p.o. Box 45699   Lucasville Ohio 45699

5. Michael Bush, case Manager

Southern Ohio Correctional Facility, p.o. Box 45699   Lucasville Ohio 45699

6. John Doe, last name, caches, lieutenant,

Southern Ohio Correctional Facility, p.o. Box 45699   Lucasville Ohio 45699

**IF THERE ARE ADDITIONAL DEFENDANTS, PLEASE CONTINUE LISTING THEM.**

John Doe, last name, Setty, lieutenant,

Southern Ohio Correctional Facility, p.o. Box 45699,   Lucasville Ohio 45699

John Doe, name initial- G.Fri.

Southern Ohio Correctional Facility, p.o. Box 45699   Lucasville Ohio 45699

-4-

Southern District of Ohio
Western Division

Michael L. Johnson, et Al.,
Plaintiff
VS.
Kristal Little, et Al.,
defendant

Declaration of
Michael L. Johnson

Michael L. Johnson hereby declares:
Plaintiff made many attempt to exhaust Available Administrative
remedies by filing informal Resolution Complaint,
i mean, informal Complaint Resolution And then request
An grievance from inspector Mahlman, but were
denied An grievance And then transfer to Madison
Correctional institution on 4-11-2019, which inspector
Mahlman, forwarded plaintiff, Johnson, kite #389
And kite #387 to Madison from Southern Ohio Correctional
Facility As paper form which i can not Submit An
Appeal of paper form to the Chief inspector when i'm
At An institution that has J-pay System like Madison
or toledo which i Already tried on A previous Exhaustion
on Johnson vs. Osborne, case no. 1:21-CV-3
Preview, Appeal, to Chief inspector on grievance no. Toci-1219000508
Further more, i were Also put in Segregation At Madison
on 4-11-2019 transfer, from A Conduct report from, SOCF,
review, Conduct report, Socf-19-001120 from, SOCF,
heard At Madison, Also review, kite #389 And kite #387
Exhibit #67 #68, i Ain't receive kite #388, can you review
declaration An excuse the exhaust Administration remedies.
Also review why these Allegation related to the other
incidents out of retaliation, case no. 1:20-CV-157
Johnson vs. lawless And case no. 1:21-CV-3
Johnson vs. Osborne.

I Certify that the following facts Are true And Accurate under
the laws of the United States Constitution penalty of perjury.

Signature: Michael L. Johnson #A515-853
Toledo Correctional institution
2001 East Central Avenue.
Toledo, Ohio 43658

Exhibit # 10,008

Johnson
VS.
Barney

Case: 1:21-cv-00141-MWM-KLL Doc #: Filed: 05/25/21 Page: 11 of 25 PAGEID #: 261

7.) On Claim #4, Plaintiff seek compensatory damages in the amount of $100,000 against Cythia Davis in their individual capacity.

8.) On Claim #5, Plaintiff seek compensatory damages in the amount of $200,000 against Joe Doe, initial name, G. Fri. in their individual capacity.

9.) On Claim #5, Plaintiff seek punitive damages in the amount of 200,000 against Joe Doe, initial name, G. Fri. in their individual capacity.

10.) On Claim #6, Plaintiff seek compensatory damages in the amount of $200,000 against Joe Doe, initial name, Lt. Setty in their individual capacity.

11.) On Claim #6, Plaintiff seek punitive damages in the amount of $100,000 in their individual capacity. (Against Lt. Setty)

12.) On Claim #7, Plaintiff seek compensatory damages in the amount of $200,000 against Joe Doe, initial name, Lt. Eaches in their individual capacity.

13.) On Claim #7, Plaintiff seek punitive damages in the amount of $100,000 in their individual capacity. (Against Lt. Eaches)

14.) On Claim #8, Plaintiff seek compensatory damages in the amount of $200,000 against Michael Push in their individual capacity.

16.) On Claim #8, Plaintiff seek punitive damages in the amount of $100,000 against Michael Push in their individual capacity.

17.) Plaintiff also seek a jury trial on all issues triable by jury.

18.) Plaintiff also seek recovery of their costs in this suit.

19.) Plaintiff also seek any additional relief this court deems just proper and equitable.

I certify that the following facts are true and accurate under the laws of the United States Constitution penalty of perjury.
Signature: Michael L. Johnson #A515-853
Toledo Correctional Institution
2001 East Central Avenue
Toledo, Ohio 43608
Dated: March 1, 2521

(387)

Exhibit
#67

J. Nahlman

Johnson
515-853

ENCLOSE JI-1

3-13-19

Alleged
unreported
use of force
in Medical

1x GRIEVANCE
1x Dink Copy
of ICR
regarding
Criminal
Investigation

Further More.
I Submitted
Canary ICR of
Brian Carter
Action Taken
on 3-11-19
regarding M Ps. Giallian
Date: Submitted
2-26-19

4-11-19
S. Mahlm
IIS

Follow AR5120-9-31

House: J2 #59
its 4-8-19 i still
have not received Grievanc
Can you Send Grievance
For that ICR Before the
Dead line so i can File
Grievance Timely

Exhibit # 10,009

Johnson
vs.
Barney

Case: 1:21-cv-00141-JPH-KLL Doc #: 9-1 filed: 09/13/22 Page: 33 of 325 PAGEID #: 264

Johnson 515-853
J1-1

MACT

A Tahlman

EncloS'e

(389)

EXHIBIT
#6B

Johnson
515-853
JI-1

—3× ICS
For
—3× GRIEVANCE
#1 SGT. BARNEY
EXCESSIVE FORCE

#2 K.B. Davis

You already
have a pending
Nog alleging
unreported.

You are NOT
filing a Nog on
each individual.

#3 Lt. Little
Further More
THE reason im Sending
Goldenrod copy of ICS
Beciose im not receiving
Canary copy of ICS with
GRIEVANCE when i kite
to you A Tahlman

Exhibit # 10,010

Johnson
vs.
Barney

Prison Director

My Violation of Right's About
On March 13, 2019 9AM Through 10 PM
An Correctional Officer Approached
Block 1 #Cell 1 where i'm located For A Shower
i cuffed up For A Shower And then
Step out of the Cell in to the Shower
that was Next door. Once in the Shower
i Notice the Officer did not Enter Back
From the Gate to Remove the Hand Cuffs
then i See Sgt. Barney Enter the Block
of J1 And walk up Stairs while the
Officer Stood At the Gate. Sgt. Barney
then walked Back down Stairs And Stopped
At where i was located hand Cuffed
Behind My Back. Sgt. Barney then
Said to Me, you Order Commissary Nigga.
And walk in to Cell J1 # 1 where i'm
located. Sgt. Barney then walked out
of the Cell with A Big trash Bag
of Commissary i order March 12 2019
Store: Soct. Soct. Counter Receipt # 314851
As Sgt. Barney walked out of the Cell of
J1 # 1 where i'm located holden his O.C
Chemical Mase with Safty pin Already
off And then Sprayed Me with O.C
Chemical. Note: THE Big trash Bag
Sgt. Barney took all Commissary Food & Hygiene

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO

Michael L. Johnson, et Al.,
_____
(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

IF THE PLAINTIFF IS A PRISONER:  PRISONER # A515-853

vs.

Teresa Hill, et Al.,
_____
(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

Jane Doe - Nurse, individual capacity,

John Doe - Doctor, individual capacity,

John Doe - Nurse, individual capacity,

John Doe - Mental Health Staff, individual capacity,

Jane Doe - Supervisor of Medical, individual capacity

John Doe - Correctional Officer - First initial And last name - J. Dieff, individual capacity

1:21cv155

J. COLE

M.J. BOWMAN

**RECEIVED**

MAR - 5 2021

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI. OHIO

### COMPLAINT

I.   PARTIES TO THE ACTION:

PLAINTIFF:   PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE NUMBER IS REQUIRED.

Michael L. Johnson #A515-853
_____
NAME - FULL NAME PLEASE - PRINT

Toledo Correctional Institution
_____
ADDRESS: STREET, CITY, STATE AND ZIP CODE

2001 East Central Avenue, Toledo, Ohio, 43608
_____

_____
TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT. A SEPARATE PIECE OF PAPER SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES. ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED AT THE TIME OF FILING THIS COMPLAINT.

-1-

Exhibit # 10, 011

Johnson
vs.
Barney

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

A.   HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES (✓) NO ( )

B.   IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

1.   PARTIES TO THIS PREVIOUS LAWSUIT

PLAINTIFFS:

Case No. 1:20-CV-157
Michael L. Johnson, Case No. 1:20-CV-3
Michael L. Johnson

DEFENDANTS:

Case No. 1:20-CV-157, Bryan Lakiss
Case No. 1:20-CV-3, Rodney Osborne, Mark Edwin,
Brian Barney, Brian Sparks, Jane Doe,

2.   COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT, NAME THE COUNTY)

Scioto County, Southern District of Ohio

3.   DOCKET NUMBER

1:20-CV-157 And 1:20-CV-3

4.   NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED

Timothy Black And Matthew McFarland

5.   DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)

Still pending

6.   APPROXIMATE DATE OF THE FILING OF THE LAWSUIT

2-24-2020 And 1-4-2021

7.   APPROXIMATE DATE OF THE DISPOSITION

June 18 2020 on Case No. 1:20-CV-157

In the District United States District Court
for the Southern District of Ohio
Western Division

Michael L. Johnson, et Al.,
Plaintiff
vs.
Kristal Little, et Al.,
defendant

Declaration of
Michael L. Johnson

Here by declares:

I have been incarcerated at Toledo Correctional Institution Since 8-21-2019 from Madison Correctional Institution R.T.U transfer on 4-11-2019 from Southern Ohio Correctional Facility base on a incident on 2-8-19 And threw an incident on 3-13-2019 And on 3-6-2019 Concerning and Civil Action related to this Civil Action And other Civil Action filed by Plaintiff, Johnson Preview how the plaintiff Attempted to Exhaust Available Administrative remedies while Segregated And being transfer from a Correctional facility with paper forms to a Correctional Institution with J-Pay System, review, disposition of grievance, SOCF-04-19-000176 where inspector Mahlman forward me the grievance from, SOCF, to TCFI, than i were transfer to TCFI, where i was unable to Exhaust Available Administrative remedies, review, grievance No. TCFI-1219000508 where Chief inspector Stated, i can not Submit paper forms on Appeal review, Case, Johnson vs. Osborne Case No. 1:21-CV-3 where plaintiff Attempted to Exhaust All Available remedies but were prevented to do so.
Attached Exhibit 75, 76, 77, Plaintiff Also going to Amend Complaint to Add defendant's to the Complaint once plaintiff receive their full names.
I certify that the following facts are true And Accurate under the law of the United States Constitution penalty of perjury.

Signature: Michael L. Johnson #A515-853
Toledo Correctional Institution
2001 East Central Avenue
Toledo, Ohio. 43608

dated: 2-22-2021

Exhibit # 10,012

Johnson
vs.
Barney

Michael Johnson #A515-853
Toledo Correctional Institution
2001 East Central Avenue
Toledo, OH 43608

DRC4089                                                          Page 1 of 1

## DISPOSITION OF GRIEVANCE

| | | | |
|---|---|---|---|
| **INMATE:** | JOHNSON, MICHAEL | **COMPLAINT CODE:** | STAFF / INMATE RELATIONS - Force - Use of force with no report |
| **NUMBER:** | A515853 | **DISPOSITION:** | Pending Disposition |
| **INSTITUTION:** | MACI | **GRIEVANCE NUMBER:** | SOCF-04-19-000176 |
| **DATE:** | 04/25/2019 | | |

☑ The disposition of this grievance will be delayed longer than 14 calendar days for the following reason(s):
So that the entire matter can be thoroughly investigated.

☐ Your grievance, filed on 04/11/2019, has been reviewed and disposed of as follows:

If you wish, you may appeal this decision to the Chief Inspector within 14 calendar days. Appeal forms are available in the office of the Inspector of Institutional Services.

*Exhibit # 10,013*                    *Johnson*                    *Linnea Mahlman*
                                       *vs.*
                                      *Batney*                     Page 1 of 1

Johnson 515.853

J1-1

PLACE OF PRESENT CONFINEMENT

A.  IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION?
    YES (✓) NO ( )

B.  DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE
    PRISONER GRIEVANCE PROCEDURE? YES ( ) NO ( )

C.  IF YOUR ANSWER IS YES:

    1.  WHAT STEPS DID YOU TAKE?
        Informal Complaint Resolution and
        grievance exhaustion.

    2.  WHAT WAS THE RESULT?
        I were transfer to Madison Correctional
        Institution and then Toledo Correctional
        Institution and never received the result?

D.  IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.
    Southern Ohio Correctional Facility has
    paper forms and Madison and Toledo
    has J-pay System.

E.  IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID
    YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO ( )

F.  IF YOUR ANSWER IS YES:

    1.  WHAT STEPS DID YOU TAKE?
        N/A

    2.  WHAT WAS THE RESULT?
        N/A

Exhibit # 10,014

-3-

Johnson
VS.
Barney

---

## DISPOSITION OF GRIEVANCE

| | | |
|---|---|---|
| **INMATE:** | JOHNSON, MICHAEL | **COMPLAINT CODE:** STAFF / INMATE RELATIONS - Force - Use of force with no report |
| **NUMBER:** | A515853 | **DISPOSITION:** DENIED - Insufficient evidence to support claim |
| **INSTITUTION:** MACI | | **GRIEVANCE NUMBER:** SOCF-04-19-000176 |
| **DATE:** | 05/08/2019 | |

---

☐ The disposition of this grievance will be delayed longer than 14 calendar days for the following reason(s):

☐ Your grievance, filed on 04/11/2019, has been reviewed and disposed of as follows:

You explain your complaint by stating a use of force incident occurred in medical on 03/13/2019. You state it began after Lt. Joseph, Sgt. Barney, and officers ran into the J1 shower and attacked you while you were handcuffed behind your back. You state after the assault, two officers escorted you from J1 to the infirmary. You state the two escorting officers attacked you "down the hallway to the infirmary and continue to attack me at the infirmary while medical staff and supervisor's watch and refuse me medical treatment." You state you need the names of the medical staff and escorting officer and you ask to have the camera footage reviewed.

Your complaint history was reviewed. You dated ICR 04-19-020 as 03/25/2019 and submitted it to medical. HCA Goodman responded on 04/02/2019. You dated ICR 04-19-036 as 03/25/2019 and submitted it to DWO Cool who responded on 04/01/2019. You dated ICR 04-19-041 as 03/28/2019 and submitted it to the investigator. Investigator Miller responded on 04/02/2019. In these three ICRs, you give no specific information as to what actually occurred other than you were assaulted by staff.

Your disciplinary history was reviewed. Under RIB SOCF-19-000830, you were issued the conduct report on 03/13/2019 by Sgt. Barney for violating rules 6 and 60 at approximately 09:30am. You refused to attend your RIB hearing on 03/18/2019 and the RIB found you guilty with CWA Greene affirming the decision. Under RIB SOCF-19-0831, you were issued the conduct report on 03/13/2019 by Lt. Joseph for violating rules 4, 20, 21, and 60 at approximately 10:28am. You also refused to attend that RIB hearing and the RIB found you guilty with CWA Greene affirming the decision.

Your first medical exam report completed 03/13/2019 was reviewed. The subjective evaluation notes, "Pt seen in shower for decontamination, pt states 'I got sprayed in my mouth. I don't got no injuries but my face is burning". The objective physical findings noted, "Healthy appearing adult male with agitated/aggressive demeanor, a/ox3, resp slightly labored, ambulatory with steady gait, perrla, face and eyes red and irritated, no injuries or acute distress observed or reported at this time". Your vitals were taken and the treatment was noted as, "Pt offered decontamination shower, pt educated on decontamination techniques, advised to notify staff of any changes or concerns r/t incident".

Your second medical exam report completed on 03/13/2019 was reviewed. The subjective evaluation notes, "Pt uncooperative with staff and states 'I want some real medical attention. I got a cut lip.'" The objective physical findings noted, "Agitated, aggressive adult male, a/ox3, resp labored, ambulatory with steady gait, perrla, mild swelling to right cheek bone area, slight swelling and approx. 1cm laceration to left side of face, approx.. 1cm laceration to left upper lip with slight edema, no active bleeding or s/s of infection present, no other injuries or distress observed or reported at this time". The treatment noted, "Pt brought to infirmary, wounds cleansed, pt seen by alp Conley, refused treatment by ALP (sutures to upper lip and left side of face), pt educated on possible outcomes r/t refusal of treatment, pt verbalized understanding stating 'I'll take the stitches if you let me out of these cuffs', pt uncooperative and aggressive towards staff, pt returned to block after refusal of treatment, pt educated on s/s to report".

If you wish, you may appeal this decision to the Chief Inspector within 14 calendar days. Appeal forms are available in the office of the Inspector of Institutional Services.

*Linnea Mahlman*

Page 1 of 2

*Exhibit # 10, 015*
*Johnson*
*vs.*
*Barney*

**DEFENDANTS' MSJ EXHIBIT A**
Attachment 3

| INMATE: JOHNSON, MICHAEL | GRIEVANCE NUMBER: SOCF-04-19-000176 |
|---|---|
| NUMBER: A515853 | DATE: 05/08/2019 |

The progress notes from CNP Conley dated 03/13/2019 were reviewed. CNP Conley noted, "Asked pt what happened and pt refuse to answer. Pt states he just wants some medical attention and asked for me to look at his upper lip. Pt refused to answer any questions during HPI." Vital were taken, but then the notes report, "unable to obtain weight due to uncooperativeness with security staff neuro check per nursing staff: Check completed at 12pm. Inmate was pacing around his cell, steady gait. A&O x3, no signs of acute distress observed at this time. Inmate refused noon peridex mouth wash stating, 'Fuck that shit, I'm good'. No other concerns voiced at this time." Examination of your head noted, "No Battle's Sign. Mild edema right side of face. Slight edema left side of face. Left side a laceration anterior from ear: 1cm x .2 cm x .3 cm. No active drainage or bleeding." CNP Conley noted as the treatment, "Pt teaching 3 times on the importance of suturing lacerations to upper lip and left side of head. Pt said he did not want me to touch him. Neuro checks ordered per nursing. Medication side effects discussed with the patient. Pt teaching on skin care. Peridex oral rinse TID x 7 days. Diet and exercise reviewed with patient. Pt teaching on purchasing OTC medication from commissary. Pt teaching on notifying medical if any changes. Pt teaching on findings, outcomes, and plan. Will continue to monitor. At 12PM per nursing, patient refused Peridex oral rinse. Patients neuro check WNL. Will continue to monitor."

Your medical exam report completed on 03/14/2019 was reviewed. You requested to see medical after refusing treatment the previous day. The subjective evaluation noted, "Subjective Pt presented with multiple complaints of injuries sustained yesterday (3/13). Pt previously refused treatment by CNP Conley noted in ECW. AMA completed. Pt seen today at cell front and brought to infirmary for further assessment and treatment." The objective physical findings noted, "Adult mail, a/ox3, resp easy/reg, ambulatory with steady gait, perrla, right eye red with bruising and swelling noted around it. left cheek bone area swollen yet non-tender on palpation with no s/s of fracture, upper and lower lip swollen with healing lacerations. approx. 1cm long laceration anterior to left ear, no active bleeding present, hand grips equal and strong, no swelling/bruising or tenderness to back of head, jaw in proper alignment, no other bruising, swelling or other injuries observed at this time, denies any fevers, chills, n/v, SOB, diaphoresis or any other concerns." Your vitals were taken and the treatment noted. "Pt brought to infirmary, assessment performed, wounds cleansed and dressed, tao applied, ice pass x 48 hrs and 2 bags of ibuprofen sent to pt at evening med pass with instructions on proper use of ice and ibuprofen. pt referred to alp asap in am (3/15), educated on possible poor outcomes from refusing medical care, advised to follow medical instruction and notify staff immediately of any concerns or distress".

DRC 106-19 and DVR 108-19, regarding both reported use of force incidents on 03/13/2019, were reviewed. At 10:32:22, you entered medical. At 10:32:48, you entered the exam room. At 10:56, you left medical and entered D-Corridor. You were walking on your own accord and with ease. You did not display any sign of duress and you appeared comfortable with the escorting staff and were talking with them. At 10:58, you walked past the IDR without incident. At 11:00, you entered the gate at CC-3. At 11:00:13, you passed through another gate and entered J-Block. At 11:01, you entered the J1 receiving/programming area and were walking on the ramp. At 11:02, you entered J1 while still having conversation with the escorting staff. At 11:03, you were placed into your cell without incident.

When you were escorted to medical on 03/13/2019, you already had blood on your shirt due to the lacerations to your upper lip and left side of your face which you had sustained during the reported use of force incident that occurred in J1 at approximately 10:28am. Then while in medical to receive treatment for your lacerations, you were noted to be uncooperative and aggressive with medical staff and you refused sutures for the lacerations.

The incident that occurred in J1 on 03/13/2019 before approximately 10:30am was reported as a use of force incident that is being investigated in accordance with AR5120-9-02 and DRC Policy 63-UOF-03. All the use of force reports regarding the incident were reviewed by this office. An investigator will interview all involved parties with the DWO and managing officer having the final determination whether the force used was justified.

You transferred from SOCF to MACI on 04/11/2019 and upon the review of the DVR footage, medical reports, and disciplinary records, an interview with you was determined to not be necessary. With all the information presented in this report, there is no substantial evidence to support your allegation that an unreported use of force incident occurred in medical on 03/13/2019. However, a report to the managing officer will be completed for his review and, at this time, your grievance is considered denied with no further action being taken.

DRC4089 (REV 7/91)

Page 2 of 2

DEFENDANTS' MSJ EXHIBIT A
Attachment 3

