UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. JOHNSON,<br>    Plaintiff,<br><br>vs.<br><br>BRIAN BARNEY, et al.,<br>    Defendants. | Case No. 1:21-cv-141<br>McFarland, J.<br>Litkovitz, M.J.<br><br><br><br>**ORDER** |

As explained in this Court's December 16, 2021 Order (Doc. 27), the above-captioned case (*Barney*) has been consolidated with *Johnson v. Little, et al.*, S.D. Ohio Case No. 1:21-cv-171 (McFarland, J.), and *Johnson v. Hill, et al.*, S.D. Ohio Case No. 1:21-cv-155 (McFarland, J.). (*See* Docs. 13, 15). This matter is before the Court on the motion filed by defendants Brian Barney, Jason Joseph, Scott Spriggs, Garth Fri, Robert Setty, Kristal Little, Teresa Hill, and Jeremy Eaches[1] to stay discovery pending the disposition of their motion for summary judgment. (Doc. 92). Plaintiff has not filed a response.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In evaluating a motion to stay discovery, the court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metro. Libr. Bd. of Trs.*, No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D.

---

[1] Defendants Barney, Joseph, and Spriggs are defendants in S.D. Ohio Case No. 1:21-cv-141; defendants Fri, Setty, Little, and Eaches are defendants in S.D. Ohio Case No. 1:21-cv-171; and defendant Hill is a defendant in S.D. Ohio Case No. 1:21-cv-155. References to "defendants" herein refer to these defendants and defendant Lauren Hart from S.D. Ohio Case No. 1:21-cv-155, who is listed in the corresponding motion for summary judgment and the Court believes was erroneously omitted here. (*See* Doc. 90 at PAGEID 657).

Ohio, Mar. 4, 2008). Generally, the filing of a case dispositive motion is insufficient to warrant a stay of discovery. *Id.* at *2 (citing *Ohio Bell Telephone Co.*, 2008 WL 641252, at *2 (court denied the defendants' motion to stay discovery despite their pending motion to dismiss where the issue of subject matter jurisdiction raised in the motion to dismiss was "fairly debatable," it appeared the court might be able to exercise jurisdiction over some of the plaintiff's claims, and the motion to dismiss was not filed until after the case had been pending for 13 months)). *See also Williams v. New Day Farms, LLC*, No. 2:10-cv-394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010) (the argument that a party intends to file or has filed a motion to dismiss is generally insufficient to support a stay of discovery). However, a stay may be appropriate where the dispositive motion raises an issue, such as immunity from suit, "which would be substantially vitiated absent a stay. . . ." *Id.*

The Court finds that under the circumstances presented by this case, a stay of discovery is appropriate. Defendants' motion for summary judgment (Doc. 90) raises an issue—failure to exhaust administrative remedies—which, if proven by defendants, is dispositive of plaintiff's claims against defendants in this lawsuit, *see Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011), and which would be "substantially vitiated" absent a stay. *See Williams*, 2010 WL 3522397, at *2. Plaintiff has not alleged, and the Court does not perceive, that plaintiff requires discovery in order to address the exhaustion defense raised by defendants. In any event, defendants have filed plaintiff's record of grievance filings, so plaintiff will not be prejudiced in his ability to respond to the motion for summary judgment if a stay is granted. (*See* Doc. 88-1 (Decl. of Chief Deputy Inspector Roger Wilson)). In contrast to the absence of prejudice to plaintiff, to require defendants to respond to plaintiff's discovery requests at this stage of the proceedings would potentially burden defendants with unnecessary costs and work, given that

the need for any discovery in this lawsuit would be eliminated by plaintiff's failure to exhaust his administrative remedies. The burden on defendants if required to respond to plaintiff's discovery requests at this juncture thus outweighs any hardship that a short delay in proceeding with discovery would impose on plaintiff.

**IT IS THEREFORE ORDERED THAT** defendants' motion to stay discovery (Doc. 92) is **GRANTED**.

Date: 9/24/2022

Karen L. Litkovitz
United States Magistrate Judge