UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL L. JOHNSON,　　　　　　　　　　　Case No. 1:21-cv-141
　　Plaintiff,　　　　　　　　　　　　　　　McFarland, J.
　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　　vs.

BRIAN BARNEY, et al.,　　　　　　　　　　　**REPORT AND**
Defendants.　　　　　　　　　　　　　　　　**RECOMMENDATION**

As explained in this Court's December 16, 2021 Order (Doc. 27), the above-captioned case (*Barney*) has been consolidated with *Johnson v. Little, et al.*, S.D. Ohio Case No. 1:21-cv-171 (McFarland, J.), and *Johnson v. Hill, et al.*, S.D. Ohio Case No. 1:21-cv-155 (McFarland, J.). (*See* Docs. 13, 15). This matter is before the Court on its Order to Show Cause. (Doc. 99).

Although the docket initially reflected perfected service as to defendant Neff (Doc. 40 at PAGEID 434), a subsequent filing by the Ohio Department of Rehabilitation & Correction (ODRC) confirmed that service was "erroneously accepted" because he was no longer employed by ODRC. (Doc. 46 at PAGEID 458). After ordering plaintiff to show cause why S.D. Ohio Case No. 1:21-cv-155 should not be dismissed as to defendant Neff on March 18, 2022 (Doc. 61 at PAGEID 504), the Court ordered the Ohio Attorney General to provide defendant Neff's address under seal, and summons was ultimately reissued for service by the U.S. Marshals. (*See* Docs. 70-71, 77-80). The docket now reflects that service again was returned unexecuted. (Doc. 94). Plaintiff has not provided (or demonstrated that he has attempted to obtain) any additional information that would clarify the whereabouts or correct name of defendant Neff.

On September 26, 2022, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss S.D. Ohio Case No. 1:21-cv-155 as to defendant Neff for failure to perfect service pursuant to Fed. R. Civ. P.

4(m). (Doc. 99). The Order notified plaintiff that failure to comply with the terms of the Order would result in a recommendation to the District Judge that this action be dismissed. (*Id.*). To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Order to show cause warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. S.D. Ohio Case No. 1:21-cv-155 be **DISMISSED** without prejudice **as to defendant Neff** for failure to perfect service.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/17/2022

Karen L. Litkovitz
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL L. JOHNSON,
    Plaintiff,

vs.

BRIAN BARNEY, et al.,
    Defendants.

Case No. 1:21-cv-141
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).