UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. JOHNSON,<br>    Plaintiff, | Case No. 1:21-cv-141<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| BRIAN BARNEY, et al.,<br>Defendants. | REPORT AND<br>RECOMMENDATION |

As explained in this Court's December 16, 2021 Order (Doc. 27), the above-captioned case (*Barney*) has been consolidated with *Johnson v. Little, et al.*, Case No. 1:21-cv-171 (McFarland, J.), and *Johnson v. Hill, et al.*, Case No. 1:21-cv-155 (McFarland, J.) (the "Consolidated Cases").[1] (*See* Docs. 13, 15).[2] This matter is before the Court on the motion for summary judgment filed by defendants Barney, Spriggs, and Joseph (Case No. 1:21-cv 141); defendants Hill and Hart (Case No. 1:21-cv-155); and defendants Fri, Setty, Little, and Eaches (Case No. 1:21-cv-171); plaintiff's response (Doc. 96); and defendants' reply (Doc. 101).[3] Plaintiff has also filed a "Declaration Explaining the documents of the Origin of Plaintiff Memorandum in Opposition to the defendant Motion for Summary Judgment on the issue of Exhaustion of Administrative Remedies." (Doc. 102). This filing is not permitted under the local rules of this Court, but defendants have not explicitly opposed it. S.D. Ohio Civ. R. 7.2(a)(2). Given "the strong policy in favor of deciding cases on their merits[,]" the Court considers this filing. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).

---

[1] All case numbers referenced herein are cases filed in the U.S. District Court for the Southern District of Ohio.
[2] The complaints in these cases were filed in the above-captioned case at Docs. 12 and 14. Unless otherwise noted, document numbers referenced herein refer to the docket for Case No. 1:21-cv-141.
[3] Counsel for these defendants argue that the same relief is sought by Interested Party, State of Ohio, on behalf of unserved defendant Rush. (*See* Doc. 90 at PAGEID 657). This Court's Report and Recommendations that plaintiff's action be dismissed as to both defendant Rush (Case No. 1:21-cv-171) and defendant Neff (Case No. 1:21-cv-155) on the basis of lack of service are pending before the District Judge. (*See* Docs. 98 and 103).

Because defendants' motion is premised solely on whether plaintiff exhausted his administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, the Court will not include here any discussion of plaintiff's factual allegations in the Consolidated Cases, which were summarized in several prior orders of this Court. (*See* Case No. 1:21-cv-141, Doc. 27 at PAGEID 345; Case No. 1:21-cv-155, Doc. 6 at PAGEID 75-76; Case No. 1:21-cv-171, Doc. 6 at PAGEID 75-76).

## I.     Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper unless the nonmoving party "establish[es] genuinely disputed material facts by 'citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence . . . of a genuine dispute.'" *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 403 (6th Cir. 2019) (quoting Fed. R. Civ. P. 56(c)(1)). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C.*

*Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). However, "[f]acts that are not blatantly contradicted by [the evidence] remain entitled to an interpretation most favorable to the non-moving party." *Coble v. City of White House*, *Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011). "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v. Montgomery Cnty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

  A fact is "material" if its resolution will affect the outcome of the lawsuit. *Beans v. City of Massillon*, No. 5:15-cv-1475, 2016 WL 7492503, at *5 (N.D. Ohio Dec. 30, 2016), *aff'd,* No. 17-3088, 2017 WL 3726755 (6th Cir. 2017) (citing *Anderson*, 477 U.S. at 248). The party who seeks summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 322. To make its determination, the court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his

pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968).

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). However, a party's status as a pro se litigant does not alter the party's duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston*, 832 F. Supp. 2d at 851-52 (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

II.     Analysis

A. PLRA exhaustion requirement

Exhaustion of administrative remedies "is mandatory under the [PLRA] and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. "A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA.'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones*, 549 U.S. at 216). "[T]he failure to exhaust 'must be established by the

4

defendants.'" *Id.* (quoting *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)). Thus, defendants bear the burden of proof on exhaustion. *Id.*

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To properly exhaust a claim, a prisoner must take advantage "of each step the prison holds out for resolving the claim internally" and follow the "'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines. . . ." *Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006)).

Exhaustion may be excused where the grievance process is unavailable, which includes: "(1) a grievance process that 'operates as a simple dead end,' (2) a grievance process that is 'so opaque that it becomes, practically speaking, incapable of use,' or (3) 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Wiley v. Ky. Dep't of Corr.*, No. 19-5368, 2020 WL 12933851, at *2 (6th Cir. Aug. 25, 2020) (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)). In order to rely on unavailability, a prisoner must demonstrate that affirmative action was taken to comply with the prison's grievance process. *Id.* (citing *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)).

5

The procedure established for resolving inmate complaints in Ohio, codified in Ohio Admin. Code § 5120-9-31, is a three-step process. First, the inmate is required to file an informal complaint with the direct supervisor of the staff member or department most directly responsible for the subject matter of the complaint within 14 days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(K)(1). Second, if the inmate is unsatisfied with the response to his informal complaint, he may file a formal grievance with the inspector of institutional services at his institution of confinement. *Id.* at § 5120-9-31(K)(2). The inspector of institutional services is required to provide a written response to the inmate's grievance within 14 calendar days of receipt of the grievance. *Id.* If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal to the Office of the Chief Inspector of the Ohio Department of Rehabilitation and Correction (ODRC) within 14 days of the disposition of the formal grievance. *Id.* at § 5120-9-31(K)(3). Compliance with this procedure is measured against "the prison requirements, and not the PLRA. . . ." *Jones*, 549 U.S. at 218.

B. <u>Arguments</u>

While defendants do not concede that plaintiff complied with the letter of Ohio's grievance procedure at steps one and two (*see* Doc. 90 at PAGEID 667), their motion is premised on plaintiff's failure to comply—to any extent—with step three: appeal to the Office of the Chief Inspector of the ODRC. Defendants argue that plaintiff has not shown that he attempted to comply with step three or that step three was unavailable to him. Defendants emphasize that a denial of grievance forms alone does not demonstrate the unavailability of a grievance procedure under Sixth Circuit authority.

6

Defendants rely on the declaration of Roger Wilson, an ODRC Deputy Chief Inspector with the Office of the Chief Inspector. (Doc. 88-1; *id.*, PAGEID 629 at ¶ 2). Mr. Wilson states that he reviewed plaintiff's extensive grievance history, including over 200 informal complaints (ICRs) and notifications of grievances (NOGs). (*Id.*, PAGEID 631 at ¶ 12; PAGEID 633-45). Mr. Wilson states that plaintiff submitted ICRs and a NOG relating to the claims at issue. (*Id.* at ¶ 14; PAGEID 646-49). Mr. Wilson further states, however, that ODRC disposed of the NOG related to the claims at issue, and plaintiff did not appeal the decision. (*Id.* at ¶¶ 14-15; PAGEID 651-52). Mr. Wilson states that plaintiff was both advised that he could appeal this decision and had been advised, generally, regarding grievance procedures upon arrival at ODRC facilities. (*See id.* PAGEID 631 at ¶¶17-18; PAGEID 651 (disposition of grievance), and PAGEID 653 (plaintiff's Madison Correctional Institution (MCI) orientation checklist)).

Plaintiff's response is submitted under penalty of perjury. (Doc. 96 at PAGEID 706). *See also* 28 U.S.C. 1746 (authorizing such signed and dated statements to operate as a sworn statement). In it, plaintiff argues that genuine issues of material fact remain on the issue of exhaustion. Plaintiff points to a kite attached to the *Barney* and *Little* complaints, on which appears the notation: "You are <u>Not</u> filing a Nog on each individual." (Doc. 6 at PAGEID 172; Doc. 12 at PAGEID 265). In addition, plaintiff points to his complaints in the Consolidated Cases, which he also signed under penalty of perjury. (*See* Doc. 6 (*Barney*) at PAGIEID 183; Doc. 12 (*Little*) at PAGEID 260; and Doc. 14 (*Hill*) at PAGEID 288-89). In particular, in the *Barney* complaint, plaintiff references being refused a grievance form by Inspector Mahlman and the fact that he was in segregation and then transferred to MCI, which used J-Pay and not paper forms, as reasons why the grievance process was unavailable to him. (*See* Doc. 6 at PAGEID 175; *see also* Pl.'s Decl*., id.* at PAGEID 185 (same)). Similarly, in the *Little* complaint, plaintiff

7

references being refused a grievance form by Inspector Mahlman and his transfers to MCI and then TCI, concluding that he "never received the result?" (Doc. 12 at PAGEID 253; *see also* Pl.'s Decl., *id.* at PAGEID 262 (referencing refusal of grievance form and J-Pay systems at MCI and TCI)). Likewise, in the *Hill* complaint, plaintiff references his transfers to MCI and then TCI and their use of J-Pay systems, also concluding that he "never received the result?" (Doc. 14 at PAGEID 286; *see also* Pl.'s Decl., *id.* at PAGEID 279 (referencing segregation and transfers to prisons using J-Pay and not paper forms)). Plaintiff lastly argues that, notwithstanding the disconnect between the paper form system in place where he began the grievance process and J-Pay system in place where he was to complete it, he

> found a[n] old appeal form . . . and then attempted to comply with the third step of the grievance procedure. . . . Plaintiff then filed a separate grievance on the issue[]s of paper form appeal and filing appeal on j-pay machine because [I]nspector Mahlman did not provide . . . NOG[] or . . . disposition of grievance on the j-pay machine so plaintiff [could be] able and could follow up on the third step of Ohio grievance procedure, which plaintiff attempted with paper form and on j-pay machine to complete. . . .

(Doc. 96 at PAGEID 702-03). (*See also* Pl.'s Decls., Doc. 6 at PAGEID 185; Doc. 12 at PAGEID 262; and Doc. 14 at PAGEID 279 (referencing plaintiff's separate grievance regarding filing an appeal via J-Pay)).

In plaintiff's supplemental response (Doc. 102), he further explains under penalty of perjury (*see id.* at PAGEID 762) that he never received the disposition of his grievance by either regular mail or by J-Pay, though he did receive a regular mail notice that the disposition had been delayed. (*See id.* at PAGEID 758-59). Plaintiff reiterates that he filed a separate grievance while at TCI (# 1219000508) regarding the issue with appealing via J-Pay. (*See* Doc. 102 at PAGEID 760).

8

In reply, defendants maintain that plaintiff has not demonstrated that his failure to exhaust his claims falls within any of the three recognized exceptions to the requirement. As such, they argue that summary judgment is appropriate.

C. <u>Decision</u>

The Court first notes that defendants' motion is premised on step three of the grievance procedure. (Doc. 90 at PAGEID 662 ("Because Plaintiff did not comply with the third and final step of the three-step grievance procedure . . . . , he failed to exhaust any and all administrative remedies. . . . In turn, . . . he is barred from proceeding with this civil action. . . .). The Court second notes that any argument by plaintiff that his failure to receive the disposition of his NOG excused his performance at step three of the grievance procedure is without merit. *See* Ohio Admin. Code § 5120-9-31(J)(2) ("If a disposition has not been rendered after a total of twenty-eight days from the receipt of the grievance, the complaint will be deemed unresolved and the inmate may proceed to step three of the process.").

It follows, then, that the disposition of defendants' motion turns on whether plaintiff has raised a genuine issue of material fact as to whether he made "affirmative efforts" to comply with the third step of the grievance procedure that were "sufficient under the circumstances." *Risher*, 639 F.3d at 240 (quoting *Napier*, 636 F.3d at 224). Plaintiff has presented evidence in the form of his statements, made under penalty of perjury, that he could not appeal the disposition of his NOG, which originated at SOCF, upon his transfer to MCI and TCI because the latter two institutions used J-Pay to administer grievances while SOCF used paper forms. Plaintiff states that he filed a separate grievance regarding the incompatibility of these systems and tried, nevertheless, to submit his appeal both via J-Pay and paper form. (*See* Doc. 96 at PAGEID 702-03). Defendants acknowledge and do not specifically rebut the fact that plaintiff

9

filed such a grievance. (Doc. 101 at PAGEID 751). Defendants reiterate, however, that none of the three exceptions to exhaustion enumerated under *Ross* apply.

The Court concludes that while plaintiff's statements made under penalty of perjury are competent evidence for consideration at the summary judgment stage, *see Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992), they are insufficient to raise a genuine issue of material fact as to whether he made sufficient affirmative efforts to file an appeal of the disposition of his NOG under the circumstances. Plaintiff's statements fail to indicate when, exactly how, and through whom he attempted to submit his appeal after his transfers. Plaintiff also fails to submit any documentation of such attempts. In his response, plaintiff states that he "will provide evidence as documents of exhibits for proof" of his attempts. (Doc. 96 at PAGEID 703). Plaintiff's subsequent supplemental response does not provide more detailed information or documentation related to these alleged attempts to appeal the disposition of his NOG. (*See* Doc. 102).

Vague assertions "are insufficient to create a genuine issue of fact on whether plaintiff was thwarted from timely pursuing his administrative remedies." *Lamb v. Reece*, No. 1:20-cv-00265, 2021 WL 1200088, at *5 (S.D. Ohio Feb. 23, 2021), *report and recommendation adopted*, No. 1:20-cv-265, 2021 WL 1192892 (S.D. Ohio Mar. 30, 2021), *appeal docketed sub nom. Lamb v. Kendrick*, No. 21-3390 (6th Cir. Argued Dec. 8, 2021). *See also Chambers v. Hardy*, No. 19-5201, 2019 WL 8138590, at *4 (6th Cir. Oct. 30, 2019) (inmate's affidavit asserting he "attempted to exhaust" his administrative remedy and "filed a BP-11 and never heard any response on it" was vague and unsupported by any specific facts and insufficient to create an issue of fact); *Belser v. James*, No. 16-2578, 2017 WL 5479595, at *2 (6th Cir. June 6, 2017) (inmate's "generalized statements are insufficient to create a genuine dispute of material fact as to whether the administrative process was available to him. . . .") (citing Fed. R. Civ. P.

56(c)(4)) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); *Weatherspoon v. Dinsa*, No. 14-cv-12756, 2015 WL 5634448, at *5 (E.D. Mich. Sept. 25, 2015) ("Weatherspoon's assertions regarding his efforts are simply too vague to excuse his admitted failure to exhaust.") (citation omitted).

The fact that plaintiff fails to present any evidence regarding the timing of his appeal attempts is particularly detrimental to his argument. *See Willis v. Mohr*, No. 1:11-cv-808, 2013 WL 5773932, at *5 (S.D. Ohio Oct. 24, 2013) (granting summary judgment for defendants where inmate failed to present evidence "that he requested or attempted to request the step two forms from [the prison official] *within the proper timeframe*, or that he submitted or attempted to submit a notice of grievance to [the prison official] *within the proper timeframe*") (emphasis added). *See also Cullins v. Page*, No. 1:12-cv-102, 2013 WL 214848, at *4 (S.D. Ohio Jan. 18, 2013), *report and recommendation adopted*, 2013 WL 1181610 (S.D. Ohio Mar. 21, 2013) (granting summary judgment where inmate "provided no specific information about who, when, where, or how he was prevented from pursuing the prison grievance procedure"). As this Court has previously remarked:

> To allow a prisoner to avoid the exhaustion requirement by merely alleging he was inhibited in the process by prison officials would render the PLRA's exhaustion requirement meaningless and negate the purposes of exhaustion, i.e., "allowing a prison to address complaints . . . before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones*, 549 U.S. at 219. Nothing would prevent a prisoner from avoiding the exhaustion requirement and summary judgment by simply making an unspecified allegation of interference when faced with evidence of non-exhaustion. Without specifying the who, what, when and how of a claim of interference, prison officials would never be able to come forward with proof they

11

did not interfere with the prisoner's ability to exhaust because they would essentially be faced with proving a negative.

*Barfield v. Erdos*, No. 1: 15-cv-696, 2017 WL 496086, at *5 n.1 (S.D. Ohio Feb. 6, 2017), *report and recommendation adopted*, 2017 WL 1078745 (S.D. Ohio Mar. 22, 2017).

### III. Conclusion

Defendants have proffered the declaration of the records custodian for ODRC's Office of the Chief Inspector, which handles direct grievances and appeals from incarcerated individuals. (Doc. 88-1, PAGEID 629 at ¶¶ 1-3). The declarant, Mr. Wilson, stated that he has no record of an appeal of plaintiff's NOG. (*Id.* at ¶ 5). Plaintiff's vague statements regarding his efforts to comply with SOCF's grievance procedure are insufficient to raise a genuine issue of material fact that his failure to exhaust his administrative remedies should be excused.

### IT IS THEREFORE RECOMMENDED THAT:

(1) Defendants' motion for summary judgment (Doc. 90) be **GRANTED**; and

(2) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/25/2022

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL L. JOHNSON,
    Plaintiff,

vs.

BRIAN BARNEY, et al.,
    Defendants.

Case No. 1:21-cv-141
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).