UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL L. JOHNSON,
    Plaintiff,

vs.

BRIAN BARNEY, et al.,
    Defendants.

Case No. 1:21-cv-141
McFarland, J.
Litkovitz, M.J.

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

As explained in this Court's December 16, 2021 Order (Doc. 27), the above-captioned case (*Barney*) has been consolidated with *Johnson v. Little, et al.*, S.D. Ohio Case No. 1:21-cv-171 (McFarland, J.), and *Johnson v. Hill, et al.*, S.D. Ohio Case No. 1:21-cv-155 (McFarland, J.). (*See* Docs. 13, 15). This matter is before the Court on plaintiff's motion for extension of time to respond to the Court's Order to show cause (Doc. 99). (Doc. 115).

On September 26, 2022, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss S.D. Ohio Case No. 1:21-cv-155 as to defendant Neff for failure to perfect service pursuant to Fed. R. Civ. P. 4(m). (Doc. 99). After no timely response appeared on the docket, the Court issued its Report and Recommendation that S.D. Ohio Case. No. 1:21-cv-155 be dismissed without prejudice as to defendant Neff. (Doc. 103). Attached to plaintiff's pending motion for extension of time is a copy of a returned envelope (Doc. 115 at PAGEID 913) and two filings—a response (*id.* at PAGEID 914-21) and a motion for extension of time (*id.* at PAGEID 922-24)—all of which appear to reflect plaintiff's timely attempt to comply with the Court's Order to show cause (Doc. 99).

Notwithstanding the foregoing, however, the Court continues to recommend dismissal. In plaintiff's proposed response to the Order to show cause, the only additional information that

plaintiff offers is defendant Neff's full name: "Joshua R. Neff. (*Id.* at PAGEID 920). The Ohio Attorney General has already provided defendant Neff's last known address under seal, but service by the U.S. Marshals was unsuccessful. (*See* Docs. 70-71, 77-80, 94). Adding defendant Neff's first name and middle initial do not present any greater likelihood of successful service at this address.

> Rule 4(m) governs the time for service and provides, in pertinent part:
>
> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff has not articulated good cause for his failure to timely perfect service. As such, the Court must either dismiss the action without prejudice or direct that service of process be effected within a specified time. *Id.* Courts are to consider the following factors in determining whether to extend the time limit:

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
>
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022)

The complaint in S.D. Ohio Case No. 1:21-cv-155 was filed March 11, 2021.[1] Approaching two years later, and notwithstanding the Ohio Attorney General's cooperation, defendant Neff remains unserved. Plaintiff has taken no independent action to investigate an alternate address for defendant Neff, and there is no indication that defendant Neff has actual notice of plaintiff's lawsuit. As such, factors (1), (3), and (5) weigh in favor of dismissal. While factors (2), (4) and (6) weigh in favor of extension, the Court notes that "[p]laintiff bears the burden of exercising due diligence in perfecting service of process and of showing that proper service has been made. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994); *see also Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Plaintiff has already been given significant extensions to no avail. As such, the Court finds that factor (7) also weighs in favor of dismissal.

## IT IS THEREFORE RECOMMENDED THAT:

1. S.D. Ohio Case No. 1:21-cv-155 be **DISMISSED** without prejudice **as to defendant Neff** for failure to perfect service.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 12/22/2022

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Plaintiff was granted *in forma pauperis* status. (S.D. Ohio case no. 1:21-cv-155, Doc. 4). "[W]hen a petitioner files for permission to file IFP, a complaint is considered filed on the day the clerk's office receives both the complaint and the application to proceed IFP, even if the complaint is not formally stamped 'filed' until a later date when the IFP application is granted." *Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL L. JOHNSON,
    Plaintiff,

vs.

BRIAN BARNEY, et al.,
    Defendants.

Case No. 1:21-cv-141
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).