# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL L. JOHNSON,                            Case No. 1:21-cv-141
      Plaintiff,                               Hopkins, J.
                                          Litkovitz, M.J.

      vs.

BRIAN BARNEY, et al.,                  **REPORT AND**
      Defendants.                       **RECOMMENDATION**

       Plaintiff is a former inmate at the Southern Ohio Correctional Facility (SOCF) and the

Madison Correctional Institution (MaCI) who is now incarcerated at the Toledo Correctional

Institution (TOCI).  He brings this consolidated prisoner civil rights action against various SOCF

correctional officers and employees.  As explained in this Court's December 16, 2021 Order

(Doc. 27), the above-captioned case (*Barney*) has been consolidated with *Johnson v. Little, et al.*,

Case No. 1:21-cv-171 (Hopkins, J.), and *Johnson v. Hill, et al.*, Case No. 1:21-cv-155 (Hopkins,

J.) (the "Consolidated Cases").[1]  (*See* Docs. 13, 15).[2]  In *Barney*, plaintiff alleges that defendants

Barney, Spriggs and Joseph used excessive force against him in his cell and in the shower in

March of 2019.  (*See* Doc. 7 at PAGEID 209).  In *Little*, plaintiff alleges that defendant Fri and

"Neff" used excessive force against him at the infirmary immediately following the incident

described in the *Barney* complaint, and that defendants Setty, Little, Eaches, and Rush watched

and failed to intervene.[3]  (*See* Case No. 1:21-cv-171, Doc. 6 at PAGEID 75).  In *Hill*, plaintiff

alleges that defendants Hill, Hart, and two other John Doe medical staff member defendants also

witnessed and failed to intervene in "G. Fri" and defendant Neff's use of excessive force against

---

[1] All case numbers referenced herein are cases filed in the U.S. District Court for the Southern District of Ohio.

[2] The complaints in these cases were filed in the above-captioned case at Docs. 12 and 14.  Unless otherwise noted, document numbers referenced herein refer to the docket for Case No. 1:21-cv-141.

[3] Though the *Little* and *Hill* complaints each refer to both "Fri" and "Neff," only "Fri" is named as a defendant in *Little*, and only "Neff" is named as a defendant in *Hill*.  There are two Report and Recommendations pending before the District Judge recommending dismissal of defendant Neff from *Hill* for failure to perfect service.  (Docs. 103, 118).

him at the infirmary.  (*See* Case No. 1:21-cv-155, Doc. 6 at PAGEID 75).  On February 27,

2023, the Court issued a Report and Recommendation that the motion for summary judgment

filed by defendants Barney, Spriggs, and Joseph (Case No. 1:21-cv 141); defendants Fri, Setty,

Little, and Eaches (Case No. 1:21-cv-171); and defendants Hill and Hart (Case No. 1:21-cv-155)

(Doc. 90) be granted based on plaintiff's failure to exhaust his administrative remedies.  (Doc.

126).  This Report and Recommendation is pending before the District Judge.

Shortly after this Report and Recommendation issued, plaintiff moved for leave to file an

amended complaint in *Hill* and *Little* (Doc. 127), to which defendants responded (Doc. 130).[4]

Plaintiff states that he received discovery responses on July 7, 2022, which altered his

understanding of the identities of three defendants in *Hill* and *Little*.  (Doc. 127 at PAGEID

1037, 1040).  First, plaintiff identifies the John Doe, white, blonde, male, medical staff member

defendant in *Hill* as "Conley."[5]  (*Id.* at PAGEID 1038).  Second, plaintiff clarifies that the escort

officer he believed to be defendant J. Neff in *Hill* was in fact "Todd Yates."  (*Id.*).  Third,

plaintiff identifies "Elmer A. Gregrons"[6] as a corrections officers involved in the use of force

described in *Little*.  (*Id.* at PAGEID 1039-40).

Given these identifications, plaintiff effectively withdraws his opposition (Docs. 109,

121) to the Court's Report and Recommendations regarding the dismissal of defendant Neff in

*Hill* (Docs. 103, 118).  (*See* Doc. 127 at PAGEID 1041).  Plaintiff also requests that the Court

allow him to amend his complaint to add Conley and Yates as defendants in *Hill* and Gregrons as

a defendant in *Little*, and that the Court issue service to these proposed defendants.  (*See id.* at

---

[4] Defendants refer only to a proposed amendment to the *Hill* complaint, but the Court understands plaintiff to seek to amend both the *Hill* and *Little* complaints.  (*See* Doc. 127 at PAGEID 1040 (plaintiff references proposed defendant Gregons in connection with *Little*)).
[5] In their response, defendants identify him as "David Conley, . . . an advanced licensed practitioner who once practiced at SOCF."  (Doc. 130 at PAGEID 1092)
[6] Defendants spell his surname "Gregons."  (Doc. 130 at PAGEID 1093).

PAGEID 1038-41).

Defendants argue that plaintiff's motion is unduly delayed given that they provided the discovery upon which it is premised approximately eight months prior to its filing.  Defendants also argue that plaintiff's motion does not comply with the requirements of Fed. R. Civ. P. 15(c)(1)(C) and, in any event, his proposed amendments are futile.

Generally, leave to amend a complaint should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Such leave should be denied, however, where  an amendment would be futile—i.e., when the proposed amended complaint would not survive a Rule 12(b)(6) motion.  *Kircher v. City of Ypsilanti*, 809 F. App'x 284, 297 (6th Cir. 2020) (citing *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010), and *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005)).

Plaintiff's causes of action accrued in March of 2019, and the statute of limitations therefore ran in March of 2021.  *See Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (en banc) (two-year statute of limitations applies to § 1983 claims that arise in Ohio).  Plaintiff's request to include David Conley, Todd Yates, and Elmer Gregons as defendants in his lawsuits after expiration of the two-year period of limitations must therefore be analyzed under Fed. R. Civ. P. 15(c), which governs the relation back of amendments to the complaint.[7]  As explained

---

[7] Rule 15(c)(1) provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

by the Sixth Circuit in *Lockhart v. Holiday Inn Exp. Southwind*:

> When a plaintiff seeks to amend a complaint to add a party against whom the claim would otherwise be barred by the statute of limitations, the amended pleading is considered to relate back to the date of the original, timely pleading where:
>
> > 1. "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," *see* Fed. R. Civ. P. 15(c)(1)(B), and
> >
> > 2. the added party is "served within [90] days after the [initial] complaint is filed . . . [or] the plaintiff shows good cause for the failure [to serve the added party within 120 days]," *see* Fed. R. Civ. P. 4(m).[8]
>
> Fed. R. Civ. P. 15(c)(1)(C). If both these criteria are satisfied, then the party may be added so long as the added party,
>
> > 3. "received such notice of the action that it will not be prejudiced in defending on the merits," *see* Fed. R. Civ. P. 15(c)(1)(C)(i), and
> >
> > 4. "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," *see* Fed. R. Civ. P. 15(c)(1)(C)(ii).

531 F. App'x 544, 548 (6th Cir. 2013) (alterations in original).

> Rule 4(m) states:
>
> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

*Id.* If a plaintiff shows good cause, the Court must extend the time for service. *United States v.*

*Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). Absent a showing of

---

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

[8] Rule 4(m) has since been amended to require service within 90 days after the filing of the complaint.

good cause, enlargement of the time for service of process is a matter of the Court's discretion. *Id.* In exercising that discretion, the Court is required to consider "whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process. . . ." *Id.* at 569.[9] Ultimately, however, a pro so plaintiff is obligated to properly effect service of summons and the complaint as required by the Federal Rules. *Kirk v. Muskingum Cnty. Ohio*, No. 2:09-cv-00583, 2011 WL 1480136, at *5 (S.D. Ohio Apr. 19, 2011) (citing *Becker v. Warden Ross Corr. Inst.*, No. 2:05-cv-908, 2006 WL 2869567, at *4 (S.D. Ohio Oct. 5, 2006)), *report and recommendation adopted*, 2011 WL 1843004 (S.D. Ohio May 16, 2011).

The requirements of Rule 15(c)(1) are not satisfied here. The *Hill* complaint was filed on April 26, 2021; the *Little* complaint was filed on April 6, 2021. Over a year later, on July 7, 2022, plaintiff learned the identities of these proposed defendants and yet took no action for another approximately eight months. Plaintiff offers no reason for this delay. Even assuming plaintiff could establish good cause for the delay or that a discretionary extension were appropriate, however, plaintiff fails to demonstrate that proposed defendants Conley, Yates, and Gregons had notice of the actions against them as contemplated by the third and fourth requirements of Rule 15(c)(1)(C). *See Lockhart*, 531 F. App'x at 548.

---

[9] The full list of factors to consider is:

> (1) whether an extension of time would be well beyond the timely service of process;
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
> (3) whether the defendant had actual notice of the lawsuit;
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Id.*

Plaintiff's requests to add David Conley and Todd Yates as defendants in *Hill* and Elmer Gregons as a defendant in *Little* do not satisfy the relation-back requirements of Fed. R. Civ. P. 15(c)(1).  As such, plaintiff's request for leave to amend is futile because the proposed claims against these individuals are time-barred.

Plaintiff's proposed amendments are futile for a separate reason.  This Court has already recommended dismissal of plaintiff's actions for failure to exhaust his administrative remedies for the March 2019 incidents.  (*See* Doc. 126).  These unexhausted claims are the same claims that plaintiff seeks to assert against proposed defendants Conley, Yates, and Gregons, and they would therefore not survive a Rule 12(b)(6) motion to dismiss.

**IT IS THEREFORE RECOMMENDED THAT**:

1.  Plaintiff's motion for leave to amend complaint (Doc. 127) be **DENIED**.


Date: 5/16/2023

Karen L. Litkovitz
United States Magistrate Judge

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MICHAEL L. JOHNSON,                                    Case No. 1:21-cv-141
      Plaintiff,                                       Hopkins, J.
                                                        Litkovitz, M.J.

      vs.

BRIAN BARNEY, et al.,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).