UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. JOHNSON, | : |
| *Plaintiff*, | : Case No. 1:21-cv-141 |
| v. | : Judge Jeffery P. Hopkins |
| BRIAN BARNEY, *et al.*, | : Chief Magistrate Judge Karen L. Litkovitz |
| *Defendants*. | : |

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation ("R&R") issued by Chief Magistrate Judge Karen L. Litkovitz on May 16, 2023 (Doc. 133), which recommends that this Court deny Plaintiff Michael Johnson's Motion for Leave to Amend Complaint (the "Motion") (Doc. 127).[1]

According to Johnson, he moved to file an amended complaint in *Hill* and *Little* because he received discovery responses on July 7, 2022, which altered his understanding of the identities of three defendants in those two cases. Doc. 127, PageID 1037, 1040. Johnson identifies three persons named as parties or mentioned in the *Hill* and *Little* complaints: (1) Johnson identifies a John Doe defendant as "Conley"; (2) Johnson clarifies that the officer he believed to be Defendant Neff was in fact "Todd Yates"; and (3) Johnson identifies "Elmer A. Gregons" as a corrections officers involved in the use of force described in *Little*. *Id.* at PageID 1039–40. Plaintiff requests that leave be granted to amend his Complaint to add

---

[1] The above-captioned case (*Barney*) has been consolidated with *Johnson v. Little, et al.*, S.D. Ohio Case No. 1:21-cv-171 (*Little*), and *Johnson v. Hill, et al.*, S.D. Ohio Case No. 1:21-cv-155 (*Hill*). *See* Docs. 13, 15.

Conley and Yates as defendants in *Hill* and Gregons in *Little*. *Id.* at PageID 1038–41.

In response, the Defendants argue that Johnson's Motion is unduly delayed given that the Defendants provided the subject discovery to Johnson about nine months prior to his filing of the Motion. Doc. 130, PageID 1092. The Defendants also argue that Johnson's Motion does not comply with the requirements of Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure and that his proposed amendments are futile. *Id.* at PageID 1094.

In the R&R, the Magistrate Judge identified that the Sixth Circuit directs courts to deny a motion to amend when such amendment would be "futile." Doc. 133, PageID 1108 (citing *Kircher v. City of Ypsilanti*, 809 F. App'x 284, 297 (6th Cir. 2020)). The Magistrate Judge found that Johnson's amendment would be futile because Johnson's claims against the would-be defendants are time barred. *Id.* at PageID 1111. The Magistrate Judge expressed that since Johnson's causes of action have a two-year statute of limitations, and the causes of action accrued in March of 2019, the statute of limitations ran in March of 2021. *Id.* at PageID 1108. Johnson filed the *Hill* complaint on April 26, 2021, and the *Little* complaint on April 6, 2021—or after the statute of limitations expired.

However, the Magistrate Judge also acknowledged that Johnson's request to add defendants after the expiration of the statute of limitations could survive if he complied with Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure. Under that Rule, an amendment may occur when it relates to the conduct in the original pleading and the added party is served within 90 days of the filing of the initial complaint or the plaintiff shows good cause for failure to serve within 90 days. *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 548 (6th

Cir. 2013).[2] If both of those criteria are satisfied, the party may be added if it received notice of the action so that it will not be prejudiced in defending on the merits or knew or should have known the action would have been brought against it but for a mistake concerning the proper party's identity. *Id.*

The Magistrate Judge found that these requirements were not satisfied here. Doc. 133, PageID 1110. Johnson learned the identities of the proposed defendants on July 7, 2022, or over a year after he filed the *Hill* and *Little* complaints. *Id.* Because Johnson provided no reason for this delay—and in the alternative did not demonstrate that the proposed defendants had notice of the actions against them—the Magistrate Judge found his request to amend did not comply with Rule 15(c)(1)(C). *Id.* at PageID 1110–11. And, therefore, concluded the request was futile and time barred. *Id.*[3]

After the R&R was issued Johnson filed his Objection. Doc. 135. Johnson's Objection does not address any of the concerns identified by the Magistrate Judge in her R&R. *See generally*, *id.* The Objection merely reiterates Johnson's request to amend to add new defendants. *Id.* at PageID 1123. The Defendants responded to Johnson's objection on June 20, 2023. Doc. 138.

After conducting a de novo review pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court **OVERRULES** the Objection (Doc. 135), **ADOPTS** the

---

[2] The Magistrate Judge cites *Lockard*, which lists the presumptive time for serving a defendant as 120 days, however, this time was reduced by amendment to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment ("Shortening the time to serve under Rule 4(m) means that the time of the notice required by Rule 15(c)(1)(C) for relation back is also shortened.").

[3] The Magistrate Judge also found the proposed amendments were futile because Johnson failed to exhaust his administrative remedies. Doc. 133, PageID 1111. The Magistrate Judge has issued separate report and recommendation concerning exhaustion that is pending before this Court. *See* Doc. 126.

R&R (Doc. 133), and **DENIES** Johnson's Motion (Doc. 127) for failure to comply with Federal Rule of Civil Procedure 15(c)(1)(C).

The Court **DIRECTS** the Clerk to enter judgment accordingly.

Dated: February 16, 2024

Hon. Jeffery P. Hopkins
United States District Judge