UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. JOHNSON, | : | |
| *Plaintiff*, | : : : | Case No. 1:21-cv-141 |
| v. | : : | Judge Jeffery P. Hopkins |
| BRIAN BARNEY, *et al.*, | : : | Chief Magistrate Judge Karen L. Litkovitz |
| *Defendants*. | : : : | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation ("R&R") issued by Chief Magistrate Judge Karen L. Litkovitz on February 27, 2023 (Doc. 126), which recommends that this Court grant the Defendants' Motion for Summary Judgment (Doc. 90). Thereafter, Plaintiff Michael Johnson filed his Objections (Docs. 129, 134, 136), to which the Defendants responded (Docs. 132, 137). As discussed below, after conducting a de novo review pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(b), this Court **OVERRULES** the Objections (Docs. 129, 134, 136), **ADOPTS** the R&R (Doc. 126), and **GRANTS** the Defendants' Motion for Summary Judgment (Doc. 90).

I.  BACKGROUND

Plaintiff Michael Johnson is a former inmate at the Southern Ohio Correctional Facility ("SOCF") and the Madison Correctional Institution ("MaCI"). Johnson is now incarcerated at the Toledo Correctional Institution ("TOCI"). He brings this consolidated prisoner civil rights action against various SOCF correctional officers and employees.

The above-captioned case (*Barney*) has been consolidated with two other cases—*Johnson v. Little, et al.*, Case No. 1:21-cv-171 (*Little*), and *Johnson v. Hill, et al.*, Case No. 1:21-cv-155 (*Hill*) (collectively, the "Consolidated Cases"). *See* Docs. 13, 15. In *Barney*, Plaintiff alleges that Defendants Barney, Spriggs and Joseph used excessive force against him in his cell and in the shower during March of 2019. Doc. 7 at PAGEID 209. In *Little*, Plaintiff alleges that Defendants Fri and Neff used excessive force against him at the infirmary immediately following the incident described in the *Barney* complaint, and that Defendants Setty, Little, Eaches, and Rush watched and failed to intervene. *See Little*, Doc. 6, PageID 75. In *Hill*, Plaintiff alleges that Defendants Hill and Hart, medical staff members, also witnessed and failed to intervene to stop the Defendants Fri and Neff's from using excessive force against him at the infirmary. *See Hill*, Doc. 6, PageID 75.[1]

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. 90), which the Magistrate Judge recommended be granted (Doc. 126) because Johnson failed to exhaust the administrative remedies available to him. Johnson submitted the following filings concerning the R&R: a Motion for Extension of Time to Submit Objections (Doc. 128), an Objection to the R&R (Doc. 129), a Supplemental Objection to the R&R (Doc. 134), and a Declaration (Doc. 136). Although the Defendants have moved to strike Johnson's Supplemental Objection and his Declaration (Doc. 137), the Court considers these pro se filings given "the strong policy in favor of deciding cases on their merits." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).

---

[1] Because the Defendants' Motion for Summary Judgment is premised solely on whether Johnson exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, the Court does not comprehensively summarize Johnson's factual allegations in the Consolidated Cases.

2

## II. LAW AND ANALYSIS

Objections to a report and recommendation are reviewed de novo. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### A. Summary Judgment Standard of Review.

The Defendants ask the Court to grant them summary judgment. "The 'part[ies] seeking summary judgment always bear[] the initial responsibility of informing the district court of the basis for [their] motion and identifying those portions' of the record which demonstrate 'the absence of a genuine issue of material fact.'" *Rudolph v. Allstate Ins. Co.*, No. 2:18-cv-1743, 2020 WL 4530600, at *3 (S.D. Ohio Aug. 6, 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

But the non-moving party cannot defeat summary judgment merely by pointing to any factual dispute. Indeed, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Int'l Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 697 (6th Cir. 2020) (bracket and emphases omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). In other words, the dispute must be "genuine" (*i.e.*, supported by evidence) and go to a "material fact" (*i.e.*, a fact that could matter to the outcome).

After reviewing the evidence, the Court must determine whether there is some "sufficient disagreement" that necessitates submitting the matter to a jury. *Moore v. Phillip*

*Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251–52). In making that determination, though, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) ("In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party.").

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). A party's status as a pro se litigant, however, does not alter that party's duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 851–52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

### B. Johnson's Option to Object to the R&R.

"Like the filings of many pro se prisoners," objections to reports and recommendations are often "written in a stream of consciousness style that tries to throw as broad of a legal reach as possible by citing to legal principles that are not directly applicable or are only tangentially related to the merits of [a] case." *Jones v. City of Fairlawn*, No. 5:03-cv-1976, 2005 WL 3543970, at *1 (N.D. Ohio Dec. 28, 2005). When a prisoner litigant offers only general objections, it "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017

4

WL 680634, at *1 (S.D. Ohio Feb. 21, 2017) (citing *Howard* but noting "the objections of a petitioner appearing pro se will be construed liberally"). "[A] general objection to the entirety of a magistrate's report, without specifying a single issue of contention, fails to satisfy" this specificity requirement. *Howard*, 932 F.2d at 509.

Johnson's objections to the R&R state that documents he previously submitted show his attempts to comply with exhaustion requirements based on his efforts to complete the final step of Ohio's inmate grievance process. Doc. 129, PageID 1081. Johnson cites to Docs. 96, 102, 104, and 107, as well as the complaints in the Consolidated Cases. Doc. 129, PageID 1083–84. Johnson's other objections are similar. Docs. 134, 136. Construing Johnson's filing as favorably to him as possible, the Court finds that Johnson appears to object to how the Magistrate Judge reviewed the evidence in her decision to grant the Defendants' Motion. Viewing Johnson's objections accordingly, the Court will conduct a de novo review of the R&R.

    **C.    Johnson Failed to Exhaust Administrative Remedies and Is Barred from Further Pursuing His Claims.**

The Defendants' Motion requires the Court to determine if there is a genuine issue as to any material fact regarding whether Johnson exhausted his administrative remedies before bringing the Consolidated Cases. Specifically, the Court must determine whether there is a genuine issue for trial concerning whether Johnson completed—or sufficiently attempted to complete—step three of Ohio's inmate grievance process. The Court finds no genuine issue of material fact. Accordingly, summary judgment in favor of the Defendants is warranted.

    **1.    PLRA Exhaustion.**

Congress enacted the PLRA in 1996 to "reduce the quantity and improve the quality of prisoner suits" that were flooding federal district courts nationwide and to reduce the need

for federal courts to intervene in prison management. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). To help achieve these objectives, the PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This mandatory exhaustion requirement acts as a gatekeeper and is intended "to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (citing *Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006)). Moreover, the term "prison conditions" in § 1997e(a) is broad and includes claims of excessive force. *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999).

The PLRA does not provide a uniform federal exhaustion standard; rather, the inmate's correctional institution defines the applicable procedural rules that the inmate must follow to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, to comply with the PLRA's exhaustion requirement, an inmate must take "advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey*, 603 F.3d at 324 (citing *Woodford*, 548 U.S. at 90, 95); *see also Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (finding that an inmate exhausted his administrative remedies by sufficiently complying with the institution's grievance process under the circumstances).

Although the PLRA's exhaustion requirement is strictly construed, the statute "contains its own, textual exception to mandatory exhaustion" that applies when remedies

6

are not "available." *Ross v. Blake*, 578 U.S. 632, 642 (2016). That is, an inmate must only exhaust available remedies, not unavailable ones. *Id.* (citing 42 U.S.C. § 1997e(a)). The Supreme Court has identified three situations in which an administrative procedure is unavailable to prisoners and is therefore not subject to the exhaustion requirement: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it" because it is "so opaque" or "so confusing"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643–44.

Even if an inmate has evidence to show that an administrative procedure was unavailable, he is not automatically absolved from the PLRA's exhaustion requirement because the Sixth Circuit requires inmates to make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) (quoting *Napier v. Laurel Cty.*, 636 F.3d 218, 223 (6th Cir. 2011)). "When a prisoner makes affirmative efforts to comply but does not succeed, we analyze whether those efforts to exhaust were sufficient under the circumstances." *Id.* (quoting *Risher*, 639 F.3d at 240) (internal quotation marks omitted).

   **2. Johnson Failed to Show He Made Sufficient Affirmative Efforts to Comply with Step Three of Ohio's Three-Step Inmate Grievance Procedure.**

The parties agree that Johnson needed to follow Ohio's three-step "inmate grievance procedure" to exhaust his administrative remedies properly under the PLRA. *See* Ohio Admin. Code 5120-9-31(J). During the period between the incident in March of 2019, and when Johnson filed his federal lawsuit on March 1, 2021, there were several different versions

7

of these procedures in effect, and another version—the current version—went into effect on March 21, 2021. "For our purposes, there is no meaningful difference between these four versions, and we will cite to the current version of the Ohio Administrative Code in our analysis for ease of reference." *Lamb v. Kendrick*, 52 F.4th 286, 293 (6th Cir. 2022).

Ohio's three-step inmate grievance process is as follows. First, the inmate is required to file an informal complaint (Informal Complaint Resolution or "ICR") with the direct supervisor of the staff member or department most directly responsible for the subject matter of the complaint within 14 days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(J)(1). Second, if the inmate is unsatisfied with the response to his informal complaint, he may file a formal grievance with the inspector of institutional services at his institution of confinement. *Id.* at § 5120-9-31(J)(2). The inspector of institutional services is required to provide a written response to the inmate's grievance within 14 calendar days of receipt of the grievance. *Id.* If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal to the Office of the Chief Inspector of the Ohio Department of Rehabilitation and Correction (ODRC) within 14 days of the disposition of the formal grievance. *Id.* at § 5120-9-31(J)(3). Compliance with this procedure is measured against "the prison's requirements, and not the PLRA . . . ." *Jones*, 549 U.S. at 218.

The Defendants' Motion is premised solely upon Johnson's failure to comply with step three of the process—or whether Johnson has shown that he sufficiently attempted to comply with step three or that the step was unavailable to him. Doc. 90, PageID 667. The Defendants argue that summary judgment is appropriate because Johnson failed to demonstrate that his

8

claims fall within any of the three recognized exceptions to the exhaustion requirement. Doc. 101, PageID 752.

Johnson argues that genuine issues of fact remain on the issue of exhaustion, pointing to writings attached to the *Barney* and *Little* complaints, the allegations in his complaints, and his alleged failure to receive a disposition of grievance. Doc. 96, PageID 702–03, 706; Doc. 102, PageID 758–60, 762. In sum, Johnson states that he was prevented from completing step three of the grievance procedure, thereby triggering his obligation to show that he made "affirmative efforts" to comply with the step that were "sufficient under the circumstances," as outlined in *Lamb*:

> Even if an inmate has evidence to show that an administrative procedure was unavailable, he is not automatically absolved from the PLRA's exhaustion requirement because this Circuit requires inmates to make "affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." [ *Lee*, 789 F.3d at 677] (quoting [*Napier*, 636 F.3d at 223]). "When a prisoner makes affirmative efforts to comply but does not succeed, we analyze whether those efforts to exhaust were sufficient under the circumstances." *Id.* (quoting *Risher*, 639 F.3d at 240) (internal quotation marks omitted).

*Lamb*, 52 F.4th at 293. *See also Surles v. Andison*, 678 F.3d 452, 457 n.10 (6th Cir. 2012) ("Only if the plaintiff contends that he was prevented from exhausting his remedies must the defendant present evidence showing that the plaintiff's ability to exhaust was not hindered."). Based on the evidence before her, the Magistrate Judge determined summary judgment was appropriate on all of Johnson's claims because he failed to establish a genuine issue of fact as to "whether he made 'affirmative efforts' to comply with the third step of the grievance procedure that were 'sufficient under the circumstances.'" Doc. 126, PageID 1022 (quoting *Lamb*, 52 F.4th at 293).

The Magistrate Judge found Johnson's actions concerning his efforts to comply with step three of the grievance procedure insufficient. Specifically, Johnson alleged that an SOCF inspector interfered with his ability to comply with step three of the grievance procedure, when the record and Johnson's other filings indicated his allegation was incorrect. *Id.* at PageID 1025–26 ("[T]he third step of the grievance process was not triggered until after plaintiff left SOCF, where [the inspector] worked."). Further, the Magistrate Judge acknowledged that Johnson made statements under penalty of perjury that he attempted to file grievances by paper and electronic means. *Id.* at PageID 1026. However, Johnson did not "state exactly when, where, or how he attempted these SOCF grievance appeals," nor did he "provide copies of related paperwork, or otherwise elaborate on why he was unable to carry out his SOCF grievance appeal via paper." *Id.* The same can be said for Johnson's grievance related to the appeal process at TOCI. *Id.* at 1028.

On the other hand, the Magistrate Judge found that the Defendants supplemented the record with evidence demonstrating that Johnson had numerous opportunities to appeal his SOCF grievance. The Defendants established that both MaCI and TOCI made paths available for grievances to be initiated on paper. *Id.* at PageID 1027. She concluded that Johnson's statements regarding his "attempts" were not sufficient under the circumstances to raise a genuine issue of fact regarding his affirmative efforts to comply with step three of the grievance process. *Id.*

After conducting a de novo review of the record evidence, this Court agrees. It is undisputed that Johnson did not comply with step three of the grievance process and Johnson has not established a genuine issue of fact regarding his affirmative efforts to comply with step three. Johnson's inconsistent and vague statements are not sufficient under the circumstances.

Moreover, the Defendants established the availability of paths for grievances initiated on paper, to be completed on paper. Gould Decl., Doc. 116-2, PageID 942 at ¶ 10; Jenkins Decl., Doc. 116-3, PageID 946 at ¶ 9. Accordingly, summary judgment in favor of the Defendants is proper.

### III. CONCLUSION

This Court **OVERRULES** Johnson's Objections (Docs. 129, 134, 136), **ADOPTS** the R&R (Doc. 126), and **GRANTS** summary judgment in favor of the Defendants (Doc. 90). This Court also agrees with the Magistrate Judge's recommendation that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal may not proceed in forma pauperis, as that appeal would not be taken in good faith.

The following procedural motions related to the motion for summary judgment (Doc. 90) and the R&R (Doc. 126) are **DENIED** as **MOOT**: Plaintiff's Motion for Extension of Time to Submit Objections (Doc. 128); the Defendants Motion for Extension of Time (Doc. 131); Plaintiff's Motion to Strike (Doc. 137); and the Defendants' Motion to Strike (Doc. 139).

The Court **DIRECTS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: February 23, 2024

Hon. Jeffery P. Hopkins
United States District Judge

11