# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MICHAEL L. JOHNSON,                          Case No. 1:21-cv-141
    Plaintiff,                           Hopkins, J.
                                         Litkovitz, M.J.

    vs.

BRIAN BARNEY, et al.,                        **REPORT AND**
    Defendants.                          **RECOMMENDATION**

       This matter is before the Court on plaintiff's "Motion For Extension of time" requesting an additional 14 days to file his notice of appeal of the February 23, 2024 Order (Doc. 144) adopting the undersigned's Report and Recommendation (Doc. 126). (Doc. 145). Defendants have not filed a memorandum in opposition.

       Absent authorized extension, plaintiff's notice of appeal was to be filed on or before March 25, 2024. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case, . . . the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.").[1] "Both 28 U.S.C. § 2107(c) and Federal Rule of Appellate Procedure 4(a)(5) provide for the possibility of an extension of time to file a notice of appeal where the party seeking such an extension files a motion in the district court asking for more time." *Young v. Kenney*, 949 F.3d 995, 997 (6th Cir. 2020) (citing 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5); *Martin v. Sullivan*, 876 F.3d 235, 237 (6th Cir. 2017)). Appellate Rule 4(a)(5) provides that such motion must be filed "no later than 30 days after the time prescribed by this Rule 4(a) expires. . . ." Fed. R. App. P. 4(a)(5)(i). The district court may allow such extension "if the party seeking the extension 'shows excusable neglect or good cause.'" *Mizori v. United States*, 23 F.4th 702, 705 (6th Cir. 2022) (quoting Fed. R. App. P. 4(a)(5)(A)(ii)).

---

[1] Here, the thirtieth day fell on Sunday March 24, 2024, so "the period continue[d] to run until the end of the next day that [wa]s not a Saturday, Sunday, or legal holiday." Fed. R. App. P. 26(a)(1)(C).

Plaintiff's motion was filed within the time period set forth in Rule 4(a)(5)(i).  Plaintiff explains that he was delayed in obtaining his application for leave to proceed *in forma pauperis* on appeal due to delays within the Toledo Correctional Institution (TOCI) where he is incarcerated.  In particular, he asserts that "[TOCI] mail room staff, Ms. Bowers, stated[] the United States District Court[] did not forward the Court Order [Doc. 144] . . . through regular mail or legal mail," and that "cashier officer staff, Ms. Mac, at[] TOCI, held and did not complete the application and affidavit plaintiff Johnson[] requested until 3.14.2024."  (Doc. 145 at PAGEID 1187).  While not entirely clear from plaintiff's pro se motion, he appears to allege he first learned about the District Judge's Order adopting the Report and Recommendation through the internet, and mail delays at the institution prevented him from filing a timely notice of appeal.  (*Id*. at PAGEID 1188).

Plaintiff's motion does not assert that he was at fault, which would trigger the excusable-neglect standard.  *See* Fed. R. App. P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendment ("The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant.").  Instead, his explanations trigger the good cause standard.  *Id.* ("The good cause standard applies in situations where there is no fault--excusable or otherwise.").

"To show good cause for purposes of Rule 4(a)(5), [the movant needs] to show that his failure to file a timely notice of appeal was the result of 'forces beyond' his control."  *Mizori*, 23 F.4th at 706 (quoting *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006)).  Based on plaintiff's alleged delays in receiving notice of the Court's Order from which he seeks leave to appeal and the delayed processing of his *in forma pauperis* application by the institutional

cashier, the Court finds good cause warranting an extension of time for plaintiff to file his notice of appeal under Appellate Rule 4(a)(5).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's "Motion For Extension of time" (Doc. 145) be **GRANTED**;[2]

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 4/18/2024

Karen L. Litkovitz
United States Magistrate Judge

---

[2] The Court notes that plaintiff filed his notice of appeal on April 3, 2024, within the 14-day extension period sought by plaintiff. *See* Doc. 147.

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL L. JOHNSON,                          Case No. 1:21-cv-141
      Plaintiff,                         Hopkins, J.
                                              Litkovitz, M.J.

      vs.

BRIAN BARNEY, et al.,
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4