**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MICHAEL L. JOHNSON,      Case No. 1:21-cv-141
  Plaintiff,         Hopkins, J.
               Litkovitz, M.J.

  vs.

BRIAN BARNEY, *et al.*,       **ORDER**
  Defendants.

This matter is before the Court on plaintiff's motion for an order compelling certain discovery (Doc. 166).  Defendants Brian Barney, Lt. Eaches, G. Fri, Laura Hart, Lt. Little, Lt. Setty, CO Spriggs, Teresa Hill, and Interested Party State of Ohio filed a response in opposition. (Doc. 168).  Plaintiff has not filed a reply memorandum.

In plaintiff's motion to compel, he requests the Court compel defendants to produce the following:

 1. Responses to plaintiff's first set of interrogatories directed to Lauren Hart, which

 defendant Hart's counsel received on May 19, 2025.  (Doc. 166 at PAGEID 1795).

  2. Responses to plaintiff's second set of interrogatories directed to all defendants, which

 plaintiff mailed July 21, 2025.  (*Id.* at PAGEID 1796, 1805).

Plaintiff states that he mailed defendants' counsel letters in July and August 2025 in an attempt to resolve this dispute without Court intervention but did not receive a response.  He also states that he attempted to call defendants' counsel without success and asked his mother to call on his behalf.  (*Id.* at PAGEID 1798).  Finally, plaintiff explains that he was transferred to Lucas County Jail and/or in segregation at the Southern Ohio Correctional Facility (SOCF) between August 21, 2025 and September 12, 2025, during which time he did not receive his legal mail.

(*See* Doc. 165 at PAGEID 1781-82).[1]

In defendants' response, they outline all discovery plaintiff has requested and their corresponding responses.  As relevant here, defendants state (as supported by the declaration of their paralegal (*see* Doc. 168-1)):

1. Regarding defendant Hart's responses to plaintiff's first set of interrogatories, defendants mailed them on August 29, 2025 because they were inadvertently left out of a June 10, 2025 mailing.

2. Regarding plaintiff's second set of interrogatories, defendants responded:

a. on August 29, 2025, for defendants Hill, Spriggs, Fri, Joseph, and Hart (without defendants Joseph or Hart's verification pages);

b. on September 5, 2025, for defendants Little and Fri[2];

c. on September 9, 2025, for defendants Eaches and Setty; and

d. on October 1, 2025, with the verification page for defendant Hart's responses to plaintiff's second set of interrogatories that were already provided.

3. Regarding "Conley" and defendant Barney's responses to plaintiffs' second set of interrogatories, defendants responded on August 29, 2025 that:

a. they would not provide responses to the second set of interrogatories directed to defendant Barney because the request exceeded the 25-interrogatory limit;

b. they would not provide responses to the second set of interrogatories directed to Conley because Conley is not a defendant.

---

[1] Mail from this Court to plaintiff around this time period was also returned, and the Court has since directed that it be re-sent to plaintiff.  (Doc. 170).
[2] Defendants state that responses to the second set of interrogatories directed to defendant Fri were provided on both August 29, 2025 and September 5, 2025.  (*See* Doc. 168-1 at PAGEID 1828).

2

4. On September 29, 2025, defendants received correspondence[3] from plaintiff about outstanding discovery and his temporary change of location from SOCF.  On October 2, 2025, defendants re-sent plaintiff the following:

    a. defendant Hart's responses to plaintiff's first set of interrogatories;

    b. responses to plaintiff's second set of interrogatories from defendants Hill, Spriggs, Fri, Hart (with verification page), Little, Eaches, Setty, and Joseph (without verification page).

    c. a statements of defendants' position that they would not respond to plaintiff's second set of interrogatories for defendant Barney (because they exceeded the 25-question limit) or Conley (because he is not a defendant).

Based on the Court's review of the foregoing, plaintiff's motion stems from his issues with legal mail during his temporary transfer and segregation between August 21 and September 12, 2025.  Based on the evidence submitted by defendants demonstrating that they had sent plaintiff all of the allegedly missing discovery prior to plaintiff's motion and have since re-sent it, plaintiff's motion to compel (Doc. 166) is **DENIED as MOOT**.  Defendants, however, are still required to transmit to plaintiff the verification page to defendant Joseph's responses to plaintiff's second set of interrogatories immediately upon receipt.

    **IT IS SO ORDERED**.

Date: 10/23/2025

Karen L. Litkovitz
United States Magistrate Judge

---

[3] This correspondence appears to have been separate from the motion to compel, as defendants describe it as a "letter." (Doc. 168-1 at PAGEID 1829).

3