**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **Michael L. Johnson,** | : | |
| | : | **Case No. 1:21-cv-00141** |
| **Plaintiff,** | : | |
| | : | **Judge McFarland** |
| **v.** | : | |
| | : | **Magistrate Judge Litkovitz** |
| **Brian Barney, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
**APPENDIX**

| *Exhibit* | *Description* | *Bates-stamp ##* |
|---|---|---|
| Exhibit 1 | Brian Barney's RESPONSES to Plaintiff's 1st Set of Interrogatories | MJS bs #000001-000014 |
| Exhibit 2 | Use of Force Report with Medical Records<br>• Medical Records 03.13.2019 UOF Incident MSJ bs #000047 | MJS bs #000015-000057 |
| Exhibit 3 | Disciplinary Records with Placement Docs & Conduct Reports<br>• Conduct Report SOCF-19-000762    MSJ bs #000066-108<br>• Conduct Report SOCF-19-000830    MSJ bs #000108-118<br>• Conduct Report SOCF-19-000831    MSJ bs #000119-130 | MJS bs #000058-000130 |
| Exhibit 4 | Jason Joseph's RESPONSES to Plaintiff's 1st Set of Interrogatories | MJS bs #000131-000141 |
| Exhibit 5 | Scott Spriggs' RESPONSES to Plaintiff's 1st Set of Interrogatories | MJS bs #000142-000150 |
| Exhibit 6 | Video SOCF 106-19 (manually filed) | MJS bs #000151 |
| Exhibit 7 | Warden's Assistant Brandi Trelka's Declaration | MJS bs #000152-000153 |
| Exhibit 8 | Deputy Warden of Operations Jeremy Oppy's Declaration | MJS bs #000154-000155 |
| Exhibit 9 | Major Harold Bell's Declaration | MJS bs #000156-000157 |
| Exhibit 10 | Photos to Medical Records in Ex. 2, 03.13.2019 UOF Incident Report | MSJ bs#000158-000162 |

## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL L. JOHNSON,        :

      Plaintiff,        :     Case No. 1:21 cv 141

                  :

     v.               :     Judge Litkovitz

                  :     Magistrate Judge Hopkins

BRIAN BARNEY, et al.,     :

                  :

      Defendants.     :

### DEFENDANT BRIAN BARNEY's RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, by and through counsel, and pursuant to Fed. R. Civ. P. 33 and 34, objects and responds to Plaintiff's Request for First Set of Interrogatories as follows:

### GENERAL OBJECTIONS AND RESERVATIONS

1.    Defendant objects to the discovery requests to the extent they require disclosure of information beyond the permissible scope of discovery required under the Federal Rules of Civil Procedure. Defendant's responses and any identification of documents included in said responses shall not waive or prejudice any objection Defendant may later assert, including but not limited to, objections to the admissibility of any of the answers or responses hereto, or to the admissibility of documents or categories of documents at trial.

2.    Defendant objects to each request and part thereof to the extent that they call for the production of documents or information protected by: (a) the attorney-client privilege; (b) the attorney work product doctrine; (c) any privilege relating to confidential information or confidential communications; (d) the right of privacy; or (e) any other privilege. Any inadvertent identification or production of documents subject to such privilege shall not waive those privileges.

3.    Defendant objects to those discovery requests that are vague, ambiguous, unlimited in time, scope or subject, overly broad, unduly burdensome, oppressive, or call for unbounded discovery.

4.    Defendant objects to the discovery request to the extent they are not relevant to the subject matter of this action.

Exhibit 1

**MSJ Bates # 000001**

5. Defendant does not waive any objection to the admissibility, competency, relevancy, materiality, confidentiality or privilege attaching to any document, communication or information, supplied, nor to the right to object to additional discovery relating to the subject matter of these discovery requests.

6. Defendant expressly reserves the right to amend and/or supplement these responses and objections with respect to any additional information, material and document requested or obtained in the course of discovery herein.

7. Defendant objects to the discovery requests to the extent they request that Defendant produce information in the possession and control of individuals or entities over which Defendant has no right of control. The following responses are made on behalf of Defendant and not on behalf of any other persons or entities.

8. Defendant objects to all discovery requests that call for the identification of specific documents responsive thereto as such task is unduly burdensome.

9. Defendant reserves the right to object to any additional discovery procedures initiated by Plaintiff and/or to file a Motion for Protective Order to the extent that any such subsequent discovery proceedings involve the subject matter or substantially the same areas of inquiry covered by these discovery requests.

10. Defendant reserves the right to add to, subtract from, or clarify any objections or responses which are given in response to the discovery requests. Defendant further notes that investigation of the area(s) of inquiry touched upon by the discovery requests shall continue through the time of trial, all of which may necessitate further action as described above.

11. Defendant objects to all discovery requests that are objectionable as to form.

12. Defendant objects to the discovery requests to the extent that they purport to call for information not known to Defendant and that is not reasonably ascertainable by Defendant.

13. Defendant objects to the discovery requests to the extent that they purport to call for legal conclusions or expert opinions or requires Defendant to perform legal research for Plaintiff.

14. Defendant objects to the discovery requests to the extent that they are overly broad, unduly and unreasonably burdensome and oppressive in that the burden of obtaining the information purportedly called for substantially outweighs any probative value of such information.

15. Defendant objects to the discovery requests to the extent that they purport to call for answers that are dependent in whole or in part on information to be obtained by Plaintiff from Defendant or another person in the course of discovery.

16. Defendant objects to each of the discovery requests to the extent such are not reasonably limited in scope and time.

2

MSJ Bates # 000002

17. Defendant objects to each discovery request that seeks the production of documents or information that is confidential, proprietary, financially sensitive, or of a confidential nature that outweighs any arguable relevance the information could have to this proceeding.

18. Defendant generally objects to the definitions and instructions set forth by Plaintiff in these discovery requests to the extent they require Defendant to undertake efforts or responsibilities beyond those required by the Federal Rules of Civil Procedure.

19. All of the foregoing general objections and reservations are incorporated into each of the following responses to Plaintiff's discovery requests whether or not any specific general objection or reservation is referenced therein.

20. The information supplied in these responses is not based solely on the knowledge of the executing party, but includes knowledge of the party, his employer, representatives and attorneys, unless privileged.

21. The word usage and sentence structure may be that of the attorney assisting in the preparation of these responses, and thus, does not necessarily purport to be the precise language of the executing party.

22. Plaintiff's discovery requests primarily seek personal knowledge that is not in the possession of the named Defendant. Defendant objects to the request for personal knowledge as presented in some of the requests below.

Subject to and without waiving these general objections and reservations, which Defendant hereby incorporates by reference into each response below, Defendant responds to the discovery requests as follows:

## RESPONSES TO PLAINTIFF'S INTERROGATORIES

*ADDITIONAL GENERAL OBJECTION: Plaintiff's discovery requests primarily seek personal knowledge that is not in the possession of the named Defendant. Defendant objects to the production of records and/or request for personal knowledge as presented in some of the requests below. Further, Defendant's counsel has relied upon information provided by others in preparing these answers.*

1. On March 13, 2019 were you, Brian Barney, was a sergeat at Southern Ohio Correctional Facility/ [sic]

**OBJECTION:** Without waiving these or any general objections and reservations, Defendant responds as follows:

**RESPONSE:** Yes, I was a sergeant at Southern Ohio Correctional Facility on March 13, 2019.

3

**MSJ Bates # 000003**

2. On March 13, 2019 were you Brian Barney working at J1 housing unit as a sargeant?

   **OBJECTION:** Without waiving these or any general objections and reservations, Defendant responds as follows:

   **RESPONSE:** Yes, I was working at J1 housing unit as a sergeant on March 13, 2019, special duty, fourth shift. My hours were typically 7:00 a.m. to 3:00 p.m.

3. Is inmate's at J1 housing unit allow to order commissary? Far as, food items, [sic]

   **OBJECTION:** Pursuant to Fed.R. Civ.P. 33, an interrogatory may relate to any matter that may be inquired into under Rule 26(b). This interrogatory is vague as to time, ambiguous, and not reasonably calculated to lead to admissible evidence. Further it is irrelevant and not reasonably related to this lawsuit, which involves an alleged Eighth Amendment violation for excessive use of force. Whether an inmate is allowed or not allowed to order commissary on J1 has nothing to do with whether a constitutional violation under the Eighth Amendment occurred.

   **RESPONSE:** Whether an inmate is authorized to order commissary depends upon the security status of that inmate, whether that inmate has received a loss of privileges, and whether that inmate has the funds to order commissary.

4. Ask Mr. Barney is inmates that is house at J1 unit is doing a local control? [sic]

   **OBJECTION:** Pursuant to Fed.R. Civ.P. 33, an interrogatory may relate to any matter that may be inquired into under Rule 26(b). Vague as to time and place. "Local control is not defined." Irrelevant and not reasonably calculated to lead to admissible evidence. Seeks information outside of this Defendant's personal knowledge. This suit involves an alleged Eighth Amendment for excessive use of force.

   **RESPONSE:** I am uncertain as to what information Plaintiff is seeking. To my knowledge, local control is not a program that exists at SOCF. I am uncertain as to whether local control existed in 2019. In 2019, when Mr. Barney was placed at J1, his security level was R.H. R.H. is restrictive housing. Placement of an inmate in a certain housing unit is not part of my job duties. It is done by either the Rules Infraction Board or the Warden's Office.

5. Ask Mr. Barney what security status is a local control? [sic]

   **OBJECTION:** Pursuant to Fed.R. Civ.P. 33, an interrogatory may relate to any matter that may be inquired into under Rule 26(b). Vague as to time and place. "Local control is not defined." Irrelevant and not reasonably calculated to lead to admissible evidence. Seeks

4

**MSJ Bates # 000004**

information outside of this Defendant's personal knowledge. This suit involves an alleged Eighth Amendment for excessive use of force.

**RESPONSE:** I am uncertain as to what information Plaintiff is seeking. I am uncertain as to whether local control existed in 2019. In 2019, when Mr. Barney was placed at J1, his security level was R.H. R.H. is restrictive housing. Placement of an inmate in a certain housing unit is not part of my job duties. It is done by either the Rules Infraction Board or the Warden's Office.

6. Ask Mr. Barney on March 13, 2019, were inmate Johnson #A515-853 was housed at J1 unit? [sic]

**OBJECTION:** Without waiving these or any general objections and reservations, Defendant responds as follows:

**RESPONSE:** Yes, on March 13, 2019, Inmate Johnson was housed in J1 unit under Restrictive Housing status.

7. Ask Mr. Barney why inmate Johnson #A515-853 was housed at J1 unit? [sic]

**OBJECTION:** Ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment Violation for excessive use of force incident. Why Inmate Johnson was housed in J1 unit is irrelevant to this matter. Further, seeks information outside of the personal knowledge of this Defendant, as this Defendant did not make housing assignments for the institution.

**RESPONSE:** Placement of an inmate in a certain housing unit is not part of my job duties. It is done by either the Rules Infraction Board or the Warden's Office. I believe that Mr. Johnson was placed in J1 due to assaultive behavior towards staff.

8. Ask Mr. Barney did inmate Johnson #A515-853 order commissary on March 11, 2019 to March 14, 2019 the week of commissary order form after _____ [^1] a commissary order form from correctional officer who pass the commissary forms to the inmates who are housed at J1 housing? [sic]

**OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. Whether Plaintiff received a commissary order form is irrelevant to this lawsuit. Further, seeks information outside of this Defendant's personal knowledge.

**RESPONSE:** The purchase of commissary is not something that I would have dealt with in my position. I am uncertain whether Plaintiff purchased commissary between March 11, 2019 to March 14, 2019. I am aware that Plaintiff had commissary in his cell on March 13, 2019, which was in violation of his R.H. status.

---

[^1]: Any word which was unreadable in Plaintiff's handwritten interrogatories was indicated with a _____.

MSJ Bates # 000005

9. Ask Mr. Barney how does the commissary order forms passed to inmates at J1 unit? [sic]

**OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. Whether Plaintiff received a commissary order form is irrelevant to this lawsuit. Further, seeks information outside of this Defendant's personal knowledge.

**RESPONSE:** Typically, a corrections officer assigned to J1 would have received the commissary forms from a commissary worker, and then provided the forms to the inmates housed in J1 to complete. The forms would be collected by a corrections officer assigned to J1 and returned to the commissary to be fulfilled. The items are then delivered to the inmate by commissary workers. However, I have no personal knowledge of how Mr. Barney received his commissary order form.

10. Ask Mr. Barney, once commissary order form turned in to the officer who work the shift at the time at J1 unit, how does the commissary order for get _____ by commissary staff? [sic]

**OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. Whether Plaintiff received a commissary order form is irrelevant to this lawsuit. Further, seeks information outside of this Defendant's personal knowledge.

**RESPONSE:** Asked and Answered. See No. 9.

11. Ask Mr. Barney did he enter J1 unit on March 13, 2019, to take the commissary from me inmate Johnson #A515-853 purchased on March 12, 2019 on store: SOCF – SOCF – counter, receipt # 314851 from the commissary order form that was given to me by J1 unit officer? [sic]

**OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves a use of force. Whether Plaintiff received a commissary order form is irrelevant to this lawsuit. Further, seeks information outside of this Defendant's personal knowledge.

**RESPONSE:** On March 13, 2019, I was informed that Inmate Johnson had contraband in the form of commissary items in his cell. I have no personal knowledge of how he received the same. I went to J1 to do a shakedown of his cell and to remove any contraband items. Inmate Johnson was removed from the cell and placed into the shower area, which was next door to his cell, for officer safety and security. When I entered the cell, Inmate Johnson started yelling "mother fucker you better get out of my cell" and "I am going to spit on you." I completed my shakedown and removed the contraband. Prior to exiting the cell, due to his threats, I pulled out my OC spray. When I exited the cell and crossed in front of the shower area to leave the range, Inmate Johnson spit at me. I deployed OC spray to his facial area to gain control of Inmate Johnson.

6

**MSJ Bates # 000006**

12. Ask Mr. Barney, what happen to the commissary he removed from my cell location J1 # 1 on March 13, 2019 after I _____ sprayed by O.C chemical mase by him as supervisor sargeant for no reason other than I purchase commissary? [sic]

> **OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. What happened to contraband removed from Plaintiff's cell is irrelevant to this lawsuit. Further, it is argumentative and assumes facts not in evidence. Further, seeks information outside of this Defendant's personal knowledge.

> **RESPONSE:** On March 13, 2019, Inmate Johnson was not permitted to have commissary items in his cell due to his security status. I am uncertain what happened to these items after they were removed from his cell. I no longer remember.

> Inmate Johnson was sprayed with O.C. spray to gain compliance after Inmate Johnson threatened me and then spit at me. He was not sprayed because he purchased commissary items. For additional information, please see the Use of Force Investigation and Reports.

13. Ask Mr. Barney was I badly hurt by him barney, Lt. Joseph, and Officer Spriggs inside the shower with my hands behind my back with hand cuff on inside the shower? [sic]

> **OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. This interrogatory is argumentative and assumes facts not in evidence. Further, seeks information outside of this Defendant's personal knowledge.

> **RESPONSE:** I was informed that Inmate Johnson had contraband in the form of commissary items in his cell. He was not allowed to have these because he was in restrictive housing status. I went to J1 to do a shakedown of his cell. Inmate Johnson was removed from the cell for officer safety and placed in the shower area, which is right next to his cell, while I completed the shakedown. He could see me walk into his cell from the shower area. When I entered the cell, Inmate Johnson started yelling "mother fucker you better get out of my cell" and "I am going to spit on you." I completed my shakedown. Prior to exiting the cell, due to his threats, I pulled out my OC spray. When I exited the cell, Inmate Johnson spit at me as I walked past the shower area to exit the range. I deployed OC spray to his facial area to gain control of Inmate Johnson. I contacted Lt. Joseph to inform him of the spitting and the deployment of the OC spray.

> Lt. Joseph responded to the shower area where Inmate Johnson was being held to remove him from the shower area. Inmate Johnson refused several directives to leave the shower area. This lasted for several minutes. Inmate Johnson then slipped his cuffs by pulling his right hand out of the cuff. He attempted to hit Lt. Joseph.

**MSJ Bates # 000007**

In an attempt to gain control over Inmate Johnson, Lt. Joseph and I took ahold of the inmate and assisted him the floor. Inmate Johnson continued to physically resist. In an effort to gain control closed fists strikes were delivered to the inmate's mid section by me and closed fist strikes to the inmate's facial area were delivered by Lt. Joseph.

Inmate Johnson continued to physically resist and gained his feet. I hit my "man down" alarm and Officer Spriggs arrived to assist and attempted to gain control of Inmate Johnson as Inmate Johnson continued to physically resist. Additional closed fist strikes were delivered in an effort to gain control of Inmate Johnson. Lt. Joseph then utilized his PR24, striking Inmate Johnson in the thigh area to gain control. Inmate Johnson was then placed on the floor, handcuffs were utilized, and control was regained.

Inmate Johnson was then escorted to medical as he was involved in a Use of Force. I was not present for the escort or his medical examination, so I have no personal knowledge of what, if any, injuries Inmate Johnson sustained. For additional information, please see the Use of Force Investigation and Reports, bs# DRC000001-DRC000043.

14. Ask Mr. Barney do he want to stop answering these questions and settle with the law suit of the instant case? [sic]

**OBJECTION:** Pursuant to Fed.R. Civ.P. 33, an interrogatory may relate to any matter that may be inquired into under Rule 26(b). This interrogatory seeks no information which is reasonably calculated to lead to admissible evidence.

**RESPONSE:** ODRC is always open to settlement negotiations. None have been made at this time.

15. If not, ask Mr. Barney what all happen on March 13, 2019, concerning the allegation of the incident of the instant law suit? [sic]

**OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. This interrogatory is argumentative and assumes facts not in evidence. It calls for a narrative. Further, seeks information outside of this Defendant's personal knowledge.

**RESPONSE:** See Answer to Interrogatory No. 13.

16. Ask Mr. Barney, why did he search my cell at J1 #1 and took all my commissary on March 13, 2025? [sic]

**OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves a use of force. Whether contraband was removed

8

from Plaintiff's cell is irrelevant to this lawsuit. Further, seeks information outside of this Defendant's personal knowledge.

**RESPONSE:** Asked and Answered. See Answer to Interrogatory No. 13.

17. Ask Mr. Barney, why did he sprayed inmate Johnson #A515-853 with O.C. chemical mase on March 13, 2019 while inmate Johnson #A515-853 standing in the shower with hand cuff on behind his back  not saying nothing disrespectful or threats or attempt to spit on your in any way? [sic]

**OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. This interrogatory is argumentative and assumes facts not in evidence. It calls for a narrative.

**RESPONSE:** Asked and Answered. See Answer to Interrogatory No. 13.

18. Mr. Barney, did you know the entire wall camera capture the incident in question along with the range camera of the excessive use of force _____ on March 13, 2019 that involved Sgt. Barney, Lt. Joseph, Officer, Spriggs inside the shower upon inmate Johnson #A515-853? [sic]

**OBJECTION:** Overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence. Argumentative, ambiguous, assumes facts not in evidence.

**RESPONSE:** I am aware that the incident was captured by cameras. There was no excessive use of force. The force exerted was necessary to gain control of the inmate after he spit at me, refused several directives to leave the shower area and tried to hit Lt. Joseph.

19. Ask Mr. Barney, did he throw any punches and kicks to inmate Johnson #A515-853 while inside the shower that cause any injuries? [sic]

**OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. This interrogatory is argumentative and assumes facts not in evidence. It calls for a narrative.

**RESPONSE:** See Answer to Interrogatory No. 13.

9

**MSJ Bates # 000009**

20. Ask Mr. Barney, how did inmate Johnson #A515-853 received the injuries from inside the shower after being attacked by Sgt. Barney, Lt. Joseph, CO Spriggs on March 13, 2019? [sic]

> **OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. This interrogatory is argumentative and assumes facts not in evidence. It calls for a narrative.

> **RESPONSE:** Inmate Johnson was not attacked by Sgt. Barney, Lt. Joseph, or CO Spriggs. For additional information, please see Answer to Interrogatory No. 13.

21. Ask Mr. Barney, if he did not attack me with punches or pr-24 stick, who doing the punching and hitting with the pr-24 stick that cause injuries on inmate Johnson #A515-853 on March 13, 2019? [sic]

> **OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. This interrogatory is argumentative and assumes facts not in evidence. It calls for a narrative.

> **RESPONSE:** Inmate Johnson was not attacked by Sgt. Barney, Lt. Joseph, or CO Spriggs. For additional information, please see Answer to Interrogatory No. 13.

22. Ask Mr. Barney, inmate Johnson #A515-853 saw Sgt. Barney attacked him with punches and kick's with Lt. Joseph and C/O Spriggs inside of the shower with my hands behind my back with hand cuff on the entire time, on March 13, 2019 is you saying inmate Johnson #A515-853 lying, if so, explain why? [sic]

> **OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. This interrogatory is argumentative and assumes facts not in evidence. It calls for a narrative.

> **RESPONSE:** Yes, Inmate Johnson is lying. For additional information, please see Answer to Interrogatory No. 13.

23. Ask Mr. Barney, did he know about the incident that occur on March 6, 2019 with Johnson #A515-853 that involved a officer being hit with his hand cuff after maliciously spraying inmate Johnson #A515-853 with O.C. chemical mase inside of his cell? [sic]

10

**MSJ Bates # 000010**

**OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force which took place on March 13, 2019. This interrogatory is argumentative and assumes facts not in evidence. It calls for a narrative.

**RESPONSE:** I have no personal knowledge of the March 6, 2019 incident. The information that I have comes from the Investigation report. I understand that Inmate Johnson slipped his handcuffs and assaulted an officer on March 6, 2019.

24. Ask Mr. Barney, is that the reason he stated, inmate Johnson #A515-853 can not order commissary such as, food items with the other inmates at j1 unit? [sic]

**OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. The ability to order commissary is not reasonably calculated to lead to admissible evidence.

**RESPONSE:** I do not decide whether Inmate Johnson can order commissary. He was placed on the J1 unit with a R.H. status, which prevented him from ordering commissary.

25. Ask Mr. Barney why did Sgt. Barney, Lt. Joseph, C/O Spriggs ran inside of the shower attacking inmate Johnson #A515-853 with his hands hand cuffed behind his back after Sgt. Barney, removed all food item's and other item's from inmate Johnson #A515-853 cell at j1 #1 on March 13, 2019? [sic]

**OBJECTION:** Overly broad, ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment for excessive use of force. This interrogatory is argumentative and assumes facts not in evidence. Further, seeks information outside of this Defendant's personal knowledge.

**RESPONSE:** See Answer to Interrogatory No. 13.

11

**MSJ Bates # 000011**

**As to Objections:**

s/*Marcy Vonderwell*
MARCY VONDERWELL (0078311)

Respectfully submitted,

DAVE YOST
Ohio Attorney General

s/*Marcy Vonderwell*
MARCY VONDERWELL (0078311)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
P: (614) 644-7233/F: (866) 521-9902
Marcy.Vonderwell@OhioAGO.gov

*Counsel for Defendant*

12

**MSJ Bates # 000012**

## VERIFICATION

I, Brian Barney, being first duly cautioned and sworn, state that the answers to the foregoing interrogatories are true and correct to my knowledge and belief.

_Bri Barn_

BRIAN BARNEY

Title: _Sgt._

STATE OF OHIO          )

COUNTY OF _Scioto_      )    SS:

               )

Sworn to and signed before me this _16th_ day of _April_, 2025.



**SHERRI BISHOP**
Notary Public, State of Ohio
Comm. Expires March 19, 2027

Notary Public
My Commission Expires _3/19/27_

13

**MSJ Bates # 000013**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of *Defendant Brian Barney's Responses to Plaintiff's Request*

*for First Set of Interrogatories* has been served upon Plaintiff, via U.S. mail, postage prepaid, this

_____day of April, 2025 at the address below:

Michael Johnson, #A515-853
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio  45699

/s/ Marcy A. Vonderwell
MARCY A. VONDERWELL (078311)
Assistant Attorney General

14

MSJ Bates # 000014



**Ohio** | **Department of Rehabilitation & Correction**

Mike DeWine, Governor
Annette Chambers-Smith, Director

TO:     Capt. Brad Dyer, Use of Force Investigator

FROM:   William Cool, Deputy Warden of Operations

DATE:   April 3, 2019

SUBJECT:   **USE OF FORCE INVESTIGATION (JOHNSON A515853)**

The attached Use of Force Report is being submitted to your Committee for investigation. A completed report on the findings of this investigation is due back in this office by:

**✱✱✱✱✱     MAY 14, 2019     ✱✱✱✱✱**

If extenuating circumstances exist which would prevent you from completing this report by the due date, it is imperative that you notify the Warden in writing and request an extension. **In your request, please include the Inmate's Name and Number, the Date of the Incident, and the Due Date of your report.** Your prompt attention to this investigation is greatly appreciated.

The following ordered documentation is to be included in your returned packet to this office:

- ❑ *Use of Force Committee Report- Findings*
- ❑ *Inmate Statement(s)*
- ❑ *Staff Statement(s)*
- ❑ Operations Deputy Review of Use of Force (RC4181)
- ❑ Extension Request (if applicable)
- ❑ Use of Force Checklist
- ❑ Memo to Use of Force Committee Chairperson
- ❑ *Supervisor's Use of Force Summary Report (DRC2611)*
- ❑ Inmate Medical Exam Report(s) (DRC5251)
- ❑ Staff Medical Exam Report(s) (DRC5251)
- ❑ Conduct Report (DRC4018)
- ❑ Change to Conditions of Confinement (DRC4019)
- ❑ Incident Reports (DRC2181, DRC1000)
- ❑ Crisis/Hostage Situations Intervention Report
- ❑ Photos (if applicable)
- ❑ All other documentation

WC/cb

**ENCLOSURES**
**DISTRIBUTION:**   Original: Use of Force Packet        Use of Force Chairman

---

Southern Ohio Correctional Facility · P. O. Box 45699 · Lucasville, OH 45699
www.drc.ohio.gov

**DRC000001**
Exhibit 2
**MSJ Bates # 000015**

# Ohio Department of Rehabilitation and Correction
# Deputy Warden of Operations Review of Use of Force

| Date of Incident:<br>Mar 13, 2019 | Time:<br>9:30 AM | Location:<br>J1    STAFF WIT: RANDY COOPER, CM CUCKLER, E GREGORY |
|---|---|---|

| Inmate(s) involved:<br>JOHNSON  A515853    STAFF WIT: JASON HENDERSON, KRISTAL LITTLE, BRYANT FRANTZ, THOMAS ADKINS, ROBERT PORTER |
|---|

| Staff Whom Used Force:<br>BRIAN BARNEY, JASON JOSEPH, SCOTT SPRIGGS, TODD YATES, JOSHUA NEFF, GARTH FRI |
|---|

| Staff Witnesses to Forced Used:<br>WILLIAM HITCH, DONALD DENNER, JEREMY EACHES, TODD MCCALLISTER, BRIAN ADKINS, ROBERT SETTY, ALLAN MOORE |
|---|

## Reason for the Use of Force

- [X] Self defense from assault by the inmate(s)
- [ ] Defense of a third party
- [ ] Controlling or subduing an inmate who refuses to obey prison rules.
- [ ] Prevention of a crime (such as malicious destruction of private property or prison riot)
- [ ] Controlling an inmate to prevent self-inflicted harm

## Type of Force Utilized

- [ ] Discharged a firearm
- [ ] Struck an inmate with any part of the body or a weapon
- [X] Use of chemical mace
- [X] Struggled with an inmate, pushed an inmate or exerted physical restraint or control
- [ ] Immobilizing restraints

**Brief summary of incident:**

Upon completion of a cell shakedown, Inmate Johnson spit at the sergeant. At this time, Sgt. Barney deployed chemical agent. Lt. Joseph responded and this inmate then refuses to exit the shower. Inmate Johnson then began to make movements to pull his hands from the cuffs. Inmate Johnson removed his right hand from the cuff. Lt. Joseph and Sgt. Barney took hold of this inmate and all fell to the floor where this inmate continued to resist. Sgt. Barney delivered closed fist strikes to this inmate's mid section while Lt. Joseph used several closed fist strikes to the facial area. Inmate Johnson stood and Officers Spriggs attempted to gain control. Sgt. Barney delivered additional strikes. Lt. Joseph then utilized his PR24 striking Inmate Johnson in the thigh area. Inmate Johnson was placed on the floor where handcuffs were applied. Inmate Johnson was escorted to the infirmary.

## Review Completed as Follows:

- [X] Review Written Reports
- [ ] Additional interviews/information obtained (see attached)

## Recommendation to the Managing Officer

- [ ] Refer to employee disciplinary process
- [ ] No further action required
- [X] Refer to Use of Force Committee
- [ ] Refer to Chief Inspector

RECEIVED

MAR 2 9 2019

| Deputy Warden of Operations: *William Cool* | Date: 3-14-19 |
|---|---|

## Managing Officer's Action

- [ ] Concur with recommendation
- [ ] Do not concur (explain): _____
- [X] Assigned to Use of Force Committee: Capt. Brad Dyer _____ Chairman,

and, N/A _____ to conduct a Use of Force Investigation.

Member's Name

The committee must report their findings to the Managing Officer within thirty (30) working days after being assigned.

| Managing Officer: | Date: 4-2-19 |
|---|---|

DRC 4181 E (Rev. 11/18)

DRC000002<br>**MSJ Bates # 000016**

## USE OF FORCE CHECKLIST

**Date of Incident:** 3/13/19          **Time of Incident:** 8:30 am/10:28am

**Inmate's Name:** Johnson          **Inmate's Number:** 515-853

RECEIVED

**Housing Assignment:** J1-1          **Incident Location:** J1-Shower MAR 14

**THE FOLLOWING INFORMATION IS ENCLOSED:**          DEPUTY WARDEN
                                                     OF OPERATIONS

| | |
|---|---|
| Use of Force Checklist | 1 |
| Planned Use of Force Checklist | |
| Supervisor's Use of Force Summary (DRC 2611) | 1 |
| Use of Force Report (DRC2181) | 23 |
| Incident Report (DRC 1000) | |
| Inmate(s) Voluntary Statement (DRC2737) | 2 |
| Medical Evaluation Form Inmate(s) (DRC5251) | 2 |
| Medical Evaluation Form Staff (s) (DRC5251) | 7 |
| Report of Change of Confinement (DRC4019) | 2 |
| Conduct Report(s) (DOTSPortal Print DRC4018) | 2 |
| Assault on Staff Report (DRC 2460, 2461, 2462 | |
| Authorization for Suicide Watch (DRC 5200/5202) | |
| Immobilizing Restraints Report (DRC2533) | |
| Crisis Precaution and/or Immobilizing Restraint Log (DRC2534) | |
| Crisis/Hostage Situations Intervention Report (DRC2699) | |
| Photos (documenting injuries-if applicable) | 1 |
| DVD - Planned Use of Force | |
| OSHP Notification | |
| Special Incident Required (Yes/No) | |
| DVR Available, provide # | 106-19 |

DEPUTY WARDEN OF OPERATIONS' USE ONLY

- ☐ Deputy Warden – Spec. Serv.
- ☒ M.H. Admin.
- ☒ Investigator
- ☐ QIC
- ☐ HNT
- ☒ Safety
- ☐ Other_____

☒ Committee Referral
☐ No Further Action

Review Date:

Signature: _William Cool_

3-14-19

R/MH: B/SPm1

_Capt. James Whitman_
Shift Commander's Signature
Southern Ohio Correctional Facility

3/13/19
Date

Revised: 2/12/2019

DRC000003
**MSJ Bates # 000017**

# Supervisor's Use of Force Summary Report

*(To be completed by shift supervisor before distribution to Deputy Warden of Operations)*

| Date of Force: Mar 13, 2019 | Time of Force: 8:30 AM | AM / PM |
|---|---|---|
| Location of Incident: J1 | | |

Inmate(s) on Whom Force was Used:

| Name | Number | Injured in Incident |
|---|---|---|
| 1. Johnson | A-515853 | ☒ YES   ☐ NO |

Staff Member(s) who Used Force:

| | Injured in Incident |
|---|---|
| 1. Sgt. B. Barney | ☐ YES   ☒ NO |
| 2. Lt. J. Joseph | ☒ YES   ☐ NO |
| 3. C/O S. Spriggs | ☐ YES   ☒ NO |
| 4. C/O J. Neff | ☐ YES   ☒ NO |
| 5. C/O G. Fri | ☐ YES   ☒ NO |
| 6. C/O T. Yates | ☐ YES   ☒ NO |

Staff and Inmate Witnesses to Force Used:

| Name | Staff Title | Number |
|---|---|---|
| 1. S. Spriggs | C/O | |
| 2. D. Denner | C/O | |
| 3. J. Eaches | Lt. | |
| 4. T. McCallister | C/O | |
| 5. B. Adkins | C/O | |
| 6. R. Setty | Lt. | |
| 7. A. Moore | C/O | |
| 8. J. Henderson | C/O | |
| 9. K. Little | Lt. | |
| 10. B. Frantz | C/O | |
| 11. T. Adkins | C/O | |
| 12. R. Porter | C/O | |
| 13. R. Cooper | C/O | |
| 14. C. Cuckler | C/O | |
| 15. W. Hitch | C/O | |
| 16. E. Gregory | C/O | |

Supervisor's Summary of Incident:

- Videotape (if a planned Use of Force?)     ☐ YES   ☒ NO

DRC2611 E (Rev. 11/18)

Page 1 of 2

DRC000004

**MSJ Bates # 000018**

- Security footage available and preserved? ☒ YES ☐ NO
- Copies attached? ☐ YES ☒ NO    DVR #106-19
  <br>                                           label/description
- OC used? ☒ YES ☐ NO    If yes, time of decontamination: 8:40 AM

**Summary:**
Sgt. B. Barney was shaking down I/M Johnson 515-853 to remove property he was not permitted to have. Inmate Johnson made threats to spit on Sgt. Barney. When Sgt. Barney exited the cell Johnson attempted to spit on him and Barney reacted and sprayed him with O/C. Lt. Joseph was notified by Captain Whitman that I/M Johnson 515-853 was refusing to come out of the shower in J1. Lt. Joseph responded to J1 to move inmate Johnson from the shower at 10:15 am. He was also getting a statement from him for a use of force from earlier in the day. Inmate Johnson agreed to exit the shower. Once the door was opened he then refused to exit the shower and for approximately 5 minutes Lt. Joseph attempted to get him to go into cell 1. He began to make movements as if he was attempting to pull his hands from the cuffs. He had his hands behind his back and Lt. Joseph asked him what he was doing and ordered him to turn around. He pulled his right hand free from the handcuff. Joseph immediately reacted and took control of his right hand as he attempted to hit him. They fell to the floor, Sgt. B. Barney had control of his left arm that still had the handcuff attached to it. Johnson continued to resist and was refusing all direct orders to put his hands behind his back. Inmate Johnson was given several closed fists strikes to his facial area attempting to get him to comply with orders. He stood backup and Officers Spriggs was assisting to get Johnson under control. Sgt. Barney used multiple strikes to Johnson's midsection to attempt to gain compliance.Joseph pulled his PR-24 and delivered several forward spin strikes to his left thigh and he was placed back on the floor. Sgt. Barney and C/O S. Spriggs reapplied the handcuffs. Responding officers arrived and he was escorted out of the area by C/O J. Neff and C/O G. Fri. Be advised Inmate Johnson 515-853 had slipped his handcuffs and assaulted an Officer on 3/6/19.

**As the Shift Supervisor, I have reviewed all of the documents, including all attachments, for accuracy, completeness and consistency prior to submitting them to the Chief of Security.**

| Prepared By (Shift Supervisor's Name): Jason Joseph | Title: Lieutenant | Date: Mar 13, 2019 |
|---|---|---|

**Note to Shift Supervisors:** When submitting this packet to the Deputy Warden of Operations, you must include the following:

1. Incident Report from each staff member listed above (DRC1000).
2. Statements from each inmate on whom force was used and statements from inmate witnesses.
3. Medical Examination results of any staff or inmates involved in the use of force (DRC5251).
4. Any readily available video of the incident or photos of the scene, evidence or injuries.
5. Any other relevant documentation (example: Conduct Report - DRC4018).

| Chief of Security Signature | Date 3-14-19 |
|---|---|

DRC2611 E (Rev. 11/18)                                                                 Page 2 of 2

DRC000005
**MSJ Bates # 000019**

# Use Of Force Report

| Name (Last, First, MI) Barney, Brian, E | | Work Location SOCF | Date Mar 13, 2019 | OAKS ID ███ |
|---|---|---|---|---|
| Incident Date Mar 13, 2019 | Incident Time 09:30 AM | Incident Location J1 | | |
| Inmate(s) Involved: Inmate Johnson 515-853 J1-1 | | | | |

Type of Force:

☒ Reactive ☐ Planned/TAC Force ☐ Witness

Did you call for assistance?

☐ Yes ☒ No   If No, Why?

Did you use OC? ☒ Yes ☐ No   If yes, how many grams? Amount: 67

Inmate was in shower and I was shaking down

Did you use a baton (i.e.PR-24)?

☐ Yes ☒ No

Did you utilize a less lethal device?

☐ Yes ☒ No   If Yes, What Type: _____

Did you utilize a firearm?

☐ Yes ☒ No   If Yes, make, model, serial # _____

Summarize the totality of the circumstances leading up to the Use of Force incident:

Sir be advised on the above date and time I SGT Barney was informed that inmate Johnson 515-853 J1-1 had property that he was not aloud to have under RH status. I then contacted J1 and had them put him in the shower. I then went to J1 to shakedown his cell. When I entered the cell inmate Johnson stated yelling " Mother fucker you better get out of my cell", " I am going to spit on you. After the shakedown I pulled my OC out due to the threats he was making. I then exited the cell and inmate Johnson immediately spit at me and I deployed OC spray to his facial area. I then had my OC in hand until officer Spriggs exited the cell and range gate was locked.

Describe the "immediate threat" present requiring force:

Inmate was spitting at me.

Describe the offender's ability and opportunity to cause harm to you or others:

Inmate was at front of shower next to cell i was exiting and passing the shower

Describe any and all reasonable efforts made to preclude the situation:

I had explained why some of his property was being taken.

Describe your specific actions during the Use of Force:

Inmate spit at me and I reacted by deploying OC to the facial area.

| Signature: Brian E Barney | *Brian Barney* | Date: 3/14/2019 |
|---|---|---|
| Action Taken: | | |

| Signature of Managing Officer: | Date: |
|---|---|

DRC-2181 E (02/2019)

Page 1 of 3

DRC000006

**MSJ Bates # 000020**

# Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Joseph, Jason, D. | | SOCF | Mar 13, 2019 | ▮▮▮▮ |

| Incident Date | Incident Time | Incident Location | |
|---|---|---|---|
| Mar 13, 2019 | 10:15 AM | J1 1-5 range shower | |

Inmate(s) Involved:
Johnson 515-853

Type of Force:

☒ Reactive  ☐ Planned/TAC Force  ☐ Witness

Did you call for assistance?                    Did you use OC?    If yes, how many grams?

☐ Yes   ☒ No   If No, Why?                      ☐ Yes   ☒ No   Amount: _____

Sgt. Barney hit his alarm.

Did you use a baton (i.e.PR-24)?

☒ Yes   ☐ No

Did you utilize a less lethal device?

☐ Yes   ☒ No   If Yes, What Type: _____

Did you utilize a firearm?

☐ Yes   ☒ No   If Yes, make, model, serial # _____

Summarize the totality of the circumstances leading up to the Use of Force incident:

I was notified by Captain Whitman that I/M Johnson 515-853 was refusing to come out of the shower in J1. I Lt. Joseph responded to J1 to move inmate Johnson from the shower.

Describe the "immediate threat" present requiring force:

While attempting to get I/M Johnson out of the shower. He pulled his right hand free from the handcuffs. I immediately reached out and took control of Johnson's right hand to keep him from hitting me.

Describe the offender's ability and opportunity to cause harm to you or others:

Inmate Johnson had agreed to come out of the shower. I had the door opened and he then refused. I continued to order him to come out of the shower. He continued to refuse. The door was open and he pulled his right hand free from the cuffs.

Describe any and all reasonable efforts made to preclude the situation:

I ordered Inmate Johnson to exit the shower and he initially agreed, once I had the door opened he then refused and for approximately 5 minutes I attempted to get him to go into cell 1.

Describe your specific actions during the Use of Force:

I was notified by Captain Whitman that I/M Johnson 515-853 was refusing to come out of the shower in J1. I Lt. Joseph responded to J1 to move inmate Johnson from the shower at 10:15 am. I was also getting a statement from him for a use of force from earlier in the day. At 10:21 am I entered the range because inmate Johnson agreed to exit the shower. Once the door was opened he then refused to exit the shower and for approximately 5 minutes I attempted to get him to go into cell 1. He began to make movements as if he was attempting to pull his hands from the cuffs. He had his hands behind his back and I asked him what he was doing and ordered him to turn around. I observed him pull his right hand free from the handcuff. I immediately reacted and took control of his right hand as he attempted to hit me. We fell to the floor, Sgt. B. Barney had control of his left arm that still had the handcuff attached to it. Johnson continued to resist and was refusing all direct orders to put his hands behind his back. I hit inmate Johnson several times with closed fists strikes to his facial area attempting to get him to comply with my orders. He stood back up and Officers Spriggs was assisting to get Johnson under control. I pulled my PR-24 and delivered several forward spin strikes to his left thigh and he was placed back on the floor. Sgt. Barney and C/O S. Spriggs reapplied the handcuffs. Responding officers arrived and he was escorted out of the area by C/O J. Neff and C/O G. Fri. Be advised Inmate Johnson 515-853 had slipped his handcuffs and assaulted an Officer on 3/6/19.

| Signature: *Jason Joseph* | Date: 3-13-19 |
|---|---|

DRC-2181 E (02/2019)                                                      Page 1 of 3

# Use Of Force Report

| Name (Last, First, MI)<br>Neff, Josh, R | | Work Location<br>J-Corridor 1st Shift | Date<br>Mar 13, 2019 | OAKS ID<br>▮▮▮▮▮▮ |
|---|---|---|---|---|
| Incident Date<br>Mar 13, 2019 | Incident Time<br>10:30 AM | Incident Location<br>J-1 | | |
| Inmate(s) Involved:<br>Johnson A515853 | | | | |

**Type of Force:**

☒ Reactive    ☐ Planned/TAC Force    ☐ Witness

Did you call for assistance?

☐ Yes   ☒ No   If No, Why? | I was responding assistance. I escorted the inmate from the Shower.

Did you use OC? ☐ Yes ☒ No   If yes, how many grams? Amount: _____

Did you use a baton (i.e.PR-24)?

☐ Yes   ☒ No

Did you utilize a less lethal device?

☐ Yes   ☒ No   If Yes, What Type: _____

Did you utilize a firearm?

☐ Yes   ☒ No   If Yes, make, model, serial # _____

Summarize the totality of the circumstances leading up to the Use of Force incident:

SIR ON THE ABOVE DATE AND TIME I C/O NEFF RESPONDED TO A SIGNAL 3 IN J-1. AS I OPENED THE J-1 SOUTH DOOR OFFICER HITCH ADVICED ME THAT THEY NEEDED ASSISTANCE IN THE SHOWER. I C/O NEFF RESPONDED TO THE SHOWER AND ENTERED THE SHOWER TO HELP THE OTHER STAFF THAT WAS INVOLVED. UPON ENTERING THE SHOWER THE INMATE WAS ALREADY IN HANDCUFFS. I THEN PLACED MY HANDS ON THE INMATES ARM AN ASSISTED HIM TO HIS FEET. I THEN ESCORTED HIM OUT OF THE SHOWER ONTO THE RANGE. THE INMATE WAS THEN SENT TO MEDICAL. I THEN ESCORTED HIM TO THE J BLOCK SALLEYPORT AREA. THE INMATE WAS THEN ESCORTED TO THE INFIRMARY BY OTHER RESPONDING OFFICERS. NO OTHER FORCE WAS USED OR WITNESSED.

Describe the "immediate threat" present requiring force:

If I did not place the inmate in an escorting technique, the inmate would have had the opportunity to assault another staff member.

Describe the offender's ability and opportunity to cause harm to you or others:

The inmate has a history of assaultive behavior while in an out of restraints. The inmate was agitated and he just assaulted a staff member.

Describe any and all reasonable efforts made to preclude the situation:

There were no efforts made to de-escalate due to the inmate complying with orders to walk, however due to the inmates prior violent behavior, I still utilized an escort technique for my safety and others.

Describe your specific actions during the Use of Force:

I PLACED MY HANDS ON THE INMATES RIGHT ARM AN ASSISTED HIM TO HIS FEET. I THEN ESCORTED HIM OUT OF THE SHOWER ONTO THE RANGE. THE INMATE WAS THEN SENT TO MEDICAL, SO I ESCORTED HIM TO THE J BLOCK SALLEYPORT AREA WERE A FELOW OFFICER ESCORTED HIM TO THE INFIRMARY.

| Signature:<br>Joshua R. Neff | *[signature]* | Date:<br>3/13/2019 |
|---|---|---|

Action Taken:

DRC-2181 E (02/2019)                                                                 Page 1 of 3

DRC000008<br>**MSJ Bates # 000022**

# Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Barney, Brian, E | | SOCF | Mar 13, 2019 | ▆▆▆ |

| Incident Date | Incident Time | Incident Location | | |
|---|---|---|---|---|
| Mar 13, 2019 | 10:15 AM | J1 bottom range shower | | |

Inmate(s) Involved:
Johnson 515-853 J1-1

Type of Force:

☒ Reactive ☐ Planned/TAC Force ☐ Witness

Did you call for assistance?　　　　　　　　　　　　　　　　Did you use OC?　If yes, how many grams?

☒ Yes　☐ No　If No, Why?　　　　　　　　　　☐ Yes　☒ No　Amount: _____

Did you use a baton (i.e.PR-24)?

☐ Yes　☒ No

Did you utilize a less lethal device?

☐ Yes　☒ No　　If Yes, What Type: _____

Did you utilize a firearm?

☐ Yes　☒ No　　If Yes, make, model, serial # _____

Summarize the totality of the circumstances leading up to the Use of Force incident:

Inmate Johnson was refusing to come out of the shower and lock up.

Describe the "immediate threat" present requiring force:

Inmate Johnson slipped one of his hands out of the handcuffs and had the handcuffs around his other wrist and attempted to hit LT.

Describe the offender's ability and opportunity to cause harm to you or others:

Inmate Johnson made an aggressive move by slipping out of his handcuffs and trying to hit Lt Joesph and had the cuffs around one of his wrist which is a weapon.

Describe any and all reasonable efforts made to preclude the situation:

Inmate Johnson said he would go back to his cell but once the door opened inmate Johnson refused and Lt. Joesph talked to him for several minutes trying to get him to go back to his cell.

Describe your specific actions during the Use of Force:

Sir be advised I responded to J1 due to inmate Johnson refusing to go back to his cell from the shower. I went to the bottom shower with Lt Joesph and inmate Johnson stated that he would go back to his cell. The shower door was opened and inmate Johnson then refused to go to his cell. Lt Joesph talked to inmate Johnson for several minutes trying talk him into locking up. At his time inmate Johnson was cuffed behind his back but was moving around as if he was trying to slip out of his handcuffs. Lt Joesph gave inmate Johnson a direct order to turn around to see what he was doing. Inmate Johnson then slipped his right hand out of the cuffs and Lt Joesph took control of his hand as he was attempting to hit him. I then reacted and took control of his left hand and we fell to the floor. I then delivered several closed fist strikes to inmate Johnson midsection while i was giving him several direct orders to place his hands behind his back to be cuffed. Inmate Johnson was resisting and attempting to get up off the floor and refused all orders to place his hands behind his back. Inmate Johnson then stood back up while still unrestrained. I then delivered two more closed fist strikes to his midsection and we fell back to the floor. Myself and officer Spriggs placed cuffs back on inmate Johnson. Inmate Johnson was then assisted to his feet and escorted to the infirmary. Sir be advise the shower was on and floor was very slippery.

| Signature: | | Date: |
|---|---|---|
| Brian E Barney | *Brian Barney* | 3/13/2019 |

DRC-2181 E (02/2019)　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 3

DRC000009
**MSJ Bates # 000023**

# Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Spriggs Scott M | | J-1 | Mar 13, 2019 | ▆▆▆▆ |

| Incident Date | Incident Time | Incident Location |
|---|---|---|
| Mar 13, 2019 | 10:15 AM | J-1 South |

Inmate(s) Involved:
Johnson 515-853

Type of Force:

☒ Reactive    ☐ Planned/TAC Force    ☐ Witness

Did you call for assistance?                          Did you use OC?    If yes, how many grams?

☐ Yes    ☒ No    If No, Why?         ☐ Yes    ☒ No    Amount: _____

Sgt. Barney hit his alarm

Did you use a baton (i.e.PR-24)?

☐ Yes    ☒ No

Did you utilize a less lethal device?

☐ Yes    ☒ No    If Yes, What Type: _____

Did you utilize a firearm?

☐ Yes    ☒ No    If Yes, make, model, serial # _____

Summarize the totality of the circumstances leading up to the Use of Force incident:

I/M Johnson was refusing to come out of the shower.

Describe the "immediate threat" present requiring force:

I/M Johnson pulled his right hand free from his cuff, while the shower door was open.

Describe the offender's ability and opportunity to cause harm to you or others:

I/M Johnson had agreed to come out of the shower and Lt. Joseph had the shower door opened. At this time Lt. Joseph ordered him out of the shower and I/M Johnson refused. I/M Johnson pulled his right hand free from his cuff.

Describe any and all reasonable efforts made to preclude the situation:

Lt. Joseph had given multiple orders to exit the shower. I/M Johnson agreed to come out and refused when the shower door was opened. At this time Lt. Joseph continued to try and get I/M Johnson to go to cell 1.

Describe your specific actions during the Use of Force:

Lt. Joseph and Sgt. Barney was on the range giving I/M Johnson orders to exit the shower and go to his cell as I was on the steps waiting to instruct my partner when to close the cell door when I heard a commotion in the shower. I ran down the steps to the range were I seen Lt. Joseph and Sgt. Barney had entered the shower and were attempting to control I/M Johnson on the floor who had slipped his cuffs and was unrestrained. I immediately ran in to assist in restraining I/M Johnson, he was physically resisting orders to place his hands behind his back and cuff up. I/M Johnson got back up on his feet but was still not restrained. I continued to attempt to take control of I/M Johnson's arms as Lt. Joseph utilized his PR-24 to regain compliance. At this point we all went back to the floor and myself and Sgt. Barney were able to reapply the hand cuffs. Other responding staff arrived and assisted him to his feet and escorted him out of the block.

| Signature: Scott M Spriggs | *[signature]* | Date: 3/13/2019 |
|---|---|---|

Action Taken:

DRC-2181 E (02/2019)                                          Page 1 of 3

DRC000010

MSJ Bates # 000024

## Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Yates,Todd,W | | SOCF | Mar 13, 2019 | ▇▇▇▇ |
| Incident Date | Incident Time | Incident Location | | |
| Mar 13, 2019 | 10:40 AM | J1 shower | | |
| Inmate(s) Involved: johnson #515-853 | | | | |

Type of Force:

☒ Reactive ☐ Planned/TAC Force ☐ Witness

Did you call for assistance?  Did you use OC?  If yes, how many grams?

☐ Yes ☒ No If No, Why? ☐ Yes ☒ No Amount: _____

I was the assistance

Did you use a baton (i.e.PR-24)?

☐ Yes ☒ No

Did you utilize a less lethal device?

☐ Yes ☒ No If Yes, What Type: _____

Did you utilize a firearm?

☐ Yes ☒ No If Yes, make, model, serial # _____

Summarize the totality of the circumstances leading up to the Use of Force incident:

I responded to a signal 3 where I escorted inmate johnson #515-853 from j corridor to the infirmary

Describe the "immediate threat" present requiring force:

due to his behavior escorting techniques were used

Describe the offender's ability and opportunity to cause harm to you or others:

inmate being secured still has the ability to kick, spit and head butt

Describe any and all reasonable efforts made to preclude the situation:

escort technique was used to insure and maintain compliance

Describe your specific actions during the Use of Force:

On the above date and time I c.o. T. Yates responded to a signal 3 in J1. When I entered J1 I ran towards the shower where the incident had happened. I entered the shower on the bottom range I saw inmate johnson #515-853 was cuffed and being escorted out by J.Neff and G.fri. I c.o. Yates took over escort due to J.Neff working J corridor and could not abandon his post. I c.o. T.Yates escorted inmate johnson #515-853 from J corridor on his right side to the infirmary. Once in medical inmate johnson #515-853 refused medical treatment. Officer J.Henderson and G.Fri then escorted inmate johnson #515-853 from the infimary back to J1. No other force witnessed or used.

| Signature: _7-◯◯◯◯_ | Date: 3/13/2019 |
|---|---|

Action Taken:

form 2181, inmate seen by medical

| Signature of Managing Officer: | Date: |
|---|---|

DRC-2181 E (02/2019)  Page 1 of 3

DRC000011

**MSJ Bates # 000025**

# Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Fri,Garth,A | | SOCF | Mar 13, 2019 | ███ |

| Incident Date | Incident Time | Incident Location | | |
|---|---|---|---|---|
| Mar 13, 2019 | 10:28 AM | J1 1-5 shower | | |

**Inmate(s) Involved:**
I/M Johnson #515-853

**Type of Force:**

☒ Reactive ☐ Planned/TAC Force ☐ Witness

Did you call for assistance?

☐ Yes ☒ No If No, Why? I responded to call for assistance

Did you use OC? If yes, how many grams?

☐ Yes ☒ No Amount: _____

Did you use a baton (i.e.PR-24)?

☐ Yes ☒ No

Did you utilize a less lethal device?

☐ Yes ☒ No If Yes, What Type: _____

Did you utilize a firearm?

☐ Yes ☒ No If Yes, make, model, serial # _____

**Summarize the totality of the circumstances leading up to the Use of Force incident:**

I responded to a signal 3 in J1.

**Describe the "immediate threat" present requiring force:**

The I/M was stumbling and unable to safely walk to the infirmary due to OC usage.

**Describe the offender's ability and opportunity to cause harm to you or others:**

I/M could fall causing more harm to himself or others by falling.

**Describe any and all reasonable efforts made to preclude the situation:**

I/M was given several directives to walk and did not comply.

**Describe your specific actions during the Use of Force:**

I officer Fri responded to a signal 3 in J1, as I arrived I saw that I/M Johnson was cuffed and that several officers were attempting to assist him to his feet, I then helped him to his feet. I/M Johnson was stumbling due to the OC exposure and due to his previous assault on staff I used a escort technique by using my right hand on his left hand and my left hand on his left elbow to better control the inmate. I/M Johnson was taken to the infirmary to be checked for injuries. Once at the infirmary he was placed in the ER where he could be checked the nurses completed their medical check. I/M Johnson was seated in the chair where he was being compliant. Once the nurse practitioner checked him and decided he needed to have stitches in his left ear, he asked to have the I/M placed on the gurney myself and officers Henderson, Gregory, and Yates assisted him onto the gurney. I/M Johnson then became very agitated and refused medical treatment. I/M was then assisted off the gurney and returned to cell of J1-1 where his restraints were removed. During this incident I had gotten blood on my shirt at the end of the incident my shirt was replaced.

| Signature: | | Date: |
|---|---|---|
| Garth A. Fri | *Garth 2.* | 3/13/2019 |

Action Taken:

DRC-2181 E (02/2019)

Page 1 of 3

DRC000012

**MSJ Bates # 000026**

# Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Gregory, Elmer A. | | Infirmary | Mar 13, 2019 | ▮▮▮ |

| Incident Date | Incident Time | Incident Location | | |
|---|---|---|---|---|
| Mar 13, 2019 | 10:28 AM | Infirmary | | |

| Inmate(s) Involved: |
|---|
| Johnson A515853 |

Type of Force:

☐ Reactive        ☐ Planned/TAC Force        ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

I assisted C/O Fri with placing inmate Johnson A515853 on the bed so medical could do an assessment. Inmate Johnson A515853 refused medical treatment. No ▬▬ force was used or witnessed.

| Signature: *Elmer Gregory* | Date: 3-13-2019 |
|---|---|

Action Taken:

| Signature of Managing Officer: | Date: |
|---|---|

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)                                                                 Page 1 of 1

DRC000013
**MSJ Bates # 000027**

## Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Cuckler Charles M | | relief | Mar 13, 2019 | ███████ |

| Incident Date | Incident Time | Incident Location | |
|---|---|---|---|
| Mar 13, 2019 | 10:28 AM | J1 | |

Inmate(s) Involved:
Johnson # 515-853

Type of Force:

☐ Reactive ☐ Planned/TAC Force ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

Be advised on the above date and time i officer Cuckler responed to a signal 3 in J1 North door i seen officer Neff and Fri have inmate in an escorting technique no force seen or used END OF REPORT

| Signature: Charles M. Cuckler | *Charles M Cuckler* | Date: 3/13/2019 |
|---|---|---|

Action Taken:

| Signature of Managing Officer: | Date: |
|---|---|

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)  Page 1 of 1

DRC000014

**MSJ Bates # 000028**

## Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Cooper Randy D | | SOCF | Mar 13, 2019 | ███████ |

| Incident Date | Incident Time | Incident Location | | |
|---|---|---|---|---|
| Mar 13, 2019 | 10:28 AM | J1 | | |

Inmate(s) Involved:
Johnson # 515-853

Type of Force:

☐ Reactive          ☐ Planned/TAC Force          ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

Sir,on the stated date and time I officer R.Cooper responded to a signal 3 alarm in J1. As I entered the the J1 North door I seen officers Neff and Fri have inmate Johnson in an escorting technique and was escorting him out of the bottom range shower. No force witnessed.

| Signature: | | Date: |
|---|---|---|
| Randy Cooper | *Randy D Cooper* | 3/13/2019 |

Action Taken:

| Signature of Managing Officer: | Date: |
|---|---|
| | |

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)                                                                 Page 1 of 1

DRC000015
**MSJ Bates # 000029**

# Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Porter Robert J. | | SOCF | Mar 13, 2019 | ▓▓▓▓ |

| Incident Date | Incident Time | Incident Location |
|---|---|---|
| Mar 13, 2019 | 10:28 AM | J1 |

Inmate(s) Involved:
I/M Johnson #515-853

Type of Force:

☐ Reactive  ☐ Planned/TAC Force  ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

I c/o Porter responded to a signal 3 alarm in J1. When i arrived officer Neff had just entered into the shower where other officers were in a struggle with I/M Johnson. Him and other officers that were already present were able to gain control of the inmate. the inmate was then escorted by two officers to the infirmary. No Other force Witnessed

| Signature: | Date: |
|---|---|
| Robert Porter | 3/13/2019 |

Action Taken:

| Signature of Managing Officer: | Date: |
|---|---|

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)    Page 1 of 1

DRC000016
**MSJ Bates # 000030**

## Use Of Force Report

| Name (Last, First, MI) Adkins, Thomas L | | Work Location SOCF | Date Mar 13, 2019 | OAKS ID ███████ |
|---|---|---|---|---|
| Incident Date Mar 13, 2019 | Incident Time 10:28 AM | Incident Location J1 | | |
| Inmate(s) Involved: I/M Johnson 515-853 | | | | |

Type of Force:

☐ Reactive          ☐ Planned/TAC Force          ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

I C/O T Adkins responded to a signal 3 alarm in J1 when I arrived the situation was under control. I then went into the shower to assist with getting the I/M to his feet however when I got into the shower they had the I/M on his feet. The I/M was then escorted by other responding officers to the Infirmary. No force witnessed or used

| Signature: Thomas L. Adkins | Date: 3/13/2019 |
|---|---|

Action Taken:

| Signature of Managing Officer: | Date: |
|---|---|

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)                                                                 Page 1 of 1

DRC000017
**MSJ Bates # 000031**

## Use Of Force Report

| Name (Last, First, MI) Frantz B | | Work Location Escort | Date Mar 13, 2019 | OAKS ID ███████ |
|---|---|---|---|---|
| Incident Date Mar 13, 2019 | Incident Time 10:28 AM | Incident Location J1 North | | |
| Inmate(s) Involved: Johnson 515853 | | | | |

Type of Force:

☐ Reactive ☐ Planned/TAC Force ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

I officer Frantz responded to a signal 3 in J1 when I arrived officers Neff and Fri had Johnson in an escort technique, escorting him out of the block. no force was witnessed

| Signature: *B. Frantz* | Date: 3·13·19 |
|---|---|

Action Taken:

| Signature of Managing Officer: | Date: |
|---|---|

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)                                                            Page 1 of 1

**DRC000018**

**MSJ Bates # 000032**

## Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Little, Kristal | | S.O.C.F. | Mar 13, 2019 | ███████ |

| Incident Date | Incident Time | Incident Location | |
|---|---|---|---|
| Mar 13, 2019 | 10:40 AM | J1 Program Area | |

Inmate(s) Involved:
I/M Johnson 515-853

Type of Force:

☐ Reactive      ☐ Planned/TAC Force      ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

On 3/13/2019 at approximately 10:40 am I Lt. K. Little responded to a Signal 3 in J1. When I arrived to the J1 program area I observed Officers Fri & Neff escorting I/M Johnson 515-853 in an escorting technique out of J1. He was escorted out into J-Corridor and to the infirmary. I then went to the infirmary and assisted Lt. Eaches and Lt. Setty with getting I/M Johnson checked by medical. I then left medical and took Officer E. Gregory to the 3rd floor so he could exchange his shirt due to his shirt being exposed with blood. Officers G. Fri & T. Yates also exchanged their shirts due to being exposed with blood. All shirts placed in OSP Locker #1,2,3. End of Report

| Signature: Kristal D. Little | *Kristal Little* | Date: 3/13/2019 |
|---|---|---|

Action Taken:

| Signature of Managing Officer: | Date: |
|---|---|

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)                                                Page 1 of 1

DRC000019
**MSJ Bates # 000033**

## Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Henderson, Jason, R | | Socf | Mar 13, 2019 | ██████ |

| Incident Date | Incident Time | Incident Location | | |
|---|---|---|---|---|
| Mar 13, 2019 | 10:40 AM | CC3 | | |

| Inmate(s) Involved: |
|---|
| I/M Johnson 515-853 |

Type of Force:

☐ Reactive          ☐ Planned/TAC Force          ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

I c/o Henderson responded to a signal 3 situation in J-1 where I was held up at Control Center 3, while there I witnessed officer T. Yates and G. Fri escorting I/M Johnson to the infirmary. I C/O Henderson then was instructed to take a camera to the infirmary to have pictures taken of I/M Johnson, at this time I C/O Henderson witnessed I/M Johnson refuse medical treatment from medical staff. I C/O Henderson along with G. Fri then escorted I/M Johnson back to J-1 cell 1 without any further incident. Be advised that I did have hold I/M Johnson's left arm while escorting him in case he became non-compliant. I/M Johnson was compliant and no force was used or necessary by myself. No other force was used or witnessed.

| Signature: | Date: |
|---|---|
| Jason Henderson     *(signature)* | 3/13/2019 |

Action Taken:

| Signature of Managing Officer: | Date: |
|---|---|
| | |

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)                                                                 Page 1 of 1

DRC000020
**MSJ Bates # 000034**

# Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Moore, Allan, T | | C-Corridor | Mar 13, 2019 | ▇▇▇▇ |
| Incident Date | Incident Time | Incident Location | | |
| Mar 13, 2019 | 10:28 AM | J-1 | | |

Inmate(s) Involved:
Johnson 515-813 J1-1

Type of Force:

☐ Reactive  ☐ Planned/TAC Force  ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

Sir on the above date and time I C/O A. Moore responded to a signal 3 in J-1 when i arrived SGT B. Barney ant LT. J. Joseph was in the shower with I/M Johnson they were escorting him out of the shower officer G.Fry and officer Neff took hold of this I/M from them and escorted this I/M from the block out into the corridor once out in the corridor officer Neff asked officer Yates if he would take hold of this I/M from him and at which time officer Fry and officer Yates escorted this I/M to the infirmary to get checked please be advised no other force was used or witnessed

Signature: *Allan Moore*   Date: 3-13-19

Action Taken:

2181 written I/M was taken to infirmary to get checked

Signature of Managing Officer:   Date:

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)   Page 1 of 1

DRC000021
**MSJ Bates # 000035**

## Use Of Force Report

| Name (Last, First, MI) Setty, Robert, D | | Work Location SOCF | Date Mar 13, 2019 | OAKS ID ███████ |
|---|---|---|---|---|
| Incident Date Mar 14, 2019 | Incident Time 10:28 AM | Incident Location J1 | | |
| Inmate(s) Involved: Johnson 515853 | | | | |

Type of Force:

☐ Reactive          ☐ Planned/TAC Force          ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

I was in D2 when a signal #3 alarm call came over the radio. I responded. Just prior to my arrival at the J-block bullpen a "situation under control" call was announced. Shortly after this I observed IM Johnson 515853 J1-01 being escorted from the J1 corridor door into J-Corridor. Officer Garth Fri and Officer Todd Yates were physically escorting IM Johnson and maintaining control of him with escorting techniques. IM Johnson had blood on his t-shirt and around his mouth. At this time I followed these staff members and IM Johnson to the infirmary. Lt. J Eaches also accompanied us to the infirmary. Once at the infirmary IM Johnson was escorted to the ER and instructed to sit down on a chair. He complied. Escorting Officers Fri and Yates both asked for gloves at this time due to IM Johnson bleeding. I had a pair of the black latex gloves in my pocket and gave them to Officer Fri. Since there wasn't any more of the thicker black gloves in the ER, I walked to the Officer's desk and retrieved more gloves. I returned and gave Officer Yates a pair of gloves. IM Johnson was still seated in the chair. He was talking and fidgety and squirming around in the chair but otherwise being compliant. Sometime during this, Lt. Little also arrived in the ER. Medical was standing by to come in and evaluate him. IM Johnson was ordered to sit still in the chair and stop moving. He did comply and Medical came in and attempted to start their evaluation. IM Johnson began turning away from them and not allowing them to properly evaluate him. No amount of reasoning from staff or medical gained his compliance. Officer Henderson arrived with a camera for photos. At this time I felt there was plenty of staff presence to maintain control or respond to IM Johnson if necessary. Due to an issue in D2, I exited the infirmary while IM Johnson appeared to still be refusing to allow medical to treat him. A little while later after inmate Johnson was released from the infirmary, I was in C corridor where I observed Officer Fri and Officer J. Henderson escorting him back to J1. I observed both Officers with their hands on the arms of IM Johnson, but IM Johnson was being compliant and no force was witnessed by myself during this part of the incident.

| Signature: Robert D. Setty | *HRH Sth* | Date: 3/13/2019 |
|---|---|---|

Action Taken:

| Signature of Managing Officer: | Date: |
|---|---|
| | |

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)                                                                 Page 1 of 1

DRC000022

**MSJ Bates # 000036**

# Use Of Force Report

| Name (Last, First, MI) | | Work Location | | Date | OAKS ID |
|---|---|---|---|---|---|
| Adkins Brian r | | | | Mar 13, 2019 | ███████ |

| Incident Date | Incident Time | Incident Location | |
|---|---|---|---|
| Mar 13, 2019 | 10:30 AM | j1 | |

Inmate(s) Involved:
Johnson 515-853

Type of Force:

☐ Reactive          ☐ Planned/TAC Force          ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

Be advised on above date and time I responded to a signal 3 Sgt. barney in J1.when i arrived situation was under control. Inmate johnson was escorted out of J1 to infirmary.END OF REPORT

| Signature: | Date: |
|---|---|
| Brian Adkins | 3/13/2019 |

Action Taken:

| Signature of Managing Officer: | Date: |
|---|---|
| | |

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)                                                                 Page 1 of 1

DRC000023
**MSJ Bates # 000037**

## Use Of Force Report

| Name (Last, First, MI)<br>Mccallister, Todd M | Work Location<br>J1 | Date<br>Mar 13, 2019 | OAKS ID<br>███ |
|---|---|---|---|
| Incident Date<br>Mar 13, 2019 | Incident Time<br>10:30 AM | Incident Location<br>J1 | |

Inmate(s) Involved:
J1 Signal 3 Alarm, Sgt. Barney

Type of Force:

☐ Reactive ☐ Planned/TAC Force ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

I responded to a signal 3 alarm by Sgt. Barney in J1. When I arrived in J1 the inmate (Johnson 515-853 J1-1) was being escorted out of the shower and the situation was under control. He was escorted out of J1 and taken to the infirmary. EOR

| Signature:<br>Todd Mccallister | Date:<br>3/13/2019 |
|---|---|

Action Taken:

| Signature of Managing Officer: | Date: |
|---|---|

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)

Page 1 of 1

DRC000024
**MSJ Bates # 000038**

## Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Eaches,Jeremy, R | | SOCF | Mar 13, 2019 | ▮ |

| Incident Date | Incident Time | Incident Location | | |
|---|---|---|---|---|
| Mar 13, 2019 | 10:35 AM | C-CORR | | |

Inmate(s) Involved:
I/M JOHNSON #515-853

Type of Force:

☐ Reactive    ☐ Planned/TAC Force    ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

Sir, On the above date and time, after a signal three was called in J1 I Lt. Eaches saw C/O FRI and C/O Yates escorting I/M Johnson #515-853 down C-Corridor to the infirmary to be checked by medical due to his injuries sustained in J1 during the incident. I proceeded to the infirmary with them to be of assistance if needed. I/M Johnson was checked in medical and I Lt. Eaches took pictures of his injuries. I/M Johnson was assisted onto the bed in the E.R. so that medical could further check a cut near his ear. I/M Johnson then refused further treatment and refused to sign a refusal form. I/M Johnson was then escorted to J1-1 by C/O Fri and C/O Henderson and placed in the cell and I Lt. Eaches removed the cuffs from I/M Johnson without incident. No force was needed, used or witnessed during my involvement with I/M Johnson. End of report

Signature: _____  Date: 3-13-19

Action Taken:

DRC 2181 Written

Signature of Managing Officer: _____  Date:

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)                    Page 1 of 1

DRC000025
**MSJ Bates # 000039**

## Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Denner, Donald, L | | Barbershop | Mar 13, 2019 | ▮▮▮▮▮ |

| Incident Date | Incident Time | Incident Location | | |
|---|---|---|---|---|
| Mar 13, 2019 | 10:28 AM | J1 | | |

Inmate(s) Involved:
Johnson 515-853

Type of Force:

☐ Reactive      ☐ Planned/TAC Force      ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

On above date and time, I Correction Officer D. Denner responded from C-Corridor to a signal 3 that was called on the radio in J1. When I arrived in J1 the situation was under control. Officer Neff and Officer Fri was escorting inmate from J1 south bottom range shower through the south side door of J1 to the infirmary. No forced used or witnessed. End of report.

Signature: *Donald Denner*      Date: 3-13-19

Action Taken:

Signature of Managing Officer:      Date:

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)      Page 1 of 1

DRC000026

**MSJ Bates # 000040**

# Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Spriggs Scott M | | J-1 | Mar 13, 2019 | ████ |

| Incident Date | Incident Time | Incident Location | | |
|---|---|---|---|---|
| Mar 13, 2019 | 9:40 AM | J-1 south bottom range shower | | |

| Inmate(s) Involved: |
|---|
| Johnson 515-853 |

Type of Force:

☐ Reactive          ☐ Planned/TAC Force          ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

On the above date and time, Sgt Barney informed myself that I/M Johnson 513-853 had property he wasn't allowed to have with him being in RH status. I/M Johnson was placed in the shower and myself and Sgt Barney entered his cell to remove the property. I/m Johnson became irate and started calling Sgt Barney a mother fucker and yelling he was gonna spit on him when he come out of the cell. Sgt Barney exited the cell first and I heard OC being deployed. Myself and Sgt Barney then exited the range.

| Signature: | Date: |
|---|---|
| Scott M Spriggs | 3/13/2019 |

Action Taken:

| Signature of Managing Officer: | Date: |
|---|---|
| | |

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)                                                                 Page 1 of 1

DRC000027

**MSJ Bates # 000041**

## Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Hitch William | | J1 | Mar 13, 2019 | ███████ |

| Incident Date | Incident Time | Incident Location | | |
|---|---|---|---|---|
| Mar 13, 2019 | 9:40 AM | J1 North Shower | | |

Inmate(s) Involved:
Johnson 515853

Type of Force:

☐ Reactive          ☐ Planned/TAC Force          ☒ Witness

Explain in detail what you observed during this Use of Force Incident:

Sir on the above date and time I C/O Hitch was operating the console on the 1 thru 5 range I/M Johnson 515-853 J-1 cell#1was placed in the shower Sgt Barney went into inmates cell to shakedown while in the cell inmate Johnson 515-853 was being verbally abusive to Sgt Barney and saying he was going to spit on him. Sgt Barney was taking commissary from I/M Johnson because he was not to have it. When Sgt Barney came out of the cell I C/O Hitch heard a spitting sound and also heard OC being deployed into the shower. I then began to open windows.

Signature: William Hitch     Date: 3/13/19

Action Taken:

Signature of Managing Officer:     Date:

Distribution: ALL COPIES TO MANAGING OFFICER who will distribute appropriately.

DRC-2181 E (02/2019)     Page 1 of 1

DRC000028
**MSJ Bates # 000042**

# Inmate Use of Force Statement

Date: 3-13-19

| Inmate Name: Johnson | Number: 515-813 | Time: 10²⁰ |

I, Johnson _____, hereby make the following written voluntary statement concerning a Use of Force incident that I was involved in or witnessed on 3-13-19 at approximately 940 am/pm.

No statement ⟶ 7

Inmate Signature: Refused                          Date: 3-13-19

Staff Witness Signature: Lt. J Joseph, C/O          Date: 3-13-19

C/O Spriggs

DRC2737 (01/08)

DRC000029
MSJ Bates # 000043

# Inmate Use of Force Statement

Date: 3/13/19

| Inmate Name: Johnson | Number: 515 853 | Time: 450 pm |

I, _Johnson_ , hereby make the following written voluntary statement concerning a Use of Force incident that I was involved in or witnessed on ___3/13/19___ at approximately ___10²⁸___ am/pm.

C/o came to my cell and offered me a shower. Sgt Barney came into my cell and took all my commissary then walked out and mace OME. SGT Joseph came to get a UOF statement. He called for the shower door to be opened and they ran in an me. Then they took me to medical and tried to jump on me again.

MJ

| Inmate Signature: Michael Johnson | Date: 3/13/19 |
| Staff Witness Signature: | Date: 3/13/19 |

DRC2737 (01/08)

DRC000030

MSJ Bates # 000044

## Medical Exam Report

Facility: SOCF:Southern Ohio Correctional Facility

Date: 3/13/2019

Inmate Name: JOHNSON                                        Inmate Number: A515853

| Type of Event: | | Accident | | Fight | X | Use of Force | | Other | |
|---|---|---|---|---|---|---|---|---|---|

**Subjection Evaluation:**

Pt seen in shower for decontamination, pt states "I got sprayed in my mouth. I don't got no injuries but my face is burning"

**Objective Physical Findings:**

Healthy appearing adult male with agitated/aggressive demeanor, a/ox3, resp slightly labored, ambulatory with steady gait, perrla, face and eyes red and irritated, no injuries or acute distress observed or reported at this time

**Vital signs:**

r-20

**Treatment:**

Pt offered decontamination shower, pt educated on decontamination techniques, advised to notify staff of any changes or concerns r/t incident

| Nurse signature: | |
|---|---|
| Date: 3/13/2019 | Time:10:30am |

**Disposition:**

| | Released to Housing Unit | | Admit to Infirmary | | Transported to Hospital ER |
|---|---|---|---|---|---|
| X | Released to Segregation | | Referred to Physician | | |

DRC 5251 (Rev. 04/17)

DRC000031

Exhibit 3
MSJ Bates # 000045

Patient Name: MICHAEL,JOHNSON   DOB: 02/01/1982   Account No:   MRN: 907958221   BCI:B884951   InmateID:A515853



EYES/FACE
RED/IRRITATED

DRC000032
MSJ Bates # 000046

# Medical Exam Report

Facility: SOCF:Southern Ohio Correctional Facility

Date: 3/13/2019

Inmate Name: JOHNSON                                     Inmate Number: A515853

| Type of Event: | | Accident | | Fight | X | Use of Force | | Other |
|---|---|---|---|---|---|---|---|---|

**Subjection Evaluation:**

Pt uncooperative with staff and states "I want some real medical attention. I got a cut lip."

**Objective Physical Findings:**

Agitated, aggressive adult male, a/ox3, resp labored, ambulatory with steady gait, perrla, mild swelling to right cheek bone area, slight swelling and approx. 1cm laceration to left side of face, approx. 1cm laceration to left upper lip with slight edema, no active bleeding or s/s of infection present, no other injuries or distress observed or reported at this time

**Vital signs:**

bp-144/86, p-102, r-20, t-98.4

**Treatment:**

Pt brought to infirmary, wounds cleansed, pt seen by alp Conley, refused treatment by ALP (sutures to upper lip and left side of face), pt educated on possible outcomes r/t refusal of treatment, pt verbalized understanding stating "I'll take the stitches if you let me out of these cuffs", pt uncooperative and aggressive towards staff, pt returned to block after refusal of treatment, pt educated on s/s to report

| Nurse signature: | | |
|---|---|---|
| Date: 3/13/2019 | | Time:11:30am |

**Disposition:**

| | Released to Housing Unit | | Admit to Infirmary | | Transported to Hospital ER |
|---|---|---|---|---|---|
| X | Released to Segregation | | Referred to Physician | | |

DRC 5251 (Rev. 04/17)

DRC000033

**MSJ Bates # 000047**

Patient Name: MICHAEL,JOHNSON    DOB: 02/01/1982    Account No:    MRN: 907958221    BCI:B884951    InmateID:A515853



DRC000034
MSJ Bates # 000048

## Medical Exam Report

2ND MER

Facility: SOCF:Southern Ohio Correctional Facility

Date: 3/14/2019

Inmate Name: JOHNSON

Inmate Number: A515853

| Type of Event: | | Accident | | Fight | | Use of Force | X | Other |
|---|---|---|---|---|---|---|---|---|

**Subjection Evaluation:**

Subjective Pt presented with multiple complaints of injuries sustained yesterday (3/13). Pt previously refused treatment by CNP Conley noted in ECW, AMA completed. Pt seen today at cell front and brought to infirmary for further assessment and treatment.

**Objective Physical Findings:**

Adult male, a/ox3, resp easy/reg, ambulatory with steady gait, perrla, right eye red with bruising and swelling noted around it, left cheek bone area swollen yet non-tender on palpation with no s/s of fracture, upper and lower lip swollen with healing lacerations, approx. 1cm long laceration anterior to left ear, no active bleeding present, hand grips equal and strong, no swelling/bruising or tenderness to back of head, jaw in proper alignment, no other bruising, swelling or other injuries observed at this time, denies any fevers, chills, n/v, SOB, diaphoresis or any other concerns.

**Vital signs:**

bp-148/94, p-96, O2-97%, R-16

**Treatment:**

Pt brought to infirmary, assessment performed, wounds cleansed and dressed, tao applied, ice pass x 48 hrs and 2 bags ibuprofen sent to pt at evening med pass with instructions on proper use of ice and ibuprofen, pt referred to alp asap in am (3/15), educated on possible poor outcomes from refusing medical care, advised to follow medical instruction and notify staff immediately of any concerns or distress

| Nurse signature: | _Wait, RN_ |
|---|---|
| Date: 3/14/2019 | Time:3:10pm |

**Disposition:**

| | Released to Housing Unit | | Admit to Infirmary | | Transported to Hospital ER |
|---|---|---|---|---|---|
| | Released to Segregation | X | Referred to Physician | | |

DRC 5251 (Rev. 04/17)

DRC000035

**MSJ Bates # 000049**

# Medical Exam Report

| Name: ELIAN PARNEY | Inmate Number or Staff Member's Title: |
|---|---|
| Institution: SOCF | Date: 2/12/14 |

Type of Event: ☐ Accident ☐ Fight ☒ Use of Force ☐ Other _____

Subjective Evaluation: "I SPRAYED THE INMATE I AM SORRY"

Objective Physical Findings: ███████████████████████████
████████████

Nurse's Assessment: ███████████

Treatment: ████████████████

| Nurse's Printed Name: LAURA HART | Title: NURSE 1 |
|---|---|
| Nurse's Signature: | Date/Time: 2/12/14  11a |

**Inmate Disposition:**

☐ Released to Housing Unit   ☐ Admitted to Infirmary   ☐ Transported to Hospital ER
☐ Released to Segregation   ☐ Referred to Physician

**Staff Disposition:**

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

DISTRIBUTION IF **INMATE**:   WHITE - Inmate Medical Record   CANARY - Security   PINK - (if accident) Health & Safety
DISTRIBUTION IF **EMPLOYEE**:   WHITE - Employee   CANARY - Security   PINK - (if accident) Health & Safety
DRC 5251 (Rev. 02/16)

DRC000036

**MSJ Bates # 000050**

# Medical Exam Report

| Name: JOSH NEFF | Inmate Number or Staff Member's Title: Co |
|---|---|
| Institution: SOCF | Date: 3/13/19 |

Type of Event: ☐ Accident  ☐ Fight  ☒ Use of Force  ☐ Other _____

Subjective Evaluation: I'M ALL GOOD

Objective Physical Findings: ███████████████████████████
███████████

Nurse's Assessment: ███████████

Treatment: ███████████

| Nurse's Printed Name: SARA HART | Title: NURSE I |
|---|---|
| Nurse's Signature: | Date/Time: 3/13/19  12:__ |

**Inmate Disposition:**

☐ Released to Housing Unit  ☐ Admitted to Infirmary  ☐ Transported to Hospital ER
☐ Released to Segregation  ☐ Referred to Physician

**Staff Disposition:**

████████████████████████████████████████
████████████████████████████████████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

DISTRIBUTION IF **INMATE**:  WHITE - Inmate Medical Record  CANARY - Security  PINK - (if accident) Health & Safety
DISTRIBUTION IF **EMPLOYEE**:  WHITE - Employee  CANARY - Security  PINK - (if accident) Health & Safety
DRC 5251 (Rev. 02/16)

DRC000037

**MSJ Bates # 000051**

# Medical Exam Report

| Name: GARTH FRI | Inmate Number or Staff Member's Title: CO |
|---|---|
| Institution: SOCF | Date: 2/13/11 |

Type of Event:  ☐ Accident   ☐ Fight   ☒ Use of Force   ☐ Other _____

Subjective Evaluation: _I M OKAY   NO INJURIES_

Objective Physical Findings: ██████████████████████
████████

Nurse's Assessment: _████████_

Treatment: _████████_

| Nurse's Printed Name: Laura Huer | Title: NURSE I |
|---|---|
| Nurse's Signature: | Date/Time: 2/13/11   12p |

## Inmate Disposition:

☐ Released to Housing Unit     ☐ Admitted to Infirmary      ☐ Transported to Hospital ER
☐ Released to Segregation      ☐ Referred to Physician

## Staff Disposition:

███████████████████████████████████████

| DISTRIBUTION IF **INMATE**: | WHITE - Inmate Medical Record | CANARY - Security | PINK - (if accident) Health & Safety |
|---|---|---|---|
| DISTRIBUTION IF **EMPLOYEE**: | WHITE - Employee | CANARY - Security | PINK - (if accident) Health & Safety |

DRC 5251 (Rev. 02/16)

DRC000038

**MSJ Bates # 000052**

# Medical Exam Report

| Name: Yates, Todd | Inmate Number or Staff Member's Title: CO |
|---|---|
| Institution: SOCF | Date: 3-13-19 |

**Type of Event:** ☐ Accident ☐ Fight ☑ Use of Force ☐ Other _____

**Subjective Evaluation:** _Escorted inmate from J-corridor to infirmary. Denies any injuries_

**Objective Physical Findings:** ██████████████████████████

████████

**Nurse's Assessment:** ████████████████████

**Treatment:** ██████████████████████████████

| Nurse's Printed Name: Teresa M. Hill | Title: RN |
|---|---|
| Nurse's Signature: _(signature)_ | Date/Time: 3-13-19  _(time)_ |

## Inmate Disposition:

☐ Released to Housing Unit ☐ Admitted to Infirmary ☐ Transported to Hospital ER
☐ Released to Segregation ☐ Referred to Physician

## Staff Disposition:

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

DISTRIBUTION IF **INMATE:** WHITE - Inmate Medical Record   CANARY - Security   PINK - (if accident) Health & Safety
DISTRIBUTION IF **EMPLOYEE:** WHITE - Employee   CANARY - Security   PINK - (if accident) Health & Safety
DRC 5251 (Rev. 02/16)

DRC000039

**MSJ Bates # 000053**

# Medical Exam Report

| Name: SCOTT SPRIGGS | Inmate Number or Staff Member's Title: CO |
|---|---|
| Institution: JCF | Date: 3/12/14 |

Type of Event: ☐ Accident ☐ Fight ☒ Use of Force ☐ Other _____

Subjective Evaluation: MY LEFT ARM IS TINGLING FROM THE ELBOW DOWN

Objective Physical Findings: ███████████████████████████████████

Nurse's Assessment: ████████████████████

Treatment: ████████████████████████████

| Nurse's Printed Name: LAUREN HUET | Title: NURSE I |
|---|---|
| Nurse's Signature: | Date/Time: 3/12/14  12p |

**Inmate Disposition:**

☐ Released to Housing Unit ☐ Admitted to Infirmary ☐ Transported to Hospital ER

☐ Released to Segregation ☐ Referred to Physician

**Staff Disposition:**

████████████████████████████████████

████████████████████████████████████

DISTRIBUTION IF INMATE: WHITE - Inmate Medical Record CANARY - Security PINK - (if accident) Health & Safety
DISTRIBUTION IF EMPLOYEE: WHITE - Employee CANARY - Security PINK - (if accident) Health & Safety
DRC 5251 (Rev. 02/16)

DRC000040

**MSJ Bates # 000054**

# Medical Exam Report

| Name: _Barney, Brian_ | Inmate Number or Staff Member's Title: _Sgt._ |
|---|---|
| Institution: _SOCF_ | Date: _3/12/19_ |

Type of Event: ☐ Accident  ☐ Fight  ☑ Use of Force  ☐ Other _____

Subjective Evaluation: _Was in altercation with IM Johnson when he slipped his cuffs to ___ ___ scratch on ____

Objective Physical Findings: ████████████████

████████████████

Nurse's Assessment: ████████████████

Treatment: ████████████████

| Nurse's Printed Name: _Teresa K. Hill_ | Title: _RN_ |
|---|---|
| Nurse's Signature: _Hill_ | Date/Time: _3-13-19  1105am_ |

## Inmate Disposition:
☐ Released to Housing Unit    ☐ Admitted to Infirmary    ☐ Transported to Hospital ER
☐ Released to Segregation    ☐ Referred to Physician

## Staff Disposition:
████████████████

████████████████

DISTRIBUTION IF **INMATE**:    WHITE - Inmate Medical Record    CANARY - Security    PINK - (if accident) Health & Safety
DISTRIBUTION IF **EMPLOYEE**:    WHITE - Employee    CANARY - Security    PINK - (if accident) Health & Safety
DRC 5251 (Rev. 02/16)

DRC000041

**MSJ Bates # 000055**

# Medical Exam Report

| Name: JASEN JOSEPH | Inmate Number or Staff Member's Title: LA |
|---|---|
| Institution: TCF | Date: 3/12/19 |

Type of Event:  ☐ Accident  ☐ Fight  ☒ Use of Force  ☐ Other _____

Subjective Evaluation: I/M JOHNSON ATTEMPTED TO ASSAULT ME AND I INJURED MY SHOULDER AND ELBOW

Objective Physical Findings: █████████████████████████████████

████████████████████████████████████████████████████████

Nurse's Assessment: ████████████████████████████

_____

Treatment: ████████████████████████████████

| Nurse's Printed Name: LOUISE HUNT | Title: NURSE 1 |
|---|---|
| Nurse's Signature: | Date/Time: 3/12/11  12p |

**Inmate Disposition:**
☐ Released to Housing Unit     ☐ Admitted to Infirmary     ☐ Transported to Hospital ER
☐ Released to Segregation       ☐ Referred to Physician

**Staff Disposition:**

████████████████████████████████████████████████████

██████████████████████████████████████████

DISTRIBUTION IF **INMATE**:     WHITE - Inmate Medical Record     CANARY - Security     PINK - (if accident) Health & Safety
DISTRIBUTION IF **EMPLOYEE**:   WHITE - Employee                  CANARY - Security     PINK - (if accident) Health & Safety
DRC 5251 (Rev. 02/16)

DRC000042

**MSJ Bates # 000056**

| Report of Change to Conditions of Confinement, TO: Warden | Institution<br>Southern Ohio Correctional Facility | |
|---|---|---|

| Inmate Name:<br>Johnson | Inmate Number:<br>A-515853 | MH Level:<br>C1 |
|---|---|---|
| Date of Placement:<br>Mar 13, 2019 | Time:<br>8:30 AM | |

**Violation(s) Involved:**
60/6

**Name of Citing or Charging Official:**
Sgt. B. Barney

Inmate is being placed in:

☐ a. Limited Privilege Housing Investigation (LPHI)- An investigation is required prior to issuance of a rule violation notice or an administrative action.

☐ b. Limited Privilege Housing (LPH)- There is a threat or danger to the security of the institution, inmates, staff, institutional property, or the inmate himself or threat of disruption of the orderly operation of the institution or inmate is being placed as the result of a disciplinary hearing for _____ days.

State Reason: _____

-OR-

☒ It has been determined that due to the seriousness of the alleged behavior, an override to the LPH placement is warranted as it is insufficient to maintain a reasonable level of safety, therefore the inmate is being placed in Restrictive Housing (RH) until further action can be taken.

Clearly state why Limited Privilege Housing is not sufficient:

Attempting to spit on Sgt. Barney

Was Medical/Mental Health notified of placement?  ☒ Yes  ☐ No  Date: Mar 13, 2019  Time: 8:30 AM

Names of person in Medical/Mental Health notified of placement: L. Hart/K. Jenkins

Name of the supervisor who authorized a change to the conditions of confinement:

| Name:<br>J. D. Whitman | Title:<br>Cpt. | Date:<br>Mar 13, 2019 |
|---|---|---|

☐ Review within 24 hours by higher authority

| Deputy Warden of Operation or Designated Higher Authority | Title: | Date: |
|---|---|---|

☐ Approved  ☐ Denied

☐ Telephone Approval

If released before RIB hearing:

| Time of Release: | Date of Release: | Authorized By: |
|---|---|---|

DRC-4019 E (02/2017)

DRC000043

**MSJ Bates # 000057**

# Ohio | Department of Rehabilitation & Correction

**Mike DeWine**, Governor
**Annette Chambers-Smith**, Director

## INMATE DISCIPLINE HISTORY



**Inmate #:**  A515853

**Name:**  JOHNSON, MICHAEL

**Institution:**  TOCI

**Lock:**  D4/W/006B

**Race:**  BLACK

**DOB:**  ▉1982

**INCARCERATED - 08/21/2019 - ADMIN. TRANSFER**

| DATE OF OFFENSE | CASE # | CASE STATUS | STATUS UPDATED DATE | RULES VIOLATED |
|---|---|---|---|---|
| 02/02/2022 | TOCI-22-000569 | CLOSED - Warden's Decision | 02/21/2022 | 39 |
| 01/15/2022 | TOCI-22-000227 | CLOSED - Warden's Decision | 02/07/2022 | 06,49 |
| 01/02/2022 | TOCI-22-000030 | CLOSED – Closed at Hearing Officer Level | 01/09/2022 | 26 |
| 12/14/2021 | TOCI-21-008578 | CLOSED - Warden's Decision | 01/13/2022 | 23 |
| 12/09/2021 | TOCI-21-008483 | CLOSED – Closed at Hearing Officer Level | 12/21/2021 | 21 |
| 11/25/2021 | TOCI-21-008259 | CLOSED - Warden's Decision | 01/13/2022 | ,04 |
| 09/23/2021 | TOCI-21-006679 | CLOSED – Closed at Hearing Officer Level | 09/30/2021 | 21 |
| 04/28/2021 | TOCI-21-002816 | CLOSED - Warden's Decision | 05/10/2021 | 20,21 |
| 04/28/2021 | TOCI-21-002815 | CLOSED – Closed at Hearing Officer Level | 05/04/2021 | 51 |
| 04/28/2021 | TOCI-21-002806 | CLOSED - Warden's Decision | 07/07/2021 | 19 |
| 03/17/2021 | TOCI-21-001656 | CLOSED – Closed at Hearing Officer Level | 03/18/2021 | 21 |
| 10/13/2020 | TOCI-20-007513 | CLOSED – Closed at Hearing Officer Level | 11/01/2020 | 23 |
| 09/15/2020 | TOCI-20-006820 | CLOSED – Closed at Hearing Officer Level | 09/20/2020 | 49,51 |
| 09/15/2020 | TOCI-20-006819 | CLOSED - Warden's Decision | 10/09/2020 | 19 |

DRC000044

Exhibit 3
**MSJ Bates # 000058**

| | | | | |
|---|---|---|---|---|
| 09/04/2020 | TOCI-20-006569 | CLOSED – Closed at Hearing Officer Level | 09/20/2020 | 21,35 |
| 06/29/2020 | TOCI-20-004929 | CLOSED – Closed at Hearing Officer Level | 08/28/2020 | 26 |
| 06/26/2020 | TOCI-20-004863 | CLOSED – Closed at Hearing Officer Level | 08/28/2020 | 21 |
| 05/20/2020 | TOCI-20-003676 | CLOSED – Closed at Hearing Officer Level | 06/21/2020 | 26 |
| 04/10/2019 | SOCF-19-001170 | CLOSED – Warden's Decision (No Appeal / Completed) | 04/21/2019 | 08,26,07 |
| 03/13/2019 | SOCF-19-000831 | CLOSED – Warden's Decision (No Appeal / Completed) | 03/22/2019 | 04,20,21 |
| 03/13/2019 | SOCF-19-000830 | CLOSED – Warden's Decision (No Appeal / Completed) | 03/22/2019 | 60,06 |
| 03/06/2019 | SOCF-19-000762 | CLOSED – Director's Decision – Upheld | 05/09/2019 | 05,21,30 |
| 02/20/2019 | SOCF-19-000602 | CLOSED – Closed at Hearing Officer Level | 03/25/2019 | 09,08,21 |
| 02/08/2019 | SOCF-19-000485 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/25/2019 | 21 |
| 02/08/2019 | SOCF-19-000456 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/25/2019 | 20,21 |
| 02/08/2019 | SOCF-19-000458 | CLOSED – Closed at Hearing Officer Level | 02/21/2019 | 49,18 |
| 11/23/2018 | SOCF-18-004004 | CLOSED – Warden's Decision (No Appeal / Completed) | 11/29/2018 | 08,21 |
| 09/26/2018 | SOCF-18-003322 | CLOSED – Warden's Decision (No Appeal / Completed) | 10/09/2018 | 06,60 |
| 09/01/2018 | SOCF-18-003019 | CLOSED – Closed at Hearing Officer Level | 09/05/2018 | 21,49 |
| 07/01/2018 | SOCF-18-002182 | CLOSED – Closed at Hearing Officer Level | 07/03/2018 | 07,61 |
| 06/09/2018 | SOCF-18-001946 | CLOSED – Warden's Decision (No Appeal / Completed) | 06/18/2018 | 07,06 |
| 04/19/2018 | SOCF-18-001359 | CLOSED – Closed at Hearing Officer Level | 04/24/2018 | 08,21,26 |
| 03/10/2018 | SOCF-18-000828 | CLOSED – Warden's Decision (No Appeal / Completed) | 03/28/2018 | 20,21,26,08 |
| 10/13/2017 | SOCF-17-003796 | CLOSED – Warden's Decision (No Appeal / Completed) | 10/26/2017 | 08,21,26 |
| 09/25/2017 | SOCF-17-003515 | CLOSED – Closed at Hearing Officer Level | 11/14/2017 | 23,35,26 |
| 07/12/2017 | SOCF-17-002519 | CLOSED – Warden's Decision (No Appeal / Completed) | 07/14/2017 | 21 |
| 06/29/2017 | SOCF-17-002318 | CLOSED – Closed at Hearing Officer Level | 07/11/2017 | 26,18,20 |
| 06/24/2017 | SOCF-17-002258 | CLOSED – Warden's Decision (No Appeal / Completed) | 07/03/2017 | 21,26 |
| 06/24/2017 | SOCF-17-002256 | CLOSED – Warden's Decision (No Appeal / Completed) | 07/03/2017 | 08,18 |
| 06/15/2017 | SOCF-17-002146 | CLOSED – Closed at Hearing Officer Level | 06/20/2017 | 23 |
| 05/28/2017 | SOCF-17-001917 | CLOSED – Warden's Decision (No Appeal / Completed) | 06/03/2017 | 19,21 |
| 05/26/2017 | SOCF-17-001850 | CLOSED – Closed at Hearing Officer Level | 06/01/2017 | 35 |
| 03/17/2017 | SOCF-17-000961 | CLOSED – Closed at Hearing Officer Level | 03/21/2017 | 26,61 |
| 01/22/2017 | SOCF-17-000282 | CLOSED – Director's Decision – Upheld | 03/08/2017 | 19,20,21 |
| 12/09/2016 | SOCF-16-004113 | CLOSED – Closed at Hearing Officer Level | 12/12/2016 | 35,22 |
| 09/29/2016 | SOCF-16-003303 | CLOSED – Closed at Hearing Officer Level | 09/30/2016 | 18,21 |
| 02/22/2016 | SOCF-16-000568 | CLOSED – Closed at Hearing Officer Level | 02/23/2016 | 27 |
| 02/21/2016 | SOCF-16-000522 | CLOSED – Warden's Decision (No Appeal / Completed) | 03/07/2016 | 60,07,21 |
| 09/23/2015 | SOCF-15-002848 | CLOSED – Closed at Hearing Officer Level | 09/29/2015 | 08,26 |
| 09/14/2015 | SOCF-15-002737 | CLOSED – Director's Decision – Upheld | 10/02/2015 | 20,21,36 |
| 09/14/2015 | SOCF-15-002733 | CLOSED – Closed at Hearing Officer Level | 09/18/2015 | 08 |
| 08/17/2015 | SOCF-15-002418 | CLOSED – Director's Decision – Upheld | 09/01/2015 | 19 |

DRC000045

**MSJ Bates # 000059**

| | | | | |
|---|---|---|---|---|
| 03/16/2015 | SOCF-15-000809 | CLOSED – Closed at Hearing Officer Level | 03/18/2015 | 60,07,21 |
| 03/16/2015 | SOCF-15-000813 | CLOSED – Closed at Hearing Officer Level | 03/18/2015 | 49,51 |
| 03/07/2015 | SOCF-15-000725 | CLOSED – Closed at Hearing Officer Level | 03/09/2015 | 07 |
| 02/13/2015 | SOCF-15-000499 | CLOSED – Closed at Hearing Officer Level | 02/19/2015 | 07,60 |
| 12/15/2014 | SOCF-14-003562 | CLOSED – Closed at Hearing Officer Level | 12/16/2014 | 21 |
| 12/10/2014 | SOCF-14-003511 | CLOSED – Warden's Decision (No Appeal / Completed) | 01/05/2015 | 06,07,60 |
| 12/05/2014 | SOCF-14-003426 | CLOSED – Closed at Hearing Officer Level | 12/09/2014 | 21,08,26 |
| 10/10/2014 | SOCF-14-002868 | CLOSED – Warden's Decision (No Appeal / Completed) | 11/05/2014 | 06,07,61 |
| 09/17/2014 | SOCF-14-002650 | CLOSED – Closed at Hearing Officer Level | 09/19/2014 | 21,26 |
| 09/08/2014 | SOCF-14-002540 | CLOSED – Closed at Hearing Officer Level | 09/09/2014 | 21,49,61 |
| 08/28/2014 | SOCF-14-002446 | CLOSED – Director's Decision – Upheld | 09/30/2014 | 06,08,20 |
| 06/26/2014 | SOCF-14-001799 | CLOSED – Closed at Hearing Officer Level | 07/11/2014 | 21,26,61 |
| 04/28/2014 | SOCF-14-001225 | CLOSED – Closed at Hearing Officer Level | 04/29/2014 | 08,18,21,61 |
| 03/24/2014 | OSP-14-000761 | CLOSED – Closed at Hearing Officer Level | 03/30/2014 | 21 |
| 03/22/2014 | OSP-14-000750 | CLOSED – Closed at Hearing Officer Level | 03/30/2014 | 61 |
| 03/22/2014 | OSP-14-000749 | CLOSED – Warden's Decision (No Appeal / Completed) | 04/29/2014 | 04,20 |
| 03/17/2014 | OSP-14-000712 | CLOSED – Closed at Hearing Officer Level | 03/21/2014 | 21 |
| 02/28/2014 | OSP-14-000613 | CLOSED – Closed at Hearing Officer Level | 03/14/2014 | 21,49 |
| 02/25/2014 | OSP-14-000590 | CLOSED – Closed at Hearing Officer Level | 03/04/2014 | 21,26,61 |
| 02/25/2014 | OSP-14-000582 | CLOSED – Closed at Hearing Officer Level | 03/07/2014 | 26 |
| 02/24/2014 | OSP-14-000580 | CLOSED – Closed at Hearing Officer Level | 02/28/2014 | 21 |
| 02/17/2014 | OSP-14-000514 | CLOSED – Closed at Hearing Officer Level | 02/19/2014 | 49 |
| 02/17/2014 | OSP-14-000513 | CLOSED – Closed at Hearing Officer Level | 02/28/2014 | 21 |
| 02/17/2014 | OSP-14-000512 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/28/2014 | 26,08,06 |
| 02/13/2014 | OSP-14-000472 | CLOSED – Closed at Hearing Officer Level | 02/21/2014 | 21 |
| 02/13/2014 | OSP-14-000471 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/28/2014 | 08 |
| 02/11/2014 | OSP-14-000461 | CLOSED – Closed at Hearing Officer Level | 02/19/2014 | 21 |
| 02/10/2014 | OSP-14-000456 | CLOSED – Closed at Hearing Officer Level | 02/20/2014 | 21,61 |
| 02/10/2014 | OSP-14-000454 | CLOSED – Closed at Hearing Officer Level | 02/19/2014 | 21,61 |
| 02/08/2014 | OSP-14-000435 | CLOSED – Closed at Hearing Officer Level | 02/19/2014 | 21 |
| 02/05/2014 | OSP-14-000414 | CLOSED – Closed at Hearing Officer Level | 02/07/2014 | 21 |
| 02/05/2014 | OSP-14-000415 | CLOSED – Closed at Hearing Officer Level | 02/07/2014 | 21,26,32 |
| 02/02/2014 | OSP-14-000380 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/12/2014 | 21 |
| 02/02/2014 | OSP-14-000378 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/12/2014 | 20,21,49 |
| 01/31/2014 | OSP-14-000360 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/12/2014 | 08,21,26 |
| 01/31/2014 | OSP-14-000358 | CLOSED – Closed at Hearing Officer Level | 02/03/2014 | 21,26,27 |
| 01/29/2014 | OSP-14-000343 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/12/2014 | 08 |

DRC000046

**MSJ Bates # 000060**

| 01/26/2014 | OSP-14-000295 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/07/2014 | 21,08 |
| 01/09/2014 | OSP-14-000090 | CLOSED – Closed at Hearing Officer Level | 01/21/2014 | 21 |
| 12/07/2013 | OSP-13-002720 | CLOSED – Closed at Hearing Officer Level | 12/11/2013 | 21 |
| 11/24/2013 | OSP-13-002598 | CLOSED – Closed at Hearing Officer Level | 11/26/2013 | 08,21 |
| 10/29/2013 | OSP-13-002352 | CLOSED – Closed at Hearing Officer Level | 11/06/2013 | 21,32 |
| 09/03/2013 | OSP-13-001926 | CLOSED – Warden's Decision (No Appeal / Completed) | 09/16/2013 | 04,20,21 |
| 09/03/2013 | OSP-13-001928 | CLOSED – Warden's Decision (No Appeal / Completed) | 09/16/2013 | 04,20 |
| 09/02/2013 | OSP-13-001913 | CLOSED – Warden's Decision (No Appeal / Completed) | 09/06/2013 | 07 |
| 08/28/2013 | OSP-13-001872 | CLOSED – Warden's Decision (No Appeal / Completed) | 09/06/2013 | 08,21,26 |
| 08/09/2013 | OSP-13-001757 | CLOSED – Closed at Hearing Officer Level | 08/16/2013 | 26 |
| 06/28/2013 | OSP-13-001471 | CLOSED – Closed at Hearing Officer Level | 07/09/2013 | 21 |
| 06/10/2013 | OSP-13-001347 | CLOSED – Warden's Decision (No Appeal / Completed) | 06/19/2013 | 21,04 |
| 05/31/2013 | OSP-13-001273 | CLOSED – Closed at Hearing Officer Level | 06/03/2013 | 49,51 |
| 05/29/2013 | OSP-13-001259 | CLOSED – Closed at Hearing Officer Level | 06/03/2013 | 21,26 |
| 05/25/2013 | OSP-13-001213 | CLOSED – Warden's Decision (No Appeal / Completed) | 05/31/2013 | 04,20 |
| 05/16/2013 | OSP-13-001101 | CLOSED – Closed at Hearing Officer Level | 05/31/2013 | 21,26 |
| 04/30/2013 | OSP-13-000986 | CLOSED – Closed at Hearing Officer Level | 05/07/2013 | 20,21,26 |
| 04/20/2013 | OSP-13-000906 | CLOSED – Closed at Hearing Officer Level | 04/29/2013 | 21 |
| 04/19/2013 | OSP-13-000901 | CLOSED – Closed at Hearing Officer Level | 04/29/2013 | 21 |
| 04/18/2013 | OSP-13-000887 | CLOSED – Closed at Hearing Officer Level | 04/29/2013 | 21 |
| 04/14/2013 | OSP-13-000865 | CLOSED – Closed at Hearing Officer Level | 04/22/2013 | 21 |
| 04/12/2013 | OSP-13-000843 | CLOSED – Closed at Hearing Officer Level | 04/22/2013 | 21,26 |
| 04/11/2013 | OSP-13-000834 | CLOSED – Closed at Hearing Officer Level | 04/19/2013 | 21,26 |
| 04/07/2013 | OSP-13-000811 | CLOSED – Closed at Hearing Officer Level | 04/10/2013 | 21,26,49 |
| 04/07/2013 | OSP-13-000808 | CLOSED – Closed at Hearing Officer Level | 04/10/2013 | 21,26 |
| 04/07/2013 | OSP-13-000807 | CLOSED – Closed at Hearing Officer Level | 04/10/2013 | 21,49 |
| 04/05/2013 | OSP-13-000790 | CLOSED – Closed at Hearing Officer Level | 04/10/2013 | 21 |
| 04/01/2013 | OSP-13-000762 | CLOSED – Closed at Hearing Officer Level | 04/08/2013 | 21 |
| 03/31/2013 | OSP-13-000753 | CLOSED – Closed at Hearing Officer Level | 04/02/2013 | 21 |
| 03/27/2013 | OSP-13-000726 | CLOSED – Warden's Decision (No Appeal / Completed) | 04/02/2013 | 08,26 |
| 03/26/2013 | OSP-13-000716 | CLOSED – Closed at Hearing Officer Level | 04/01/2013 | 21 |
| 03/25/2013 | OSP-13-000707 | CLOSED – Warden's Decision (No Appeal / Completed) | 04/02/2013 | 21,20 |
| 03/24/2013 | OSP-13-000696 | CLOSED – Closed at Hearing Officer Level | 03/27/2013 | 21,49 |
| 03/22/2013 | OSP-13-000677 | CLOSED – Closed at Hearing Officer Level | 03/27/2013 | 21,51 |
| 03/19/2013 | OSP-13-000649 | CLOSED – Closed at Hearing Officer Level | 03/21/2013 | 21,26 |
| 03/14/2013 | OSP-13-000616 | CLOSED – Warden's Decision (No Appeal / Completed) | 03/20/2013 | 20 |
| 03/11/2013 | OSP-13-000600 | CLOSED – Closed at Hearing Officer Level | 03/15/2013 | 51 |
| 03/11/2013 | OSP-13-000599 | CLOSED – Warden's Decision (No Appeal / Completed) | 03/20/2013 | 07,04 |

DRC000047
MSJ Bates # 000061

| | | | | |
|---|---|---|---|---|
| 03/02/2013 | OSP-13-000537 | CLOSED – Closed at Hearing Officer Level | 03/08/2013 | 21,26 |
| 02/27/2013 | OSP-13-000500 | CLOSED – Closed at Hearing Officer Level | 03/04/2013 | 21,26 |
| 01/11/2013 | OSP-13-000082 | CLOSED – Closed at Hearing Officer Level | 01/16/2013 | 21,26,27 |
| 12/24/2012 | OSP-12-003007 | CLOSED – Warden's Decision (No Appeal / Completed) | 01/02/2013 | 20,21 |
| 12/21/2012 | OSP-12-002988 | CLOSED – Warden's Decision (No Appeal / Completed) | 01/02/2013 | 07 |
| 12/16/2012 | OSP-12-002955 | CLOSED – Closed at Hearing Officer Level | 12/20/2012 | 21,26 |
| 12/14/2012 | OSP-12-002932 | CLOSED – Closed at Hearing Officer Level | 12/20/2012 | 08,26 |
| 12/09/2012 | OSP-12-002883 | CLOSED – Closed at Hearing Officer Level | 12/13/2012 | 21 |
| 12/05/2012 | OSP-12-002846 | CLOSED – Warden's Decision (No Appeal / Completed) | 12/10/2012 | 04 |
| 11/28/2012 | OSP-12-002778 | CLOSED – Closed at Hearing Officer Level | 12/03/2012 | 32 |
| 11/27/2012 | OSP-12-002768 | CLOSED – Closed at Hearing Officer Level | 12/07/2012 | 51 |
| 11/27/2012 | OSP-12-002767 | CLOSED – Warden's Decision (No Appeal / Completed) | 12/05/2012 | 21 |
| 11/27/2012 | OSP-12-002763 | CLOSED – Closed at Hearing Officer Level | 12/03/2012 | 21,26 |
| 11/26/2012 | OSP-12-002759 | CLOSED – Closed at Hearing Officer Level | 11/29/2012 | 49,21 |
| 11/20/2012 | OSP-12-002715 | CLOSED – Closed at Hearing Officer Level | 11/29/2012 | 21 |
| 11/18/2012 | OSP-12-002687 | CLOSED – Closed at Hearing Officer Level | 11/27/2012 | 21 |
| 11/11/2012 | OSP-12-002632 | CLOSED – Warden's Decision (No Appeal / Completed) | 11/26/2012 | 21 |
| 11/10/2012 | OSP-12-002619 | CLOSED – Closed at Hearing Officer Level | 11/16/2012 | 08,21,26 |
| 10/31/2012 | OSP-12-002551 | CLOSED – Closed at Hearing Officer Level | 11/05/2012 | 21,26 |
| 10/27/2012 | OSP-12-002514 | CLOSED – Closed at Hearing Officer Level | 11/08/2012 | 21 |
| 10/05/2012 | OSP-12-002344 | CLOSED – Closed at Hearing Officer Level | 10/09/2012 | 21,26 |
| 09/19/2012 | OSP-12-002245 | CLOSED – Closed at Hearing Officer Level | 09/24/2012 | 21 |
| 09/06/2012 | OSP-12-002162 | CLOSED – Warden's Decision (No Appeal / Completed) | 09/29/2012 | 08,21,27 |
| 09/02/2012 | OSP-12-002136 | CLOSED – Warden's Decision (No Appeal / Completed) | 09/29/2012 | 08,21 |
| 08/08/2012 | OSP-12-001959 | CLOSED – Closed at Hearing Officer Level | 08/13/2012 | 21 |
| 08/07/2012 | OSP-12-001954 | CLOSED – Closed at Hearing Officer Level | 08/10/2012 | 21 |
| 07/31/2012 | OSP-12-001906 | CLOSED – Warden's Decision (No Appeal / Completed) | 08/30/2012 | 26,08,07 |
| 07/20/2012 | OSP-12-001808 | CLOSED – Warden's Decision (No Appeal / Completed) | 08/28/2012 | 07,21,26,05 |
| 07/14/2012 | OSP-12-001769 | CLOSED – Closed at Hearing Officer Level | 07/20/2012 | 21,26 |
| 06/17/2012 | OSP-12-001543 | CLOSED – Closed at Hearing Officer Level | 06/18/2012 | 21,27 |
| 06/16/2012 | OSP-12-001525 | CLOSED – Warden's Decision (No Appeal / Completed) | 07/27/2012 | 08,21 |
| 06/07/2012 | OSP-12-001453 | CLOSED – Closed at Hearing Officer Level | 06/18/2012 | 26 |
| 06/07/2012 | OSP-12-001444 | CLOSED – Warden's Decision (No Appeal / Completed) | 07/23/2012 | 08,21 |
| 06/06/2012 | OSP-12-001433 | CLOSED – Closed at Hearing Officer Level | 06/07/2012 | 21 |
| 06/02/2012 | OSP-12-001372 | CLOSED – Closed at Hearing Officer Level | 06/07/2012 | 21,26 |
| 05/16/2012 | OSP-12-001200 | CLOSED – Closed at Hearing Officer Level | 05/30/2012 | 08,21,26 |
| 05/01/2012 | OSP-12-001057 | CLOSED – Closed at Hearing Officer Level | 05/14/2012 | 21,26 |

DRC000048

**MSJ Bates # 000062**

| | | | | |
|---|---|---|---|---|
| 03/09/2012 | OSP-12-000653 | CLOSED – Closed at Hearing Officer Level | 03/23/2012 | 08 |
| 03/05/2012 | OSP-12-000622 | CLOSED – Warden's Decision (No Appeal / Completed) | 03/21/2012 | 08,26 |
| 03/02/2012 | OSP-12-000585 | CLOSED – Closed at Hearing Officer Level | 03/07/2012 | 26,21 |
| 02/24/2012 | OSP-12-000524 | CLOSED – Closed at Hearing Officer Level | 02/27/2012 | 26 |
| 02/03/2012 | OSP-12-000305 | CLOSED – Closed at Hearing Officer Level | 02/08/2012 | 26,08 |
| 02/02/2012 | OSP-12-000292 | CLOSED – Closed at Hearing Officer Level | 02/20/2012 | 08,21,26 |
| 02/02/2012 | OSP-12-000291 | CLOSED – Closed at Hearing Officer Level | 02/20/2012 | 08,21,26 |
| 01/24/2012 | OSP-12-000205 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/19/2012 | 21,26,49 |
| 01/21/2012 | OSP-12-000177 | CLOSED – Closed at Hearing Officer Level | 01/25/2012 | 21 |
| 01/21/2012 | OSP-12-000175 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/14/2012 | 08,21,26 |
| 01/16/2012 | OSP-12-000138 | CLOSED – Closed at Hearing Officer Level | 01/25/2012 | 21 |
| 01/13/2012 | OSP-12-000095 | CLOSED – Warden's Decision (No Appeal/Completed) with LC | 02/14/2012 | 03,08 |
| 01/13/2012 | OSP-12-000087 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/14/2012 | 08 |
| 01/12/2012 | OSP-12-000081 | CLOSED – Closed at Hearing Officer Level | 01/17/2012 | 26 |
| 01/12/2012 | OSP-12-000077 | CLOSED – Closed at Hearing Officer Level | 01/20/2012 | 21 |
| 01/08/2012 | OSP-12-000053 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/02/2012 | 21 |
| 01/05/2012 | OSP-12-000038 | CLOSED – Closed at Hearing Officer Level | 01/11/2012 | 26 |
| 01/04/2012 | OSP-12-000029 | CLOSED – Closed at Hearing Officer Level | 01/09/2012 | 26 |
| 01/01/2012 | OSP-12-000004 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/02/2012 | 26,08 |
| 12/31/2011 | OSP-11-002717 | CLOSED – Closed at Hearing Officer Level | 01/20/2012 | 21 |
| 12/31/2011 | OSP-11-002718 | CLOSED – Warden's Decision (No Appeal / Completed) | 01/25/2012 | 08,26 |
| 12/30/2011 | OSP-11-002707 | CLOSED – Warden's Decision (No Appeal / Completed) | 01/25/2012 | 08,26 |
| 12/30/2011 | OSP-11-002706 | CLOSED – Warden's Decision (No Appeal / Completed) | 01/25/2012 | 26 |
| 12/06/2011 | OSP-11-002530 | CLOSED – Closed at Hearing Officer Level | 12/13/2011 | 21,61 |
| 11/24/2011 | OSP-11-002449 | CLOSED – Warden's Decision (No Appeal / Completed) | 12/27/2011 | 49,08 |
| 11/21/2011 | OSP-11-002436 | CLOSED – Warden's Decision (No Appeal / Completed) | 12/27/2011 | 20 |
| 11/18/2011 | OSP-11-002417 | CLOSED – Closed at Hearing Officer Level | 11/22/2011 | 21 |
| 11/10/2011 | OSP-11-002367 | CLOSED – Closed at Hearing Officer Level | 11/14/2011 | 08,61 |
| 11/06/2011 | OSP-11-002341 | CLOSED – Warden's Decision (No Appeal / Completed) | 12/22/2011 | 21,07 |
| 11/06/2011 | OSP-11-002342 | CLOSED – Warden's Decision (No Appeal / Completed) | 12/21/2011 | 03,20 |
| 11/04/2011 | OSP-11-002332 | CLOSED – Warden's Decision (No Appeal / Completed) | 12/20/2011 | 21 |
| 10/31/2011 | OSP-11-002304 | CLOSED – Closed at Hearing Officer Level | 11/21/2011 | 26 |
| 10/21/2011 | OSP-11-002225 | CLOSED – Closed at Hearing Officer Level | 10/28/2011 | 26 |
| 09/13/2011 | OSP-11-001971 | CLOSED – Closed at Hearing Officer Level | 09/15/2011 | 21 |
| 09/05/2011 | OSP-11-001906 | CLOSED – Closed at Hearing Officer Level | 09/15/2011 | 27,49 |
| 08/26/2011 | OSP-11-001799 | CLOSED – Warden's Decision (No Appeal / Completed) | 09/15/2011 | 04,26,21,51 |
| 08/24/2011 | OSP-11-001780 | CLOSED – Closed at Hearing Officer Level | 08/29/2011 | 51 |
| 08/16/2011 | OSP-11-001731 | CLOSED – Warden's Decision (No Appeal / Completed) | 09/22/2011 | 04,21 |

DRC000049

**MSJ Bates # 000063**

| | | | | |
|---|---|---|---|---|
| 08/13/2011 | OSP-11-001714 | CLOSED – Closed at Hearing Officer Level | 08/16/2011 | 21 |
| 08/01/2011 | OSP-11-001611 | CLOSED – Closed at Hearing Officer Level | 08/02/2011 | 20,21 |
| 07/16/2011 | OSP-11-001495 | CLOSED – Closed at Hearing Officer Level | 07/26/2011 | 21 |
| 07/14/2011 | OSP-11-001483 | CLOSED – Warden's Decision (No Appeal / Completed) | 09/02/2011 | 04,20 |
| 07/09/2011 | OSP-11-001433 | CLOSED – Warden's Decision (No Appeal / Completed) | 08/26/2011 | 08 |
| 07/05/2011 | OSP-11-001397 | CLOSED – Closed at Hearing Officer Level | 07/17/2011 | 08,26 |
| 07/03/2011 | OSP-11-001377 | CLOSED – Closed at Hearing Officer Level | 07/07/2011 | 08 |
| 06/26/2011 | OSP-11-001319 | CLOSED – Warden's Decision (No Appeal / Completed) | 07/19/2011 | 08 |
| 06/14/2011 | OSP-11-001211 | CLOSED – Closed at Hearing Officer Level | 06/16/2011 | 08,26 |
| 06/02/2011 | OSP-11-001108 | CLOSED – Closed at Hearing Officer Level | 06/07/2011 | 51 |
| 04/21/2011 | OSP-11-000800 | CLOSED – Closed at Hearing Officer Level | 04/26/2011 | 08,26 |
| 01/22/2011 | OSP-11-000166 | CLOSED – Closed at Hearing Officer Level | 01/24/2011 | 08,26 |
| 11/17/2010 | OSP-10-001579 | CLOSED – Warden's Decision (No Appeal / Completed) | 11/30/2010 | 04,49 |
| 11/14/2010 | OSP-10-001574 | CLOSED – Closed at Hearing Officer Level | 11/16/2010 | 21 |
| 10/16/2010 | OSP-10-001435 | CLOSED – Director's Decision – Upheld | 11/05/2010 | 08,26 |
| 09/25/2010 | OSP-10-001295 | CLOSED – Warden's Decision (No Appeal / Completed) | 10/26/2010 | 08,26 |
| 08/19/2010 | OSP-10-001116 | CLOSED – Closed at Hearing Officer Level | 08/29/2010 | 07,20 |
| 08/18/2010 | OSP-10-001073 | CLOSED – Closed at Hearing Officer Level | 08/22/2010 | 51 |
| 07/30/2010 | OSP-10-000980 | CLOSED – Director's Decision – Upheld | 08/26/2010 | 26,08 |
| 07/20/2010 | OSP-10-000929 | CLOSED – Closed at Hearing Officer Level | 07/22/2010 | 27 |
| 07/18/2010 | OSP-10-000910 | CLOSED – Closed at Hearing Officer Level | 07/28/2010 | 08,26 |
| 07/04/2010 | OSP-10-000849 | CLOSED – Closed at Hearing Officer Level | 07/13/2010 | 21,26 |
| 07/02/2010 | OSP-10-000845 | CLOSED – Closed at Hearing Officer Level | 07/13/2010 | 21,26 |
| 07/01/2010 | OSP-10-000842 | CLOSED – Closed at Hearing Officer Level | 07/13/2010 | 08,26 |
| 06/15/2010 | OSP-10-000774 | CLOSED – Warden's Decision (No Appeal / Completed) | 07/19/2010 | 08,26 |
| 09/08/2009 | SOCF-09-004536 | CLOSED – Warden's Decision (No Appeal / Completed) | 10/05/2009 | 07 |
| 08/19/2009 | SOCF-09-004216 | CLOSED – Warden's Decision (No Appeal / Completed) | 10/23/2009 | 07 |
| 08/03/2009 | SOCF-09-003905 | CLOSED – Closed at Hearing Officer Level | 08/20/2009 | 21,24c,26 |
| 04/19/2009 | SOCF-09-002530 | CLOSED – Warden's Decision (No Appeal / Completed) | 06/16/2009 | 04,20 |
| 04/18/2009 | SOCF-09-002087 | CLOSED – Closed at Hearing Officer Level | 04/28/2009 | 09,21 |
| 02/25/2009 | SOCF-09-001059 | CLOSED – Warden's Decision (No Appeal / Completed) | 03/30/2009 | 60,06,20 |
| 02/21/2009 | SOCF-09-000996 | CLOSED – Warden's Decision (No Appeal / Completed) | 03/30/2009 | 60,06,07,26 |
| 12/22/2008 | SOCF-08-006583 | CLOSED – Warden's Decision (No Appeal / Completed) | 01/15/2009 | 06,08,20 |
| 12/18/2008 | SOCF-08-006499 | CLOSED – Warden's Decision (No Appeal / Completed) | 12/26/2008 | 43 |
| 12/17/2008 | SOCF-08-006489 | CLOSED – Warden's Decision (No Appeal / Completed) | 12/22/2008 | 07,08,26 |
| 11/10/2008 | SOCF-08-005922 | CLOSED – Director's Decision – Upheld | 01/12/2009 | 08,20,21,26 |
| 10/29/2008 | SOCF-08-005741 | CLOSED – Warden's Decision (No Appeal / Completed) | 11/25/2008 | 08,20,21 |

DRC000050

**MSJ Bates # 000064**

| | | | | |
|---|---|---|---|---|
| 10/29/2008 | SOCF-08-005738 | CLOSED – Closed at Hearing Officer Level | 11/06/2008 | 18,26 |
| 09/27/2008 | SOCF-08-005237 | CLOSED – Warden's Decision (No Appeal / Completed) | 11/28/2008 | 05,30 |
| 08/06/2008 | SOCF-08-004339 | CLOSED – Director's Decision – Upheld | 09/17/2008 | 07 |
| 06/30/2008 | LECI-08-004582 | CLOSED – Closed at Hearing Officer Level | 07/21/2008 | 08,26 |
| 05/16/2008 | LECI-08-003590 | CLOSED – Warden's Decision (No Appeal / Completed) | 06/17/2008 | 26,49 |
| 05/15/2008 | LECI-08-003555 | CLOSED – Warden's Decision (No Appeal / Completed) | 06/03/2008 | 07,21 |
| 05/03/2008 | LECI-08-003205 | CLOSED – Closed at Hearing Officer Level | 05/09/2008 | 21 |
| 04/30/2008 | LECI-08-003178 | CLOSED – Warden's Decision (No Appeal / Completed) | 05/14/2008 | 24 |
| 04/24/2008 | LECI-08-003005 | CLOSED – Warden's Decision (No Appeal / Completed) | 04/30/2008 | 21,26 |
| 03/04/2008 | LECI-08-001607 | CLOSED – Director's Decision – Upheld | 04/11/2008 | 26 |
| 02/28/2008 | LECI-08-001489 | CLOSED – Director's Decision – Upheld | 04/10/2008 | 08,26 |
| 02/21/2008 | LECI-08-001323 | CLOSED – Warden's Decision (No Appeal / Completed) | 02/26/2008 | 23 |
| 01/04/2008 | LECI-08-000131 | CLOSED – Warden's Decision (No Appeal / Completed) | 01/15/2008 | 08 |
| 12/31/2007 | LECI-08-000017 | CLOSED - Warden's Decision - Disposition Modified | 01/06/2008 | 26 |
| 12/28/2007 | LECI-07-008116 | CLOSED – Closed at Hearing Officer Level | 01/02/2008 | 60 |
| 12/26/2007 | LECI-07-007984 | CLOSED – Closed at Hearing Officer Level | 12/28/2007 | 21,51 |
| 12/20/2007 | LECI-07-007879 | CLOSED – Warden's Decision (No Appeal / Completed) | 01/02/2008 | 26 |
| 10/01/2007 | LECI-07-005780 | CLOSED – Warden's Decision (No Appeal / Completed) | 10/11/2007 | 21 |
| 09/16/2007 | LECI-07-005481 | CLOSED – Closed at Hearing Officer Level | 09/20/2007 | 21 |
| 08/28/2007 | LECI-07-005089 | CLOSED – Warden's Decision (No Appeal / Completed) | 09/19/2007 | 18 |
| 07/20/2007 | LECI-07-004180 | CLOSED – Warden's Decision (No Appeal / Completed) | 07/27/2007 | 23 |
| 07/12/2007 | LECI-07-004009 | CLOSED – Warden's Decision (No Appeal / Completed) | 07/19/2007 | 26 |
| 04/14/2007 | LECI-07-002309 | CLOSED – Warden's Decision (No Appeal / Completed) | 04/22/2007 | 18 |
| 03/12/2007 | LECI-07-001748 | CLOSED – Closed at Hearing Officer Level | 03/22/2007 | 35 |
| 02/28/2007 | LECI-07-001500 | CLOSED – Closed at Hearing Officer Level | 03/02/2007 | 35,50 |
| 12/25/2006 | LECI-06-002879 | CLOSED – Closed at Hearing Officer Level | 12/28/2006 | 21 |
| 11/25/2006 | LECI-06-002211 | CLOSED – Warden's Decision (No Appeal / Completed) | 12/11/2006 | 35 |

DRC000051
MSJ Bates # 000065

# Conduct Report

| Institution: SOCF | | SOCF-19-000762 |
|---|---|---|

| Name: JOHNSON, MICHAEL | | Number: A515853 | Lock: E/J1/01 |
|---|---|---|---|

| Date/Offense: 03/06/2019 | Time/Offense: 05:01 PM | Location: J2 South Range | |
|---|---|---|---|

**Rule(s) Violated:** 05,21,30

Causing, or attempting to cause, physical harm to another with a weapon, Disobedience of a direct order; Removing or escaping from physical restraints (handcuffs, leg irons, etc.) or any confined area within an institution (cell, recreation area, strip cell, vehicle, etc.)

**Supporting Facts (Describe what occurred and how the inmate violated the rule[s]):**

I Officer Wellman, was escorting inmate Johnson #515-853 from the shower to his cell J2-59. Once the inmate was inside his cell he then became more aggravated that the cell door was not closing as fast as he wanted it to close. I told the inmate to be patient because an inmate was being processed in the stripcage. The inmate stated that he was going to attempt to get out of the cuffs because he was tired of waiting. I gave the inmate a direct order to stand still until I told him him otherwise. At this time the inmate stated "Fuck That" and started attempting to remove his hands from the cuffs. I then deployed O.C. to the facial region of the inmate. The inmate was able to forcibly remove one of his hands out of the cuffs. I gave the inmate direct orders to place his hands on the wall until the cell door was closed. The inmate began trying to force his hand other hand out of the cuffs. I continued to spray the inmate, the inmate was able to forcibly remove his other hand from the cuff as the cell door was closing and at this time used the cuffs as a weapon by throwing the cuffs towards my face and hitting me below my left eye as the cell door became secure. The inmate ran to the back of the cell stating "There is more where that came from." The inmate grabbed objects from the back of his cell.

(Use Conduct Report Supplement sheet, if needed)

As the Charging Official, do you wish to have input into the disciplinary proceedings?  ☐ Yes  ☑ No

| Printed Name: Wellman, Travis | Signature: *[signature]* | |
|---|---|---|
| Shift: 2nd | Days Off: M/T | Date: 03/06/2019 |

A copy of this conduct report was
served upon the above-named inmate on: _____ March, 08 _____ 20 __19__ , at 09:06 AM.

Staff Signature: *Sgt [signature]*

I acknowledge receipt of the conduct report on the above stated date and time:

| Inmate Signature: *Refused To Sign* | Number: A515853 |
|---|---|

**DRC000052**

**MSJ Bates # 000066**

DRC 4018 (rev 12/05)  DISTRIBUTION:   WHITE - RIB   CANARY - Unit File   PINK - RIB Board   GOLD - Inmate   ACA 4214 through 4236, 4269

# Conduct Report Supplement

| Institution: | | |
|---|---|---|
| | SOCF | SOCF-19-000762 |
| Name: | | Number: |
| | JOHNSON, MICHAEL | A515853 |

I continued to use O.C. spray towards the inmate until the inmate dropped what he had and ran to the front of his cell with a blanket. This allowed me enough time to locate and secure the cuffs before exiting the range.

Signature of Reporting Officer: *[signature]*

DRC 4255 (3/98)  DISTRIBUTION:   WHITE - RIB   CANARY - Unit File   PINK - RIB Board   GOLD - Inmate

DRC000054

MSJ Bates # 000068

# HEARING OFFICER'S REPORT

| Inmate Name: JOHNSON, MICHAEL | Number: A515853 |
|---|---|
| Date of Violation: 03/06/2019 | Date of Hearing: 03/08/2019 |

Was the conduct report accurately completed?  ☑ Yes  ☐ No - If No  ☐ Return  ☐ Withdraw  ☐ Modify

Is the inmate currently on the mental health caseload or does the inmate show signs of serious mental illness *(If Yes, complete DRC-2530)*?

☑ Yes  ☐ No

Has the inmate been informed of the rule violation and the facts alleged in support of the violation?

☑ Yes  ☐ No

Has the inmate been informed of his right to be heard in his own defense?  ☑ Yes  ☐ No

**Inmate Plea:**  ☐ GUILTY

| Rule: | Rule: | Rule: | Rule: | Rule: | Rule: |
|---|---|---|---|---|---|

☑ NOT GUILTY

| Rule: 05 | Rule: 21 | Rule: 30 | Rule: | Rule: | Rule: |
|---|---|---|---|---|---|

**Inmate's Statement:**
NO STATEMENT INMATE REFUSED TO HEAR TICKET SO HEARING OFFICER ENTERED A NOT GUILTY PLEA

**Other Statement/Evidence:**
SEE CONDUCT REPORT/INCIDENT REPORT DVR-097-19

**Finding:**
REFER TO SMP

☑ Based on these findings there is reason to believe that a rule violation occurred and the matter should be referred to the Rules Infraction Board. *(Proceed to complete referral to RIB)*

☐ Based on these findings, the Hearing Officer finds reason to believe that the accused inmate violated Rule: _____ and that disposition by the hearing officer is appropriate. Therefore the Hearing Officer imposes the following disposition:
REFER TO SMP

| Hearing Officer's Signature: *SGT Walter Day* | Date: 03/08/2019 |
|---|---|

DRC000055
**MSJ Bates # 000069**

DRC4020 (REV 12/05)

ACA 4214 through 4236

## CHAIRMAN OF
## THE RULES INFRACTION BOARD - REVIEW

| RIB Case Number: |
| --- |
| SOCF-19-000762 |

Disposition of the Hearing Officer is:      ☐ Affirmed                    ☐ Reversed

☐ Modified as indicated below      ☐ Returned for reconsideration

Comments:

| Chairman, Rules Infraction Board (or Designee): | Date: |
| --- | --- |

DRC4020 Back

DRC000057

**MSJ Bates # 000071**

# Rule Violation - Inmate Rights

I, the undersigned inmate, do hereby knowingly and voluntarily make the following statement concerning rights afforded me under Rule 5120-9-07 of the Administrative Code. I have been charged with violating:

RULE(S)  05,21,30          VIOLATION DATED  03/06/2019

I ☐ WAIVE ☑ DO NOT WAIVE  my rights to 24 hours between the time I received a copy of the conduct report and the time I have my hearing before the RIB.

I ☐ WAIVE ☑ DO NOT WAIVE  the presence of the charging official at my RIB hearing.

I ☐ WAIVE ☑ DO NOT WAIVE  my right to request a reasonable number of witnesses to testify at my RIB hearing, subject to the discretion of the chairman. If inmate has **not** waived witnesses:

| Number of Witnesses: | Names of Witnesses: |
|---|---|
| | |

I ☐ have been informed that a conviction could result in the loss of earned credit that otherwise could have been awarded or may have previously been earned, as authorized by Ohio Revised Code 2967.193 (B).

| Inmate Signature: *Refused to sign* | Number: A515853 | Date: 03/08/2019 |
|---|---|---|

# Rules Infraction Board - Staff Assistance

| Name: JOHNSON, MICHAEL | Number: A515853 | Lock: E/J1/01 | RIB Case Number: SOCF-19-000762 |
|---|---|---|---|

The above-named inmate appeared before this Hearing Officer on the below date, based on my personal observation and conversation with this inmate, in my opinion:

☑ DOES ☐ DOES NOT  require staff assistance in preparing his answer to the charge(s) against him.

☐ He is illiterate

☐ He has a language problem

☐ He has a physical disability which renders him incapable of handling his own defense

☐ He has a mental problem

☐ The complexity of the charge(s) warrant assistance

☐ Other - Explain: _____

| Hearing Officer's Signature: *Sgt. Walker Davy* | Date: 03/08/2019 |
|---|---|

To the Rules Infraction Board Chairman: If the above box denoting the inmate REQUIRES staff assistance is checked, staff assistance shall be provided.

| Staff Member Assigned: |
|---|
| |

| Chairman - RIB Signature: | Date: |
|---|---|
| | |

DRC 4022 (Rev. 12/05)                             ACA 4214 through 4236

**DRC000058**
**MSJ Bates # 000072**

# Record of Proceedings of Rules Infraction Board

| RIB Case Number: SOCF-19-000762 | Inmate Number: A515853 |
|---|---|

1. Was the inmate informed of the right to be heard in his own behalf?  ☐ Yes  ☑ No

2. Was the inmate-defendant and each witness called before the board instructed to be truthful to the board and notified that there is a penalty for making untruthful statements?  ☐ Yes  ☑ No

3. Did any person other than a board member participate in the discussion of the board's findings? (if yes, explain)  ☐ Yes  ☑ No

inmate refused to attend hearing

4. List the names of all witnesses who testified before the board:

Are summaries of their testimony enclosed? (if no, explain)  ☑ Yes  ☐ No

We certify that this is a true record of the proceedings of the Rules Infraction Board:

| Signed: *C Sn* | ☑ Guilty | ☐ Not Guilty |
|---|---|---|
| Signed: *Rachel Huff* | ☑ Guilty | ☐ Not Guilty |
| Member: | ☐ Guilty | ☐ Not Guilty |

DRC4025 (Rev. 12/05)

ACA 4214 through 4236

DRC000059
MSJ Bates # 000073

# Testimony of Accused Inmate
# at Rules Infraction Board

| Inmate Accused of Violation: | | Number: | |
|---|---|---|---|
| JOHNSON, MICHAEL | | A515853 | |

| Institution: | Date: | RIB Case Number: |
|---|---|---|
| SOCF | 03/27/2019 | SOCF-19-000762 |

Statement:
inmate refused to attend hearing

*I have read the above and find that it is an accurate summary of testimony before the Rules Infraction Board.*

| Secretary, Rules Infraction Board: *Rachel Huff* |
|---|

☑ *I have read the above and find that it is an accurate summary of testimony before the Rules Infraction Board.*

| Inmate Accused Of Violation: *[signature]* CS | | Number: |
|---|---|---|
| | | A515853 |

☐ *I have read the above - it is Not true and accurate for the following reasons;*

| Inmate Accused Of Violation: | Number: |
|---|---|
| | |

DRC000060

**MSJ Bates # 000074**

DRC4190 (03/04)

DRC000061

MSJ Bates # 000075

# Notice of Disciplinary Appeal to Warden / Designee

| Institution: | | RIB Case Number: | |
|---|---|---|---|
| | TOCI | | SOCF-19-000762 |
| Inmate Name: | | Number: | |
| | JOHNSON, MICHAEL | | A515853 |

Warden:

I am appealing the decision of the Rule Infraction Board on ....... which I violated the following Rule(s) *(Inmate has 7 days from the date listed to appeal to warden or designee)*

In my opinion the decision of the Rules Infraction Board was incorrect for the following reasons:
*(Be brief and specific in stating the basis for your appeal)*

☐ I did not waive my right to have 24 hours between the time I received a copy of the Conduct Report and my appearance before the RIB. I appeared before the RIB _____ hours after receiving the conduct report.

☐ I did not waive the presence of the charging official at the RIB hearing. The charging official did not appear.

☐ The RIB denied my request for a relevant witness.

☐ No evidence was introduced at the hearing to support the RIB's decision.

☐ Other *(Be Brief and Specific)*: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

| Inmate Signature: | Number: | Date: |
|---|---|---|
| | A515853 | |

DRC 4027 (Rev. 01/2020)

ACA 4236

**DRC000062**

**MSJ Bates # 000076**

DRC4018

*REFUSED TO HEAR* *DVR 097-19* B C1 SMP

Page 1 of 2

# Conduct Report

| Institution: SOCF | SOCF-19-000762 |
|---|---|

| Name: JOHNSON, MICHAEL | Number: A515853 | Lock: E/J1/01 |
|---|---|---|

| Date/Offense: 03/06/2019 | Time/Offense: 05:01 PM | Location: J2 South Range |
|---|---|---|

Rule(s) Violated: 05,21,30

Causing, or attempting to cause, physical harm to another with a weapon; Disobedience of a direct order; Removing or escaping from physical restraints (handcuffs, leg irons, etc.) or any confined area within an institution (cell, recreation area, strip cell, vehicle, etc.)

**Supporting Facts (Describe what occurred and how the inmate violated the rule[s]):**

I Officer Wellman, was escorting inmate Johnson #515-853 from the shower to his cell J2-59. Once the inmate was inside his cell he then became more aggravated that the cell door was not closing as fast as he wanted it to close. I told the inmate to be patient because an inmate was being processed in the stripcage. The inmate stated that he was going to attempt to get out of the cuffs because he was tired of waiting. I gave the inmate a direct order to stand still until I told him him otherwise. At this time the inmate stated "Fuck That" and started attempting to remove his hands from the cuffs. I then deployed O.C. to the facial region of the inmate. The inmate was able to forcibly remove one of his hands out of the cuffs. I gave the inmate direct orders to place his hands on the wall until the cell door was closed. The inmate began trying to force his hand other hand out of the cuffs. I continued to spray the inmate, the inmate was able to forcibly remove his other hand from the cuff as the cell door was closing and at this time used the cuffs as a weapon by throwing the cuffs towards my face and hitting me below my left eye as the cell door became secure. The inmate ran to the back of the cell stating "There is more where that came from." The inmate grabbed objects from the back of his cell.

(Use Conduct Report Supplement sheet, if needed)

As the Charging Official, do you wish to have input into the disciplinary proceedings? ☐ Yes ☑ No

| Printed Name: Wellman, Travis | Signature: *Travis Wellman* |
|---|---|
| Shift: 2nd | Days Off: M/T | Date: 03/06/2019 |

A copy of this conduct report was served upon the above-named inmate on: _____ 20___, at _____.

Staff Signature:

I acknowledge receipt of the conduct report on the above stated date and time:

http://dotsportal.odrc1.state.oh.us/reports/DRC4018.aspx?fid=e8914e69-eaaa-49bb-9535-94... 3/6/2019

DRC000063
**MSJ Bates # 000077**

DRC4255

Page 1 of 1

# Conduct Report Supplement

| Institution: | | |
|---|---|---|
| SOCF | SOCF-19-000762 | |
| Name: | Number: | |
| JOHNSON, MICHAEL | A515853 | |

I continued to use O.C. spray towards the inmate until the inmate dropped what he had and ran to the front of his cell with a blanket. This allowed me enough time to locate and secure the cuffs before exiting the range.

Signature of Reporting Officer:

DRC 4255 (3/98) DISTRIBUTION: WHITE - RIB CANARY - Unit File PINK - RIB Board GOLD - Inmate

DRC000064
MSJ Bates # 000078

## USE OF FORCE CHECKLIST

**Date of Incident:** 3-6-19          **Time of Incident:**  5:01 PM

**Inmate's Name:**     Johnson          **Inmate's Number:** 515-853

**Housing Assignment:**   J2-59          **Incident Location:** J2-59

### THE FOLLOWING INFORMATION IS ENCLOSED:

| | |
|---|---|
| Use of Force Checklist | 1 |
| Planned Use of Force Checklist | N/A |
| Supervisor's Use of Force Summary (DRC 2611) | 1 |
| Use of Force Report (DRC2181) | 1 |
| Incident Report (DRC 1000) | 2 |
| Inmate(s) Voluntary Statement (DRC2737) | 1 |
| Medical Evaluation Form Inmate(s) (DRC5251) | 1 |
| Medical Evaluation Form Staff (s) (DRC5251) | 1 |
| Report of Change of Confinement (DRC4019) | 1 |
| Conduct Report(s) (DOTSPortal Print DRC4018) | 1 |
| Assault on Staff Report (DRC 2460, 2461, 2462 | 1 |
| Authorization for Suicide Watch (DRC 5200/5202) | N/A |
| Immobilizing Restraints Report (DRC2533) | N/A |
| Crisis Precaution and/or Immobilizing Restraint Log (DRC2534) | N/A |
| Crisis/Hostage Situations Intervention Report (DRC2699) | N/A |
| Photos (documenting injuries-if applicable) | 12 |
| DVD - Planned Use of Force | N/A |
| OSHP Notification | N/A |
| Special Incident Required (Yes/No) | YES |
| DVR Available, provide # | 097-19 |

| DEPUTY WARDEN OF OPERATIONS' USE ONLY | |
|---|---|
| ☐ Deputy Warden – Spec. Serv. <br> ☐ M.H. Admin. <br> ☐ Investigator <br> ☐ QIC <br> ☐ HNT <br> ☐ Safety <br> ☐ Other _____ <br> R/MH: | ☐ Committee Referral <br> ☐ No Further Action <br> Review Date: <br><br> Signature: |

_Shift Commander's Signature_
Southern Ohio Correctional Facility

03/06/2019
Date

Revised: 2/12/2019

DRC000065
**MSJ Bates # 000079**

# Supervisor's Use of Force Summary Report

*(To be completed by shift supervisor before distribution to Deputy Warden of Operations)*

| Date of Force:<br>Mar 6, 2019 | Time of Force:<br>5:01 PM | AM / PM |
|---|---|---|
| Location of Incident:<br>J2-59 | | |

Inmate(s) on Whom Force was Used:

| Name | Number | Injured in Incident |
|---|---|---|
| 1. Johnson | A-515853 | ☐ YES  ☒ NO |

Staff Member(s) who Used Force:

| | Injured in Incident |
|---|---|
| 1. C/O Travis Wellman | ☒ YES  ☐ NO |

Staff and Inmate Witnesses to Force Used:

| Name | Staff Title | Number |
|---|---|---|
| 1. D. Clark | Captain | |
| 2. J. Smoot | Sergeant | |

Supervisor's Summary of Incident:

- Videotape (if a planned Use of Force?  ☐ YES  ☒ NO

- Security footage available and preserved?  ☒ YES  ☐ NO

- Copies attached?  ☐ YES  ☒ NO   DVR #097-19
  label/description

- OC used?  ☒ YES  ☐ NO   If yes, time of decontamination: 5:08 PM

Summary:
Officer Wellman was escorting inmate Johnson 515-853 from the shower to his cell, J2-59. Inmate Johnson became agitated that the cell door didn't immediately close due to an S/C coming in to the block. Johnson then started to attempt to removwe his handcuffs. Officer Wellman gave him a direct order to stand still. Johnson refused the order and removed one of his hands from the cuffs. Officer Wellman deployed O/C to the facial area of Johnson. Johnson removed the other hand from the cuffs and threw them at officer Wellman striking him on the face below the left eye as the cell door was being closed. Johnson ran to the back of the cell and began to grab more objects to throw at the officer. Officer Wellman continued to deploy O/C towards the inmate until Johnson dropped what was in his hands. Officer Wellman then picked the handcuffs off the range and exited the cell front. Johnson was offered a decontamination shower by Captain Clark but he refused.

**As the Shift Supervisor, I have reviewed all of the documents, including all attachments, for accuracy, completeness and consistency prior to submitting them to the Chief of Security.**

| Prepared By (Shift Supervisor's Name):<br>Chet Stambaugh | Title:<br>Lieutenant | Date:<br>Mar 6, 2019 |
|---|---|---|

**Note to Shift Supervisors:** When submitting this packet to the Deputy Warden of Operations, you **must include** the following:

1. Incident Report from each staff member listed above (DRC1000).
2. Statements from each inmate on whom force was used and statements from inmate witnesses.
3. Medical Examination results of any staff or inmates involved in the use of force (DRC5251).
4. Any readily available video of the incident or photos of the scene, evidence or injuries.
5. Any other relevant documentation (example: Conduct Report - DRC4018).

DRC2611 E (Rev. 11/18)

DRC000066
**MSJ Bates # 000080**

| Chief of Security Signature | Date |
|---|---|
|  |  |

DRC2611 E (Rev. 11/18)

DRC000067

MSJ Bates # 000081

## Use Of Force Report

| Name (Last, First, MI) | | Work Location | Date | OAKS ID |
|---|---|---|---|---|
| Wellman, Travis, D | | SOCF | Mar 6, 2019 | ███████ |

| Incident Date | Incident Time | Incident Location | |
|---|---|---|---|
| Mar 6, 2019 | 5:01 PM | J2 South Range | |

**Inmate(s) Involved:**
Inmate Johnson #515-853

**Type of Force:**

☒ Reactive ☐ Planned/TAC Force ☐ Witness

Did you call for assistance?       Did you use OC?    If yes, how many grams?.

☐ Yes ☒ No   If No, Why?      ☒ Yes ☐ No   Amount: 72

Did not have the opportunity to call.

Did you use a baton (i.e.PR-24)?

☐ Yes ☒ No

Did you utilize a less than lethal device?

☐ Yes ☒ No   If Yes, What Type:

Date: 3-6-19
Starting Weight: 127
Ending Weight: 55
Initials: TW

Did you utilize a firearm?

☐ Yes ☒ No   If Yes, make, model, serial #

**Summarize the totality of the circumstances leading up to the Use of Force incident:**

I Officer Wellman, was escorting inmate Johnson #515-853 from the shower to his cell J2-59. Once the inmate was inside his cell he then became more aggravated that the cell door was not closing as fast as he wanted it to close. I told the inmate to be patient because an inmate was being processed in the stripcage. The inmate stated that he was going to attempt to get out of the cuffs because he was tired of waiting. I gave the inmate a direct order to stand still until I told him him otherwise. At this time the inmate stated "Fuck That" and started attempting to remove his hands from the cuffs. I then deployed O.C. to the facial region of the inmate. The inmate was able to forcibly remove one of his hands out of the cuffs. I gave the inmate direct orders to place his hands on the wall until the cell door was closed. The inmate began trying to force his hand other hand out of the cuffs. I continued to spray the inmate, the inmate was able to forcibly remove his other hand from the cuff as the cell door was closing and at this time used the cuffs as a weapon by throwing the cuffs towards my face and hitting me below my left eye as the cell door became secure. The inmate ran to the back of the cell stating "There is more where that came from." The inmate grabbed objects from the back of his cell. I continued to use O.C. spray towards the inmate until the inmate dropped what he had and ran to the front of his cell with a blanket. This allowed me enough time to locate and secure the cuffs before exiting the range.

**Describe the "immediate threat" present requiring force:**

The inmate was not secure in his cell and attempted to remove the cuffs.

**Describe the offender's ability and opportunity to cause harm to you or others:**

If the inmate was able to remove the cuffs before his cell door close he would be able to cause serious physical harm to myself.

**Describe any and all reasonable efforts made to preclude the situation:**

I gave the inmate multiple direct orders to not try and remove the cuffs.

**Describe your specific actions during the Use of Force:**

I reacted using chemical agent due to the inmates aggressive behavior.

| Signature: | Date: |
|---|---|
| *Travis Wellman* | 3/6/2019 |

DRC-2181 E (02/2019)                         Page 1 of 3

DRC000068
MSJ Bates # 000082

☐ **Mark the form as confidential**

# INCIDENT REPORT

| | Report Date:<br>Mar 6, 2019 |
|---|---|

| Work Location:<br>Southern Ohio Correctional Facility | | Location of Incident:<br>J2-59 |
|---|---|---|
| Name of Reporting Staff:<br>Darrold R. Clark JR. | Title:<br>Captain | INCIDENT DATE:<br>Mar 6, 2019 |
| Involves:<br>I/M Johnson 515853 J2-59 | | INCIDENT TIME:<br>5:08 PM |

## Check Item Indication Subject Of This Report:

| | | | |
|---|---|---|---|
| ☐ Employee Action | ☐ Facility Maintenance | ☐ Medical | ☐ Recommendations |
| ☐ Inmate/Offender Affairs | ☐ Security | ☐ Victim Issue | ☐ Crisis Intervention Team (CIT) |
| ☒ Use of Force | ☐ Workplace Violence | ☐ Equipment Issue | ☐ Other: |

### Description of Incident:

I was walking into J2 south at approximately 5:08 PM when I heard that Officer T Wellman was just assaulted by Inmate Johnson 515853 J2-59. I went to the cell and the inmate already had his hands out of the cuff port. I order the cuffs and leg irons onto the inmate and then ordered to the door open. The inmate was escorted to the strip cage and was processed looking for any contraband and then was escorted to J1-01 per my orders. I witnessed no force used but was advised that O/C was deployed by Officer Wellman. I then took the inmate statement and asked if he wanted a shower the inmate refused the shower but gave me his statement. I left the area and made notifications to the Major, DWO ,and Warden of the incident.

| Signature of Reporting Staff Member:<br>Darrold R. Clark JR. | *Darrold Clark* | Date:<br>3/6/2019 |
|---|---|---|

### Action Taken:

Had Lt's take Pictures of injuries, Staff Assault Report, Placed incident on DVR as #097-19 the pics was placed in the DVR as #070-19

| Signature of Managing Officer: | Date: |
|---|---|

## Distribution: **ALL COPIES TO MANAGING OFFICER** who will check appropriate distribution list below and distribute the copies.

| | | | |
|---|---|---|---|
| ☐ Operations | ☐ Administration | ☐ Special Services | ☐ Department Head |
| ☐ Investigator | ☐ EEO | ☐ Personnel Officer | ☐ Administrative Assistant |
| ☐ Record Officer | ☐ Medical | ☐ Health & Safety | ☐ Office of Victim Services |

DRC1000 E (Rev. 08/16)                                                                Page 1 of 1

DRC000069

**MSJ Bates # 000083**

☐ **Mark the form as confidential**

# INCIDENT REPORT

| | Report Date:<br>Mar 6, 2019 |
|---|---|

| Work Location:<br>Southern Ohio Correctional Facility | | Location of Incident:<br>J2 |
|---|---|---|
| Name of Reporting Staff:<br>Jonathan S. Smoot | Title:<br>Correctional Counselor/Sergeant | INCIDENT DATE:<br>Mar 6, 2019 |
| Involves:<br>Johnson A515-853 J2 cell 59 | | INCIDENT TIME:<br>5:10 PM |

## Check Item Indication Subject Of This Report:

☒ Employee Action ☐ Facility Maintenance ☐ Medical ☐ Recommendations
☐ Inmate/Offender Affairs ☐ Security ☐ Victim Issue ☐ Crisis Intervention Team (CIT)
☐ Use of Force ☐ Workplace Violence ☐ Equipment Issue ☐ Other: _____

## Description of Incident:

Sir, I went to Johnson A515-853 cell front in J2 after the incident. He was then handcuffed and leg-ironed and escorted to J2 strip cage. He was then strip searched to be processed to J1 cell 01 per the shift Captain. After being searched, he was then escorted to J1 cell 01. I then left J1 cell block. There was no incident during the move. End of report

| Signature of Reporting Staff Member:<br>Jonathan S. Smoot | Date:<br>3/6/2019 |
|---|---|

**Action Taken:**

DRC 1000 Written

| Signature of Managing Officer: | Date: |
|---|---|

Distribution: **ALL COPIES TO MANAGING OFFICER** who will check appropriate distribution list below and distribute the copies.

☐ Operations ☐ Administration ☐ Special Services ☐ Department Head _____
☐ Investigator ☐ EEO ☐ Personnel Officer ☐ Administrative Assistant
☐ Record Officer ☐ Medical ☐ Health & Safety ☐ Office of Victim Services

DRC1000 E (Rev. 08/16)

Page 1 of 1

DRC000070

**MSJ Bates # 000084**

# Inmate Use of Force Statement

Date: 3/6/2019

Inmate Name: Johnson

Number: 515 853

Time: 5-24/pm

I, Johnson , hereby make the following written voluntary statement concerning a Use of Force incident that I was involved in or witnessed on 3/26/2019 at approximately 5ᵗʰ am (pm).

As i was in the shower the c/o turn off the shower water And then laugh callin me A Nigga. And when i got out the shower the cell door was left open for a Minute or 2 Minute's And then the officers start'in spraying me in my face with chemical Mase Attacking me And that's when i start trying to get the cuffs off so i can defend myself As the so kept spraying me with chemical Mase. As the door close i finally got the cuff off And threw the Hand cuffs.

That's when Captain Clark came to J2 Block And took me to J1 Block with no problem with Sgt. Smoot

Inmate Signature: Michael Johnson

Date: 3-6/18

Staff Witness Signature: C/O Darnell Clark / Sgt JSmoot

Date: 3/06/2019

DRC2737 (01/08)

# Medical Exam Report

| | | |
|---|---|---|
| Name: Wellman, Travis | Inmate Number or Staff Member's Title: CO | |
| Institution: SOCP | Date: 3·6·19 | |

Type of Event: ☐ Accident ☐ Fight ☐ Use of Force ☒ Other Staff Assault

Subjective Evaluation: CO stated, "The inmate through a set of hand cuffs at me and they hit me in the face"

Objective Physical Findings: Adult male.

Nurse's Assessment: A+O x3. RR easy, steady, non labored. Eyes PERRLA. Normal conversation + gait. Hematoma below left eye, on cheek bone, approximately 2cm diameter c̄ laceration 0.7cm L. x 0.1cm W x 0.1cm D.

Treatment: Cleared laceration with mild soap + water. Applied TAO + band aid. Given bag c̄ ice to apply PRN. CO was instructed to use ER as needed.

| Nurse's Printed Name: D. Parsley | Title: Nurse |
|---|---|
| Nurse's Signature: D Parsley | Date/Time: 3·6·19 / 5:15pm |

**Inmate Disposition:**

☐ Released to Housing Unit ☐ Admitted to Infirmary ☐ Transported to Hospital ER
☐ Released to Segregation ☐ Referred to Physician

**Staff Disposition:**

☒ Returned to Work ☐ Transported to Hospital ER ☐ Referred to Hospital/ER Dept.
☐ Referred to Personal Physician ☐ Other: _____

See Above Assessment Notes

See Above Assessment Notes

DISTRIBUTION IF **INMATE:** WHITE - Inmate Medical Record CANARY - Security PINK - (if accident) Health & Safety
DISTRIBUTION IF **EMPLOYEE:** WHITE - Employee CANARY - Security PINK - (if accident) Health & Safety
DRC 5251 (Rev. 02/16)

# Medical Exam Report

Facility: SOCF:Southern Ohio Correctional Facility

Date: 3/6/2019

Inmate Name: JOHNSON                    Inmate Number: A515853

| Type of Event: | | Accident | | Fight | X | Use of Force | | Other |
|---|---|---|---|---|---|---|---|---|

**Subjection Evaluation:**

Inmate states "my left eye still burns a little from the OC spray and my left hand got a little scuffed other then that I am fine."

**Objective Physical Findings:**

Adult male, alert and oriented, respirations even and unlabored. Standing at cell front in J 1-1 at beginning of assessment. Observed during assessment inmate ambulating around cell, full ROM to all extremities. Inmate showed this nurse his left hand no redness swelling, bleeding or any other s/s of trauma noted on visual exam at this time. No visible impairments in skin integrity or irritation from OC exposure or contamination noted. No acute distress or injury observed or reported at this time.

**Vital signs:**

Resp 18. Unable to obtained full set of vitals do to inmates aggressive behavior towards staff at this time.

**Treatment:**

Inmate removed from initial OC exposure area and placed in restrictive housing cell per security staff. Offered decontamination shower per security. Decontamination instruction given. Inmate advised to report any changes to staff. Health services request slip given to inmate to fill out if he feels the need to follow up with medical.

| Nurse signature: | J. Mault RN |
|---|---|
| Date: 3/6/2019 | Time: approx 6:15 PM |

**Disposition:**

| | Released to Housing Unit | | Admit to Infirmary | | Transported to Hospital ER |
|---|---|---|---|---|---|
| X | Released to Segregation | | Referred to Physician | | |

DRC 5251 (Rev. 04/17)

DRC000073

MSJ Bates # 000087

Patient Name: MICHAEL,JOHNSON  DOB: 02/01/1982  Account No:  MRN: 907958221  BCI:B884951  InmateID:A515853



DRC000074
MSJ Bates # 000088



B&W photos are from a UOF incident
that took place on 03.06.2019

DRC000075
**MSJ Bates # 000089**



B&W photos are from a UOF incident
that took place on 03.06.2019

DRC000076
**MSJ Bates # 000090**



B&W photos are from a UOF incident
that took place on 03.06.2019

DRC000077

**MSJ Bates # 000091**



B&W photos are from a UOF incident
that took place on 03.06.2019

DRC000078
**MSJ Bates # 000092**



B&W photos are from a UOF incident
that took place on 03.06.2019

DRC000079
**MSJ Bates # 000093**



B&W photos are from a UOF incident
that took place on 03.06.2019

DRC000080
MSJ Bates # 000094



B&W photos are from a UOF incident
that took place on 03.06.2019

DRC000081
**MSJ Bates # 000095**

XProtect Smart Client 2018 R1 Surveillance Report



| Surveillance Report | |
|---|---|
| Camera name: | SOCF J2 S REAR CROSSOVER (164.74) |
| Image capture time: | 3/6/2019 5:02:27 PM (UTC-05:00) |
| Report print time: | 3/6/2019 5:02:27 PM (UTC-05:00) |
| User: | |
| User's note: | |

Copyright © Milestone Systems A/S - www.milestonesys.com

B&W photos are from a UOF incident
that took place on 03.06.2019

DRC000082

**MSJ Bates # 000096**

XProtect Smart Client 2018 R1 Surveillance Report



| Surveillance Report | |
|---|---|
| Camera name: | SOCF J2 S REAR CROSSOVER (164.74) |
| Image capture time: | 3/6/2019 5:02:28 PM (UTC-05:00) |
| Report print time: | 3/6/2019 5:02:28 PM (UTC-05:00) |
| User: | |
| User's note: | |

Copyright © Milestone Systems A/S - www.milestonesys.com

B&W photos are from a UOF incident
that took place on 03.06.2019

DRC000083

**MSJ Bates # 000097**

XProtect Smart Client 2018 R1 Surveillance Report



| Surveillance Report | |
|---|---|
| Camera name: | SOCF J2 S REAR CROSSOVER (164.74) |
| Image capture time: | 3/6/2019 5:02:29 PM (UTC-05:00) |
| Report print time: | 3/6/2019 5:02:29 PM (UTC-05:00) |
| User: | |
| User's note: | |

Copyright © Milestone Systems A/S - www.milestonesys.com

B&W photos are from a UOF incident
that took place on 03.06.2019

**DRC000084**

**MSJ Bates # 000098**

XProtect Smart Client 2018 R1 Surveillance Report



| Surveillance Report | |
| --- | --- |
| Camera name: | SOCF J2 S REAR CROSSOVER (164.74) |
| Image capture time: | 3/6/2019 5:02:29 PM (UTC-05:00) |
| Report print time: | 3/6/2019 5:02:29 PM (UTC-05:00) |
| User: | |
| User's note: | |

Copyright © Milestone Systems A/S - www.milestonesys.com

B&W photos are from a UOF incident
that took place on 03.06.2019

DRC000085

**MSJ Bates # 000099**

XProtect Smart Client 2018 R1 Surveillance Report



| Camera name: | SOCF J2 S REAR CROSSOVER (164.74) |
|---|---|
| Image capture time: | 3/6/2019 5:02:29 PM (UTC-05:00) |
| Report print time: | 3/6/2019 5:02:29 PM (UTC-05:00) |
| User: | |
| User's note: | |

Copyright © Milestone Systems A/S - www.milestonesys.com

B&W photos are from a UOF incident
that took place on 03.06.2019

DRC000086

**MSJ Bates # 000100**

| INCIDENT NOTIFICATION FORM | Institution Southern Ohio Correctional Facility | Date/Time 03/06/2019 5:01 PM | Location J2-59 |
|---|---|---|---|
| Type of Incident Staff Assault | | OSHP Notified ☒ Yes ☐ No | Camera Footage Relied Upon ☒ Yes ☐ No |

**Staff Involved**

| Name | Position | |
|---|---|---|
| Travis Wellman | Correctional Officer | **Form needs completed within 30 minutes of incident and forwarded to applicable persons including the Regional Director.** |
| | | |
| | | |

Staff Injury ☒ Yes ☐ No

| Name | Nature of Injury | Phone Number | Outside Medical Treatment | Name of Hospital |
|---|---|---|---|---|
| Travis Wellman | Cut below eye/ Swelling | 1-470-259-5544 | ☐ Yes ☒ No | N/A |
| | | | ☐ Yes ☐ No | |
| | | | ☐ Yes ☐ No | |

**Inmate Involved**

| Name | Number | Age | STG Affiliations | County | Crime | SMI | | Release Date |
|---|---|---|---|---|---|---|---|---|
| Michael Johnson | A-515853 | 37 | N/A | Mont | MR | ☒ Yes | ☐ No | Aug 5, 20▨ |
| | | | | | | ☐ Yes | ☐ No | |
| | | | | | | ☐ Yes | ☐ No | |

Inmate Injury: ☒ Yes ☐ No

| Name | Nature of Injury | Outside Medical Treatment |
|---|---|---|
| Michael Johnson A515853 | Scratches to wrist from removing restraints | ☐ Yes ☒ No |
| | | ☐ Yes ☐ No |
| | | ☐ Yes ☐ No |

**Details of Incident/Timeline**

I Captain Clark was walking into J2 south at approximately 5:08 PM when I heard that Officer T Wellman was just assaulted by Inmate Johnson 515853 J2-59 at 5:01 PM. I went to the cell and the inmate already had his hands out of the cuff port. I order the cuffs and leg irons onto the inmate and then ordered to the door open. The inmate was escorted to the strip cage and was processed looking for any contraband and then was escorted to J1-01 per my orders. Officer Wellman Advised me he was escorting the inmate back from the shower and had the inmate in his cell during this time the inmates cell door was not closing do to another R/H inmate that was being processed into the block. The inmate then forcibly remove his handcuffs. And O/C was deployed by Officer Wellman. The inmate was, able to remove the cuffs and throw them at Officer Wellman striking him below his left eye causing a cut and swelling. As the door was closing.

DRC-2102 E (07/2017)

Page 1 of 1

DRC000087

MSJ Bates # 000101

## Disposition of the Serious Misconduct Panel

| Inmate #: | Name: | Institution: | Case #: |
|---|---|---|---|
| A-515853 | Johnson | Southern Ohio Correctional Facility | socf-19-000762 |

Guilty Offenses:      5          21          30

Not-Guilty Offenses:

| Date of Hearing | Time of Hearing: | How was hearing held: |
|---|---|---|
| Mar 27, 2019 | 9:35 AM | In Person |

Inmate Plea:

Guilty:

Not Guilty:   5          21          30

State the facts that explain the board's decision:

Panel believes inmate did cause harm to officer with handcuffs did manipulate cuffs, and did disobey orders . Inmate refused to appear at SMP, a not guilty plea was entered on his behalf. Inmate found guilty of rules 5, 21, and 30.

Particular evidence or statements relied on:

Conduct report , incident report, video evidence, photos, medicals.

Did the inmate offer any defense?          ☐ Yes     ☒ No

Did the Board believe the inmate's defense?     ☐ Yes     ☐ No

Why?     Inmate refused to appear at SMP

Confidential information used by Charging Official?     ☐ Yes     ☒ No

Did the board determine the informant(s) to be credible?     ☐ Yes     ☐ No

Video Evidence used by Charging Official:     ☒ Yes     ☐ No

Video Evidence viewed by SMP:     ☒ Yes     ☐ No

Decision: Based on the above stated facts the Board believes that

Inmate violated rule(s):          5          21          30

Inmate did not violate rule(s):

Behavior Criteria rule violates:

Assault, related acts

Identify the disposition imposed and the reasons for the action taken:

Level E, Criteria I

SMP Placement Recommendation: Level E , Criteria I

2nd SMP Panel Member:  R Huff

| SMP Chairman Signature: | Date: |
|---|---|

DRC-4037 E (10/2018)                                                                           Page 1 of 2

**DRC000088**
**MSJ Bates # 000102**

☒ Copy of this decision to the inmate

☒ Appeal provided to the inmate on this date

☐ Inmate Waived

☐ Inmate Refused to Sign


Inmate Signature:    refused

Date:    Mar 27, 2019

NOTE: After inmate signs, form will need to be scanned into RIB2 in DOTS Portal under attachments of this SMP Case Number.

DRC-4037 E (10/2018)

Page 2 of 2

DRC000089

MSJ Bates # 000103



**Ohio** | Department of
Rehabilitation & Correction

Mike DeWine, Governor
Annette Chambers-Smith, Director

---

DATE:       May 9, 2019

RE:         **SMP Case SOCF-19-000762**
            **Johnson, Michael A515853**

Your Serious Misconduct Panel case and associated appeal were reviewed by the Division of Legal Services on May 9, 2019. The official decision provided to SOCF and the Bureau of Classification and Reception (BOCR) is attached. The case has been **affirmed** as to the procedure and guilty finding. A recommendation has been made to BOCR when considering your final housing placement. From this point forward, the following procedures shall apply from the Administrative Rule (5120-9-08.1):

(T) A designee of the bureau of classification shall review the decision of the SMP, any appeal submitted by the inmate and the recommendation of the division of legal services before making a final decision as to the inmate's housing assignment.

(1) A final decision shall be made within thirty calendar days of the referral from the division of legal services.

(2) The inmate shall be notified of the decision within three business days of the date of the decision and shall be advised of the option to appeal the final decision on housing placement to the chief of the bureau of classification. An appeal shall be submitted within fifteen calendar days of the inmate's receipt of the final decision.

(U) The chief of the bureau of classification shall consider all appeals of final decisions on housing placements. In making the decision, the chief of the bureau of classification shall consider the recommendation of the SMP, the information presented by the inmate, the recommendation of the division of legal services and the final decision on the housing assignment made by a bureau of classification designee.

An appeal to the chief of the bureau of classification shall be decided within fifteen calendar days of the receipt of the inmate's appeal. The inmate shall be issued a written decision within three business days of the final decision.

---

DRC000090
**MSJ Bates # 000104**

**Ohio** | Department of
Rehabilitation & Correction

Mike DeWine, Governor
Annette Chambers-Smith, Director

---

DATE:        May 9, 2019

TO:          **Bureau of Classification and Reception**

FROM:        **Lauren A. Chalupa, Staff Counsel**
             **Division of Legal Services**

RE:          **SMP Case SOCF-19-000762**
             **Johnson, Michael A515853**


SMP Hearing Date:                                      March 27, 2019

SMP Panel:                                             RCI (Huff/Spencer)

Inmate MH Classification:                              C2

Rule Charge on Conduct Report:                         Rule 5, 21, 20

Confidential Information Used by Charging Official:     No

Confidential Information Reviewed by SMP:              Not Applicable

Video Evidence Used:                                   Yes

Video Evidence Reviewed by SMP:                        Yes

Disposition on Rule Charge:                            Guilty of Rule 5, 21, 30

Recommended Housing Placement:                         ERH

Inmate Appeal:                                         No


**Procedure**

The Division of Legal Services has reviewed this case for compliance with applicable policies and procedures. All procedural requirements for paperwork and hearing processes were followed.

---

4545 Fisher Rd.  ·  Columbus, Ohio 43228
www.drc.ohio.gov

DRC000091
**MSJ Bates # 000105**

## Evidence

Information was presented from the written statement of the charging official, incident reports, medical exam reports, photographs, and SMP panel reviewed available video footage.  Evidence supports the charge.

## Placement Criteria and Housing Recommendation

The SMP panel recommended placement in ERH.  Assaultive behavior meets a placement criterion under 53-CLS-04.

## Inmate Appeal

Inmate did not appeal.

## Final Recommendation

Affirmed as to procedure, evidence and placement criteria.  Defer final placement decision to BOCR as dictated by AR 5120-9-08.1.

Reviewed by: LAC

DRC000092

**MSJ Bates # 000106**

# Bureau of Classification's ERH Placement Decision

*( This form shall include every basis for the BOC's decision and is not to be merely conclusory. )*

| Inmate Name: | Inmate Number: | Case Number: | Institution: |
|---|---|---|---|
| Johnson | A-515853 | SOCF-19-000762 | Southern Ohio Correctional Facility |

**Issue being considered for the proposed placement:** The issue to be considered is whether the inmate's already proven conduct, in conjunction with an assessment of the inmate's overall record, demonstrates that the inmate is unable to function in a less restrictive environment without posing a serious threat to other inmates, staff, the orderly operation of the institution, or the general public. In addressing this issue, the Bureau will determine whether the inmate's proven behavior falls within any of the categories below.

- ☒ Assault, related acts
- ☐ Nature of criminal offenses or offenses in other correctional jurisdictions
- ☐ Inmate involvement in serious riot or disturbance
- ☒ Inmate has conspired or attempted to convey, introduce, or possess major contraband
- ☐ STG leadership, enforcer or recruiter
- ☐ Group violence
- ☐ Escape or related acts
- ☐ Compromising the integrity of staff which resulted in a threat to the security of the institution or the general public
- ☐ Knowingly exposing others to contracting a dangerous disease
- ☐ Repetitive violence and threatening behavior at level 4
- ☐ Threatening behavior combined with a history of assault while incarcerated
- ☐ Inmate committed an offense which constitutes a serious threat to the safety and security of a correctional facility or the community

Security Level ( at time of placement ): ERH

Inmate's Mental Health Level: C1

Is Inmate IDD?  ☐ Yes  ☒ No

SMP guilty findings:

SMP found inmate guilty of rule 5,21,30 and recommended ERH

Summary of placement incident:

On 3/6/19, inmate Johnson 515-853 assaulted a staff member at SOCF by forcibly removing his hand cuffs and throwing them towards the officers face, hitting them below the left eye.

Did you use the inmate's disciplinary history when making your decision?  ☒ Yes  ☐ No

If yes, explain:

Inmate has a history of a violence due to multiple previous rule 6 violations and a rule 4 violation.

Sources of information to support the reason(s) for the decision?

☒ Disciplinary History   ☒ SMP Findings   ☐ Mental Health Review   ☒ Legal Services Review

☐ Other

NOTE: BOCR shall consider all information listed on this form when making their decision. BOCR must also consider less restrictive means of housing when making their placement decision.

Decision:

- ☐ Level 1
- ☐ Level 2
- ☐ Level 3
- ☐ Level 4
- ☒ Level E

DRC-4031 E (01/2019)

Page 1 of 2

DRC000093

MSJ Bates # 000107

☐ Level ET

Is inmate eligible for presumptive release?     ☒ Yes     ☐ No

If no, explain:

Project Length of Stay in ERH?     ☐ Up to 6 Months     ☐ Up to 12 Months     ☒ Up to 24 Months

☐ Ineligible for presumptive release

NOTE: The status of every inmate in ERH is reviewed by the Unit Team at least every 30 days. Inmates in E or EM status receive a formal hearing with the ERH review committee every 6 months. EN inmates receive a formal hearing annually.

Other Reasons for the BOC's Decision

Date placed in RH:     Mar 6, 2019

Has inmate been credited with all time since his placement in RH for this case?  ☐ Yes     ☒ No

Credited Placement Date:  Apr 10, 2019

If no, please explain:

Lost credit time served due to a rule 8 violation on 4/10/2019

Date of Next Review:  Oct 10, 2019

Your presumptive release date is:  Apr 10, 2021

List behavioral requirements of the Inmate Adjustment Plan:

☐ Refrain from escape related acts

☒ Refrain from violence, threats and aggression

☐ Refrain from STG related activity

☐ Refrain from knowingly exposing others to dangerous disease

☐ Refrain from compromising staff integrity

☒ Refrain from possession of major contraband

☐ Refrain from conveyance activity

☐ Other:

| Reception Coordinator Signature *: | Date: |
|---|---|

* Only required for reception placements

| Bureau Representative's Signature:<br>Jeffery R. Mustard | Date:<br>5/14/2019 |
|---|---|

The Inmate was:     ☒ notified of the objection procedures     ☒ given a copy of this document on:  5/15/19

☐ given a Notice of Objection form (DRC-2596), and

| Provided a copy of this decision to the inmate:  5/15/19<br>Date | Serving Staff Member  J. Stout, CPS |
|---|---|

DRC-4031 E (01/2019)                                                                 Page 2 of 2

DRC000094
MSJ Bates # 000108

# Conduct Report

| Institution: | | SOCF-19-000830 |
|---|---|---|
| SOCF | | |

| Name: | | Number: | Lock: |
|---|---|---|---|
| JOHNSON, MICHAEL | | A515853 | E/J1/01 |

| Date/Offense: | Time/Offense: | Location: |
|---|---|---|
| 03/13/2019 | 09:30 AM | J1 |

Rule(s) Violated:     06,60

Throwing, expelling, or otherwise causing a bodily substance to come into contact with another; Attempting to commit; aiding another in the commission of; soliciting another to commit; or entering into an agreement with another to commit any of the above acts

**Supporting Facts (Describe what occurred and how the inmate violated the rule[s]):**

Sir be advised on the above date and time I SGT Barney was informed that inmate Johnson 515-853 J1-1 had property that he was not aloud to have under RH status. I then contacted J1 and had them put him in the shower. I then went to J1 to shakedown his cell. When I entered the cell inmate Johnson stated yelling " Mother fucker you better get out of my cell", " I am going to spit on you. After the shakedown I pulled my OC out due to the threats he was making. I then exited the cell and inmate Johnson immediately spit at me and I deployed OC spray to his facial area. I then had my OC in hand until officer Spriggs exited the cell and range gate was locked.

(Use Conduct Report Supplement sheet, if needed)

As the Charging Official, do you wish to have input into the disciplinary proceedings?   ☐ Yes   ☑ No

| Printed Name: | Signature: |
|---|---|
| Barney Brian | |
| Shift: | Days Off: | Date: |
| 4th | Sat/Sun | 03/13/2019 |

A copy of this conduct report was
served upon the above-named inmate on: _____ March, 18 _____ 20 _ 19 _ , at 08:54 AM.

Staff Signature: _____

I acknowledge receipt of the conduct report on the above stated date and time:

| Inmate Signature: | Number: |
|---|---|
| | A515853 |

DRC000095
MSJ Bates # 000109

DRC 4018 (rev 12/05) DISTRIBUTION: WHITE - RIB   CANARY - Unit File   PINK - RIB Board   GOLD - Inmate   ACA 4214 through 4236, 4269

# HEARING OFFICER'S REPORT

| Inmate Name: | | Number: | |
|---|---|---|---|
| | JOHNSON, MICHAEL | | A515853 |
| Date of Violation: | | Date of Hearing: | |
| | 03/13/2019 | | 03/18/2019 |

Was the conduct report accurately completed?  ☑ Yes  ☐ No - If No  ☐ Return  ☐ Withdraw  ☐ Modify

Is the inmate currently on the mental health caseload or does the inmate show signs of serious mental illness *(If Yes, complete DRC-2530)*?

☑ Yes  ☐ No

Has the inmate been informed of the rule violation and the facts alleged in support of the violation?

☑ Yes  ☐ No

Has the inmate been informed of his right to be heard in his own defense?  ☑ Yes  ☐ No

**Inmate Plea:**  ☐ GUILTY

☑ NOT GUILTY                    Rule: 06                    Rule: 60

**Inmate's Statement:**
no statement inmate refused to hear conduct report so a not guilty plea was entered by hearing officer

**Other Statement/Evidence:**
see conduct report

**Finding:**
refer to rib

☑ Based on these findings there is reason to believe that a rule violation occurred and the matter should be referred to the Rules Infraction Board. *(Proceed to complete referral to RIB)*

Disposition:

**DRC000097**
**MSJ Bates # 000111**

refer to rib

| Hearing Officer's Signature: | Date: |
|---|---|
| | 03/18/2019 |

DRC4020 (REV 01/19)                                                                    ACA 4214 through 4236

# CHAIRMAN OF
# THE RULES INFRACTION BOARD - REVIEW

| RIB Case Number: |
|---|
| SOCF-19-000830 |

Disposition of the Hearing Officer is:  ☑ Affirmed            ☐ Reversed

☐ Modified as indicated below    ☐ Returned for reconsideration

Comments:

| Chairman, Rules Infraction Board (or Designee): | Date: |
|---|---|
| | 03/21/2019 |

DRC000098
**MSJ Bates # 000112**

# Rule Violation - Inmate Rights

I, the undersigned inmate, do hereby knowingly and voluntarily make the following statement concerning rights afforded me under Rule 5120-9-07 of the Administrative Code. I have been charged with violating:

RULE(S) 06,60 _____     VIOLATION DATED  03/13/2019 _____

I ☐ WAIVE  ☑ DO NOT WAIVE  my rights to 24 hours between the time I received a copy of the conduct report and the time I have my hearing before the RIB.

I ☐ WAIVE  ☑ DO NOT WAIVE  the presence of the charging official at my RIB hearing.

I ☐ WAIVE  ☑ DO NOT WAIVE  my right to request a reasonable number of witnesses to testify at my RIB hearing, subject to the discretion of the chairman. If inmate has **not** waived witnesses:

| Number of Witnesses: | Names of Witnesses: |
|---|---|
| | |

I ☑ have been informed that a conviction could result in the loss of earned credit that otherwise could have been awarded or may have previously been earned, as authorized by Ohio Revised Code 2967.193 (B).

| Inmate Signature: | Number: | Date: |
|---|---|---|
| *[signature]* | A515853 | 03/18/2019 |

# Rules Infraction Board - Staff Assistance

| Name: | Number: | Lock: | RIB Case Number: |
|---|---|---|---|
| JOHNSON, MICHAEL | A515853 | E/J1/01 | SOCF-19-000830 |

The above-named inmate appeared before this Hearing Officer on the below date, based on my personal observation and conversation with this inmate, in my opinion:

    ☑ DOES  ☐ DOES NOT  require staff assistance in preparing his answer to the charge(s) against him.

    ☐ He is illiterate

    ☐ He has a language problem

    ☐ He has a physical disability which renders him incapable of handling his own defense

    ☐ He has a mental problem

    ☐ The complexity of the charge(s) warrant assistance

    ☑ Other - Explain:  C1 status

| Hearing Officer's Signature: *Sgt [signature]* | Date: 03/18/2019 |
|---|---|

To the Rules Infraction Board Chairman: If the above box denoting the inmate REQUIRES staff assistance is checked, staff assistance shall be provided.

| Staff Member Assigned: |
|---|
| Ms. J. Colley |

| Chairman - RIB Signature: *[signature]* | Date: 03/21/2019 |
|---|---|

DRC 4022 (Rev. 12/05)                                                                 ACA 4214 through 4236

DRC000099
MSJ Bates # 000113

# Record of Proceedings of Rules Infraction Board

| RIB Case Number: | Inmate Number: |
|---|---|
| SOCF-19-000830 | A515853 |

1. Was the inmate informed of the right to be heard in his own behalf?  ☐ Yes  ☑ No

2. Was the inmate-defendant and each witness called before the board instructed to be truthful to the board and notified that there is a penalty for making untruthful statements?  ☐ Yes  ☑ No

3. Did any person other than a board member participate in the discussion of the board's findings? (if yes, explain)  ☐ Yes  ☑ No

4. List the names of all witnesses who testified before the board:

Are summaries of their testimony enclosed? (if no, explain)  ☐ Yes  ☐ No

We certify that this is a true record of the proceedings of the Rules Infraction Board:

| Signed: _Sgt. D.F. McCurdy_ | ☑ Guilty | ☐ Not Guilty |
|---|---|---|
| Signed: _Christy Adkins_ | ☑ Guilty | ☐ Not Guilty |
| Member: | ☐ Guilty | ☐ Not Guilty |

DRC4025 (Rev. 12/05)

ACA 4214 through 4236

DRC000100
**MSJ Bates # 000114**

# Testimony of Accused Inmate
# at Rules Infraction Board

| Inmate Accused of Violation:<br>JOHNSON, MICHAEL | | Number:<br>A515853 |
|---|---|---|
| Institution:<br>SOCF | Date:<br>03/21/2019 | RIB Case Number:<br>SOCF-19-000830 |

Statement:
REFUSED TO ATTEND. END OF STATEMENT

*I have read the above and find that it is an accurate summary of testimony before the Rules Infraction Board.*

| Secretary, Rules Infraction Board: *Christy Adken* |
|---|

☑ *I have read the above and find that it is an accurate summary of testimony before the Rules Infraction Board.*

| Inmate Accused Of Violation: *Refused to appear* | Number:<br>A515853 |
|---|---|

☐ *I have read the above - it is Not true and accurate for the following reasons;*

| Inmate Accused Of Violation: | Number: |
|---|---|

DRC000101

**MSJ Bates # 000115**

DRC4190 (03/04)

# Disposition of the Rules Infraction Board

| Institution: SOCF | RIB Case Number: SOCF-19-000830 |
|---|---|
| Inmate Name: JOHNSON, MICHAEL | Number: A515853 |
| Date of Hearing: 03/18/2019 | Time: 01:20 PM |

**Inmate Plea:**

☐ GUILTY

☑ NOT GUILTY      Rule: **60**      Rule: **06**

State the facts that explain the board's decision:
NOTE: Inmate Johnson refused to attend this hearing. This was verified by Sgt. Throckmorton. Not guilty plea entered on the inmate's behalf. The board believes that inmate Johnson did attempt to spit on Sgt. Barney.

Particular evidence or statements relied on:
Conduct report.

Did the inmate offer any defense?    ☐ Yes   ☑ No

Did the Board believe the inmate's defense?    ☐ Yes   ☐ No     Why?

Did the board rely on any confidential statement(s)    ☐ Yes   ☑ No

Did the board determine the informant(s) to be credible?    ☐ Yes   ☐ No

Disposition of the Hearing Officer is:    ☑ Affirmed

☐ Returned for reconsideration

Decision: Based on the above stated facts the Board believes that:

Inmate **JOHNSON, MICHAEL** violated rule(s)      Rule: **60**      Rule: **06**

Inmate **JOHNSON, MICHAEL** did not violate rule(s)

Therefore, the RIB Officer imposes the following disposition:    **RH**

☑ Check "Stacked" if you wish to stack housing record, otherwise housing record will be combined with other housing records.

Number of RH days imposed by RIB:    **15**

☐ RIB recommends a Security Review be conducted.

Identify the disposition imposed and the reasons for the action taken:
15 RH. Remain level "E". This penalty is imposed to promote more positive behavior from inmate Johnson in the future. , No of Days in RH: 15, Serve Order requested: Stack

Appeal form given to inmate?    ☑ Yes   ☐ No

| Signature RIB Chairperson: _Sgt. D G. W/F Curly_ | Date: 03/21/2019 |
|---|---|

*Notice To Inmate: You may appeal this decision to the Warden.*
*The appeal must be submitted using the provided form DRC4027, within 7 days of receiving this disposition.*

**Acknowledgement of Receipt:**

| Inmate Signature: _Refused to appear_ | Date: 03/21/2019 | Time: 01:21 PM |
|---|---|---|

DRC4024 (Rev. 01/19) DISTRIBUTION:   WHITE - RIB    CANARY - Unit File    PINK - RIB Board    GOLDENROD - Inmate

| RIB Case Number: |
|---|

DRC000103

**MSJ Bates # 000117**

## Results Of
## Warden's Administrative Review

SOCF-19-000830

Upon reviewing the proceeding and the disposition of the Rules Infraction Board, I have determined that the board's decision should be:

☑ Affirmed  ☐ Reversed

☐ Modified as indicated below  ☐ Returned for reconsideration

☐ Warden recommends a Security Review be conducted.

NOTES:

*Note: This decision is the result of the automatic administrative review of RIB decisions provided for in 512-9-08(M)*

| Warden or Designee's Signature: *Larry Greene* | Date: 03/22/2019 |
|---|---|

DRC000104

MSJ Bates # 000118

# Conduct Report

| Institution: SOCF | | SOCF-19-000831 |
|---|---|---|
| **Name:** JOHNSON, MICHAEL | **Number:** A515853 | **Lock:** E/J1/01 |
| **Date/Offense:** 03/13/2019 | **Time/Offense:** 10:28 AM | **Location:** J1 shower |

**Rule(s) Violated:** 60,04,20,21

Attempting to commit; aiding another in the commission of; soliciting another to commit; or entering into an agreement with another to commit any of the above acts; Causing, or attempting to cause, physical harm to another; Physical resistance to a direct order; Disobedience of a direct order

**Supporting Facts (Describe what occurred and how the inmate violated the rule[s]):**

I was notified by Captain Whitman that I/M Johnson 515-853 was refusing to come out of the shower in J1. I Lt. Joseph responded to J1 to move inmate Johnson from the shower at 10:15 am. I was also getting a statement from him for a use of force from earlier in the day. At 10:21 am entered the range because inmate Johnson agreed to exit the shower. Once the door was opened he then refused to exit the shower and for approximately 5 minutes I attempted to get him to go into cell 1. He began to make movements as if he was attempting to pull his hands from the cuffs. He had his hands behind his back and I asked him what he was doing and ordered him to turn around. I observed him pull his right hand free from the handcuff. I immediately reacted and took control of his right hand as he attempted to hit me. We fell to the floor, Sgt. B. Barney had control of his left arm that still had the handcuff attached to it. Johnson continued to resist and was refusing all direct orders to put his hands behind his back. I hit inmate Johnson several times with closed fists strikes to his facial area attempting to get him to comply with my orders. He stood backup and Officers Spriggs was assisting to get Johnson under control. I pulled my PR-24 and delivered several forward spin strikes to his left thigh and he was placed back on the floor. Sgt. Barney and C/O S. Spriggs reapplied the

(Use Conduct Report Supplement sheet, if needed)

As the Charging Official, do you wish to have input into the disciplinary proceedings?  ☐ Yes  ☑ No

| **Printed Name:** Joseph, Jason | **Signature:** Jason Joseph |
|---|---|
| **Shift:** AM | **Days Off:** F/S/S/M | **Date:** 03/13/2019 |

A copy of this conduct report was served upon the above-named inmate on: ___March, 18___ 20 _19_ , at _09:48 AM_.

**Staff Signature:** SGT Walter Darr

I acknowledge receipt of the conduct report on the above stated date and time:

| **Inmate Signature:** Refused | **Number:** A515853 |
|---|---|

**DRC000105**

**MSJ Bates # 000119**

DRC 4018 (rev 12/05)  DISTRIBUTION:  WHITE - RIB  CANARY - Unit File  PINK - RIB Board  GOLD - Inmate  ACA 4214 through 4236, 4269

# HEARING OFFICER'S REPORT

| Inmate Name: | | Number: | |
|---|---|---|---|
| | JOHNSON, MICHAEL | | A515853 |
| Date of Violation: | 03/13/2019 | Date of Hearing: | 03/18/2019 |

Was the conduct report accurately completed?  ☑ Yes  ☐ No - If No  ☐ Return  ☐ Withdraw  ☐ Modify

Is the inmate currently on the mental health caseload or does the inmate show signs of serious mental illness *(If Yes, complete DRC-2530)*?

☑ Yes  ☐ No

Has the inmate been informed of the rule violation and the facts alleged in support of the violation?

☑ Yes  ☐ No

Has the inmate been informed of his right to be heard in his own defense?  ☑ Yes  ☐ No

**Inmate Plea:**     ☐ GUILTY

☑ NOT GUILTY          Rule: 60          Rule: 04          Rule: 20          Rule: 21

**Inmate's Statement:**
no statement inmate refused to hear conduct report so a not guilty plea was entered by hearing officer

**Other Statement/Evidence:**
see conduct report

**Finding:**
refer to rib

☑     Based on these findings there is reason to believe that a rule violation occurred and the matter should be referred to the Rules Infraction Board. *(Proceed to complete referral to RIB)*

Disposition:

**DRC000107**
**MSJ Bates # 000121**

refer to rib

| Hearing Officer's Signature: | Date: |
|---|---|
| *Sgt Walter Davis* | 03/18/2019 |

DRC4020 (REV 01/19)                                                                 ACA 4214 through 4236

## CHAIRMAN OF
## THE RULES INFRACTION BOARD - REVIEW

| RIB Case Number: |
|---|
| SOCF-19-000831 |

Disposition of the Hearing Officer is:   ☒ Affirmed                    ☐ Reversed

☐ Modified as indicated below       ☐ Returned for reconsideration

Comments:

| Chairman, Rules Infraction Board (or Designee): | Date: |
|---|---|
| *Sgt. D.F. McCurdy* | 03/21/2019 |

DRC000108
**MSJ Bates # 000122**

# Rule Violation - Inmate Rights

I, the undersigned inmate, do hereby knowingly and voluntarily make the following statement concerning rights afforded me under Rule 5120-9-07 of the Administrative Code. I have been charged with violating:

RULE(S) 60,04,20,21 _____  VIOLATION DATED 03/13/2019 _____

I ☐ WAIVE ☑ DO NOT WAIVE my rights to 24 hours between the time I received a copy of the conduct report and the time I have my hearing before the RIB.

I ☐ WAIVE ☑ DO NOT WAIVE the presence of the charging official at my RIB hearing.

I ☐ WAIVE ☑ DO NOT WAIVE my right to request a reasonable number of witnesses to testify at my RIB hearing, subject to the discretion of the chairman. If inmate has **not** waived witnesses:

| Number of Witnesses: | Names of Witnesses: |
|---|---|
|  |  |

I ☑ have been informed that a conviction could result in the loss of earned credit that otherwise could have been awarded or may have previously been earned, as authorized by Ohio Revised Code 2967.193 (B).

| Inmate Signature: *Rafael* | Number: A515853 | Date: 03/18/2019 |
|---|---|---|

# Rules Infraction Board - Staff Assistance

| Name: JOHNSON, MICHAEL | Number: A515853 | Lock: E/J1/01 | RIB Case Number: SOCF-19-000831 |
|---|---|---|---|

The above-named inmate appeared before this Hearing Officer on the below date, based on my personal observation and conversation with this inmate, in my opinion:

☑ DOES ☐ DOES NOT require staff assistance in preparing his answer to the charge(s) against him.

☐ He is illiterate

☐ He has a language problem

☐ He has a physical disability which renders him incapable of handling his own defense

☐ He has a mental problem

☐ The complexity of the charge(s) warrant assistance

☑ Other - Explain: C1 Status _____

| Hearing Officer's Signature: *Sgt Walter Diaz* | Date: 03/18/2019 |
|---|---|

To the Rules Infraction Board Chairman: If the above box denoting the inmate REQUIRES staff assistance is checked, staff assistance shall be provided.

| Staff Member Assigned: Ms. J. Colley |
|---|

| Chairman - RIB Signature: *Sgt D.F. McCarley* | Date: 03/21/2019 |
|---|---|

DRC 4022 (Rev. 12/05)                                                          ACA 4214 through 4236

DRC000109
MSJ Bates # 000123

# Conduct Report Supplement

| Institution: | | |
|---|---|---|
| SOCF | | SOCF-19-000831 |
| Name: JOHNSON, MICHAEL | Number: | A515853 |

the handcuffs.  Responding officers arrived and he was escorted out of the area by C/O J. Neff and C/O G. Fri.  Be advised

Inmate Johnson 515-853 had slipped his handcuffs and assaulted an Officer on 3/6/19.

Signature of Reporting Officer: *Jason Joseph*

DRC 4255 (3/98)  DISTRIBUTION:  WHITE - RIB   CANARY - Unit File   PINK - RIB Board   GOLD - Inmate

DRC000110

MSJ Bates # 000124

# Record of Proceedings of Rules Infraction Board

| RIB Case Number: | Inmate Number: |
|---|---|
| SOCF-19-000831 | A515853 |

1. Was the inmate informed of the right to be heard in his own behalf?      ☐ Yes ☑ No

2. Was the inmate-defendant and each witness called before the board instructed to be truthful to the board and notified that there is a penalty for making untruthful statements?      ☐ Yes ☑ No

3. Did any person other than a board member participate in the discussion of the board's findings? (if yes, explain)      ☐ Yes ☑ No

4. List the names of all witnesses who testified before the board:

Are summaries of their testimony enclosed? (if no, explain)      ☐ Yes ☐ No

We certify that this is a true record of the proceedings of the Rules Infraction Board:

| Signed: *[signature]* | ☑ Guilty | ☐ Not Guilty |
|---|---|---|
| Signed: *Christy Adler* | ☑ Guilty | ☐ Not Guilty |
| Member: | ☐ Guilty | ☐ Not Guilty |

DRC4025 (Rev. 12/05)

ACA 4214 through 4236

**DRC000111**
**MSJ Bates # 000125**

# Testimony of Accused Inmate
# at Rules Infraction Board

| Inmate Accused of Violation: JOHNSON, MICHAEL | | Number: A515853 |
|---|---|---|
| Institution: SOCF | Date: 03/21/2019 | RIB Case Number: SOCF-19-000831 |

Statement:
REFUSED TO ATTEND. END OF STATEMENT

*I have read the above and find that it is an accurate summary of testimony before the Rules Infraction Board.*

| Secretary, Rules Infraction Board: *Christy Adler* |
|---|

☑ *I have read the above and find that it is an accurate summary of testimony before the Rules Infraction Board.*

| Inmate Accused Of Violation: *Refused to appear* | Number: A515853 |
|---|---|

☐ *I have read the above - it is Not true and accurate for the following reasons;*

| Inmate Accused Of Violation: | Number: |
|---|---|

**DRC000112**
**MSJ Bates # 000126**

DRC4190 (03/04)

DRC000113
**MSJ Bates # 000127**

# Ohio Department of Rehabilitation and Correction
# Notification of Action by Hearing Officer
# RULES INFRACTION BOARD

| Institution: | TOCI | | | | |
|---|---|---|---|---|---|
| Name: JOHNSON, MICHAEL | | Number: A515853 | Work: SC | | Lock: D4/W/006B |

The following action has been ordered by the Rules Infraction Board or the Hearing Officer.

| | From: | To: | Comments: |
|---|---|---|---|
| Recreation Restriction | 05/22/2019 | 08/22/2019 | 90 DAY RECREATION |
| Cell / Bed Restriction | From: | To: | Comments: |
| Commissary Restriction | From: | To: | Comments: |
| Loss of Phone Privileges | From: | To: | Comments: |
| Extra Duty Assigned | From: | To: | Comments: |
| Other | From: | To: | Comments: |

| Hearing Officer/RIB/Designee Signature: *Christy Adkins* | Date: 03/21/2019 |
|---|---|

DRC 4099 (Rev. 12/99)   DISTRIBUTION:  WHITE - RIB   CANARY - Unit

ACA 4218, 4224, 4228, 4235

**DRC000114**
**MSJ Bates # 000128**

# Disposition of the Rules Infraction Board

| Institution: SOCF | RIB Case Number: SOCF-19-000831 |
|---|---|
| Inmate Name: JOHNSON, MICHAEL | Number: A515853 |
| Date of Hearing: 03/18/2019 | Time: 01:30 PM |

**Inmate Plea:**  ☐ GUILTY

☑ NOT GUILTY      Rule: **60**      Rule: **04**      Rule: **20**      Rule: **21**

State the facts that explain the board's decision:
NOTE: Inmate Johnson refused to attend this hearing. This was verified by Sgt. Throckmorton. Not guilty plea entered on the inmate's behalf. The bard finds that inmate Johnson did attempt to cause harm to Lt. Joseph by attempting to punch him, did disobey orders and did physically resist orders.

Particular evidence or statements relied on:
Conduct report.

Did the inmate offer any defense?          ☐ Yes   ☑ No

Did the Board believe the inmate's defense?   ☐ Yes   ☐ No          Why?

Did the board rely on any confidential statement(s)?   ☐ Yes   ☑ No

Did the board determine the informant(s) to be credible?   ☐ Yes   ☐ No

Disposition of the Hearing Officer is:          ☑ Affirmed

☐ Returned for reconsideration

Decision: Based on the above stated facts the Board believes that:

| Inmate **JOHNSON, MICHAEL** | violated rule(s) | Rule: **04** | Rule: **20** | Rule: **21** |
|---|---|---|---|---|
| Inmate **JOHNSON, MICHAEL** | did not violate rule(s) | Rule: **60** | | |

Therefore, the RIB Officer imposes the following disposition:    **RH**

☑   Check "Stacked" if you wish to stack housing record, otherwise housing record will be combined with other housing records.

Number of RH days imposed by RIB:    **14**

☐   RIB recommends a Security Review be conducted.

Identify the disposition imposed and the reasons for the action taken:
14 RH. Remain level "E". 90 day recreation restriction beginning 5/22/19 and ending 8/22/19. This penalty is imposed as progressive discipline and to attempt to encourage more positive behavior from inmate Johnson in the future. , No of Days in RH: 14, Serve Order requested: Stack

Appeal form given to inmate?          ☑ Yes   ☐ No

| Signature RIB Chairperson: _Sgt. Morgan_ | Date: 03/21/2019 |
|---|---|

*Notice To Inmate: You may appeal this decision to the Warden.*
*The appeal must be submitted using the provided form DRC4027, within 7 days of receiving this disposition.*

**Acknowledgement of Receipt:**

| Inmate Signature: Refused to appear | Date: 03/21/2019 | Time: 01:32 PM |
|---|---|---|

DRC4024 (Rev. 01/19) DISTRIBUTION:   WHITE - RIB   CANARY - Unit File   PINK - RIB Board   GOLDENROD - Inmate

| RIB Case Number: |
|---|

**DRC000115**
**MSJ Bates # 000129**

Results Of
Warden's Administrative Review

SOCF-19-000831

Upon reviewing the proceeding and the disposition of the Rules Infraction Board, I have determined that the board's decision should be:

☑ Affirmed          ☐ Reversed

☐ Modified as indicated below      ☐ Returned for reconsideration

☐    Warden recommends a Security Review be conducted.

NOTES:

*Note: This decision is the result of the automatic administrative review of RIB decisions provided for in 512-9-08(M)*

| Warden or Designee's Signature: *Larry Greene* | Date: 03/22/2019 |
| --- | --- |

**DRC000116**
**MSJ Bates # 000130**

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MICHAEL L. JOHNSON,

      Plaintiff,

  v.

BRIAN BARNEY, et al.,

      Defendants.

Case No. 1:21 cv 141

Judge Hopkins

Magistrate Judge Litkovitz

### RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JASON JOSEPH

Defendant, by and through counsel, and pursuant to Fed. R. Civ. P. 33 object and respond to Plaintiff's First Set of Interrogatories, as follows:

### GENERAL OBJECTIONS AND RESERVATIONS

1. Defendant objects to the discovery requests to the extent they require disclosure of information beyond the permissible scope of discovery required under the Federal Rules of Civil Procedure. Defendant's responses and any identification of documents included in said responses shall not waive or prejudice any objection Defendant may later assert, including but not limited to, objections to the admissibility of any of the answers or responses hereto, or to the admissibility of documents or categories of documents at trial.

2. Defendant objects to each request and part thereof to the extent that they call for the production of documents or information protected by: (a) the attorney-client privilege; (b) the attorney work product doctrine; (c) any privilege relating to confidential information or confidential communications; (d) the right of privacy; or (e) any other privilege. Any inadvertent identification or production of documents subject to such privilege shall not waive those privileges.

3. Defendant objects to those discovery requests that are vague, ambiguous, unlimited in time, scope or subject, overly broad, unduly burdensome, oppressive, or call for unbounded discovery.

4. Defendant objects to the discovery request to the extent they are not relevant to the subject matter of this action.

5. Defendant does not waive any objection to the admissibility, competency, relevancy, materiality, confidentiality or privilege attaching to any document, communication or

Exhibit 4

**MSJ Bates # 000131**

information, supplied, nor to the right to object to additional discovery relating to the subject matter of these discovery requests.

6. Defendant expressly reserves the right to amend and/or supplement these responses and objections with respect to any additional information, material and document requested or obtained in the course of discovery herein.

7. Defendant objects to the discovery requests to the extent they request that Defendant produce information in the possession and control of individuals or entities over which Defendant has no right of control. The following responses are made on behalf of Defendant and not on behalf of any other persons or entities.

8. Defendant objects to all discovery requests that call for the identification of specific documents responsive thereto as such task is unduly burdensome.

9. Defendant reserves the right to object to any additional discovery procedures initiated by Plaintiff and/or to file a Motion for Protective Order to the extent that any such subsequent discovery proceedings involve the subject matter or substantially the same areas of inquiry covered by these discovery requests.

10. Defendant reserves the right to add to, subtract from, or clarify any objections or responses which are given in response to the discovery requests. Defendant further notes that investigation of the area(s) of inquiry touched upon by the discovery requests shall continue through the time of trial, all of which may necessitate further action as described above.

11. Defendant objects to all discovery requests that are objectionable as to form.

12. Defendant objects to the discovery requests to the extent that they purport to call for information not known to Defendant and that is not reasonably ascertainable by Defendant.

13. Defendant objects to the discovery requests to the extent that they purport to call for legal conclusions or expert opinions or requires Defendant to perform legal research for Plaintiff.

14. Defendant objects to the discovery requests to the extent that they are overly broad, unduly and unreasonably burdensome and oppressive in that the burden of obtaining the information purportedly called for substantially outweighs any probative value of such information.

15. Defendant objects to the discovery requests to the extent that they purport to call for answers that are dependent in whole or in part on information to be obtained by Plaintiff from Defendant or another person in the course of discovery.

16. Defendant objects to each of the discovery requests to the extent such are not reasonably limited in scope and time.

17. Defendant objects to each discovery request that seeks the production of documents or information that is confidential, proprietary, financially sensitive, or of a confidential

2

**MSJ Bates # 000132**

nature that outweighs any arguable relevance the information could have to this proceeding.

18. Defendant generally objects to the definitions and instructions set forth by Plaintiff in these discovery requests to the extent they require Defendant to undertake efforts or responsibilities beyond those required by the Federal Rules of Civil Procedure.

19. All of the foregoing general objections and reservations are incorporated into each of the following responses to Plaintiff's discovery requests whether or not any specific general objection or reservation is referenced therein.

20. The information supplied in these responses is not based solely on the knowledge of the executing party, but includes knowledge of the party, his employer, representatives and attorneys, unless privileged.

21. The word usage and sentence structure may be that of the attorney assisting in the preparation of these responses, and thus, does not necessarily purport to be the precise language of the executing party.

22. Plaintiff's discovery requests primarily seek personal knowledge that is not in the possession of the named Defendant.  Defendant objects to the request for personal knowledge as presented in some of the requests below.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES

*ADDITIONAL GENERAL OBJECTION: Plaintiff's discovery requests primarily seek personal knowledge that is not in the possession of the named Defendant. Defendant objects to the production of records and/or request for personal knowledge as presented in some of the requests below. Further, Defendant's counsel has relied upon information provided by others in preparing these answers.*

1. Can you ask, Mr. Joseph, was he present at J1 block on March 13, 2019 with Sgt. Barney and Officer Spriggs?

   **OBJECTION:** Objection, vague as to time and place.  Without waiving said objection,

   **RESPONSE:** Yes, on March 13, 2019, Lt. Joseph responded to J1 block where Inmate Johnson was being held in response to a use of force incident (deployment of OC Spray) and to remove him from the shower area.  For additional information, please see the Use of Force reports (Bates-stamp # DRC000001-DRC000043), previously provided to Plaintiff.

3

2. Can you ask Mr. Joseph, do he want to settle in this civil action law suit alone in his individual capacity? [sic]

**OBJECTION:** Objection as this is not a proper interrogatory. Without waiving said objection,

**RESPONSE:** Settlement discussions are always welcomed. Please send the attorney a settlement demand.

3. If not, can you ask, Mr. Joseph, why did he enter J1 block on March 13, 2019 the day of the incident or in question? [sic]

**OBJECTION:** Objection, vague as to time and place. Without waiving said objection,

**RESPONSE:** On March 13, 2019, Lt. Joseph responded to J1 block, shower area, after Plaintiff was sprayed with OC for spitting at a corrections officer. Lt. Joseph was initially there to remove Inmate Johnson from the shower area and to take a report for the OC spray. For additional information, please see the Use of Force reports (Bates-stamp # DRC000001-DRC000043), previously provided to Plaintiff.

4. Can you ask, Mr. Joseph, did he write a use of force statement that occur early at J1 shower area with Sgt. Barney that involved Sgt. Barney using D.C. chemical mase on inmate Johnson #A515-853 on March 13, 2019? [sic]

**OBJECTION:** Objection, vague as to time and place. Without waiving said objection,

**RESPONSE:** Yes. For additional information, please see the Use of Force reports (Bates-stamp # DRC000001-DRC000043), previously provided to Plaintiff.

5. Can you can you ask, Mr. Joseph, what is the procedure and policy when a inmate refuse to exit the cell location or the shower area and return to his cell location? [sic]

**OBJECTION:** Vague as to date and time.

**RESPONSE:** Please see the 2019 policy 63 UOF-01 (Bates-stamp # DRC000851-DRC000860) which governs the policies and procedures for when use of force must be utilized, provided with this response.

The policy and procedure depends on the event in question and whether it was a planned use of force or a response to violence from an inmate. This incident was not a planned use of force incident. I spoke to Plaintiff while he was in the shower. Plaintiff stated to me that he would come out of the shower area peacefully. Then Plaintiff slipped his cuff and attempted to strike me, which required an immediate use of force response to regain control.

4

**MSJ Bates # 000134**

6. Can you ask, Mr. Joseph, why was the shower door remain open and he, Lt. Joseph, step from the range gate that separate the inmate and supervisor and/or officer and step in front of inmate Johnson, #A515-853 that were hand cuffed behind the back still standing inside the shower area not creating a disturbance on March 13, 2019? [sic]

**OBJECTION:** Vague as to time and place. Asks multiple questions. Assumes facts not in evidence. Distorts the facts. Without waiving said objection,

**RESPONSE:** Lt. Joseph entered into J1 and responded to the shower area in response to a call for assistance from Sgt Barney and to obtain a statement from Johnson for a use of force. Inmate Johnson refused several directives to leave the shower area, then eventually agreed to exit the area peacefully. Inmate Johnson then slipped his cuffs by pulling his right hand out of the cuff, so Inmate Johnson was not cuffed and did not keep his hands behind his back. He attempted to hit Lt. Joseph. Inmate Johnson caused a disturbance when he attempted to hit Lt. Joseph. Inmate Johnson refused to recuff after slipping his right hand out of the cuff. Inmate Johnson engaged in physical resistance of direct orders. For additional information, please see the Use of Force reports (Bates-stamp # DRC000001-DRC000043), previously provided to Plaintiff.

7. Can you ask, Mr. Joseph, if you were the supervisor of the incident why was Sgt. Barney still present? [sic]

**OBJECTION:** Vague as to time and place. Without waiving said objection,

**RESPONSE:** My information is based upon the use of force reports. Sgt Barney was present on March 13, 2019 as Plaintiff was engaged in on-going violations of the rules of conduct. He attempted to spit on an officer. He refused to come out of the shower. Sgt. Barney would have been monitoring the situation before I arrived. Once I arrived, he would have remained to offer assistance as necessary. For additional information, please see the Use of Force reports (Bates-stamp # DRC000001-DRC000043), previously provided to Plaintiff.

8. Can you ask, Mr. Joseph, how did officer Spriggs enter the shower if you, Lt. Joseph, and Sgt. Barney was present on March 13, 2019 concerning the allegations of the civil action complaint of the instant case? [sic]

**OBJECTION:** Vague as to time and place. Without waiving said objection,

**RESPONSE:** My information is based upon the use of force reports. I do not have personal knowledge on how Officer Spriggs entered the shower. According to his report, Officer Spriggs responded to a call for additional assistance after Plaintiff tried to hit Lt. Joseph and then physically resisted directives to put his hands behind his back to cuff up.

5

For additional information, please see the Use of Force reports (Bates-stamp # DRC000001-DRC000043), previously provided to Plaintiff.

9. Can you ask, Mr. Joseph, how did inmate Johnson #A515-853 received those injuries on March 13, 2019 at J1 block inside of the shower hand cuffed with his hands behind his back? [sic]

**OBJECTION:** Argumentative and assumes facts not in evidence.

**RESPONSE:** Lt. Joseph responded to the shower area where Inmate Johnson was being held to remove him from the shower area. Inmate Johnson refused several directives to leave the shower area. This lasted for several minutes before he agreed to come out. Inmate Johnson then slipped his cuffs by pulling his right hand out of the cuff. He attempted to hit Lt. Joseph.

In an attempt to gain control over Inmate Johnson, Lt. Joseph and Sgt Barney took ahold of the inmate and assisted him the floor. Inmate Johnson continued to physically resist. In an effort to gain control closed fists strikes were delivered to the inmate's mid section by Sgt Barney and closed fist strikes to the inmate's facial area were delivered by Lt. Joseph.

Plaintiff continued to physically resist and gained his feet. Sgt Barney hit his "man down" alarm and Officer Spriggs arrived to assist and attempted to gain control of Inmate Johnson as Inmate Johnson continued to physically resist. Additional closed fist strikes were delivered in an effort to gain control of Inmate Johnson. Lt. Joseph then utilized his PR24, striking Inmate Johnson in the thigh area to gain control. Inmate Johnson was then placed on the floor, handcuffs were utilized, and control was regained.

Lt. Joseph was not present for the escort or his medical examination, so he does not have personal knowledge of what, if any, injuries Inmate Johnson sustained. For additional information, please see the Use of Force Investigation and Reports, (Bates-stamp # DRC000001-DRC000043).

10. Can you ask, Mr. Joseph, if inmate Johnson #A515-853 refuse to exit the shower area how come you, Lt. Joseph, did not notify the shift captain that a full extraction to extract inmate Johnson #A515-853 from inside the shower on March 13, 2019, the day of the allegation of the instant case? [sic]

**OBJECTION:** Argumentative and assumes facts not in evidence.

**RESPONSE:** Please see the 2019 policy 63 UOF-01 (Bates-stamp # DRC000851-DRC000860) which governs the policies and procedures for when use of force must be utilized. This incident was not a planned use of force incident. Plaintiff had stated to me that he would come out of the shower area peacefully. Then he slipped his cuff and attempted to strike me, which required an immediate use of force response to regain

6

**MSJ Bates # 000136**

control. For additional information, please see the Use of Force Investigation and Reports, (Bates-stamp # DRC000001-DRC000043).

11. Can you ask, Mr. Joseph, why was Sgt. Barney doing a full search on inmate Johnson #A515-853 at J1 block cell #1 to remove purchase commissary item's from inmate Johnson #A515-853 that were purchase March 12, 2019? [sic]

**OBJECTION:** Assumes facts not into evidence. Further, as this force involves a use of force in the shower area, it is irrelevant to this law suit why Sgt. Barney doing a full search on inmate Johnson #A515-853 at J1 block cell #1. It also asks Lt. Joseph for facts not personally known to him. Without waiving this objection,

**RESPONSE:** Lt Joseph does not have personal knowledge as to why Sgt. Barney was doing a search of Plaintiff's cell. From the reports, it appears that Plaintiff was in restrictive housing, meaning he was not entitled to have commissary in his cell. Sgt Barney went to the cell to do a shake down of the cell and to remove any contraband items. For additional information, please see the Use of Force reports (Bates-stamp # DRC000001-DRC000043), previously provided to Plaintiff and Sgt Barney's Responses to Plaintiff's Discovery requests, previously provided to Plaintiff.

12. Can you ask, Lt. Joseph, is J1 block cell #1 is a suicide cell back in March 13, 2019? [sic]

**OBJECTION:** Relevancy. This is an alleged use of force which took place in the shower area, not a cell.

**RESPONSE:** ODRC does not have "suicide cells." From my recollection, J1 cell block #1 could be, but was not always, utilized as a constant watch cell. Constant watch cells are sometimes referred to as suicide cells by some inmates.

13. Can you ask, Mr. Joseph, why was inmate Johnson #A515-853 was housed at J1 block cell #1 a suicide cell back in March 13, 2019? [sic]

**OBJECTION:** Ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment Violation for excessive use of force incident which took place in the shower area. Why Plaintiff was housed in JI unit is irrelevant to this matter. Further, it seeks information outside of the personal knowledge of this Defendant, as this Defendant did not make housing assignments for the institution.

**RESPONSE:** Placement of an inmate in a certain housing unit is not part of my job duties. It is done by either the Rules Infraction Board or the Warden's Office. I believe that Mr. Johnson was placed in JI due to assaultive behavior towards staff the week of March 6, 2019. I do not believe that J1 was being utilized as a constant watch cell for Plaintiff.

7

**MSJ Bates # 000137**

*As to all preceding objections:*

*/s/Marcy Vonderwell*
MARCY VONDERWELL (0078311)
Senior Assistant Attorney General

Respectfully submitted,

DAVE YOST
Ohio Attorney General


s/*Marcy Vonderwell*
MARCY VONDERWELL (0078311)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
P: (614) 644-7233/F: (866) 521-9902
Marcy.Vonderwell@OhioAGO.gov

*Counsel for Defendant*

8

**MSJ Bates # 000138**

## VERIFICATION

I, Jason Joseph, having first been sworn, have read the foregoing Responses to Plaintiff's First Set of Interrogatories to Defendant Jason Joseph and are true to my personal knowledge, information, and belief.

JASON JOSEPH

Title: N/A

STATE OF OHIO )
 ) SS:
COUNTY OF Pike )

Sworn to and signed before me this 29 day of May, 2025.

THERESA A CORIELL
Notary Public
State of Ohio
My Comm. Expires
July 25, 2025

Notary Public

My Commission Expires: 7-25-25

9

MSJ Bates # 000139

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2025 a copy of *Responses to Plaintiff's First Set of Interrogatories to Defendant Jason Joseph* has been served upon Plaintiff, via U.S. mail, postage prepaid at the address below:

Michael Johnson, #A515-853
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699

s/*Marcy Vonderwell*
MARCY VONDERWELL (0078311)
Senior Assistant Attorney General

10

**MSJ Bates # 000140**



MSJ Bates # 000141

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL L. JOHNSON,                          :

      Plaintiff,                                  :      Case No. 1:21 cv 141

                             :      Judge Hopkins

      v.                                          :

                             :      Magistrate Judge Litkovitz

BRIAN BARNEY, et al.,                        :

      Defendants.                                 :

## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SCOTT SPRIGGS

Defendant, by and through counsel, and pursuant to Fed. R. Civ. P. 33 object and respond to Plaintiff's First Set of Interrogatories, as follows:

### GENERAL OBJECTIONS AND RESERVATIONS

1. Defendant objects to the discovery requests to the extent they require disclosure of information beyond the permissible scope of discovery required under the Federal Rules of Civil Procedure. Defendant's responses and any identification of documents included in said responses shall not waive or prejudice any objection Defendant may later assert, including but not limited to, objections to the admissibility of any of the answers or responses hereto, or to the admissibility of documents or categories of documents at trial.

2. Defendant objects to each request and part thereof to the extent that they call for the production of documents or information protected by: (a) the attorney-client privilege; (b) the attorney work product doctrine; (c) any privilege relating to confidential information or confidential communications; (d) the right of privacy; or (e) any other privilege. Any inadvertent identification or production of documents subject to such privilege shall not waive those privileges.

3. Defendant objects to those discovery requests that are vague, ambiguous, unlimited in time, scope or subject, overly broad, unduly burdensome, oppressive, or call for unbounded discovery.

4. Defendant objects to the discovery request to the extent they are not relevant to the subject matter of this action.

5. Defendant does not waive any objection to the admissibility, competency, relevancy, materiality, confidentiality or privilege attaching to any document, communication or

**Exhibit 5**

**MSJ Bates # 000142**

information, supplied, nor to the right to object to additional discovery relating to the subject matter of these discovery requests.

6. Defendant expressly reserves the right to amend and/or supplement these responses and objections with respect to any additional information, material and document requested or obtained in the course of discovery herein.

7. Defendant objects to the discovery requests to the extent they request that Defendant produce information in the possession and control of individuals or entities over which Defendant has no right of control. The following responses are made on behalf of Defendant and not on behalf of any other persons or entities.

8. Defendant objects to all discovery requests that call for the identification of specific documents responsive thereto as such task is unduly burdensome.

9. Defendant reserves the right to object to any additional discovery procedures initiated by Plaintiff and/or to file a Motion for Protective Order to the extent that any such subsequent discovery proceedings involve the subject matter or substantially the same areas of inquiry covered by these discovery requests.

10. Defendant reserves the right to add to, subtract from, or clarify any objections or responses which are given in response to the discovery requests. Defendant further notes that investigation of the area(s) of inquiry touched upon by the discovery requests shall continue through the time of trial, all of which may necessitate further action as described above.

11. Defendant objects to all discovery requests that are objectionable as to form.

12. Defendant objects to the discovery requests to the extent that they purport to call for information not known to Defendant and that is not reasonably ascertainable by Defendant.

13. Defendant objects to the discovery requests to the extent that they purport to call for legal conclusions or expert opinions or requires Defendant to perform legal research for Plaintiff.

14. Defendant objects to the discovery requests to the extent that they are overly broad, unduly and unreasonably burdensome and oppressive in that the burden of obtaining the information purportedly called for substantially outweighs any probative value of such information.

15. Defendant objects to the discovery requests to the extent that they purport to call for answers that are dependent in whole or in part on information to be obtained by Plaintiff from Defendant or another person in the course of discovery.

16. Defendant objects to each of the discovery requests to the extent such are not reasonably limited in scope and time.

17. Defendant objects to each discovery request that seeks the production of documents or information that is confidential, proprietary, financially sensitive, or of a confidential

2

MSJ Bates # 000143

nature that outweighs any arguable relevance the information could have to this proceeding.

18. Defendant generally objects to the definitions and instructions set forth by Plaintiff in these discovery requests to the extent they require Defendant to undertake efforts or responsibilities beyond those required by the Federal Rules of Civil Procedure.

19. All of the foregoing general objections and reservations are incorporated into each of the following responses to Plaintiff's discovery requests whether or not any specific general objection or reservation is referenced therein.

20. The information supplied in these responses is not based solely on the knowledge of the executing party, but includes knowledge of the party, his employer, representatives and attorneys, unless privileged.

21. The word usage and sentence structure may be that of the attorney assisting in the preparation of these responses, and thus, does not necessarily purport to be the precise language of the executing party.

22. Plaintiff's discovery requests primarily seek personal knowledge that is not in the possession of the named Defendant. Defendant objects to the request for personal knowledge as presented in some of the requests below.

## DEFENDANT'S RESPONSES

*ADDITIONAL GENERAL OBJECTION: Plaintiff's discovery requests primarily seek personal knowledge that is not in the possession of the named Defendant. Defendant objects to the production of records and/or request for personal knowledge as presented in some of the requests below. Further, Defendant's counsel has relied upon information provided by others in preparing these answers.*

1. Can you ask, Mr. Spriggs, was he present at J1 block on 1st shift duty March 13, 2019?

    **OBJECTION:** Objection, vague as to time and place. Without waiving said objection,

    **RESPONSE:** Yes, I was present on J1 block on first shift on March 13, 2019. That was my post.

2. Can you ask Mr. Spriggs, do he want to settle in this civil action law suit alone in his individual capacity? [sic]

    **OBJECTION:** Objection as this is not a proper interrogatory. Without waiving said objection.

    **RESPONSE:** Settlement discussions with ODRC are always welcomed. Please send the attorney a settlement demand.

3

**MSJ Bates # 000144**

3. Can you ask, Mr. Spriggs, if not, on March 13, 2019 did he officer Spriggs run inside of the shower on inmate Johnson #A515-853 with Lt. Joseph and Sgt. Barney while inmate Johnson #A515-853 was hand cuffed with his hands behind his back? [sic]

**OBJECTION:** Vague as to time and place. Asks multiple questions. Assumes facts not in evidence. Distorts the facts. Without waiving said objection,

**RESPONSE:** I do not have personal recollection of these events. According to the reports, Lt. Joseph and Sgt. Barney were on the range giving I/M Johnson orders to exit the shower and go to his cell. I was on the steps waiting to instruct my partner when to close the cell door. I heard a commotion in the shower. I ran down the steps to the range were I observed that Lt. Joseph and Sgt. Barney had entered the shower and were attempting to control I/M Johnson on the floor. I/M Johnson had slipped his cuffs and was unrestrained. Therefore, his hands were not cuffed behind his back.

In response to calls for assistance, I immediately ran in to assist in restraining I/M Johnson. He was physically resisting orders to place his hands behind his back and cuff up. I/M Johnson got back up on his feet but was still not restrained. I continued to attempt to assert control of I/M Johnson's arms as Lt. Joseph utilized his PR-24 to regain compliance. At this point we all went back to the floor. I and Sgt. Barney were able to reapply the hand cuffs. Other responding staff arrived and assisted him to his feet and escorted him out of the block to be seen by medical.

For additional information, please see the Use of Force reports (bs# DRC000001-DRC000043), previously provided to Plaintiff.

4. Can you ask, Mr. Spriggs, where was he officer Spriggs, standing before he officer Spriggs, ran inside of the shower on inmate Johnson #A515-853 on March 13, 2019? [sic]

**OBJECTION:** none

**RESPONSE:** I have no personal recollection of where I was standing before I responded to a call for assistance from other officers. According to the reports, I was on the steps waiting to instruct my partner when to close the cell door. Please see Response #3 for additional information.

5. Can you can you ask, Mr. Spriggs, what did he officer Spriggs, see or hear to start running inside of the shower to attack inmate Johnson #A515-853 with Lt. Joseph and Sgt. Barney on March 13, 2019? [sic]

**OBJECTION:** Inflammatory and asserts facts not in evidence.

**RESPONSE:** I did not attack Plaintiff. Lt. Jospeh and Sgt Barney did not attack Plaintiff. I heard a commotion in the shower. I responded to a call for assistance after I heard "Stop resisting, give me your hands." For additional information, please see the Use of Force reports (bs# DRC000001-DRC000043), previously provided to Plaintiff.

4

**MSJ Bates # 000145**

6. Can you ask, Mr. Spriggs, did he officer Mr. Spriggs, write any conduct report and/or any incident report or use of force report concerning the incident that occur inside of the shower on March13, 2019 of the instant case? [sic]

**OBJECTION:** none

**RESPONSE:** Yes. They have been previously provided to Plaintiff. See bs## DRC000001-DRC000043.

7. Can you ask, Mr. Springs, have any use of force committee and/or institutional inspector, Ms. Mahlman, talked to him officer, Spriggs, concerning the incident that occur on March 13, 2019 of the instant case? [sic]

**OBJECTION:** none

**RESPONSE:** I cannot recall if I had a personal conversation with the institutional inspector regarding this matter. I did complete a report which was utilized in the Use of Force investigation. For additional information, please see the Use of Force reports (bs# DRC000001-DRC000043), previously provided to Plaintiff.

8. Can you ask, Mr. Spriggs, how did inmate Johnson #A515-853 received those kind of serious injuries after, Lt. Joseph, Sgt. Barney, and officer Spriggs, ran into the shower on inmate Johnson #A515-853 on March 13, 2019 at J1 block? [sic]

**OBJECTION:** Argumentative and assumes facts not in evidence. Seeks information not in the personal knowledge of this Defendant. Seeks expert medical opinion.

**RESPONSE:** I do not have personal knowledge of all of the events which took place. I do not recall all of the events which took place on March 13, 2019. Per the use of force reports, Plaintiff did not receive serious injuries and refused medical treatment.

Per the use of force reports, Lt. Joseph initially responded to the shower area where Inmate Johnson was being held to remove him from the shower area. Inmate Johnson refused several directives to leave the shower area. This lasted for several minutes. Inmate Johnson then slipped his cuffs by pulling his right hand out of the cuff. He attempted to hit Lt. Joseph. He refused several directives to cuff back up and physically resisted all attempts by officers to regain control.

In an attempt to gain control over Inmate Johnson, Lt. Joseph and Sgt Barney took ahold of the inmate and assisted him the floor. Inmate Johnson continued to physically resist. In an effort to gain control closed fists strikes were delivered to the inmate's mid section by Sgt Barney and closed fist strikes to the inmate's facial area were delivered by Lt. Joseph.

Plaintiff continued to physically resist and gained his feet. Officer Spriggs responded to a call for assistance, arrived to assist and attempted to gain control of Inmate Johnson as

5

**MSJ Bates # 000146**

Inmate Johnson continued to physically resist. Additional closed fist strikes were delivered in an effort to gain control of Inmate Johnson. Lt. Joseph then utilized his PR24, striking Inmate Johnson in the thigh area to gain control. Inmate Johnson was then placed on the floor, handcuffs were utilized, and control was regained.

Officer Spriggs was not present for the escort or his medical examination, nor is he a medical provider, so he does not have personal knowledge of what, if any, injuries Inmate Johnson sustained. From the medical reports, Plaintiff did not sustain serious injuries. For additional information, please see the Use of Force Investigation and Reports, bs# DRC000001-DRC000043 and Medical Records, bs# DRC000316-DRC000322.

9. Can you ask, Mr. Spriggs, was J1 block cell #1 is a suicide cell back in March 13, 2019, while inmate Johnson #A515-853 were housed? [sic]

**OBJECTION:** Relevancy. The alleged incident occurred in the showers, not a cell.

**RESPONSE:** ODRC does not have a "suicide cell." J1 block, cell #1 could be, but was not always, utilized as a constant watch cell. Some inmates refer to constant watch cells as suicide cells. I do not know whether Plaintiff was on constant watch in J1 block, cell 1 on March 13, 2019. According to the reports, he was in restrictive housing. For additional information, please see the Use of Force Investigation and Reports, bs# DRC000001-DRC000043.

10. Can you ask, Mr. Spriggs, why was inmate Johnson #A515-853 housed inside of a suicide cell at J1 block, cell #1 especially on March 13, 2019 the day of the incident of the instant case? [sic]

**OBJECTION:** Ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment Violation for excessive use of force incident which took place in the shower area. Why Plaintiff was housed in JI unit, cell #1 is irrelevant to this matter. Further, it seeks information outside of the personal knowledge of this Defendant, as this Defendant did not make housing assignments for the institution.

**RESPONSE:** Placement of an inmate in a certain housing unit is not part of my job duties. It is done by either the Rules Infraction Board or the Warden's Office. I have no idea why an inmate is placed in a particular cell.

11. Can you ask, Mr. Spriggs, what consist of a suicide cell, far as, mattress, tablet, behind glass cell? [sic]

**OBJECTION:** Ambiguous, and not reasonably calculated to lead to admissible evidence. This suit involves an alleged Eighth Amendment Violation for excessive use of force incident which took place in the shower area of J1 block. The contents of a suicide cell are irrelevant to this matter.

6

**MSJ Bates # 000147**

**RESPONSE:** ODRC does not have a "suicide cell." A Safe Cell is utilized when an inmate is placed on constant or close watch. An inmate may be placed on constant or close watch for suicidal ideations. A behavioral health operations approved gown and blanket shall be provided. The individual property allowed in safe cell is at the discretion of the mental health provider or medical provider on duty. The cell must permit visibility to all areas of the cell to allow for the continuous visual observation of the inmate. It shall be outfitted with a mattress and/or bed approved by Operations Support Center Behavioral Health Operations. It must have stainless steel fixtures for the sink and toilet. Fixtures which can be used to hang oneself must be covered with an approved covering. There must be a cuff port, adequate ventilation and lighting. It may not have functional electric outlets or switch plates. Window crank handles must be removed and walls must be maintained without holes and in good repair. For additional information, please see Safe Cell Specifications & Inspection Criteria No. 1-8, bs # DRC000851-DRC000853, which is being provided with this response.

12. Can you ask, Mr. Spriggs, what did he officer, Mr. Spriggs, do after inmate Johnson #A515-853 were escorted to the infirmary on March 13, 2019 the day of the incident? [sic]

**OBJECTION:** none.

**RESPONSE:** I continued working my post. I completed the necessary reports for the Use of Force Investigation.

*As to all preceding objections:*

/s/Marcy Vonderwell
MARCY VONDERWELL (0078311)
Senior Assistant Attorney General

Respectfully submitted,

DAVE YOST
Ohio Attorney General

s/Marcy Vonderwell
MARCY VONDERWELL (0078311)
Senior Assistant Attorney General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
P: (614) 644-7233/F: (866) 521-9902
Marcy.Vonderwell@OhioAGO.gov

7

**MSJ Bates # 000148**

*Counsel for Defendant*

## VERIFICATION

I, Scott Spriggs, having first been sworn, have read the foregoing Responses to Plaintiff's First Set of Interrogatories to Defendant Scott Spriggs and are true to my personal knowledge, information, and belief.

_____
SCOTT SPRIGGS

Title: Correction Officer

STATE OF OHIO )
 ) SS:
COUNTY OF Scioto )

Sworn to and signed before me this 4th day of June, 2025.

**SHERRI BISHOP**
Notary Public, State of Ohio
Comm. Expires March 19, 2027

_____
Notary Public

My Commission Expires: 3/19/27

8

**MSJ Bates # 000149**

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2025 a copy of *Responses to Plaintiff's First Set of Interrogatories to Defendant Scott Spriggs* has been served upon Plaintiff, via U.S. mail, postage prepaid at the address below:

Michael Johnson, #A515-853
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio  45699

s/*Marcy Vonderwell*
MARCY VONDERWELL (0078311)
Senior Assistant Attorney General

9

**MSJ Bates # 000150**

**Item: SOCF 106-19, Security Surveillance Video**

**Date of Incident: March 13, 2019, at 8:30-10:28**

**Location: Southern Ohio Correctional Facility, J1-Shower**

Exhibit 6

**MSJ Bates-Stamp # 000151**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael L. Johnson,                     :
                                        :          Case No. 1:21-cv-00141
              Plaintiff,                :
                                        :          Judge McFarland
       v.                               :
                                        :          Magistrate Judge Litkovitz
Brian Barney, *et al.*                  :
                                        :
              Defendants.               :

## DECLARATION OF MAJOR HAROLD BELL

I, HAROLD BELL, pursuant to 28 U.S.C. 1746, make this unsworn declaration, under the

penalty of perjury and declare that the statements made below are true:

1.   I am a Corrections Major with the Ohio Department of Rehabilitation and Correction (ODRC). I am currently assigned to SOCF. I have been employed with ODRC since July 21, 1997, and served in this position since January 30, 2022.

2.   As a part of my job duties, I supervise all corrections officers, regardless of their rank, at SOCF. This includes Corrections Officers, Sergeants, Lieutenants, and Captains. My immediate supervisors, to whom I report, are the Deputy Warden of Operations and the Warden.

3.   Further, as part of my job duties I review all Use of Force packets and videos of any reported use of force by corrections personnel upon any prison inmate at SOCF. I also assist the Deputy Warden of Operations in his Review of Use of Force Incidents with various tasks and/or assignments as the individual case may require.

4.   Because of my duties and responsibilities in this regard I am familiar with all records and documents involved in these processes, including those historical records of previous reporting and investigations. I have personal knowledge of the matters set forth herein, and I am competent to testify to the truth of these matters.

5.   The video record being authenticated by this Declaration was made at the time of the incidents and/or occurrences giving rise to the video's creation by a fixed camera used by SOCF personnel. The video is sequestered and retained by persons(s) with knowledge of the matters described or noted therein, and is kept in the ordinary course

1

Exhibit 7
**MSJ Bates-Stamp # 000152**

of regularly conducted business activities of the ODRC and the SOCF, and further, it is the regular practice of the ODRC and the SOCF to segregate and retain such video records under the circumstances presented by the events giving rise to the incidents and/or occurrences noted or described therein.  I have reviewed the video being submitted with this Declaration, and represent that it is a true and accurate copy of the original video retained and archived by SOCF personnel.

6.  The following video record was recorded and subsequently retained in its original state while Inmate Michael L. Johnson (#A515-853) was housed at SOCF and concerns and documents an alleged incident that occurred on March 13, 2019, involving Inmate Michael L. Johnson.

7.  The following video record is identified as being covered by this Declaration:

(a).  Video recording labeled 106-19, recorded from approximately 10:20 A.M. to just before 10:30 A.M. on March 13. 2019.

8.  SOCF fixed camera system uses Milestone XProtect Smart Client (v.2019) software to record and playback videos from its fixed camera system. This software is provided with the video in order for the Court to playback the video from this alleged incident. A feature of this software includes a "zoom-in" function which allows the viewer to zoom in on a section of each camera. The Court can zoom in on any portion of the video by clicking on the camera, which will change the cursor icon from regular to a bullseye, and drawing a box around the particular section of video. This will provide a zoom-in of the video.

Executed on October 22, 2025

HAROLD BELL, CORRECTIONAL MAJOR, IN MY OFFICIAL CAPACITY

2

**MSJ Bates-Stamp # 000153**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| Michael L. Johnson, | : | |
| | : | Case No. 1:21-cv-00141 |
| **Plaintiff,** | : | |
| | : | **Judge McFarland** |
| v. | : | |
| | : | **Magistrate Judge Litkovitz** |
| Brian Barney, *et al.* | : | |
| | : | |
| **Defendants.** | : | |

## DECLARATION OF BRANDI TRELKA

I, Brandi Trelka, pursuant to 28 U.S.C. 1746, make this unsworn declaration, under the penalty of

perjury and declare that the statements made below are true:

1. I have personal knowledge of the matters set forth herein, and I am competent to testify as to the truth of these matters.

2. I am employed by the Ohio Department of Rehabilitation and Correction (ODRC). I have been employed by ORDC for approximately six years, serving in my current assignment as Warden's Assistant at SOCF since July 2023.

3. As a part of my job duties, pursuant to Ohio Administrative Code (OAC) § 5120-9-08(N) and (O), I serve as the Warden's designee and am responsible for reviewing all panel decisions of the SOCF Rules Infraction Board (RIB) in order to ensure proper compliance with the procedures, rights, and obligations as set forth in the Administrative Rule. In addition, when an inmate appeals an adverse decision of the RIB panel to the Warden, I review the RIB panel's decision to determine whether it was supported by sufficient evidence, that there was substantial compliance with applicable procedures, and that the disposition was appropriate for the offense charged.

4. Because of my duties and responsibilities in this regard I am familiar with all records and documents involved in these processes, including Conduct Reports charging inmates with institutional offenses, and violations of rules and regulations, and the Incident Reports completed by charging correctional staff members in response to the issuance of Conduct Reports. I have personal knowledge of the matters set forth herein, and I am competent to testify as to the truth of these matters.

1

Exhibit 8
**MSJ Bates-Stamp # 000154**

5. The records being authenticated by this Affidavit and identified as Exhibit 3, were made and/or updated at or near the time of the incidents and/or occurrences giving rise to the documents' creation by persons(s) with knowledge of the matters described or noted therein, and are kept in the ordinary course of regularly conducted business activities of the ODRC and the SOCF, and further, it is the regular practice of the ODRC and the SOCF to make and/or retain such records under the circumstances presented by the events giving rise to the incidents and/or occurrences noted or described therein.

6. The following records were created while Inmate Michael L. Johnson (A515-853) was housed at SOCF and concerns an incident occurring on March 13, 2019, involving Inmate Michael L. Johnson.

7. The following records are identified as being covered by this Affidavit:

   1. Exhibit 3, Disciplinary Records with Placement Documents and the following conduct Reports:

      a. SOCF-19-000762, MSJ Bates-stamp #000066-108
      b. SOCF-19-000830, MSJ Bates-stamp #000109-118
      c. SOCF-19-000831, MSJ Bates-stamp #000119-130

Executed on October 21, 2025

Brandi Trelka
Warden's Assistant, SOCF
In My Official Capacity

2

**MSJ Bates-Stamp # 000155**

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Michael L. Johnson,

        Plaintiff,

  v.

Brian Barney, *et al.*

        Defendants.

:
:
:
:
:
:
:
:
:
:

Case No. 1:21-cv-00141

Judge McFarland

Magistrate Judge Litkovitz

---

## DECLARATION OF JEREMY OPPY

---

I, Jeremy Oppy, pursuant to 28 U.S.C. 1746, make this unsworn declaration, under the penalty of perjury and declare that the statements made below are true:

1. I am the Deputy Warden of Operations for the Southern Ohio Correctional Facility (SOCF), Ohio Department of Rehabilitation and Correction (ODRC). I have served in this position since ___8/24/25___.

2. As part of my job duties, I facilitate the reporting and investigation of all incidents involving the use of force by any corrections officer(s) against any prison inmate(s). I also supervise the process of such reporting and investigations and ensure that all required steps have been completed prior to submitting completed investigations together with any of my recommendations to the Warden of SOCF for final disposition.

3. Because of my job duties and responsibilities in this regard I am familiar with all records and documents involved in these processes, including those historical records of previous reporting and investigations. I have personal knowledge of the matters set forth herein, and I am competent to testify as to the truth of these matters.

4. I am familiar with ODRC's record creation and record keeping practices. The Use of Force Report was made at or near the time of the incidents and/or occurrences giving rise to the records' creation by person(s) with knowledge of the matters described or noted therein. Furthermore, the Use of Force Report was created in the course of regularly conducted business activities of ODRC and SOCF. It is a regular practice for ODRC (and SOCF) to create packets of documents for the Use of Force Report. Further, it is the regular practice of ODRC and SOCF to make and/or retain such records under the

Exhibit 9
MSJ Bates-Stamp # 000156

circumstances presented by the events giving rise to the incidents and/or occurrences noted or described therein – a use of force incident.

5.  The Use of Force Report and its attachments are being authenticated by this Declaration were made and/or updated at or near the time of the incidents and/or occurrences giving rise to the documents' creation by persons(s) with knowledge of the matters described or noted therein and are kept in the ordinary course of regularly conducted business activities of the ODRC and the SOCF. Further, it is the regular practice of the ODRC and the SOCF to make and/or retain such records under the circumstances presented by the events giving rise to the incidents and/or occurrences noted or described therein.

6.  The following records were created while Inmate Michael L. Johnson (A515-853) was housed at SOCF and concerns and incident occurring on March 13, 2019, involving Inmate Michael L. Johnson.

    1.  Exhibit 2, Use of Force Report packet from March 13, 2019, Bates-stamp MSJ Bates-stamp #000015-000057

Executed on October 21, 2025

Jeremy Oppy,
Deputy Warden of Operations,
In my official capacity

2

**MSJ Bates-Stamp # 000157**



DRC000840

Photos to Medical Exam Report,
MSJ Bates-Stamp #000047-49 in
Ex. 2,03.13.2019 UOF Report

Exhibit 10
MSJ Bates-Stamp #000158



DRC000841

Photos to Medical Exam Report,
MSJ Bates-Stamp #000047-49 in
Ex. 2,03.13.2019 UOF Report

**MSJ Bates-Stamp #000159**



DRC000842

Photos to Medical Exam Report,
MSJ Bates-Stamp #000047-49 in
Ex. 2,03.13.2019 UOF Report

**MSJ Bates-Stamp #000160**



DRC000843

Photos to Medical Exam Report,
MSJ Bates-Stamp #000047-49 in
Ex. 2,03.13.2019 UOF Report

**MSJ Bates-Stamp #000161**



DRC000844

Photos to Medical Exam Report,
MSJ Bates-Stamp #000047-49 in
Ex. 2,03.13.2019 UOF Report

**MSJ Bates-Stamp #000162**