**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MICHAEL L. JOHNSON,
Plaintiff,

vs.

BRIAN BARNEY, et al.,
Defendants.

Case No. 1:21-cv-141
Hopkins, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's "Motion to Clarify" (Doc. 190), in which he asks the Court to: (1) confirm its receipt of his response to defendants' motion for summary judgment and for an updated docket sheet; (2) review three grievances regarding "harassment and intimidation that plaintiff [has] been going through including [ ]SOCF[ ] staff stealing plaintiff['s] civil action complaint lawsuit documents"; and (3) order defendants to re-serve him with their motion for summary judgment (Doc. 175). This matter is also before the Court on plaintiff's motions seeking a 30-day extension of time to file a cross-motion for summary judgment. (Docs. 191, 192).[1]

The Court confirms it received plaintiff's response to defendants' motion for summary judgment (Doc. 186-1), which the Court fully considered in connection with its Report and Recommendation to deny defendants' motion. (*See* Doc. 189). The Court will direct the Clerk to send plaintiff the updated docket sheet.

Plaintiff's request for an order directing defendants to re-serve plaintiff with their motion for summary judgment is **DENIED** as moot. The undersigned has recommended that the Distrct Judge deny defendants' motion for summary judgment (Doc. 189), and defendants have not filed a timely objection to that recommendation. Moreover, although plaintiff alleges he never

[1] Doc. 192 appears to be a duplicate of Doc. 191.

received a copy of defendants' motion for summary judgment, his response to the motion recited the evidence relied upon by defendants in their motion (*see* Doc. 186-1 at PAGEID 2113), some of which is quoted directly in his filing. (*See, e.g.*, *id.* at PAGEID 2118-21 (Use of Force Report)). There is simply no basis at this juncture to require defendants to re-serve their motion for summary judgment on plaintiff. If the District Judge adopts the undersigned's pending Report and Recommendation, defendants will ultimately be required to provide a complete set of trial exhibits to plaintiff. *See* Hon. Jeffery P. Hopkins, Standing Order Governing Civil Cases, III.K. Thus, the Court will not require defendants to re-serve their motion for summary judgment on plaintiff.

Plaintiff has not shown good cause for an extension of time to file a cross-motion for summary judgment. *See* Fed. R. Civ. P. 6(b)(1)(B). The dispositive motion deadline in this case was October 25, 2025. (Doc. 158). Plaintiff previously requested and was granted an extension of time until November 24, 2025 to file his own motion for summary judgment. (Docs. 165, 171). Plaintiff was also granted a 30-day extension of time to file a response to defendants' motion for summary judgment. (Docs. 181, 182). Plaintiff filed his 135-page response to defendants' motion for summary judgment on December 30, 2025. (Doc. 186). Plaintiff fails to explain why he was able to file a lengthy response to defendants' motion yet was unable to file a timely cross-motion for summary judgment. Plaintiff's motions for another 30-day extension of time to file a cross-motion for summary judgment (Docs. 191, 192) are **DENIED**.

Finally, to the extent plaintiff requests that the Court review recent grievance and kite records unrelated to the remaining claims in this lawsuit, plaintiff's motion to clarify is **DENIED**. While not entirely clear, this request appears to allude to new claims against new defendants that do not arise out of the same transaction, occurrence, or series of transactions or

occurrences as the claims remaining in this consolidated action. The Court declines to consider such claims.

For the foregoing reasons:

1. Plaintiff's motion to clarify (Doc. 190) is **GRANTED in part** and **DENIED in part** as explained herein.
2. The Clerk is **DIRECTED** to send plaintiff a copy of the docket sheet in this case.
3. Plaintiff's motions for an extension of time (Docs. 191, 192) are **DENIED**.

**IT IS SO ORDERED**.

Date: 2/11/2026

Karen L. Litkovitz
Karen L. Litkovitz
United States Magistrate Judge