**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MICHAEL L. JOHNSON,

     *Plaintiff*,

vs.

BRIAN BARNEY, *et al.*,

     *Defendants*.

:
:
:
:
:
:
:
:
:
:
:

Case No. 1:21-cv-00141 *consolidated with* Nos. 1:21-cv-171 and 1:21-cv-155

Judge Jeffery P. Hopkins

---

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

Plaintiff Michael L. Johnson ("Plaintiff" or "Mr. Johnson"), *pro se*, initiated these consolidated[1] civil rights proceedings *in forma pauperis* in March 2021. Mr. Johnson, an inmate at the Southern Ohio Correctional Facility, filed complaints ("Complaint") against certain officers and employees at the facility after the officers allegedly attacked him, and staff members watched the altercation that ensued on March 13, 2019.[2] Doc. 1-2, PageID 126. Following a *sua sponte* review of Plaintiff's Complaint, Chief Magistrate Judge Bowman issued a Report and Recommendation[3] (No. 1:21-cv-00155, Doc. 6, PageID 77) ("R&R") on April 26, 2021, which was adopted by this Court. The Order determined that Mr. Johnson's claims could proceed against the unidentified "John and Jane Doe defendants." *Id.*

---

[1] Unless otherwise specified, document numbers referenced herein refer to docket numbers contained in the main case, *Johnson v. Barney*, 1:21-cv-00141. By Orders entered on May 27, 2021 (Doc. 13), and June 7, 2021 (Doc. 15), respectively, this case was consolidated with case numbers 1:21-cv-171 and 1:21-cv-155. The consolidated cases were reassigned to the undersigned Judge from the Hon. Matthew W. McFarland by Order of the then, Chief Judge on December 21, 2022. Doc. 117.

[2] Magistrate Judge Litkovitz summarized the facts underlying each consolidated case. *See* Doc. 164, PageID 1774.

[3] The Court's directive regarding service of the Complaint on any unidentified defendants was issued in *Johnson v. Hill, et al.*, No. 1:21-cv-155 by Magistrate Judge Bowman. Doc. 6, PageID 77. The Hon. Matthew W. McFarland issued an Order adopting the R&R. Doc. 9.

1

Importantly, however, Mr. Johnson was directed to "file a motion to issue service" to the unidentified defendants "if and when" he discovered their identity "through discovery." *Id*. Judge Bowman further advised "that no service [would] be issued on the unnamed defendant unless plaintiff complie[d]" with the Order. *Id*.

Over four years passed, then on July 23, 2025, Plaintiff filed the present motion[4] (Doc. 161) (the "Motion"), claiming that it complies with Magistrate Judge Bowman's directive. *See* Doc. 173, PageID 1851–52. In the Motion, Mr. Johnson seeks to have the Court issue an order directing service upon previously unidentified defendant, Michael T. Barney.[5] Doc. 161, PageID 1752. In the meantime, after Plaintiff filed the Motion, Magistrate Judge Karen L. Litkovitz issued an R&R (Doc. 164) and a supplemental R&R (Doc. 167), in the main case. *See* n.1. In Magistrate Judge Litkovitz's R&R (Doc. 164), issued in the main case, she recommends denial of Plaintiff's Motion (Doc. 161) because Ohio's two-year statute of limitations had lapsed, and Plaintiff failed to meet the relation-back requirements of Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure. Doc. 164, PageID 1776–79.

Mr. Johnson objected. Docs. 173, 184. In Mr. Johnson's view, he timely complied with Magistrate Judge Bowman's R&R, adopted by this Court, directing him to "file a motion to issue service" to the unidentified defendant "when [he] discover[ed]" that individual's identity through discovery. No. 1:21-cv-00155, Doc. 6, PageID 77. *See* No. 1:21-cv-00141, Doc. 173, PageID 1851–52. According to Mr. Johnson, the filing of the present Motion

---

[4] Mr. Johnson filed the Motion (Doc. 161, PageID 1752) in *Johnson v. Barney*, 1:21-cv-00141. In the Motion, however, he requests issuance of service to Michael T. Barney in *Johnson v. Hill,* 1:21-cv-155.

[5] For clarity, Mr. Johnson also requests (a) issuance of service to the unidentified defendant, David C. Conley; (b) for Elmer A. Gregons to be named as a defendant; and (c) to substitute David Conley for J. Neff. The Court notes, however, that Magistrate Judge Litkovitz considered the requested relief (*see* Doc. 133) in a previous R&R, in which the Undersigned adopted the Magistrate Judge's decision (Doc. 141), denying Mr. Johnson's request to file an Amended Complaint to add the proposed defendants into the action because Plaintiff failed to satisfy the relation-back requirements of Rule 15(c)(1)(C). *See* Docs. 127, 133. Accordingly, at this juncture, the Court considers Plaintiff's arguments only as to proposed defendant, Michael T. Barney.

evinces his compliance with the Court's order. Doc. 173, PageID 1851–52. Defendants oppose the Motion contending that Plaintiff's proposed amendment to the Complaint to add Mr. Barney at this late date is time-barred. Doc. 176, PageID 2062–63.

For the reasons stated below, Plaintiff's objection is **OVERRULED**, and Magistrate Judge Litkovitz's R&R (Doc. 164) is **ADOPTED** in its entirety.

## I.     STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*, § 636(b)(1).  In general, Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be "freely give[n] when justice so requires. Fed. R. Civ. P. 15(a)(2). The rule embodies a "liberal amendment policy." *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (citation omitted). Even in instances where amendment is not permitted as a matter of course it may still be allowed "with the opposing party's written consent or the court's leave." Rule 15(a)(2). However, denial of leave to amend "may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Brown*, 814 F.3d at 443 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

3

## II.    LAW & ANALYSIS

Mr. Johnson's objection must be overruled. As noted, Mr. Johnson's Motion asks the Court to issue service upon the previously unidentified defendant, Mr. Barney. Doc. 161. In doing so, Plaintiff states that, by filing the Motion, he directly complied with Magistrate Judge Bowman's order to "file a motion to issue service" to Mr. Barney, "when [he] discover[ed]" his identity. No. 1:21-cv-00155, Doc. 6, PageID 77. *See* No. 1:21-cv-00141, Doc. 173, PageID 1851–52. Unfortunately, for Mr. Johnson, however, the Magistrate Judge's directive did not relieve him of his obligation to comply with Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure when filing the Motion, even as a *pro se* litigant. *In re Sharwell*, No. 97-3320, 1997 WL 681509, at *1 (6th Cir. Oct. 30, 1997) ("While [the plaintiff] was proceeding pro se and may not have fully understood the rules of procedure, he was still required to comply with the rules."). Mr. Johnson, however, failed to do so.

The Motion currently before the Court represents Mr. Johnson's misguided attempt to invoke the provisions of Rule 15(c)(1)(C) to add Mr. Barney as a defendant in these proceedings over six years after the incident charged in the Complaint occurred. Because the expiration of the applicable statute of limitations period for § 1983 actions lapsed in March 2021 (*i.e.*, two years after Mr. Johnson claims the altercation at the prison occurred on March 13, 2019), Mr. Johnson's request for amendment was required to comply with the commands of Rule 15(c)(1)(C). *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 433 (6th Cir. 2013) ("Replacing a 'John Doe' defendant with a new, previously unknown party is considered a change of parties and must comply with the requirements of Rule 15(c)(1)(C) when the change is made after the expiration of the applicable statute of limitations."); *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) ("Rule 15(c)(1)(C) . . . applies, by its plain

language, to changes to *defendants*."). Plaintiff failed to satisfy the requirements of Rule 15(c)(1)(C).

Under Rule 15(c)(1)(C), Plaintiff's claims against Mr. Barney in the instant action do not relate back to his original Complaint. Under the "relation back" doctrine, the issues presented in the case must relate back to conduct averred in the original pleading and the correct party must be served within ninety days of the filing of the initial complaint, pursuant to Rule 4(m).[6] Fed. R. Civ. P. 4(m); *see Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 548 (6th Cir. 2013). In addition, the Sixth Circuit has gone so far as to hold that a court must extend the time for service under Rule 4(m), if the moving party makes a showing of good cause for the delay. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022). To invoke Rule 15(c)(1)(C)'s "relation back" doctrine, a plaintiff must also demonstrate that the party to be added received sufficient notice of the action so that he will not be unfairly prejudiced in defending on the merits and that the party knew or should have known the action would have been brought against him but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1)(C).

Applying these principles to the present facts, Mr. Johnson first asserts that the previously unnamed defendant, Mr. Barney, was involved, in some respects, in the alleged attack against him that occurred on March 13, 2019. Doc. 161, PageID 1752. And, according to Mr. Johnson, the proposed amendment asserts claims and potential defenses that arose out of the conduct set forth in the original Complaint, satisfying the requirements of Rule 15(c)(1)(B). Finally, Mr. Johnson contends that his failure to serve Mr. Barney with the

---

[6] In 2015, the notice period outlined in Rule 4(m) was reduced from 120 to 90 days. Fed. R. Civ. P. 4(m) Advisory Comm. Notes (2015 Amend.) (designed to "reduce delay at the beginning of litigation.").

summons and Complaint within the 90-day period, pursuant to Rule 4(m), should be excused under the present set of facts. *See* Fed.R.Civ.P. 4(m). According to Mr. Johnson, his delay in serving Mr. Barney was justified because the Magistrate Judge's directive merely required him to "file a motion to issue service" to the unidentified defendant, "*when* [he] discover[ed]" his identity, placing no time constraints on when it had to be done. No. 1:21-cv-00155, Doc. 6, PageID 77 (emphasis added). *See* Doc. 173, PageID 1851–52.

Here, it is unclear when Mr. Johnson discovered Mr. Barney's identity. Mr. Johnson asserts that he "received discovery responses on July 7, 2022," which alerted him, and also references receiving a "first set of interrogatories by Attorney General Marcy A. Vonderwell" without providing the relevant date. Doc. 161, PageID 1749, 1751–52. In any regard, Mr. Johnson now asserts that this Court should now order that Mr. Barney be served with the Complaint and made a defendant in this § 1983 action. Doc. 161, PageID 1751. Even so, Mr. Johnson fails to explain why he waited an additional three years from that date he received discovery responses, on July 7, 2022, until now to attempt to join Mr. Barney in this litigation and to have this Court issue service upon him. *Id.*

Adding Mr. Barney as a defendant to the present action at this late date—after potentially discovering his identity three years earlier—would not only be prejudicial to Mr. Barney because of Plaintiff's significant delay in seeking the requested relief, but it also represents a substantial waste of judicial resources. Here, Magistrate Judge Litkovitz has already issued an R&R recommending that Defendants' motion for summary judgment be denied. Doc. 189, PageID 2284. Mr. Barney did not participate in those proceedings and to add him as a defendant now would not only further delay the case, but would also be extremely prejudicial, considering Mr. Barney would need to get up to speed in a short

amount of time, would have missed the opportunity to obtain discovery and an ability to file his own motion for summary judgment. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) ("At some point . . . 'delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party.") (quoting *Adams v. Gould*, 739 F.2d 858, 868 (3d Cir.1984). Additionally, as noted by the Magistrate Judge, a showing of "good cause" for the delay in service under Rule 4(m), would not resolve this matter in Plaintiff's favor because Mr. Johnson failed to show that Mr. Barney "knew or should have known that the action would have been brought against him" but for a mistake, pursuant to Rule 15(c)(1)(C).

## III.    CONCLUSION

Finding no error, it is **ORDERED** that Plaintiff's objection is **OVERRULED**, and the Report and Recommendation (Doc. 164) is **ADOPTED** in its entirety. Accordingly, Plaintiff's Motion (Doc. 161) is **DENIED**.

**IT IS SO ORDERED.**

March 5, 2026

Jeffery P. Hopkins
United States District Judge