## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MICHAEL L. JOHNSON,                                   Case No. 1:21-cv-141
     Plaintiff,                                      Hopkins, J.
                                                      Litkovitz, M.J.

     vs.

BRIAN BARNEY, et al.,                                 **ORDER**
     Defendants.

This matter is before the Court on several filings by plaintiff (Docs. 196-98), to which defendants filed combined response (Doc. 200).  Plaintiff did not file a reply.  The Court considers each in turn.

I.       Motion to clarify (Doc. 196)

In this motion, plaintiff asks the Court to: (1) send him a copy of the docket sheet in this case; (2) "send TRO forms" for alleged, ongoing violations of his civil rights; and (3) to calculate the copying costs for the complaints in the above-captioned case; *Johnson v. Little*, S.D. Ohio Case No. 1:21-cv-171; and *Johnson v. Hill*, S.D. Ohio Case. No. 1:21-cv-155—the consolidated cases (*see* Docs. 13, 15).  This motion is **GRANTED in part** and **DENIED in part** as explained below.

Regarding the first item, the Court previously directed the Clerk to send a copy of the docket sheet to plaintiff.  (*See* Doc. 193).  Plaintiff represents, however, that he has not received it because the Southern Ohio Correctional Facility (SOCF) is not providing him with all of his legal mail.  Plaintiff relatedly requests "a copy of some kind of docket to verify what all legal mail w[as] sent to plaintiff at [SOCF] from September 1, 2025 to March 30, 2026. . . ."  (Doc. 196 at PAGEID 2361).  Defendants proffer the declaration of the Southern Ohio Correctional Facility (SOFC) mail room supervisor, who authenticates a copy of plaintiff's legal mail log

identifying what plaintiff received, when he received it, and what pieces of mail he refused to accept.  (Doc. 200 at PAGEID 2401-15).  Defendants also proffer the declaration of their counsel's paralegal, who includes a summary chart of all legal mail sent by defendants to plaintiff between October 1, 2025 and January 14, 2026, which is consistent with the mail room supervisor's declaration.  (*Id.* at PAGEID 2416-19).  While this evidence demonstrates that plaintiff received mail from this Court postmarked February 12, 2026 (the day after the Court issued its previous Order (Doc. 193)) (*see* Doc. 200 at PAGEID 2413, 2419), this does not confirm exactly what plaintiff received.  Thus, consistent with its prior Order, the Court **DIRECTS** the Clerk to send plaintiff a copy of the docket sheet in this case.

Regarding the second item, it is not clear to the Court what plaintiff means by "TRO forms."  As a general matter, and as previously explained (*see* Doc. 193 at PAGEID 2322-23), the Court will not entertain new claims against new defendants that do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the remaining claims in this consolidated action.  Plaintiff's motion is **DENIED in part** to this extent.

Regarding the third item, the complaint in the above-captioned case is 37 pages long. (Doc. 6).  The complaint in *Little* is 25 pages long.  (Doc. 12).  The complaint in *Hill* is 21 pages long.  (Doc. 14).[1]  The total is 83 pages, and copying costs $0.50 per page.  The total cost for copies of all three complaints would be $41.50.

II.       <u>"Declaration" (Doc. 197)</u>

Plaintiff's next filing is not clearly captioned, but he purports to "rebut" defendants' reply in support of their motion for summary judgment and states that he "will offer all evidence needed to create a genuine issue [of] a material fact on all claims. . . ."  (*Id.* at PAGEID 2365,

---

[1] The *Hill* complaint was amended (Doc. 30), but only so as to add Laura Hart as a party defendant.

2

2367, 2375). This filing appears best construed as a sur-reply memorandum, which is not allowed absent leave of Court. *See* S.D. Ohio Civ. R. 7.2(a)(2). Moreover, the District Judge adopted the undersigned's Report and Recommendation to *deny* defendants' motion for summary judgment (Doc. 199); thus, leaving aside the propriety of the filing, it is moot, and the Court does not consider it. To extent plaintiff also alleges several evidentiary issues in this filing,[2] they are not appropriately presented to the Court via stand-alone declaration.

    III.    <u>"Declaration in Opposition to the Magistrate Judge Karen Litkovitz Court Order Doc. 193" (Doc. 198)</u>

The Court's previous Order (Doc. 193) denied plaintiff's requests to require defendants to re-serve their motion for summary judgment and for additional time to file a cross-motion for summary judgment. (*Id.* at PAGEID 2321-22). While not entirely clear, plaintiff appears to state in this declaration that an SOCF mail room clerk improperly indicated plaintiff's refusal to accept defendants' motion for summary judgment because of plaintiff's request for color photos of his injuries. (*See* Doc. 198 at PAGEID 2382). He also appears to state that SOCF staff "theft/lost" hundreds of pages of discovery while he was out to court. (*Id.* at PAGEID 2384). Finally, plaintiff states that he was waiting for the Court's disposition of his motion to clarify (Doc. 190) before filing his cross-motion for summary judgment. Defendants contend that to the extent this filing is construed as a motion to reconsider, there is no basis to grant such relief.

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice. *Entm't Prods., Inc. v. Shelby*

---

[2] Plaintiff implies that an SOCF mail room clerk improperly indicated his refusal to accept the legal mail containing defendants' motion for summary judgment and exhibits, and plaintiff asserts that defendants are withholding video and photographic evidence concerning his case. (Doc. 197 at PAGEID 2366-67).

*Cnty.*, 721 F.3d 729, 742 (6th Cir. 2013); *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009).

Construed as a motion for reconsideration, this filing (Doc. 198) is **DENIED**.  There has been no change in controlling law.  To the extent plaintiff makes additional statements in his declaration related to the circumstances surrounding receipt of the motion for summary judgment and his access to evidence, these circumstances would have been known to plaintiff at the time he filed his previous motion to clarify (Doc. 190) and are therefore not "new."  Finally, there is no clear error or manifest injustice.  As it relates to plaintiff's receipt of defendants' motion for summary judgment, as previously discussed, that motion has been denied.  As it relates to plaintiff's request to file a cross-motion for summary judgment, plaintiff's deadline to do so passed on November 24, 2025.  (Doc. 171).  None of the circumstances plaintiff describes in this declaration explains why he could not have filed (or sought an extension to file) his own motion for summary judgment before that date.

For the foregoing reasons:

1.  Plaintiff's motion to clarify (Doc. 196) is **GRANTED in part** and **DENIED in part** as explained herein.

2.  The Clerk is **DIRECTED** to send plaintiff a copy of the docket sheet in this case.

3.  Plaintiff's declaration (Doc. 197), construed as a sur-reply to defendants' motion for summary judgment, will not be considered by the Court.

4.  Plaintiff's declaration (Doc. 198), construed as a motion for reconsideration of the Court's prior Order (Doc. 193), is **DENIED**.

**IT IS SO ORDERED**.

Date: 4/27/2026

Karen L. Litkovitz
United States Magistrate Judge

4